JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

**ORIGINAL**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
Long Haul, Inc., and East Bay Prisoner Support

## DEFENDANTS
Regents of the Univ. of California; Victoria Harrison; Karen Alberts; Wliam Kasiske; Wade MacAdam; Timothy Zuniga; Bruce Bauer; County of Alameda; Gregory J. Ahern; Mike Hart; FBI; Lisa Shaffer; and Does 1-25

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Alameda County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jennifer Granick, ELECTRONIC FRONTIER FOUNDATION, 454 Shotwell Street, San Francisco, CA 94110 (415) 436-9333

ATTORNEYS (IF KNOWN)
09-16832

E-filing

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ]110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ]610 Agriculture | [ ]422 Appeal 28 USC 158 | [ ]400 State Reapportionment |
| [ ]120 Marine | [ ]310 Airplane | [ ]362 Personal Injury Med Malpractice | [ ]620 Other Food & Drug | [ ]423 Withdrawal 28 USC 157 | [ ]410 Antitrust |
| [ ]130 Miller Act | [ ]315 Airplane Product Liability | [ ]365 Personal Injury Product Liability | [ ]625 Drug Related Seizure of Property 21 USC 881 | | [ ]430 Banks and Banking |
| [ ]140 Negotiable Instrument | [ ]320 Assault Libel & Slander | [ ]368 Asbestos Personal Injury Product Liability | [ ]630 Liquor Laws | PROPERTY RIGHTS | [ ]450 Commerce/ICC Rates/etc. |
| [ ]150 Recovery of Overpayment & Enforcement of Judgment | [ ]330 Federal Employers Liability | | [ ]640 RR & Truck | [ ]820 Copyrights | [ ]460 Deportation |
| [ ]151 Medicare Act | [ ]340 Marine | PERSONAL PROPERTY | [ ]650 Airline Regs | [ ]830 Patent | [ ]470 Racketeer Influenced and Corrupt Organizations |
| [ ]152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ]345 Marine Product Liability | [ ]370 Other Fraud | [ ]660 Occupational Safety/Health | [ ]840 Trademark | [ ]480 Consumer Credit |
| [ ]153 Recovery of Overpayment of Veteran's Benefits | [ ]350 Motor Vehicle | [ ]371 Truth In Lending | [ ]690 Other | | [ ]490 Cable/Satellite TV |
| [ ]160 Stockholders Suits | [ ]355 Motor Vehicle Product Liability | [ ]380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ]810 Selective Service |
| [ ]190 Other Contract | [ ]360 Other Personal Injury | [ ]385 Property Damage Product Liability | [ ]710 Fair Labor Standards Act | [ ]861 HIA (1395ff) | [ ]850 Securities/Commodities/ Exchange |
| [ ]195 Contract Product Liability | | | [ ]720 Labor/Mgmt Relations | [ ]862 Black Lung (923) | [ ]875 Customer Challenge 12 USC 3410 |
| [ ]196 Franchise | | | [ ]730 Labor/Mgmt Reporting & Disclosure Act | [ ]863 DIWC/DIWW (405(g)) | [ ]891 Agricultural Acts |
| | | | [ ]740 Railway Labor Act | [ ]864 SSID Title XVI | [ ]892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ]790 Other Labor Litigation | [ ]865 RSI (405(g)) | [ ]893 Environmental Matters |
| [ ]210 Land Condemnation | [ ]441 Voting | [ ]510 Motion to Vacate Sentence Habeas Corpus: | [ ]791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ]894 Energy Allocation Act |
| [ ]220 Foreclosure | [ ]442 Employment | [ ]530 General | | [ ]870 Taxes (US Plaintiff or Defendant) | [ ]895 Freedom of Information Act |
| [ ]230 Rent Lease & Ejectment | [ ]443 Housing | [ ]535 Death Penalty | | [ ]871 IRS - Third Party 26 USC 7609 | [ ]900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ]240 Torts to Land | [ ]444 Welfare | [ ]540 Mandamus & Other | | | |
| [ ]245 Tort Product Liability | [X]440 Other Civil Rights | [ ]550 Civil Rights | | | [ ]950 Constitutionality of State Statutes |
| [ ]290 All Other Real Property | [ ]445 Amer w/ disab - Empl | [ ]555 Prison Condition | | | [ ]890 Other Statutory Actions |
| | [ ]446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violation of the First and Fourth Amendments to the U.S. Constitution, and Privacy Protection Act, 42 USC 2000AA: Unlawful search and seizure of publication and other materials.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND [ ] SAN JOSE

