1   SCHIFF HARDIN LLP
    WILLIAM J. CARROLL (CSB #118106)
2   wcarroll@schiffhardin.com
    LARRY B. GARRETT (CSB #225192)
3   lgarrett@schiffhardin.com
    One Market, Spear Street Tower
4   Thirty-Second Floor
    San Francisco, CA  94105
5   Telephone:   (415) 901-8700
    Facsimile:   (415) 901-8701
6
    Attorneys for Defendants
7   THE REGENTS OF THE UNIVERSITY OF
    CALIFORNIA, VICTORIA HARRISON, KAREN
8   ALBERTS, WILLIAM KASISKE, WADE
    MACADAM, TIMOTHY J. ZUNIGA, and
9   BRUCE BAUER

10

11                      UNITED STATES DISTRICT COURT

12                         NORTHERN DISTRICT

13

14   LONG HAUL INC. and EAST BAY          Case No.:  3:09-cv-00168-JSW
     PRISONER SUPPORT,
15                                        **DEFENDANTS REGENTS OF THE**
                   Plaintiffs,            **UNIVERSITY OF CALIFORNIA; VICTORIA**
16                                        **HARRISON; KAREN ALBERTS; WILLIAM**
              v.                          **KASISKE; WADE MACADAM; TIMOTHY**
17                                        **ZUNIGA; AND BRUCE BAUER'S NOTICE**
     REGENTS OF THE UNIVERSITY OF         **OF MOTION AND MOTION TO DISMISS;**
18   CALIFORNIA; VICTORIA HARRISON;       **MEMORANDUM OF POINTS AND**
     KAREN ALBERTS; WILLIAM KASISKE;      **AUTHORITIES IN SUPPORT THEREOF**
19   WADE MACADAM; TIMOTHY ZUNIGA;
     and BRUCE BAUER                      [F.R.C.P. Rule 12(b)(6)]
20
                   Defendants.            Date:    May 29, 2009
21                                        Time:    9:00 a.m.
                                          Dept.:   11
22
                                          Judge:   Hon. Jeffrey S. White
23

24

25

26

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF          CASE NO. 3:09-CV-0168-JSW

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   SUMMARY OF PLAINTIFFS' FACTUAL ALLEGATIONS ................................. 2

III.  ARGUMENT ..................................................................................................... 3

    A.   Legal Standards Governing A Rule 12(b)(6) Motion To Dismiss ............... 3

    B.   Plaintiffs' Section 1983 Claims Against The Regents Must Be
        Dismissed Because The Regents Are Not A "Person" Within The
        Meaning Of The Statute .............................................................................. 4

    C.   Plaintiffs' Section 1983 Claims Against Chief Harrison In Her
        Individual Capacity Must Be Dismissed ...................................................... 5

    D.   Plaintiffs' Privacy Protection Act Claim Against The Regents Fails
        Because They Lack Statutory Authorization For The Claim, And
        Because The Regents Are Immune .............................................................. 5

        1.   The PPA Does Not, By Its Terms, Authorize Any Claim For
            Damages Against The Regents ......................................................... 6

        2.   The Regents Are Immune ................................................................. 6

    E.   Defendants' Statutory Immunities Bar Plaintiffs' State Law Claims. ........... 7

        1.   The Individual Defendants Are Immune Under Government
            Code § 821.6 ................................................................................... 7

        2.   The Regents Are Immune Under Government Code § 815.2 ........... 9

    F.   Eleventh Amendment Immunity Bars Each of Plaintiffs' Claims .............. 10

    G.   Plaintiffs Fail To State A Claim Under Government Code Section
        815.6 For Violation Of Penal Code Section 1524(g) ................................ 11

        1.   Plaintiffs Fail To State A Claim Against Either The Regents
            Or The Individual UC Defendants .................................................. 11

        2.   This Claim Is Barred In Its Entirety By The Absolute Privilege
            Applicable To Communications Made In The Course of
            Official Proceedings ....................................................................... 13

IV.   CONCLUSION ................................................................................................ 15

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**PAGE**

## <u>FEDERAL CASES</u>

*Armstrong v. Meyers,*
964 F.2d 948 (9th Cir. 1992) ...................................................5

*Balistreri v. Pacifica Police Dept.,*
901 F.2d 696 (9th Cir. 1990) ...................................................4

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544, 127 S.Ct. 1955 (2007) .........................................4

*BV Engineering v. University of California, Los Angeles,*
858 F.2d 1394 (9th Cir. 1988) ..................................................7

*Cahill v. Liberty Mut. Ins. Co.,*
80 F.3d 336 (9th Cir. 1996) .....................................................4

*Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.,*
911 F.2d 242 (9th Cir. 1990) ...................................................4

*Edelman v. Jordan,*
415 U.S. 651 (1974) ..............................................................5

*Ex parte Young,*
209 U.S. 123 (1908) ..............................................................5

*Gilligan v. Jamco Development Corp.,*
108 F.3d 246 (9th Cir. 1997) ...................................................4

*Hydrick v. Hunter,*
500 F.3d 978 (9th Cir. 2007) ...................................................5

*Levine v. City of Alameda,*
525 F.3d 903 (9th Cir. 2008) ...................................................5

*Marconi v. Officer One,*
2006 WL 2827862 *9 (N.D.Cal. 2006) ........................................9

*Pareto v. F.D.I.C.,*
139 F.3d 696 (9th Cir. 1998) ...................................................4

*Pembaur v. City of Cincinnati,*
475 U.S. 469 (1986) ..............................................................5

*Pennhurst State Sch. v. Halderman,*
465 U.S. 89 (1984) ..............................................................10

*Regents of the Univ. of Calif. v. Doe,*
519 U.S. 425, 117 S.Ct. 900 (1997) ..........................................7

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF          CASE NO. 3:09-CV-0168-JSW

# TABLE OF AUTHORITIES
## *(Continued)*

**Page**

*Scheuer v. Rhodes,*
   416 U.S. 232, 94 S.Ct. 1683 (1974) ........................................................ 4

