| | |
|---|---|
| 1 | SCHIFF HARDIN LLP |
| | WILLIAM J. CARROLL (CSB #118106) |
| 2 | wcarroll@schiffhardin.com |
| | LARRY B. GARRETT (CSB #225192) |
| 3 | lgarrett@schiffhardin.com |
| | One Market, Spear Street Tower |
| 4 | Thirty-Second Floor |
| | San Francisco, CA 94105 |
| 5 | Telephone: (415) 901-8700 |
| | Facsimile: (415) 901-8701 |
| 6 | |
| 7 | Attorneys for Defendants |
| | THE REGENTS OF THE UNIVERSITY OF |
| | CALIFORNIA, VICTORIA HARRISON, KAREN |
| 8 | ALBERTS, WILLIAM KASISKE, WADE |
| | MACADAM, TIMOTHY J. ZUNIGA, and |
| 9 | BRUCE BAUER |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

| | | |
|---|---|---|
| | LONG HAUL, INC., and EAST BAY PRISONER SUPPORT, | Case No. 3:09-cv-0168 JSW |
| | Plaintiff, | **(PROPOSED) ORDER** |
| | v. | |
| | REGENTS OF THE UNIVERSITY OF CALIFORNIA, VICTORIA HARRISON; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; BRUCE BAUER, et al., | |
| | Defendants. | |

The motion of defendants The Regents of the University of California ("The Regents"), Victoria Harrison, Karen Alberts, William Kasiske, Wade MacAdam, Timothy Zuniga, and Bruce Bauer (collectively referred to herein as "individual UC defendants") to dismiss the complaint for failure to state a claim for relief, pursuant to Fed.R.Civ.P. Rule 12(b)(6), came on regularly for hearing in Courtroom 11 of the this Court on May 29, 2009. Appearing for defendants were William J. Carroll and Larry B. Garrett of

1 the law firm Schiff Hardin LLP; appearing for plaintiffs were Jennifer Stisa Granick and
2 Matt Zimmerman of the Electronic Frontier Foundation and Ann Brick and Michael T.
3 Risher of the American Civil Liberties Foundation of Northern California.  Based on
4 papers submitted in support, opposition and on reply to this motion, and on argument by
5 counsel:

6 IT IS ORDERED that the complaint in its entirety, and each and every claim
7 asserted in the complaint, be dismissed with prejudice against defendant The Regents;
8 Counts I and II of the complaint be dismissed with prejudice against defendant Chief
9 Harrison, in her individual capacity; and Counts IV through IX of the complaint, and each
10 and every claim asserted therein, be dismissed with prejudice against each of the
11 individual UC defendants.

12 This motion is granted pursuant to Fed.R.Civ.P. 12(b)(6) because the Court finds
13 that plaintiffs have failed to state a cause of action for which they are entitled to relief
14 against The Regents.  This Court does not have jurisdiction over The Regents by virtue
15 of the application of the Eleventh Amendment's sovereign immunity asserted by The
16 Regents to all claims in the complaint.  *Townsend v. University of Alaska*, 543 F.3d 478
17 (9th Cir. 2008).  Moreover, this Court finds dismissal proper under each of the alternative
18 grounds for dismissal raised by The Regents.  This Court dismisses Count I and II of the
19 complaint because The Regents cannot be sued as "persons" under 42 U.S.C. § 1983.
20 *Armstrong v. Meyers,* 964 F.2d 948, 949 (9th Cir. 1992).  This Court also dismisses
21 Count III of the complaint because the Privacy Protection Act, 42 U.S.C. § 2000aa, does
22 not authorize any claim against The Regents.