DATE Jan. 14, 2009
SIGNATURE OF ATTORNEY OF RECORD
Jennifer S. Granick

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

Jennifer Stisa Granick (State Bar No. 168423)
Matt Zimmerman (State Bar No. 212423)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993
Email: jennifer@eff.org
mattz@eff.org

Ann Brick (State Bar No. 65296)
Michael T. Risher (State Bar No. 191627)
AMERICAN CIVIL LIBERTIES FOUNDATION
 OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: abrick@aclunc.org
mrisher@aclunc.org

Attorneys for Plaintiffs LONG HAUL, INC. and
EAST BAY PRISONER SUPPORT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG HAUL, INC. and EAST BAY PRISONER SUPPORT,<br><br>Plaintiffs,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; VICTORIA HARRISON; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; BRUCE BAUER; COUNTY OF ALAMEDA; GREGORY J. AHERN; MIKE HART; FEDERAL BUREAU OF INVESTIGATION; LISA SHAFFER; AND DOES 1-25,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. Long Haul, Inc. ("Long Haul"), also known as the Long Haul Infoshop, is an all-volunteer collective that provides a lending library, a bookstore, Internet-connected computers, and a community space to members of the public from its two-story storefront, located at 3124 Shattuck Avenue in Berkeley, California. Long Haul also publishes Slingshot, a quarterly newspaper, out of an office on its second floor.

2. The East Bay Prisoner Support group ("EBPS") occupies an office on the first floor of Long Haul but is otherwise unaffiliated with Long Haul. EBPS publishes a newsletter of prisoners' writings to the general public, and distributes literature to prisoners. EBPS provides support for prisoners, including LBGT, and female prisoners, on a national and international level, including prisoners in California and Texas.

3. On August 27, 2008, six or more law enforcement officers from the University of California at Berkeley Police Department, the Alameda County Sheriff's Department, and the Federal Bureau of Investigation ("raid team"), all of whom are Defendants herein, raided Long Haul. Despite the dictates of the Fourth Amendment that "no warrant shall issue without . . . particularly describing the place to be searched, and the persons or things to be seized," raid team members sought, obtained and acted upon a facially invalid warrant that purported to authorize officers to enter the building where Plaintiffs are located and conduct a general seizure and search of "all electronic data" for "evidence."

4. The illegality of this general warrant was especially obvious and egregious for two reasons. First, the officers had no reason to suspect Plaintiffs of any wrongdoing and presented no evidence to the issuing magistrate alleging Plaintiffs were involved in any illegal acts. The Statement of Probable Cause presented to the magistrate only alleged improper use, by an unknown member of the public, of a public-access computer located at Long Haul. Second, the officers left important information out of the Statement of Probable Cause. They did not inform the magistrate that both Long Haul and EBPS are distributors of information to the public and that, accordingly, federal and state law protects its computers from seizure except under special

-2-
COMPLAINT FOR INJUNCTIVE, DECLARATORY RELIEF AND DAMAGES

conditions not present here. Nor did they inform the magistrate that EBPS was unaffiliated with Long Haul but maintained office space in the building.

5. At a time when Long Haul was closed, the raid team forced entry through the back door of Long Haul. The raid team looked through the list of people who had borrowed books from the library, looked at book sale records, seized all of the public access computers from a space on the second floor of Long Haul, broke the locks on the Slingshot office, took the computers and digital storage media used for the publication of that newspaper, unscrewed the lock on the door to the EBPS office, and took the computer used by that organization for the publication of prisoner-rights information.

6. On information and belief, Defendants and/or their agents have copied the data on the computers and storage media that they seized, and have searched, are searching, and continue to search them. They have generalized, unfettered, purely discretionary access to Long Haul's and EBPS's computerized data, including private information, the private information of Long Haul members and patrons, and information intended for publication.