*Taylor v. List,*
   880 F.2d 1040 (9th Cir. 1989) .............................................................. 5

*Thompson v. City of Los Angeles,*
   885 F.2d 1439 (9th Cir.1989) ....................................................... 5, 6, 10

*Townsend v. University of Alaska,*
   543 F.3d 478 (9th Cir. 2008) ...........................................................vii, 10

*Welch v. Texas Dept. of Hwys. & Public Transportation,*
   483 U.S. 468, 107 S.Ct. 2941 (1987) ..................................................... 7

## <u>STATE CASES</u>

*Amylou R. v. County of Riverside,*
   28 Cal.App.4th 1205 (1994) .......................................................... 8, 9, 10

*Baughman v. State of California,*
   38 Cal.App.4th 182 (1995) .............................................................. 8, 9

*Bradford v. State of California,*
   36 Cal.App.3d 16 (1973) ................................................................... 9

*California v. Superior Court (Perry),*
   150 Cal.App.3d 848 (1984) ............................................................... 12

*Gillan v. City of San Marino,*
   147 Cal.App.4th 1033 (2007) ............................................................. 8

*Haggis v. City of Los Angeles,*
   22 Cal.4th 490 (2000)................................................................. 12, 13

*Hasberg v. California Federal Bank FSB,*
   32 Cal.4th 350 (2004)................................................................... 14

*Ingram v. Flippo,*
   74 Cal.App.4th 1280 (1999) ............................................................ 8, 9

*Johnson v. City of Pacifica,*
   4 Cal.App.3d 82 (1970) .................................................................... 8

*Kemmerer v. County of Fresno,*
   200 Cal.App.3d 1426 (1988) .......................................................... 8, 10

*Mansell v. Otto,*
   108 Cal.App.4th 265 (2003) ............................................................. 15

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**                **CASE NO. 3:09-CV-0168-JSW**

**TABLE OF AUTHORITIES**
*(Continued)*

Page

*Miklosy v Regents of the University of California,*
    44 Cal.4th 876 (2008) ..................................................................................... 7

*Nunn v. California,*
    35 Cal.3d 616 (1984) ...................................................................................... 13

*O'Toole v. Superior Court,*
    140 Cal.App.4th 488 (2006) ............................................................................. 9

*Petitt v. Levy,*
    28 Cal.App.3d 484 (1972) ............................................................................... 15

*Rancho Publications v. Superior Court,*
    68 Cal.App.4th 1538 (1999) ............................................................................ 12

*Ribas v. Clark,*
    38 Cal.3d 355 (1985) ...................................................................................... 14

*Richardson-Tunnell v. School Insurance Program for Employees,*
    157 Cal.App.4th 1056 (2007) ............................................................................ 9

*Rusheen v. Cohen,*
    37 Cal.4th 1048 (2006) .................................................................................... 14

*Shaddox v. Bertani,*
    110 Cal.App.4th 1406 (2003) ........................................................................... 14

*Silberg v. Anderson,*
    50 Cal.3d 205 (1990) ...................................................................................... 14

*Vikco Ins. Services, Inc. v. Ohio Indemnity Co.,*
    70 Cal. App. 4th 55 (1999) .............................................................................. 11

**FEDERAL STATUTES**

42 U.S.C. § 1983 ................................................................................................vii, 4
42 U.S.C. § 2000aa ............................................................................................. 6, 7

**STATE STATUTES**

California Civil Code § 47(b) ......................................................................... vii, 14, 15

California Penal Code § 1524 ........................................................................... *passim*

Evidence Code § 1070 ............................................................................................ 12

Government Code § 815 ................................................................................... *passim*
Government Code § 821.6 .............................................................................vii, 7, 9, 11

- iv -

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**          **CASE NO. 3:09-CV-0168-JSW**

1  TO PLAINTIFFS LONG HAUL INC. and EAST BAY PRISONER SUPPORT, AND

2  THEIR ATTORNEYS OF RECORD:

3  PLEASE TAKE NOTICE that on May 29, 2009, at 9:00 a.m., or as soon thereafter

4  as the matter may be heard in the above-entitled Court, located at 450 Golden Gate

5  Avenue, San Francisco, California, defendants REGENTS OF THE UNIVERSITY OF

6  CALIFORNIA; VICTORIA HARRISON; KAREN ALBERTS; WILLIAM KASISKE; WADE

7  MACADAM; TIMOTHY ZUNIGA; and BRUCE BAUER will and hereby do move this Court

8  under Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing

9  plaintiffs' claims as follows.

10  By this motion, defendants seek an order granting their motion to dismiss with

11  prejudice all Counts in the complaint with respect to The Regents, Counts I and II against

12  defendant Harrison in her individual capacity, and Counts IV through IX against each of

13  the individual UC defendants on the grounds that plaintiffs' complaint fails to state a claim

14  upon which relief can be granted with respect to these Counts against these defendants.

15  The Regents seek dismissal of the entire complaint based on the application of Eleventh

16  Amendment sovereign immunity.  The Regents further seek dismissal of Counts I and II

17  because it is not subject to suit as a "person" pursuant to 42 U.S.C. § 1983.  Defendant

18  Harrison in her individual capacity seeks dismissal of these same Counts because the

19  complaint fails to allege facts sufficient to establish supervisory liability.  The Regents seek

20  dismissal of Count III because 42 U.S.C. § 2000aa does not authorize a claim against

21  them, and because they are immune.  The individual UC defendants seek dismissal of

22  Counts IV through IX based on the application of statutory immunity found in California

23  Government Code § 821.6.  The Regents seek dismissal of Counts IV, V, VI, VIII, and IX

24  based on the application of statutory immunities, including California Government Code

25  §§ 815.2(b) and 815(a).  Finally, The Regents and the individual UC defendants seek

26  dismissal of Count VII on the further grounds that plaintiffs' have failed to state a claim

27  against them, and because plaintiffs' claims are barred by application of the absolute

28  privilege found in California Civil Code § 47(b).