23 As to the state law claims asserted against The Regents in Counts IV through IX
24 of the complaint, the application of statutory immunities found in Government Code
25 §§ 815.2(b) and 815(a) bars all of plaintiffs' state law claims, with the exception of the
26 claim brought under Penal Code § 1524(g) (Count VII).  *Amylou R. v. County of*
27 *Riverside*, 28 Cal.App.4th 1205, 1209 (1994); *Kemmerer v. County of Fresno* 200
28 Cal.App.3d 1426, 1435 (1988).  With respect to that claim, the Court finds that dismissal

1  of Count VII is proper.  The Regents had no mandatory duty to plaintiffs because The
2  Regents had no authority to issue the search warrant and therefore, no mandatory duty
3  is imposed on The Regents.  Further, the Court finds that plaintiffs cannot show that
4  Penal Code § 1524(g) was intended to protect against the kind of injury plaintiffs have
5  alleged in their complaint.  Plaintiffs have made no allegation that any defendant had any
6  desire or interest in obtaining information regarding Long Haul's or East Bay Prisoner
7  Support's journalistic sources or unpublished information for communication to the
8  public.  Moreover, application of the absolute privilege of Civil Code §47(b) bars suit
9  arising from the protected communication between The Regents and the magistrate
10 judge during the application for the search warrant.  *Silberg v. Anderson*, 50 Cal.3d 205,
11 212 (1990).  Based upon all of the above-described grounds, plaintiffs cannot state a
12 claim against The Regents; therefore their complaint against The Regents is dismissed
13 in its entirety with prejudice.
14     With respect to the individual UC defendants, this Court also dismisses Counts I
15 and II against Defendant Harrison, in her individual capacity, because plaintiffs have
16 failed to allege any facts in support of a finding of liability based on her alleged
17 supervisory role.  *Hydick v.* Hunter, 500 F.3d 978, 998 (9th Cir. 2007).  These counts are
18 dismissed with prejudice.
19     Finally, the Court dismisses all of the state law claims against the individual UC
20 defendants asserted against them as Counts IV through IX of the complaint based upon
21 the application of the statutory immunity found in Government Code § 821.6.  Plaintiffs'
22 claims arose out of conduct occurring in the course of investigating and instituting judicial
23 proceedings.  "Because investigation is 'an essential step' toward the institution of formal
24 proceedings, it 'is also cloaked with immunity.'"  *Amylou R. v. County of Riverside,* 28
25 Cal.App.4th 1205, 1209-1210 (1994) (*citing Kemmerer v. County of Fresno,* 200
26 Cal.App.3d 1426, 1436-1437 (1988)).  The scope of section 821.6 immunity is broad,
27 and reaches each of the state law claims, including the constitutional and statutory
28 claims.  Constitutional rights under the California Constitution do not limit the scope of

pre-existing governmental tort immunities. *See, e.g., Richardson-Tunnell v. School Insurance Program for Employees*, 157 Cal.App.4th 1056, 1066 (2007) (the constitutional right to privacy does not limit the scope of a pre-existing statutory immunity, such as § 821.6); *Ingram v. Flippo*, 74 Cal.App.4th 1280, 1292-93 (1999) (§ 821.6 immunity is applicable to a claim for violation of free speech). Section 821.6 and similar statutory immunities have been applied to shield defendants from liability under the Bane Act. *See, e.g., Marconi v. Officer One*, 2006 WL 2827862 *9 (N.D.Cal. 2006) (claim under Bane Act barred by § 821.6 immunity); *O'Toole v. Superior Court*, 140 Cal.App.4th 488, 504 (2006) (court applied § 820.6 immunity to bar Bane Act claim). It is also established that the statutory immunity of § 821.6 applies to tort causes of action that are intentional as well negligent. *See, e.g., Baughman v. State of California*, 38 Cal.App.4th 182, 191-93 (1995) (§ 821.6 immunized police from conversion claims based on destruction of computer disks that were outside search warrant); *Amylou R. v. County of Riverside, supra,* 28 Cal.App.4th at 1210-1211 (police officers investigating crime immune from liability for negligent infliction of emotional distress). Therefore, Counts IV through IX are dismissed with prejudice as to the individual UC defendants.

      The Counts that remain in plaintiffs' complaint are Counts I through III, and X against the individual UC defendants, with the exception of Defendant Harrison, who has been dismissed as a defendant in her individual capacity, with respect to Counts I and II.

      IT IS SO ORDERED.

DATED: _____

_____
Honorable Jeffrey S. White
United States District Court Judge

SF\9330241.1