7. By this complaint, Long Haul and EBPS seek the following relief: (1) to regain control over their information; (2) to preserve the confidentiality of their private information, the private information of their members and patrons, and the information collected or created for public dissemination; (3) to prevent any retaliation, monitoring, or surveillance enabled by the seizure of this information; and (4) to obtain compensation for the invasion of these interests that has already occurred.

## JURISDICTION

8. This case arises under the United States Constitution, under Title 42 of the United States Code, §§ 1983 (civil rights action) and 2000aa (Privacy Protection Act), under Title 28 of the United States Code §§ 2201 and 2202 (declaratory relief), and under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

9. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 2201 (declaratory relief).

COMPLAINT FOR INJUNCTIVE, DECLARATORY RELIEF AND DAMAGES

10. This Court has supplemental jurisdiction over the state law claims alleged in this complaint pursuant to 28 U.S.C. § 1367.

## INTRADISTRICT ASSIGNMENT AND VENUE

11. The unlawful acts alleged herein occurred in the County of Alameda, California, which is within this judicial district. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (e) and assignment to either the San Francisco or Oakland Division is proper pursuant to Local Rule 3-2(d).

## PARTIES

12. Plaintiff Long Haul, Inc., DBA Long Haul ("Long Haul") is a non-profit corporation under § 501(c)(3) of the Internal Revenue Code. Long Haul has operated a library, bookshop and community space in Alameda County, California for 15 years. It is located at 3124 Shattuck Avenue in the City of Berkeley.

13. Plaintiff East Bay Prisoner Support ("EBPS") is an unincorporated prisoner-rights group that provides information to the public about Bay Area prison conditions, prison abolition, and prison support work, as well as information on national and international prisoner support activities. EBPS occupies an office on the first floor of Long Haul.

14. Defendant Regents of the University of California ("Regents") is a public corporation and agency of the State of California with the power to sue and be sued. Defendant Regents officially employs all University of California personnel, including the officers of the University of California at Berkeley Police Department ("UCPD"). UCPD's primary duty is the enforcement of law within the campus of the University of California at Berkeley and an area within one mile of the exterior boundaries of that campus. Defendant Regents is sued in its official capacity only.

15. Defendant Victoria Harrison is Associate Vice Chancellor/Chief of Police of the UCPD. Defendant Harrison is responsible for the operations of the UCPD. At all relevant times,

-4-
COMPLAINT FOR INJUNCTIVE, DECLARATORY RELIEF AND DAMAGES

Defendant Harrison acted under color of law and in the course and scope of her employment with the UCPD. She is sued in her individual and official capacities.

16. Defendant Sergeant Karen Alberts is a Sergeant of Investigations at UCPD. She participated in the execution of the warrant as more fully described herein. On information and belief, Defendant Alberts is responsible for supervising and controlling the other UCPD officers involved in this search and seizure. At all relevant times, Defendant Alberts acted under the color of law and in the course and scope of her employment with the UCPD. She is sued in her individual and official capacities.

17. Defendant Detective William Kasiske is a UCPD police officer. Detective Kasiske applied for and obtained the August 26, 2008, search warrant at issue in this case. Defendant Kasiske also participated in the execution of the warrant as more fully described herein. At all relevant times, Defendant Kasiske acted under the color of law and in the course and scope of his employment with UCPD. He is sued in his individual and official capacities.

18. Defendant Detective Wade MacAdam is a UCPD police officer. He participated in the execution of the warrant as more fully described herein. At all relevant times, Defendant MacAdam acted under the color of law and in the course and scope of his employment with the UCPD. He is sued in his individual and official capacities.

19. Defendant Corporal Timothy J. Zuniga is a UCPD police officer. He participated in the execution of the warrant as more fully described herein. At all relevant times, Defendant Zuniga acted under the color of law and in the course and scope of his employment with the UCPD. He is sued in his individual and official capacities.

20. Defendant Officer Bruce Bauer is a UCPD police officer. He participated in the execution of the warrant as more fully described herein. At all relevant times, Defendant Bauer acted under the color of law and in the course and scope of his employment with UCPD. He is sued in his individual and official capacities.