- v -

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    CASE NO. 3:09-CV-0168-JSW

1          This motion will be based on this notice of motion and motion; the accompanying

2    memorandum of points and authorities; the proposed order and the pleadings and papers

3    filed in this action; and any other materials or argument accepted by the Court at or before

4    the hearing on this motion.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## SUMMARY OF ARGUMENT

Plaintiffs purport to sue The Regents of the University of California ("The Regents") in addition to six UCPD police officers (referred to collectively herein as "the individual UC defendants") on nine separate "counts" alleging violations of federal and state law allegedly arising out of defendants' search and seizure of computers and other items from a storefront building in Berkeley, California occupied by plaintiff Long Haul.  In the instant motion, defendants seek dismissal of all claims against The Regents, all state law claims against the individual UC defendants, and two federal claims against defendant Chief Victoria Harrison in her individual capacity.

Plaintiffs' claims against The Regents are barred in their entirety, by application of Eleventh Amendment sovereign immunity.  *Townsend v. University of Alaska*, 543 F.3d 478 (9th Cir. 2008).  Plaintiffs' federal claims are defective for separate and additional reasons as well, including the fact that The Regents are not subject to suit as a "person" under 42 U.S.C. § 1983.  Plaintiffs' Section 1983 claim against Chief Harrison in her individual capacity must also be dismissed because plaintiffs have failed to allege facts demonstrating any participation or direction in the challenged search by this defendant.

Plaintiffs' state law claims against the individual UC defendants must be dismissed as a result of statutory immunities available under California law.  These claims arose out of conduct occurring in the course of investigating and instituting judicial proceedings, and are therefore subject to the immunity created by Gov't Code § 821.6.  In addition to its Eleventh Amendment immunity, The Regents also assert separate and additional grounds for dismissal of plaintiffs' state law claims against it, including application of Gov't Code § 821.6 immunity by operation of Gov't Code § 815.2(b).  Plaintiffs' state law claim asserted under Gov't Code § 815.6 fails to state a claim against either the individual defendants or The Regents, and is barred in any event by application of the statutory litigation privilege found in Civil Code § 47(b).

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- vii -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    CASE NO. 3:09-CV-0168-JSW

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Long Haul, Inc. ("Long Haul") runs a "community space" in a storefront building in Berkeley, California.  During the summer of 2008, the University of California Police Department ("UCPD") was engaged in an investigation into a series of threatening email messages sent to University of California faculty members engaged in animal research.  The investigators traced the origination of these email messages to the storefront building occupied by Long Haul.  The UCPD sought and secured a search warrant for the premises, and, with the assistance of the Alameda County Sheriff's Department and the Federal Bureau of Investigation, executed the warrant on August 27, 2008.  In this lawsuit, plaintiffs challenge the issuance and execution of this warrant, asserting a variety of constitutional, statutory, and common law claims under federal and state law.

Plaintiffs cast a wide net in their complaint.  They purport to sue The Regents of the University of California ("The Regents") in addition to six UCPD officers (referred to collectively herein as "the individual UC defendants.") on nine separate "counts" alleging various violations of federal and state law.[1]  These seven defendants are the moving parties herein.[2]  In asserting their claims, plaintiffs have disregarded The Regents' status as a public agency which is immune to each of these claims, and have ignored clearly applicable statutory and constitutional immunities which extend to The Regents as well as to each of the individual UC defendants.  These immunities, in addition to the separate

---

[1]  Of the six individual officers sued by plaintiffs, two did not even participate in the issuance or execution of the subject warrant.  As discussed below, plaintiffs fail to allege any involvement on the part of Chief Harrison, thus rendering their Section 1983 claims against her ripe for dismissal.  Plaintiffs have also erroneously included Detective Bruce Bauer in this complaint, based upon an apparent misapprehension that he participated in the challenged search and seizure.  Defendants intend to meet and confer with plaintiffs' counsel in an effort to resolve this factual issue concerning Detective Bauer without the necessity of further motions.  For present purposes, Detective Bauer joins the other individual UC defendants in asserting each of the legal bases for dismissal of the claims addressed herein.

[2]  Plaintiffs have also sued the Federal Bureau of Investigation, Alameda County, and employees of each of these entities.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**          **CASE NO. 3:09-CV-0168-JSW**

1    and additional defects discussed below, compel dismissal of all federal and state law

2    claims asserted against The Regents as well as all state law claims asserted against each

3    of the individual UC defendants.[3]

4    ## II.    SUMMARY OF PLAINTIFFS' FACTUAL ALLEGATIONS

5          Plaintiffs allege that Long Haul is a non-profit corporation which operates a

6    "community space," including a library and a bookshop. (Compl. ¶ 12.)  Long Haul serves

7    as a meeting space and resource hub for local activist groups and members of the

8    community.  It provides members of the public with free computer use, Internet access,

9    and resources for creating magazines.  (Compl. ¶¶ 30-31.)  Long Haul also publishes

10   Slingshot, a "quarterly newspaper." (Compl. ¶ 32.)  Slingshot maintains an office space

11   located inside the Long Haul building.  The offices are locked, unoccupied, and house

12   computers which were not accessible by the general public.  (Compl. ¶ 33.)

13         Long Haul provides space to plaintiff East Bay Prisoner Support group ("EBPS"),

14   which is an unincorporated prisoner-rights group that provides information to the public

15   about Bay Area prison conditions, prison abolition, and prison support work.  (Compl.

16   ¶¶ 13, 36.)  EBPS also publishes a newsletter of prisoner writings.  (Compl. ¶ 37.)  EBPS

17   is not affiliated with Long Haul.  (Compl. ¶ 37.)