21. Defendant County of Alameda ("Alameda County") is a political subdivision of the State of California that can sue and be sued in its own name. Upon information and belief,

| | |
|---|---|
| 1 | Defendant Alameda County includes, operates, governs, and is responsible for the Alameda |
| 2 | County Sheriff's Department pursuant to the laws of the State of California and Alameda County. |
| 3 | 22. Defendant Sheriff Gregory J. Ahern is Sheriff-Coroner of the Alameda County |
| 4 | Sheriff's Department. The Sheriff acts as an Officer of the Courts and is charged with the |
| 5 | responsibility of keeping the peace and apprehending persons charged with crimes in the |
| 6 | unincorporated areas of Alameda County. He is responsible for the policies, practices, and customs |
| 7 | of the Alameda County Sheriff's Department. Defendant Ahern also is responsible for the hiring, |
| 8 | screening, training, retention, supervision, discipline, counseling and control of the deputy sheriffs |
| 9 | under his supervision and command. At all relevant times, Defendant Ahern was acting under color |
| 10 | of law and in the course and scope of his employment with Alameda County. He is sued in his |
| 11 | individual and official capacities. |
| 12 | 23. Defendant Mike Hart is a Lieutenant with the Alameda County Sheriff's |
| 13 | Department. He participated in the execution of the warrant as more fully described herein. At all |
| 14 | relevant times, Defendant Hart acted under the color of law and in the course and scope of his |
| 15 | employment with Alameda County. He is sued in his individual and official capacities. |
| 16 | 24. Defendant Federal Bureau of Investigation ("FBI") is the investigative arm of the |
| 17 | United States Department of Justice and a federal agency empowered by Title 28, Section 533, of |
| 18 | the U.S. Code to enforce federal laws. |
| 19 | 25. Defendant Special Agent Lisa Shaffer is a special agent of the FBI. She participated |
| 20 | in the execution of the warrant as more fully described herein. At all relevant times, Defendant |
| 21 | Shaffer acted under the color of law and in the course and scope of her employment with the FBI. |
| 22 | She is sued in her individual and official capacities. |
| 23 | 26. Plaintiffs are ignorant of the true names and capacities of Defendant DOES 1-25 |
| 24 | inclusive and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and |
| 25 | believe and thereon allege that each Defendant so named is responsible in some manner for the |
| 26 | injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their |
| 27 | complaint to state the names and capacities of DOES 1-25 when they have been ascertained. |
| 28 | |

27. Plaintiffs are informed and believe and thereon allege that each of the Defendants caused, and is liable for, the unconstitutional and unlawful conduct and resulting injuries alleged in this complaint, by, among other things, personally participating in said conduct and/or acting jointly with others who did so and/or by authorizing, acquiescing or setting in motion policies, plans or actions that led to the unlawful conduct taken by employees under his or her direction and control. Plaintiffs are informed and believe and thereon allege that Defendants' actions were pursuant to a policy, custom, or usage of the UCPD, the Alameda County Sheriff's Department, the FBI or other related agencies. Each of these Defendants was acting in concert with every other Defendant or was the agent and employee of every other Defendant, acting within the course and scope of their agency or employment with every other Defendant.

28. On or about January 12, 2009, Plaintiffs filed an administrative claim with Defendant Alameda County pursuant to California Government Code § 910 *et seq*.

## FACTUAL ALLEGATIONS RELATED TO ALL COUNTS

29. Long Haul was founded as an unincorporated association in 1979 by Alan Haber, one of the founding members of the 1960's new-left group Students for a Democratic Society. It leased the premises at 3124 Shattuck Ave in Berkeley. Long Haul was named after the long hallway that runs through its space; the name is also a reference to Long Haul's vision of the process towards achieving individual political freedom. Long Haul was incorporated as a public benefit corporation in 1993 and obtained a determination from the IRS that it was tax exempt in 1994.

30. Long Haul educates the public about matters relevant to peace, justice and history through its lending library and community center. Long Haul also sells 'zines and used books about subjects relevant to peace, justice and history and provides the public with free computer use, Internet access, and resources for creating magazines.

31. Long Haul serves as a meeting space and resource hub for local activist groups and members of the community. The space hosts pilates classes, acupuncture consultations, knitting

-7-
COMPLAINT FOR INJUNCTIVE, DECLARATORY RELIEF AND DAMAGES

circles, radical movie nights, anarchist study groups, and other events.