18         On August 26, 2008, defendant Detective William Kasiske of the UCPD applied for

19   and obtained a warrant to search the entire space occupied by Long Haul at 3124

20   Shattuck Avenue, Berkeley, California.  (Compl. ¶ 39.)  Specifically, the warrant authorized

21   the search of "premises, structures, rooms, receptacles, outbuildings, associated storage

22   areas, and safes" situated at Long Haul.  (Compl. ¶ 39.)  Further, the warrant authorized

23   seizure of documents containing the names or other identifying information of "patrons

24   who used the computers at Long Haul" and of electronic processing and storage devices

25   that would contain evidence.  (Compl. ¶ 39.)

26

27         [3] Defendants also seek dismissal of two federal claims – plaintiffs' Section 1983 claims alleged as Count I and Count II of the complaint, against individual defendant Chief Victoria

28   Harrison in her individual capacity.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**                    **CASE NO. 3:09-CV-0168-JSW**

Plaintiffs allege that, in obtaining the warrant, Detective Kasiske failed to inform the magistrate judge issuing the warrant that there were four locked offices in the Long Haul building that were not accessible to the general public, including the offices used by Slingshot and EBPS.  (Compl. ¶ 42.)  Plaintiffs also allege that Detective Kasiske failed to inform the magistrate that EBPS was not affiliated with Long Haul and that it disseminates information to the public, thus requiring special conditions to justify seizure of its computers.  (Compl. ¶ 42.)  Further, plaintiffs allege Detective Kasiske failed to inform the magistrate that Long Haul publishes a newspaper and that, accordingly, the Slingshot computers could not be seized absent special conditions.  (Compl. ¶ 42.)

Plaintiffs allege that, on August 27, 2008, certain UC defendants, with assistance from the Alameda County Sheriff's Department and the Federal Bureau of Investigation, executed the search warrant on the Long Haul building.  (Compl. ¶ 43.)  No one from Long Haul was present during the execution of the search warrant and defendants gained entry to the Long Haul space through its back door.  (Compl. ¶ 43.)  Plaintiffs allege that during the execution of the search warrant, defendants searched the entire Long Haul space, including the offices of Slingshot and EBPS, and removed all computers from the building. (Compl. ¶¶ 45-47.)  Defendants also seized other storage devices and media.  (Compl. ¶ 52.)  Defendants subsequently returned the computers and storage devices seized from Long Haul and EBPS back to plaintiffs, and retained "copies of the data."  (Compl. ¶ 57.) Plaintiffs seek damages and injunctive relief, claiming that the ability of Long Haul and EBPS to publish and disseminate information to the public has been disrupted by defendants' seizure of the computers and other items, and that plaintiffs' privacy rights have been violated as a result of defendants' inspection and retention of information seized during the search.  (Compl. ¶¶ 60-61.)

## III.   ARGUMENT

### A.   Legal Standards Governing A Rule 12(b)(6) Motion To Dismiss.

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint.  "When a federal court reviews the

- 3 -

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF          CASE NO. 3:09-CV-0168-JSW

1  sufficiency of a complaint, before the reception of any evidence either by affidavit or

2  admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will

3  ultimately prevail but whether the claimant is entitled to offer evidence to support the

4  claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Gilligan v. Jamco Development*

5  *Corp.,* 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where

6  there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts

7  alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696,

8  699 (9th Cir. 1990).  In resolving a Rule 12(b)(6) motion, a court must: (1) construe the

9  complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual

10  allegations as true; and (3) determine whether the plaintiff can prove any set of facts to

11  support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38

12  (9th Cir. 1996).  The plaintiffs' factual allegations "must be enough to raise a right to relief

13  above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

14  Further, conclusory allegations of law and unwarranted inferences are insufficient to

15  defeat a motion to dismiss.  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  A court

16  need not permit an attempt to amend a complaint if "it determines that the pleading could

17  not possibly be cured by the allegation of other facts."  *Cook, Perkiss and Liehe, Inc. v. N.*

18  *Cal. Collection Serv. Inc.,* 911 F.2d 242, 247 (9th Cir. 1990).

19        **B.**    **Plaintiffs' Section 1983 Claims Against The Regents Must Be**
**Dismissed Because The Regents Are Not A "Person" Within The**
20  **Meaning Of The Statute.**

21        Counts I and II of the Complaint, alleging violations of the First and Fourth

22  Amendments of the United States Constitution, are brought pursuant to 42 U.S.C. § 1983

23  *et seq.* ("Section 1983").  (Compl., ¶ 8.)  These claims must be dismissed against The

24  Regents because it is not a "person" within the meaning of the statute.[4]  It is well

25  established that The Regents, a corporation created by the California constitution, is an

26   

27          [4] Section 1983 provides in relevant part that "every person who subjects or causes to be
subjected any citizen of the United States . . . to the deprivation of any rights, privileges or
immunities secured by the Constitution and laws, shall be liable to the party in an action at law, suit
28  in equity or other proper proceeding to redress."  42 U.S.C § 1983.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**    **CASE NO. 3:09-CV-0168-JSW**

arm of the state for Eleventh Amendment purposes and therefore is not a "person" within

the meaning of Section 1983.  *Armstrong v. Meyers,* 964 F.2d 948, 949-950 (9th Cir.

1992) (affirming dismissal of Section 1983 suit against The Regents); *Thompson v. City of*

*Los Angeles,* 885 F.2d 1439, 1443 (9th Cir.1989) (same).  Plaintiffs' Section 1983 claims

against The Regents must be dismissed here, as well.

### C.   Plaintiffs' Section 1983 Claims Against Chief Harrison In Her Individual Capacity Must Be Dismissed.

Among the other individual UC defendants named herein, plaintiffs have sued the

UCPD's Chief of Police, Victoria Harrison.[5]  However, other than naming her in the caption

of the complaint and describing her as a party, plaintiffs make no further mention of her in

the complaint.  Under Section 1983, supervisory officials are not liable for actions of

subordinates on any theory of vicarious liability.  *See Pembaur v. City of Cincinnati*, 475

U.S. 469, 479 (1986).  Such supervisory liability exists for the constitutional violations of

subordinates only "if the supervisor participated in or directed the violations, or knew of the

violations and failed to act to prevent them."  *Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir.