32. Long Haul publishes Slingshot, a quarterly newspaper. Slingshot is an all-volunteer project of Long Haul. Slingshot has been in continuous publication since 1988. In 1993, Slingshot, which had previously been located on the University of California Berkeley campus, took up residence at, and became part, of Long Haul. The newspaper is distributed by mail subscription and is available at 200 independent bookstores and small businesses around the United States. It is also available at Long Haul and from other locations around Berkeley, California. There are many past and current copies of Slingshot available in a newsrack at the front entrance of Long Haul.

33. Slingshot's office is on the second floor of Long Haul and marked with a sign that clearly reads "Slingshot." The primary items within the small office are bookcases and file cabinets with back issues of Slingshot as well as items used in the publication of Slingshot. Before August 27, 2008, there were two computers in the Slingshot office. Those computers were not accessible to the general public. The Slingshot office is locked when none of the Slingshot workers are present. On and before August 27, 2008, those computers were off-limits to members of the public and to anyone who did not work on the Slingshot newspaper.

34. Long Haul offers the public an Internet room with computers providing online access, especially for those otherwise unable to afford it. The Internet room is located on the second floor of Long Haul, up a staircase separate from the staircase leading to the Slingshot office. Before August 27, 2008, the Internet room was unlocked and contained approximately four operative Internet-connected computers, two hard drives, and eight non-operative computers that were not connected to monitors.

35. Long Haul does not create, collect or keep records that identify individuals who visit Long Haul, including individuals who use the public access computers. Any member of the public can use the space when it is open, much like a public library.

36. East Bay Prisoner Support's office is on the first floor of Long Haul and is marked with a sign indicating that that space is the EBPS office. On and before August 27, 2008, the EBPS office was kept locked and was not accessible to members of Long Haul or to the public.

-8-
COMPLAINT FOR INJUNCTIVE, DECLARATORY RELIEF AND DAMAGES

37. EBPS is a volunteer-run prisoner rights project. It is not affiliated with Long Haul. EBPS collects information about prisoner issues to disseminate to the public, both on its own behalf and acting in conjunction with other organizations. EBPS publishes a newsletter of prisoner writings. It also helps publish Prison Action News and other small pamphlets. Its primary purpose as a publisher of information is clearly set forth on its publicly available website at http://www.myspace.com/ebps, which reads:

> We serve as a resource center that provides information about bay area prison abolition and prison support work, as well as some information on national and international prisoner support activities.

38. This website, including the description of EBPS's activities was available to the public prior to and including August 26, when the warrant in question here was issued, and on August 27, 2008, when the raid team executed the warrant. It remains available as of the date of the filing of this Complaint.

## **THE AUGUST 27TH RAID**

39. On August 26, 2008, Defendant Detective William Kasiske applied for and obtained a search warrant from the Alameda County Superior Court. The warrant purported to authorize the search of "premises, structures, rooms, receptacles, outbuildings, associated storage areas, and safes situated at the Long Haul Infoshop, 3124 Shattuck Avenue, Berkeley, CA." The warrant authorized search for and seizure of documents containing the names or other identifying information of "patrons who used the computers at Long Haul" and of electronic processing and storage devices. The warrant also purported to authorize officers to transfer the booked evidence to a secondary location for searching and to search the computers beyond the ten-day issuance period. The warrant stated that the search authorized was "for evidence."

40. The warrant was improper at least because it (1) authorized searches and seizures of areas and effects for which the affidavit failed to provide probable cause , and (2) did not specifically describe the place to be searched or the things to be seized.

-9-
COMPLAINT FOR INJUNCTIVE, DECLARATORY RELIEF AND DAMAGES

41. Specifically, the Statement of Probable Cause established no reason to suspect Plaintiffs of any wrongdoing and presented no evidence to the issuing magistrate alleging Plaintiffs were involved in any illegal acts. Rather, the Statement of Probable Cause only alleged improper use by an unknown member of the public of a public-access computer located at Long Haul. Despite this, Defendant Kasiske requested and obtained a warrant applying to all the rooms at Long Haul, even those inaccessible to the general public, and all electronic processing and storage devices, even those not used by or accessible to the general public. Neither the Statement of Probable Cause nor the warrant made any reference to EBPS, nor did the warrant authorize a search of EBPS offices or other areas that were not under the control of Long Haul.