2007), *quoting Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); *Levine v. City of*

*Alameda*, 525 F.3d 903, 907 (9th Cir. 2008).  No such facts have been alleged here.

Absent allegations that Chief Harrison directed or participated in the August 2008 raid, or

that she was aware of the alleged constitutional violations and failed to prevent them,

there can be no lawful basis for plaintiffs' attempt to sue Chief Harrison.  Plaintiffs' Section

1983 claims against Chief Harrison in her individual capacity must be dismissed.

### D.   Plaintiffs' Privacy Protection Act Claim Against The Regents Fails Because They Lack Statutory Authorization For The Claim, And Because The Regents Are Immune.

In Count III of the complaint, plaintiffs purport to state a claim against defendants

for violation of a federal statute, the Privacy Protection Act, 42 U.S.C. §§ 2000aa *et seq.*

---

[5]  Plaintiffs' purport to sue each of the six individual UC defendants in both their individual and official capacities.  (Compl., ¶¶ 15-20.)  Plaintiffs' Section 1983 claims against the individual UC defendants sued in their official capacity are limited to prospective injunctive relief.  *Edelman v. Jordan*, 415 U.S. 651 (1974); *Ex parte Young*, 209 U.S. 123 (1908).

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF | CASE NO. 3:09-CV-0168-JSW |

(hereafter "the PPA").  Subject to certain exceptions, the PPA restricts government officials from searching for and seizing certain materials possessed by a person in connection with a purpose to disseminate information to the public.  *See* 42 U.S.C. § 2000aa(b).  Plaintiffs allege The Regents and the individual UC defendants violated the statute, and purport to bring a damages claim pursuant to 42 U.S.C. § 2000aa-6(a).  Plaintiffs' PPA claim against The Regents must be dismissed for two reasons:  1) because plaintiffs' lack any statutory authorization to bring the claim, and 2) because The Regents are immune from this claim, in any event.

### 1.    The PPA Does Not, By Its Terms, Authorize Any Claim For Damages Against The Regents.

The PPA includes a section which explicitly authorizes an exclusive remedy con-sisting of a civil cause of action for damages against certain public entities or their officers and employees.  42 U.S.C. § 2000aa-6.  This section does not authorize the claim which plaintiffs purport to assert against The Regents, and accordingly, must be dismissed.

While the PPA authorizes a civil action against a State, it does so only where the State "has waived its sovereign immunity under the Constitution to a claim for damages resulting from a violation of this chapter."  As discussed below, California has not waived its Eleventh Amendment sovereign immunity under the Constitution to claims brought under the PPA.  Thus, the provisions authorizing a right of action under the PPA simply do not, by their terms, reach the State of California, or, by extension, The Regents.

### 2.    The Regents Are Immune.

Plaintiffs' PPA claim against The Regents must also be dismissed for the separate and additional reason that the claim is barred by virtue of The Regents' sovereign immunity.  "It has long been established that [the University of California] is an instrumentality of the state for purposes of the Eleventh Amendment."  *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1443 (9th Cir. 1989*)* (citing *Hamilton v. Regents,* 293 U.S. 245, 257 (1934); *Jackson v. Hayakawa,* 682 F.2d 1344, 1350 (9th Cir. 1982)); *see also Regents of the Univ. of Calif. v. Doe,* 519 U.S. 425, 429 (1997) (holding that, as an arm of

- 6 -

1    the state, the University of California is immune from suit under the Eleventh Amendment)

2    (citations omitted).  Moreover, California has not waived that immunity, nor have The

3    Regents manifested any desire to consent to be sued herein.  *Cf. BV Engineering v.*

4    *University of California, Los Angeles,* 858 F.2d 1394, 1397-1400 (9th Cir. 1988) (noting

5    that waiver requires either express consent to suit from a state or clear Congressional

6    intent to condition participation in a federal program on waiver of immunity).  Finally,

7    Congress has not exercised any power it may have under the Fourteenth Amendment to

8    override immunity from claims brought under the PPA.  *See Welch v. Texas Dept. of*

9    *Hwys. & Public Transportation*, 483 U.S. 468, 472 (1987) (recognizing exception to

10   Eleventh Amendment immunity where Congress has statutorily abrogated such immunity

11   by "clear and unmistakable language.").  Here, far from abrogating any immunity, the PPA

12   instead explicitly recognizes the availability of the immunity defense.  In the section

13   authorizing a damages action for aggrieved persons, the PPA specifies that such actions

14   will lie "against a State which has waived its sovereign immunity under the Constitution to

15   a claim for damages resulting from a violation of this chapter. . . ."  42 U.S.C. § 2000aa-

16   6(a).  Because California has not waived that immunity here, The Regents cannot be

17   compelled to submit to this Court's jurisdiction as regards plaintiffs' PPA claim.

18          **E.**     **Defendants' Statutory Immunities Bar Plaintiffs' State Law Claims.**

19                 **1.**     **The Individual Defendants Are Immune Under Government Code**
                              **§ 821.6.**

20

21          Because each of plaintiffs' state law claims arises out of alleged conduct occurring

22   in the course of investigating and instituting judicial and/or official proceedings, the

23   individual defendants are entitled to immunity under California Government Code § 821.6,

24   which states:  "A public employee is not liable for injury caused by his instituting or

25   prosecuting any judicial or administrative proceeding within the scope of his employment,

26   even if he acts maliciously and without probable cause."  Section 821.6 immunity

27   addresses not only the filing or prosecuting a criminal complaint, it broadly extends to

28   investigatory and other actions taken in preparation for formal proceedings.  *Amylou R. v.*

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

1   *County of Riverside*, 28 Cal.App.4th 1205, 1209-10 (1994) ("Because investigation is 'an

2   essential step' toward the institution of formal proceedings, it 'is also cloaked with

3   immunity,'" *citing Kemmerer v. County of Fresno*, 200 Cal.App.3d 1426, 1436-37 (1988)).