42. Defendant Kasiske's acts and omissions caused the warrant to improperly issue. Defendant Kasiske omitted material information from the Statement of Probable Cause. He failed to inform the magistrate that Long Haul contains four locked offices, including the Slingshot and EBPS offices, which are not accessible to the public. He failed to inform the magistrate that EBPS occupies office space at Long Haul and is not affiliated with Long Haul. He failed to inform the magistrate that Long Haul publishes a newspaper or that EBPS disseminates information to the public, and thus that the Slingshot and EBPS computers are not subject to seizure except under special conditions not present here. As a result, the warrant that issued authorized a general search of places for which there was no probable cause, and seizure of items that could not legally be seized.

43. On Wednesday morning, August 27, 2008, at least four officers from the UCPD (Defendants Kasiske, MacAdam, Alberts, and Bauer), at least one officer from the Alameda County Sheriff's Department (Defendant Hart), and at least one officer from the Federal Bureau of Investigation (Defendant Shaffer) (collectively "raid team") arrived at Long Haul. No one was inside. The raid team contacted the landlord who refused to allow them entry. They then entered through the front door of the Homeless Action Center next door, went through that office to the back of Long Haul and forced their entry into Long Haul through its secured back door.

COMPLAINT FOR INJUNCTIVE, DECLARATORY RELIEF AND DAMAGES

44. An attorney with an office nearby and Long Haul members arrived at the scene while officers were conducting the raid. Despite the request of Long Haul members, the raid team refused to show them any warrant.

45. The raid team spent over two hours searching the premises without allowing Long Haul members entry to the building. Long Haul members were able to view the actions of the raid team through the plate glass window at the front of Long Haul. Plaintiffs are informed and believe, and on that basis allege, that, while inside, the raid team went through every room, both public and locked – cutting, crowbarring, or unscrewing the locks. The raid team cut locks off of cabinets behind the front desk and looked through the log of individuals that borrowed books from the library and through the log of book sales, both of which were stored there.

46. The raid team removed every computer from the building. They removed all the computers from Long Haul's un-monitored public space where people come to use the machines just as they would at a public library. They also removed all the computers from closed, locked offices. The computers taken from the locked offices were used for the day-to-day operation of Plaintiffs, including for the publication of information and for other education efforts.

47. Specifically, during the raid, the raid team broke open the locked door of the Slingshot office and seized Slingshot computers.

48. The Slingshot computers contained materials upon which information is recorded (documentary materials), including materials that were prepared or produced in anticipation of communicating the materials to the public, that were possessed for the purpose of communicating these materials to the public, and which contained mental impressions, conclusions, opinions, or theories of the person(s) who prepared or produced them (work product materials). The documentary and work product materials were possessed in connection with a purpose to disseminate to the public a newspaper or other similar form of public communication.

49. Defendants knew or should reasonably have known that materials on the Slingshot computers were possessed in connection with a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication.

50. Plaintiffs are informed and believe, and on that basis allege, that the raid team searched the Slingshot filing cabinets, including files, folders and documents stored therein. The raid team left photographs that had been archived in the filing cabinet piled on the desk in the Slingshot office, with a humorous *circa* 1994 photo of some nude individuals in face masks on the top of the pile, presumably to send the message to Long Haul members that the contents of the filing cabinet had been searched.

51. During the raid, the raid team damaged the door jam to the EBPS office and also unscrewed the lock fastened on door of the EBPS office. The raid team entered the EBPS office and seized the EBPS computer.

52. The EBPS computer contained documentary and work-product materials possessed in connection with a purpose to disseminate to the public a newspaper or other similar form of public communication, including information intended for prisoners, and information from prisoners intended for the general public.

53. Defendants knew or should reasonably have known that materials on the EBPS computers were possessed in connection with a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication, including, specifically, newsletters, 'zines and pamphlets.

54. The raid team seized also seized miscellaneous CDs, computer disks and a USB drive.

55. The raid team left the EBPS office in disarray. EBPS had physically organized its voluminous mail in separate, categorized piles. The raid team left all the mail in one jumbled pile.

56. After the search was completed, the raid team left a copy of the warrant and an inventory of items seized.

57. Upon information and belief, Doe Defendant agents of UCPD, Alameda County Sheriff's Department, and/or the Federal Bureau of Investigation ("search agents"), who may or may not include members of the raid team, have copied or caused to be copied the data from the computers and storage media seized from Long Haul, the Slingshot office, and the EBPS office.