4   　　　Here, defendants' alleged actions in applying for and executing the subject search

5   warrant were part of an investigatory process which "is cloaked with immunity."

6   *Baughman v. State of California*, 38 Cal.App.4th 182, 192 (1995) (officers' actions in

7   executing search warrant, including alleged destruction of electronic data on computer

8   disks, fell within scope of Section 821.6 immunity).  This immunity extends to investigatory

9   activities preceding judicial or administrative proceedings even if charges are not later

10  filed.  *Gillan v. City of San Marino*, 147 Cal.App.4th 1033, 1048 (2007); *Ingram v. Flippo*,

11  74 Cal.App.4th 1280, 1293 (1999).  Further, the immunity applies even if the officers had

12  acted negligently, maliciously or without probable cause in carrying out their duties. See

13  *Johnson v. City of Pacifica*, 4 Cal.App.3d 82, 84-85 (1970) and other cases cited in

14  *Amylou R. v. County of Riverside, supra* 28 Cal.App.4th at 1209-1210.  Nor is defendants'

15  § 821.6 immunity impacted by plaintiffs' allegations that they were not themselves

16  suspected of criminal wrongdoing.  (Compl. ¶ 4.)  It is not a requirement of Section 821.6

17  that the person injured must be the target of the prosecution or investigation.  *Id.* at 1211.

18  　　　The scope of Section 821.6 immunity is broad, and reaches each of the state law

19  claims asserted against the individual defendants as Count IV through Count IX of the

20  complaint, including their constitutional and statutory claims.  Constitutional rights under

21  the California Constitution do not limit the scope of pre-existing governmental tort

22  immunities.  *See, e.g., Richardson-Tunnell v. School Insurance Program for Employees*,

23  157 Cal.App.4th 1056, 1066 (2007) ("the constitutional right to privacy does not limit the

24  scope of a pre-existing statutory immunity," such as § 821.6); *Ingram, supra*, 74

25  Cal.App.4th at 1292-93 (§ 821.6 immunity is applicable to a claim for violation of free

26  speech).  Further, Section 821.6 and similar statutory immunities have been applied to

27  shield defendants from liability under the Bane Act.  *See, e.g., Marconi v. Officer One*,

28  2006 WL 2827862 *9 (N.D.Cal. 2006) (claim under Bane Act barred by § 821.6 immunity);

1  *O'Toole v. Superior Court*, 140 Cal.App.4th 488, 504 (2006) (court applied § 820.6

2  immunity to bar Bane Act claim).  It is also established that the statutory immunity of

3  § 821.6 applies to tort causes of action that are intentional as well as negligent.  *See, e.g.,*

4  *Baughman,supra,* 38 Cal.App.4th at 191-93 (§ 821.6 immunized police from conversion

5  claims based on destruction of computer disks that were outside search warrant); *Amylou*

6  *R., supra,* 28 Cal.App.4th at 1210-1211 (police officers investigating crime immune from

7  liability for negligent infliction of emotional distress).

8  **2.      The Regents Are Immune Under Government Code § 815.2.**

9        Because, as discussed in the preceding section, each of its employees are immune

10  under Section 821.6, The Regents are also immune from liability on each of plaintiffs' state

11  law claims asserted as Counts IV through IX of the complaint, with the sole exception of

12  Count VII. [6]

13        California Government Code § 815.2(b) provides that "except as otherwise

14  provided by statute, a public entity is not liable for an injury resulting from an act or

15  omission of an employee of the public entity where the employee is immune from liability."

16  Where, as here, the claims against the public entity arise out of alleged conduct by the

17  entity's employees which is itself immune, and which occurs in the course and scope of

18  employment, the public entity is entitled to immunity under Section 815.2(b).  *Amylou R.,*

19  *supra,* 28 Cal.App.4th at 1209; *Kemmerer, supra,* 200 Cal.App.3d at 1435.  Here, the

20  individual UC defendants are all employees of The Regents, each of whom are alleged to

21  have acted in the course and scope of that employment.  (Complaint ¶¶ 15-20.)

22  Accordingly, The Regents are immune on each of the state law claims asserted by

23  plaintiffs as Count IV through Count VI and Counts VIII through Count IX.

24

25        [6]   Count VII of the complaint purports to state a claim against The Regents under
   Government Code section 815.6, alleging The Regents violated a "mandatory duty" created by
26  Penal Code section 1524(g).  At least one California court has held that a public entity may not
   assert immunity pursuant to Government Code sections 821.6 and 815.2, in defending against a
27  direct liability claim asserted under Government Code section 815.6.  *Bradford v. State of*
   *California*, 36 Cal.App.3d 16 (1973).  Accordingly, The Regents do not assert immunity under
28  Sections 815.2 and 821.6 in connection with Count VII of the complaint.

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 9 -

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**              **CASE NO. 3:09-CV-0168-JSW**

1

### F.     Eleventh Amendment Immunity Bars Each of Plaintiffs' Claims.

2          In addition to the state law immunities and other deficiencies requiring dismissal of

3   all state law claims asserted by plaintiffs' against them, defendants are also entitled to

4   dismissal of each of these state law claims as a result of their immunity under the Eleventh

5   Amendment of the United States Constitution.  Indeed, this Eleventh Amendment

6   immunity requires dismissal of plaintiffs' complaint against The Regents in its entirety.[7]  As

7   discussed above, "[i]t has long been established that [The University of California] is an

8   instrumentality of the state for purposes of the Eleventh Amendment."  *Thompson v. City*

9   *of Los Angeles,* 885 F.2d 1439, 1443 (9th Cir. 1989*).*[8]  Absent consent (or Congressional

10  abrogation), as an instrumentality of the state, The Regents are not subject to suit by

11  private litigants in federal court.  Because there has been no such consent (or abrogation)

12  here, this Court lacks jurisdiction over plaintiffs' claims against The Regents.  Accordingly,

13  the complaint should be dismissed in its entirety as to The Regents.  *See, e.g.*, *Townsend*

14  *v. University of Alaska*, 543 F.3d 478 (9th Cir. 2008).[9]

15         Further, each of the individual UC defendants is also entitled to 11th Amendment

16  immunity on each of the state law claims asserted against them in their official capacity.