-12-
COMPLAINT FOR INJUNCTIVE, DECLARATORY RELIEF AND DAMAGES

The devices have been returned to Plaintiffs following the raid, but copies of the data have been illegally retained.

58. On information and belief, some or all of the Defendants have unnecessarily seized and retained private information and/or have searched, are searching, and will continue to search the data copied from the devices.

59. As the warrant does not specifically describe what Defendant search agents are authorized to search for, any searching and any data retention was, is, and continues to be, unconstrained and illegal.

60. Plaintiffs' ability and the ability of Plaintiffs' members to communicate with other organizations and individuals have been disrupted by the actions of Defendants. Plaintiff Long Haul's ability to publish Slingshot was disrupted by the seizure of Slingshot computers and storage media. Plaintiff EBPS's ability to provide information to the public about prisoner rights and prisoner support efforts was disrupted by the seizure of EBPS's computer and storage media. Plaintiff Long Haul's ability to lend books, sell books, host meetings and have meetings of Long Haul members and other associates was disrupted by the search of the library lending log, the sales log, the seizure of the property and the ongoing reasonable belief that Long Haul space is subject to or will be subject to further police surveillance.

61. Plaintiffs are suffering and will continue to suffer irreparable injury by the illegal retention, search, and use of their private information and no legal remedy adequately addresses all the injuries to Plaintiffs as a result of Defendants acts set forth above.

## COUNT I

### VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

62. Plaintiffs reallege and incorporate here the allegations in Paragraphs 1-61 above, as though fully set forth.

63. Defendants' above-described policies, practices and conduct have violated and continue to violate Plaintiffs' free speech and associational rights guaranteed by the First Amendment.

## COUNT II

### VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

64. Plaintiffs reallege and incorporate here the allegations in Paragraphs 1-63 above, as though fully set forth.

65. Defendants' above-described policies, practices and conduct have violated and continue to violate Plaintiffs' rights to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment.

## COUNT III

### PRIVACY PROTECTION ACT, 42 U.S.C. § 2000AA

66. Plaintiffs reallege and incorporate here the allegations in Paragraphs 1-65 above, as though fully set forth.

67. Defendants' policies, practices and conduct in seizing the EBPS and Slingshot computers and storage media violated Plaintiffs' rights under the Privacy Protection Act, 42 U.S.C. § 2000AA.

## COUNT IV

### CALIFORNIA CONSTITUTION, ART. I, §1 (PRIVACY) (AGAINST NON-FEDERAL DEFENDANTS)

68. Plaintiffs reallege and incorporate here the allegations in Paragraphs 1-67 above, as though fully set forth.

69. Defendants' above-described policies, practices and conduct have violated and and continue to violate Plaintiffs' right to privacy under Article I, § 1 of the California Constitution.

## COUNT V

**CALIFORNIA CONSTITUTION, ART. I, §2 (FREE SPEECH)
(AGAINST NON-FEDERAL DEFENDANTS)**

70. Plaintiffs reallege and incorporate here the allegations in Paragraphs 1-69 above, as though fully set forth.

71. Defendants' above-described policies, practices and conduct have violated and will violate Plaintiffs' right to freely speak, write and publish under Article I, § 2 of the California Constitution.

## COUNT VI

**CALIFORNIA CONSTITUTION, ART. I, §13 (UNREASONABLE SEARCH AND SEIZURE) (AGAINST NON-FEDERAL DEFENDANTS)**

72. Plaintiffs reallege and incorporate here the allegations in Paragraphs 1-71 above, as though fully set forth.

73. Defendants' above-described policies, practices and conduct have violated and continue to violate Plaintiffs' right to be free from unreasonable searches and seizures under Article I, § 13 of the California Constitution.

## COUNT VII

**CAL. PEN. CODE § 1524(g)/ CAL. GOV'T CODE § 815.6
(AGAINST NON-FEDERAL DEFENDANTS)**

74. Plaintiffs reallege and incorporate here the allegations in Paragraphs 1-73 above, as though fully set forth.

75. California Penal Code § 1524(g) imposes a mandatory duty to ensure that no warrant shall issue for materials described in California Evidence Code § 1070, including but not limited to any unpublished information obtained or prepared in gathering, receiving or processing of information for communication to the public.