17  *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 104-105 (1984) (Eleventh Amendment

18  bars state law claims asserted against state officials for actions taken while carrying out

19  official duties).  These claims must be dismissed, as well.

20

21

22

23          [7]  Application of the Eleventh Amendment as a bar to plaintiffs' claim under the Privacy
Protection Act is discussed *supra*, pp. 6-7.

24          [8]  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall
not be construed to extend to any suit in law or equity, commenced or prosecuted against one of
25  the United States."

26          [9] Count IX of the complaint purports to assert a common law claim for trespass to chattel
against defendants.  In addition to the constitutional and statutory immunities discussed above,
which fully dispose of this claim against The Regents and each of the individual defendants, The
27  Regents are further immune from this claim under Government Code section 815(a), which
"abolishes common law tort liability for public entities."  *Miklosy v. Regents of the University of*
28  *California*, 44 Cal.4th 876, 899 (2008).

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**                    **CASE NO. 3:09-CV-0168-JSW**

G.   **Plaintiffs Fail To State A Claim Under Government Code Section 815.6 For Violation Of Penal Code Section 1524(g).**

1.   **Plaintiffs Fail To State A Claim Against Either The Regents Or The Individual UC Defendants**.

Count VII of the complaint purports to assert a claim arising under Government Code § 815.6, a section of the Tort Claims Act which states:

> Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

Plaintiffs contend that an enactment – California Penal Code section 1524(g) – imposed a "mandatory duty" on defendants which they failed to discharge, and which ostensibly gives rise to a claim for damages pursuant to Government Code section 815.6.  (Compl. ¶¶ 74-76.)  They are wrong on several fronts.

As an initial matter, this cause of action fails to state a claim for relief against any of the individual UC defendants.  Section 815.6, by its clear and unambiguous terms, subjects only "the public entity" to liability for failure to discharge the mandatory duty.  There is no provision whatever for individual liability on the part of any public employee.[10]  Moreover, even if the statute could give rise to individual liability, it would do plaintiffs no good here, because, as discussed above, each of the individual UC defendants is immune under Government Code section 821.6, in any event.

Plaintiffs also fail to state any claim against The Regents under this statute.  Government Code section 815.6 contains a three-part test for determining whether liability may be imposed on a public entity:  (a) an enactment must impose a mandatory, not

---

[10]   Similarly, there is no private right of action available to plaintiffs in seeking to bring a claim under Penal Code section 1524(g) directly against the individual defendants.  That statute does not expressly provide for any private right of action, nor is there any basis for inferring one from the statutory scheme or otherwise.  "[A] private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages."  *Vikco Ins. Services, Inc. v. Ohio Indemnity Co.*, 70 Cal. App. 4th 55, 62 (1999).  Because there is no such indication that the Legislature intended to create a private right of action under Penal Code section 1524(g), plaintiffs have no basis for asserting any such right against the individual defendants here.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   discretionary, duty; (b) the enactment must intend to protect against the kind of risk of

2   injury suffered by the party asserting this statute as a basis for liability; and (c) breach of

3   the mandatory duty must be a proximate cause of the injury suffered.  *California v.*

4   *Superior Court (Perry)*, 150 Cal.App.3d 848, 854 (1984).  Plaintiffs cannot establish any of

5   these elements here.

6        First, plaintiffs' claim fails at the outset, in that they have failed to allege any

7   "mandatory duty" which The Regents failed to discharge.  Penal Code section 1524(g)

8   states simply that "No warrant shall issue for any item or items described in Section 1070

9   of the Evidence Code."  This section thus prohibits search warrants from being issued

10  pursuant to the authority of Penal Code § 1524 for the search or seizure of specified items

11  described in the cited section of the Evidence Code which, in turn, shields from disclosure

12  information revealing a news reporter's sources and certain unpublished information

13  gathered in the course of preparing a published story or other communication.  *See*

14  *Rancho Publications v. Superior Court*, 68 Cal.App.4th 1538 (1999).  Penal Code

15  § 1524(g) thus limits the scope of search warrants issued by judicial officers.  It does not

16  place any "mandatory duty" on The Regents and therefore cannot serve as a basis for

17  imposing liability under Government Code section 815.6.

18       California courts have stated that "section 815.6 requires that the enactment at

19  issue be obligatory, rather than merely discretionary or permissive, in its directions to the

20  public entity; it must require, rather than merely authorize or permit, that a particular action

21  be taken or not taken."  *See, e.g., Haggis v. City of Los Angeles,* 22 Cal.4th 490, 498

22  (2000).  As discussed, Penal Code § 1524(g) directs judicial officers to refrain from issuing

23  any warrant for the items protected by the newsperson's privilege of Evidence Code

24  § 1070.  It does not impose any such mandatory duty on the party seeking or executing

25  the warrant – for the simple reason that these parties have no authority to "issue" the

26  warrant.  The Regents had no such authority here.  In the absence of any mandatory duty

27  imposed upon The Regents, plaintiffs have no claim under Section 815.6.