76. Defendants, by the above-described policies, practices and conduct, did not exercise reasonable diligence and thereby failed to discharge that duty. Defendants' failure proximately caused the particular kind of injury to Plaintiffs that Penal Code § 1524(g) sought to avoid, i.e. a

warrant issued for the seizure of information protected by Evidence Code § 1070, in violation of California Government Code § 815.6.

## COUNT VIII

### BANE ACT, CAL. CIV. CODE § 52.1
### (AGAINST NON-FEDERAL DEFENDANTS)

77. Plaintiffs reallege and incorporate here the allegations in Paragraphs 1-76 above, as though fully set forth.

78. Defendants' above-described policies, practices and conduct constitute interference, by threats, intimidation, and coercion, with Plaintiffs' exercise and enjoyment of rights secured by the Constitution and laws of the United States and California, in violation of California Civil Code § 52.1.

## COUNT IX

### TRESPASS TO CHATTELS
### (AGAINST NON-FEDERAL DEFENDANTS)

79. Plaintiffs reallege and incorporate here the allegations in Paragraphs 1-78 above, as though fully set forth.

80. Defendants' above-described policies, practices and conduct intentionally deprived Plaintiffs of the use of their chattel, and/or intermeddled with chattel in Plaintiffs' possession.

81. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered actual harm.

## COUNT X

### DECLARATORY RELIEF UNDER 28 U.S.C. §§ 2201, 2202

82. Plaintiffs reallege and incorporate here the allegations in Paragraphs 1-81 above, as though fully set forth.

83. There exists an actual, present and justiciable controversy between Plaintiffs and Defendants concerning their rights and duties with respect to Defendants' conduct described herein. Plaintiffs contend that Defendants violated Plaintiffs' rights under the constitutions and laws of the United States and the state of California. On information and belief, Defendants deny

COMPLAINT FOR INJUNCTIVE, DECLARATORY RELIEF AND DAMAGES

that their conduct violated Plaintiffs' rights under the constitutions and laws of the United States and the state of California. Plaintiffs fear that they are now and will again be subjected to such unlawful and unconstitutional actions, and seek a judicial declaration that Defendants' conduct deprived Plaintiffs of their rights under the constitutions and laws of the United States and the state of California.

84. This controversy is ripe for judicial decision, and declaratory relief is necessary and appropriate so that the parties may know the legal obligations that govern their present and future conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek relief from this Court as follows:

1. Issue preliminary and permanent injunctions against Defendants, prohibiting them and their officers, agents, successors, employees representatives and any and all persons acting in concert with them from searching, examining, transmitting, manipulating, transferring to others, or otherwise making use of data seized from Plaintiffs or information derived from such data and requiring that they delete, destroy, and/or expunge any data seized from Plaintiffs or information derived from such data and requiring that they identify any third parties to whom they transferred any such data or information;

2. Issue a judicial declaration that Defendants' actions as alleged in this Complaint violate the First and Fourth Amendments of the United States Constitution, 42 U.S.C. § 2000AA, Article I, §§ 1, 2 and 13 of the California Constitution; California Civil Code § 52.1, California Penal Code § 1538(g)/Government Code 815.6 and California common law.

3. Award Plaintiffs nominal, compensatory, special, and statutory damages, in an amount according to proof, and treble damages to the extent permitted by law;

4. Award pre-judgment and post judgment interest to the extent permitted by law;

5. Award Plaintiffs their costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1988, 28 U.S.C. § 2412, and California Code of Civil Procedure § 1021.5; and

6. Award such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), and Northern District Local Rule 3-6(a), Plaintiffs hereby demand a jury trial for all issues triable by jury.

DATED: January 14, 2009

By _____

Jennifer Stisa Granick (State Bar No. 168423)
Matt Zimmerman (CA State Bar No. 212423)
ELECTRONIC FRONTIER FOUNDATION

Ann Brick (State Bar No. 65296)
Michael T. Risher (State Bar No.191627)
AMERICAN CIVIL LIBERTIES FOUNDATION
OF NORTHERN CALIFORNIA

Attorneys for Plaintiffs