28       Second, this claim fails for the separate and additional reason that plaintiffs cannot

- 12 -

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF          CASE NO. 3:09-CV-0168-JSW

4 5

show that Penal Code § 1524(g) was intended to protect against the kind of injury plaintiffs have alleged in their complaint. *Nunn v. California*, 35 Cal.3d 616, 624 (1984) (statute prohibiting private security guards from carrying or using firearms unless they completed course of training was enacted to protect the public, not security guard while on duty); *Haggis v. Los Angeles*, *supra,* 22 Cal.4th at 502 (no cause of action by buyer of unstable property against city that had failed to record certificate of substandard condition as required by ordinance; ordinance's purpose was to protect general public against effects of improper construction, rather than to protect purchasers or lenders against economic losses). Penal Code § 1524(g) was enacted in order to shield journalists from being compelled to disclose their sources and/or to disclose unpublished material by means of a warrant. There is no allegation here that any defendant had any desire or interest in obtaining information regarding Long Haul's or EBPS's journalistic sources or unpublished information obtained or prepared in the gathering, receiving, or processing of information for communication to the public.[11] To the contrary, the complaint's allegations assert that defendants were searching for information regarding the improper use "by an unknown member of the public, of a public-access computer located at Long Haul." (Complaint ¶ 4.) Because plaintiffs do not allege that their "journalistic" sources and/or unpublished material had been targeted by defendants, they cannot establish they have suffered an injury which Penal Code section 1524(g) is intended to protect against.

**2. This Claim Is Barred In Its Entirety By The Absolute Privilege Applicable To Communications Made In The Course of Official Proceedings.**

Further, plaintiffs' attempt to assert a claim allegedly arising out of the communications which occurred between Detective Kasiske and the magistrate who issued the warrant is barred by the absolute privilege codified in California Civil Code section 47(b). (*See, e.g.*, Complaint, ¶¶ 4, 42.)

---

[11] Indeed, there is no allegation that either Long Haul or EBPS ever published any story, or intended to publish any story, regarding the harassment or intimidation of the animal researchers which was the subject of defendants' investigation here.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                CASE NO. 3:09-CV-0168-JSW

1  Civil Code section 47(b) codifies an absolute privilege for communications made in

2  the course of official proceedings.  This privilege protects statements and publications

3  made:

4  In any (1) legislative proceeding, (2) judicial proceeding, (3) in
   any other official proceeding authorized by law, or (4) in the
5  initiation or course of any other proceeding authorized by law
   and reviewable pursuant to Chapter 2 (commencing with Section
6  1084) of Title I of Part 3 of the Code of Civil Procedure. . . .

7  Civ. Code § 47(b).  The absolute privilege of Civil Code §47(b) bars both tort and statutory

8  claims based on privileged communications.  *Hasberg v. California Federal Bank FSB*, 32

9  Cal.4th 350, 363, 375 (2004); *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990); *see also*

10 *Shaddox v. Bertani*, 110 Cal.App.4th 1406 (2003).  As the California Supreme Court

11 explained, this privilege "is now held applicable to any communication, whether or not it

12 amounts to a publication, and all torts except malicious prosecution."  *Silberg, supra*, 50

13 Cal.3d at 212.  The privilege applies to any publication "(1) made in judicial or quasi-

14 judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve

15 the objects of the litigation; and (4) that have some connection or logical relation to the

16 action."  *Id.*

17 "The purposes of section 47, subdivision (b), are to afford litigants and witnesses

18 free access to the courts without fear of being harassed subsequently by derivative tort

19 actions, to encourage open channels of communication and zealous advocacy, to promote

20 complete and truthful testimony, to give finality to judgments, and to avoid unending

21 litigation."  *Rusheen v. Cohen*, 37 Cal.4th 1048, 1063 (2006).  To further these purposes,

22 the privilege has been broadly applied.  It is absolute and applies regardless of malice.

23 *Rusheen, supra,* 37 Cal.4th at 1063; *Silberg*, *supra,* 50 Cal.3d at 215-16.  Indeed, the

24 privilege extends even to civil actions based on perjury.  *Rusheen, supra*, 37 Cal.4th at

25 1058; *Ribas v. Clark*, 38 Cal.3d 355, 365, (1985).

26 The Section 47(b) privilege bars all claims arising out of a protected communi-

27 cation, regardless of whether the claims assert that the communication is false, fraudulent,

28 or incomplete or misleading.  Numerous decisions before and after *Silberg* recognize the

1   privilege presents a bar to actions, even when based on fraudulent representations,

2   forgery, negligent or intentional omissions, and other types of tortious communications.

3   *See, e.g.*, *Mansell v. Otto*, 108 Cal.App.4th 265, 278 (2003) citing cases.  In *Mansell*, the

4   court applied the Section 47(b) privilege and determined that it would be futile to allow the

5   plaintiff to amend her complaint to assert a claim for invasion of privacy based on

6   respondents' failure to inform a judge that a court order improperly sought plaintiff's mental

7   health records.  *Id.*  The litigation privilege also protects those who allegedly prepare and

8   present false or misleading documents.  *Petitt v. Levy*, 28 Cal.App.3d 484, 489 (1972)

9   ("Preparing and presenting false documents is equivalent to the preparation and

10  presentation of false testimony.  Since there is no exception to the privilege when the

11  testimony is perjured, by a parity of reasoning no exception should apply to the

12  preparation and presentation of false documentary evidence.").

13        There is no question here that defendants' communications to the issuing

14  magistrate allegedly giving rise to Count VII of the complaint occurred in the context of

15  judicial and/or official proceedings within the meaning of Civil Code section 47(b).  The

16  absolute privilege thus furnishes a separate and additional reason why this claim must be

17  dismissed.

18  **IV.   CONCLUSION**

19        For the foregoing reasons, defendants respectfully request the Court to grant the

20  instant motion in its entirety.

21  Dated:  March 23, 2009                    SCHIFF HARDIN LLP

22

23                                           By:   /s/ William J. Carroll

24                                                 WILLIAM J. CARROLL
                                                   Attorneys for Defendants

25                                           THE REGENTS OF THE UNIVERSITY OF
                                             CALIFORNIA, VICTORIA HARRISON,
26                                           KAREN ALBERTS, WILLIAM KASISKE,
                                             WADE MACADAM, TIMOTHY J. ZUNIGA,
27                                           BRUCE BAUER

28  SF\9330006.1

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**                    **CASE NO. 3:09-CV-0168-JSW**