1   JOSEPH P. RUSSONIELLO (SBN 44332)
    United States Attorney
2   JOANN M. SWANSON (SBN 135879)
    Chief, Civil Division
3   JONATHAN U. LEE (SBN 148792)
    Assistant United States Attorney
4   450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102
5   Telephone: 415-436-6909
    Facsimile: 415-436-6748
6   Email: jonathan.lee@usdoj.gov

7   ATTORNEYS FOR FEDERAL DEFENDANTS

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12   LONG HAUL, INC. AND EAST BAY        )    No. C 09-0168 JSW
     PRISONER SUPPORT,                   )
13                                       )
          Plaintiffs,                    )    **MOTION TO DISMISS COMPLAINT**
14                                       )    **FOR LACK OF JURISDICTION**
      v.                                 )    **UNDER FED. R. CIV. P. 12(B)(1), FOR**
15                                       )    **FAILURE TO STATE A CLAIM**
     REGENTS OF THE UNIVERSITY OF        )    **UNDER FED. R. CIV. P. 12(B)(6), OR IN**
16   CALIFORNIA; VICTORIA HARRISON;      )    **THE ALTERNATIVE MOTION FOR**
     KAREN ALBERTS; WILLIAM KASISKE;     )    **MORE DEFINITE STATEMENT**
17   WADE MACADAM; TIMOTHY J.            )    **UNDER FED. R. CIV. P. 12(E)**
     ZUNIGA; BRUCE BAUER; COUNTY OF      )
18   ALAMEDA; GREGORY J. AHERN; MIKE     )
     HART; FEDERAL BUREAU OF             )
19   INVESTIGATION; LISA SHAFFER; AND    )
     DOES 1-25.                          )
20                                       )    *Date:*   *June 19, 2009*
          Defendants.                    )    *Time:*   *9:00 a.m.*
21                                       )    *Place:*  *Courtroom 11, 19th Floor*
     _____)    *Judge:*  *Hon. Jeffrey S. White*

22

23

24

25

26

27

28

MOTION TO DISMISS
C 09-0168 JSW

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.   The Operative Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.  The Warrant. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    III. Plaintiffs' Tort Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.   Applicable Legal Standards. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.     Rule 12(b)(1) Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.     Rule 12(b)(6) Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        C.     Rule 12(e) Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    II.  Plaintiffs' Constitutional Claims Seeking Monetary Damages. . . . . . . . . . . . . . . . . . . . . 5

        A.     Claims For Monetary Damages Against the FBI. . . . . . . . . . . . . . . . . . . . . 5

        B.     Claims for Monetary Damages Against Agent Shaffer. . . . . . . . . . . . . . . . . . 5

            1.     Official Capacity Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            2.     Personal Capacity Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                a.    First Amendment Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                b.    Fourth Amendment Claim. . . . . . . . . . . . . . . . . . . . . . . . . 9

                    i.     Warrant claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

                    ii.    Search and seizure claim. . . . . . . . . . . . . . . . . . . . . . 10

    III. Plaintiffs' Constitutional Claims Seeking Injunctive and Declaratory Relief. . . . . . . . . . 11

        A.     Claims Against the FBI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        B.     Claims Against Agent Shaffer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    IV.     Claims Based on The Privacy Protection Act ("PPA Claims"). . . . . . . . . . . . . . 13

        A.     PPA Legal Principles. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

            1.     The Statute. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

            2.     Case Law Regarding Computer Searches. . . . . . . . . . . . . . . . . . . . 14

1

B.    PPA Claims Against The FBI.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

2    C.    PPA Claims Against Shaffer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

3    V.  State Law Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

4        A.    Claims Against The FBI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

5        B.    State Law Claims Against Agent Shaffer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

6    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Acierno v. Cloutier,*
   40 F.3d 597 (3rd Cir. 1994) (en banc). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Armstrong v. Davis,*
   275 F.3d 849 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Backmar v. Guerre,*
   342 U.S. 512 (1952). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir.1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,*
   403 U.S. 388 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12, 16

*Brandon v. Holt,*
   469 U.S. 464 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Brown v. Li,*
   308 F.3d 939 (9th Cir. 2002), cert. denied, 538 U.S. 908 (2003). . . . . . . . . . . . . . . . . . . . 7

*Bunn v. Conley,*
   309 F.3d 1002 (7th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Burns v. United States,*
   764 F.2d 722 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Clemente v. United States,*
   766 F.2d 1358 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*City of Los Angeles v. Lyons,*
   461 U.S. 95 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*City of Whittier v. United States Dep't of Justice,*
   598 F.2d 561 (9th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Correctional Services Corp. v. Malesko,*
   534 U.S. 61 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Cort v. Ash,*
   422 U.S. 66 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Crawford-El v. Britton,*
   523 U.S. 574 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

*Cruz v. Kauai County*,
279 F.3d 1064 (9th Cir.), cert. denied, 537 U.S. 1053 (2002). . . . . . . . . . . . . . . . . . . . . . . . . 7

*Davis v. Gracey*,
111 F.3d 1472 (10th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Farmer v. Perrill*,
275 F.3d 958 (10th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Federal Deposit Insurance Corp. v. Meyer*,
510 U.S. 471 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gerritson v. Consulado General de Mexico*,
989 F.2d 340 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Golden v. Zwickler*,
394 U.S. 103 (1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Gould v. U.S. Dept. of Health & Human Services*,
905 F.2d 738 (4th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Guest v. Leis*,
255 F.3d 325 (6th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Hufford v. McEnaney*,
249 F.3d 1142 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

*Inouye v. Kemna*,
504 F.3d 705 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Jerves v. U.S.*,
966 F.2d 517 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Kennedy v. United States Postal Service*,
145 F.3d 1077 (9th Cir. 1998) (*per curiam*). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Kentucky v. Graham*,
473 U.S. 159 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kokkonen v. Guardian Life Ins. Co.*,
511 U.S. 375 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*LaDuke v. Nelson*,
762 F.2d 1318 (9th Cir.1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12

*MacKay v. Pfiel*,
827 F.2d 540 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*McNeil v. United States*,
508 U.S. 106 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Menotti v. City of Seattle,*
    409 F.3d 1113 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Moreno v. Baca,*
    431 F.3d 633 (9th Cir. 2005), cert. denied, 547 U.S. 1207 (2006). . . . . . . . . . . . . . . . . . . . 7

*Osborn v. Haley,*
    127 S. Ct 881 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Pellegrino v. United States,*
    73 F.3d 934 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

*Rivera v. United States,*
    924 F.2d 948 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ruiz Rivera v. Riley,*
    209 F.3d 24 (1st Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose,*
    402 F.3d 962 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Schweiker v. Chilicky,*
    487 U.S. 412 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Schwenk v. Hartford,*
    204 F.3d 1187 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Smith v. United States,*
    507 U.S. 197 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Sorrels v. McKee,*
    290 F.3d 965 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Spawr v. United States,*
    796 F.2d 279 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Stanley v. University of Southern California,*
    13 F.3d 1313 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Steve Jackson Games, Inc. v. Secret Service,*
    816 F. Supp. 432 (W.D. Tex. 1993),. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

    36 F.3d 457 (5th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

*United States v. Adjani,*
    452 F.3d 1140 (9th Cir.2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Comprehensive Drug Testing, Inc.,*
    513 F.3d 1085 (9th Cir.2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Hay,*
    231 F.3d 630 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Mitchell,*
    445 U.S. 535 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Ross,*
    456 U.S. 798 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Sherwood,*
    312 U.S. 584 (1941). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Smith,*
    499 U.S. 161 (1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Taketa,*
    923 F.2d 665 (9th Cir.1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Testan,*
    424 U.S. 392 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Wong,*
    334 F.3d 831 (9th Cir.2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Warren v. Fox Family Worldwide, Inc.,*
    328 F.3d 1136 (9th Cir.2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Wong v. United States,*
    373 F.3d 952 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 10

*Zurcher v. Stanford Daily,*
    436 U.S. 547 (1978).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

## FEDERAL STATUTES

Title 28, United States Code,

    Section 1346(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

    Section 2671.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    Section 2674.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    Section 2675(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

    Section 2679(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

Title 42, United States Code,

    Section 2000aa.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 13

    Section 2000aa-6(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Section 2000aa-7(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Section 2000aa(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Section 2000aa(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Section 2000aa(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Section 2000aa-7(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Section 2000aa-7(b)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Section 2000aa-6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Section 2000aa-6(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## FEDERAL RULES

Federal Rule of Civil Procedure 7(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Rule of Civil Procedure 8(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Federal Rule of Civil Procedure 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 0, 3

Federal Rule of Civil Procedure 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 0, 3

Federal Rule of Civil Procedure 12(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 0, 4

Defendants Federal Bureau of Investigation ("FBI") and Lisa Shaffer ("Shaffer") hereby submit this memorandum of points and authorities in support of their motion to dismiss or in the alternative for more definite statement:

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs filed a civil action in this Court on January 14, 2009, naming the Regents of the University of California; Victoria Harrison; Karen Alberts; William Kasiske; Wade Macadam; Timothy J. Zuniga; Bruce Bauer; County of Alameda; Gregory J. Ahern; Mike Hart; Federal Bureau of Investigation ("FBI"); and FBI Agent Lisa Shaffer ("Shaffer"). The complaint states various claims against the FBI and Shaffer, including:

(1)     First Amendment violation,

(2)     Fourth Amendment violation,

(3)     Privacy Protection Act (42 U.S.C. § 2000aa, et seq.) violation,

(4)     several California state law claims, and

(5)     claims for injunctive and declaratory relief.

The FBI is sued as the investigatory arm of the U.S. Department of Justice.  Shaffer is sued for conduct in the course of her employment as an FBI agent.  She is sued in her official and individual capacities.

As explained in this motion, the Court should dismiss the claims against the federal defendants on the following grounds:

(1)     Plaintiffs' claims for monetary damages against the FBI for constitutional violations should be dismissed with prejudice for lack of jurisdiction because there is no waiver of sovereign immunity;

(2)     Plaintiffs' claims for monetary damages against Shaffer in her official capacity for constitutional violations should be dismissed with prejudice for lack of jurisdiction because there is no waiver of sovereign immunity;

(3)     Plaintiffs' claims for monetary damages against Shaffer in her individual capacity for constitutional violations should be dismissed on qualified immunity grounds or in the alternative the Court should grant the motion for more definite statement;

(4)     Plaintiffs' claims for equitable relief against FBI should be dismissed with prejudice for lack of standing and because of the availability of an adequate legal remedy under the Privacy Protection Act;

(5)     Plaintiffs' claims for equitable relief against Shaffer should be dismissed with prejudice for lack of standing from lack of redressability;

(6)     Plaintiffs' claims against the FBI for violations of the Privacy Protection Act should be dismissed and the United States substituted as defendant, because only the United States is a proper defendant;

(7)     Plaintiffs' claims against Shaffer for violations of the Privacy Protection Act should be dismissed with prejudice because only the United States is a proper defendant and the Court should not imply a *Bivens* remedy;

(8)     Plaintiffs' claims against the FBI for state law violations should be dismissed on jurisdictional grounds, without prejudice, because the United States is the proper defendant and plaintiffs have not exhausted required administrative remedies; and

(9)     Plaintiffs' claims against Shaffer for state law violations should be dismissed on jurisdictional grounds, with prejudice, because federal actors are immune from such claims and plaintiffs' exclusive remedy is against the United States.

## FACTS

### I.  The Operative Complaint

Plaintiffs' complaint alleges that a search warrant issued on August 26, 2008 by Alameda County and executed on August 27, 2008 by the University of California Berkeley Police Department was "facially invalid" because of lack of probable cause and that the magistrate had not been informed that Long Haul and East Bay Prisoner Support (EBPS) "are distributors of information to the public and that, accordingly, federal and state law protects its computers from seizure except under special conditions not present, and that EBPS was unaffiliated with Long Haul but maintained office space in the building."

The plaintiffs allege that the search team (including FBI Special Agent Lisa Shaffer) "looked through the list of people who had borrowed books from the library...seized all of the public

access computers from a space on the second floor of Long Haul..., took the computers and

digital storage media used for the publication of that newspaper, ...and took the computer used by

EBPS for the publication of prisoner-rights information."  The plaintiffs further allege that "the

Defendants have copied the data on the computers...and have searched, are searching, and

continue to search them."  Amended Complaint ¶ 18.

## II.       The Warrant

Plaintiffs' complaint describes and discusses the search warrant giving rise to this case.  A

copy of the warrant is attached to the accompanying declaration of Jonathan U. Lee as Exhibit A.

## III.      Plaintiffs' Tort Claims

On March 13, 2009, plaintiffs presented tort claims to the FBI.  Copies of the tort claims are

attached to the accompanying declaration of Jonathan U. Lee as Exhibit B.

## ARGUMENT

## I.  Applicable Legal Standards

### A.       Rule 12(b)(1) Motion

Where subject matter jurisdiction is lacking, dismissal under Rule 12(b)(1) is appropriate.

*MacKay v. Pfiel*, 827 F.2d 540, 543 (9th Cir. 1987).  Once the defendant objects to a lack of

subject matter jurisdiction, plaintiff bears the burden of establishing that the court has subject

matter jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  To survive a

motion to dismiss under Rule 12(b)(1), plaintiff must prove that the Court has jurisdiction to hear

the case.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) ("Federal courts are of

limited jurisdiction...It is to be presumed that a cause lies outside this limited jurisdiction, and the

burden of establishing the contrary rests on the party asserting jurisdiction.").

### B.       Rule 12(b)(6) Motion

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly,* 550 U.S.

544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)) (citation omitted) (alteration

in original).  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which

1   relief can be granted, the Court must accept the well-pleaded allegations of fact in the complaint

2   as true and construe them in the light most favorable to the plaintiff. *Warren v. Fox Family*

3   *Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003). The Court need not accept "allegations

4   that are merely conclusory, unwarranted deductions of fact, or unreasonable inference," or

5   "allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v.*

6   *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "While a complaint attacked by a Rule

7   12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

8   provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusion, and

9   a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555

10  (quoting Fed.R.Civ.P. 8(a)(2)) (citations omitted) (alteration in original).  Claims should be

11  dismissed only when there is either a "lack of a cognizable legal theory or the absence of

12  sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901

13  F.2d 696, 699 (9th Cir. 1990).

14          **C.      Rule 12(e) Motion**

15          The Supreme Court has suggested that where complaints alleging constitutional torts are non-

16  specific, in some cases reliance on other Rules of Civil Procedure may be in order, instead of

17  granting a motion to dismiss. *Crawford-El v. Britton*, 523 U.S. 574 (1998).

18          In *Crawford-El*, the Court directed that trial courts to,

19          [E]xercise [their] discretion in a way that protects the substance of the qualified
            immunity defense. [Courts] must exercise [their] discretion so that officials are
20          not subjected to burdensome or unnecessary and burdensome discovery and trial
            proceedings.
21
22  523 U.S. at 597. First, the Court suggested requiring a reply to an answer pursuant to Federal

23  Rule of Civil Procedure 7(a); second, the Court suggested granting a defendant's motion for a

24  more definite statement under Federal Rule of Civil Procedure 12(e). *Id.*   In either event, the

25  Supreme Court directed trial courts to "insist that the plaintiff put forward specific, non

26  conclusory factual allegations." *Id.* at 598.

27
28          **II.  Plaintiffs' Constitutional Claims Seeking Monetary Damages**

### A. Claims For Monetary Damages Against the FBI

Plaintiffs' complaint requests monetary damages from the federal government for alleged constitutional violations. Plaintiffs have named the Federal Bureau of Investigation as a defendant. There is no jurisdiction over such damages claims. The Supreme Court has held that the United States has not waived its sovereign immunity from suits for damages based on assertions that its employees' conduct violated the Constitution. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994); *Clemente v. United States*, 766 F.2d 1358, 1363 (9th Cir. 1985) ("We consider the issue foreclosed against plaintiff...by a long line of Supreme Court Cases..."); *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991) ("The courts lack subject matter jurisdiction to hear constitutional damage claims against the United States, because the United States has not waived sovereign immunity with respect to such claims."). Furthermore, sovereign immunity extends to suits against a federal agency *eo nomine*. *Backmar v. Guerre*, 342 U.S. 512, 515 (1952); *Gerritson v. Consulado General de Mexico*, 989 F.2d 340, 343 (9th Cir. 1993) (dismissing FBI); *City of Whittier v. United States Dep't of Justice*, 598 F.2d 561, 562 (9th Cir. 1979). Thus, the plaintiff cannot avoid sovereign immunity simply by naming as defendant an agency or bureau of the United States. These claims must be dismissed with prejudice.

### B. Claims for Monetary Damages Against Agent Shaffer

Plaintiffs allege claims against Agent Shaffer in her official and individual capacities.

#### 1. Official Capacity Claims

When a plaintiff sues a federal official in her official capacity, in reality the complaint seeks to impose liability on the United States. *See Brandon v. Holt*, 469 U.S. 464, 471 (1985). "The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua entity*, may possess." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Relief in "official capacity" suits, when granted, affects the government entity rather than the officer's personal assets. *See id.* at 166. As one court explained:

> There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity. Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent

operates as a claim against the United States. Because a *Bivens* claim may not be brought directly against the United States as such, an "official capacity *Bivens* suit" would be an oxymoron.

*Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (internal citations omitted); *accord Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002)*; Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir. 2000) ("A *Bivens* action only may be brought against federal officials in their individual capacities."). Because of sovereign immunity, these claims must be dismissed with prejudice.

## 2.     Personal Capacity Claims

The complaint alleges damages claims for violations of the First and Fourth Amendment against Agent Shaffer in her personal capacity.  It is well-established that a plaintiff may seek damages against a federal employee in her individual capacity to vindicate violation of a federal "right." *Cort v. Ash*, 422 U.S. 66 (1975) (identifying the factors to consider in determining whether a statute authorizes civil suit for damages, despite the absence of a right to sue provision); *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing an implied right of action in damages to enforce the provisions of the Fourth Amendment of the Constitution).  These are frequently referred to as "*Bivens* claims."

In *Bivens* claims, damages claims against government officials alleged to arise from constitutional violations cannot be founded upon conclusory, vague, or general allegations. *See, e.g., Pellegrino v. United States*, 73 F.3d 934, 936 (9th Cir. 1996) (requiring "[d]irect personal responsibility").  In addition, the complaint must identify what role, if any, each individual defendant had in causing the alleged constitutional violations.  *Wong v. United States*, 373 F.3d 952, 966-67 (9th Cir. 2004) (affirming dismissal of complaint with sparse factual allegations). To establish an individual's liability for a constitutional violation, plaintiff must allege either direct, personal participation in the violation or by "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."  *Wong*, 373 F.3d at 966 (citations omitted).

Bivens defendants may assert qualified immunity.  The Ninth Circuit "has variously characterized the inquiry into qualified immunity as either two-part or three-part." *Schwenk v. Hartford*, 204 F.3d 1187, 1196 n.5 (9th Cir. 2000). When using the two-part test, the Ninth

1    Circuit first determines whether the defendant violated the plaintiff's constitutional right, then

2    asks whether the right was clearly established such that it would be clear to a reasonable officer

3    that his conduct was unlawful in the situation he confronted. *See Inouye v. Kemna*, 504 F.3d 705,

4    712 n.6 (9th Cir. 2007) (noting three-part test but adhering to two-part analysis); *Menotti v. City*

5    *of Seattle*, 409 F.3d 1113, 1152 (9th Cir. 2005); *San Jose Charter of Hells Angels Motorcycle*

6    *Club v. City of San Jose*, 402 F.3d 962, 971 (9th Cir. 2005). When using the three-part test, the

7    Ninth Circuit asks whether the facts alleged show the defendant's conduct violated a

8    constitutional right, whether the right was clearly established at the time of the alleged violation,

9    and then whether it would be clear to a reasonable official that her conduct was unlawful in the

10    situation she confronted. *See Brown v. Li*, 308 F.3d 939, 946-47 (9th Cir. 2002), *cert. denied*, 538

11    U.S. 908 (2003).

12        In any case, the plaintiff bears the burden of showing that a right is clearly established. *See*

13    *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002); *Cruz v. Kauai County*, 279 F.3d 1064, 1069

14    (9th Cir.), *cert. denied,* 537 U.S. 1053 (2002). *But see Moreno v. Baca*, 431 F.3d 633, 638 (9th

15    Cir. 2005) ("[T]he moving defendant bears the burden of proof on the issue of qualified

16    immunity."), *cert. denied,* 547 U.S. 1207 (2006).  Moreover, plaintiff must also establish "a

17    particular, rather than abstract, right." *Hufford v. McEnaney*, 249 F.3d 1142, 1148 (9th Cir.

18    2001).

19        In addition, to establish an individual's liability for a constitutional violation, as noted above,

20    plaintiff must allege either direct, personal participation in the violation or by "setting in motion

21    a series of acts by others which the actor knows or reasonably should know would cause others to

22    inflict the constitutional injury."  *Wong*, 373 F.3d at 966 (citations omitted).

23        Finally, because the complaint seeks prospective or injunctive relief against the United

24    States, the United States is the "real party in interest," regardless of the defendants actually

25    identified in the Complaint.  In fact, where the action challenged is actually that of the

26    "government," the Supreme Court refuses to recognize a *Bivens* remedy at all.  *Correctional*

27    *Services Corp. v. Malesko*, 534 U.S. 61, 73 (2001) (no *Bivens* action where plaintiff had other

28    avenues to challenge the allegedly unconstitutional conduct "including suits in federal court for

injective relief").

### a.     First Amendment Claim

Plaintiffs state no First Amendment allegations against Agent Shaffer, but in general the complaint alleges that the search of plaintiffs' premises violated the First and Fourth Amendment.  *See* ¶¶ Complaint 29-67.

In *Zurcher v. Stanford Daily*, 436 U.S. 547 (1978), the Supreme Court rejected similar claims by a campus newspaper.  *Zurcher* arose from a search by the District Attorney's Office in Santa Clara County, after obtaining a search warrant, of the offices of The Stanford Daily, a Stanford University student newspaper. The DA's office was investigating a violent clash between the police and demonstrators that had occurred at the Stanford University Hospital three days earlier. The Stanford Daily had covered the incident, and published a special edition featuring photographs of the clash.  Believing that the newspaper probably had more photographs of the clash that could help the police identify the demonstrators, the police obtained a warrant and sent four police officers to search the newspaper's office for further evidence that could assist the investigation. The officers found nothing. A month later, however, the Stanford Daily and its editors brought a civil suit against the police claiming that the search had violated their First and Fourth Amendment rights. The Supreme Court rejected the newspaper's claims, holding that neither the First nor the Fourth Amendment prohibited police from undertaking searches and seizures of documentary evidence held by innocent third parties, such as the newspaper whose records were searched in the case. *Id*. at 566-68.   Noting that "the Fourth Amendment does not prevent or advise against legislative or executive efforts to establish nonconstitutional protections" for searches of the press, it held that neither the Fourth nor First Amendment prohibited such searches. *Id*. at 567.

Alleged PPA violations, by definition, do not state a First Amendment violation.  In passing the PPA in 1980, in response to *Zurcher*, Congress noted that the PPA protected "the press and certain other persons not suspected of committing a crime with protections not provided currently by the Fourth Amendment." S. Rep. No. 96-874, at 4 (1980), rep'd in 1980 U.S.C.C.A.N. 3950.

Therefore, for failure to state a claim, the First Amendment *Bivens* claims should be

1  dismissed.

2  **b.      Fourth Amendment Claim**

3  The complaint alleges Fourth Amendment violations arising from the obtaining of the search

4  warrant as well as from the execution of the warrant in the August 27, 2008 search of plaintiffs'

5  premises and seizure of plaintiffs' computers and related property.

6  Computer searches present difficult questions under the Fourth Amendment. *See United*

7  *States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1108 (9th Cir. 2008); *United States*

8  *v. Adjani*, 452 F.3d 1140, 1152 (9th Cir. 2006)). "Computers are simultaneously file cabinets

9  (with millions of files) and locked desk drawers; they can be repositories of innocent and deeply

10  personal information, but also of evidence of crimes. The former must be protected, the latter

11  discovered. As society grows ever more reliant on computers as a means of storing data and

12  communicating, courts will be called upon to analyze novel legal issues and develop new rules

13  within our well established Fourth Amendment jurisprudence." *Adjani*, 452 F.3d at 1152

14  (footnote omitted).

15  "Probable cause exists if 'it would be reasonable to seek the evidence in the place indicated

16  in the affidavit.' " *United States v. Wong,* 334 F.3d 831, 836 (9th Cir. 2003) (quoting *United*

17  *States v. Peacock,* 761 F.2d 1313, 1315 (9th Cir. 1985)).  Probable cause is not limited by

18  ownership or possession of the materials.  "The critical element in a reasonable search is not that

19  the owner of the property is suspected of crime but that there is reasonable cause to believe that

20  the specific 'things' to be searched for and seized are located on the property to which entry is

21  sought." *Zurcher v. Stanford Daily,* 436 U.S. 547, 556 (1978); *cf. United States v. Ross,* 456 U.S.

22  798, 820-21 (1982) ("A lawful search of fixed premises generally extends to the entire area in

23  which the object of the search may be found and is not limited by the possibility that separate

24  acts of entry or opening may be required to complete the search."). In *Adjani*, the Court affirmed

25  an order denying defendant's motion to suppress on the ground that there was probable cause to

26  permit a search of all computers at Adjani's residence "accessible" to Adjani, even if not owned

27  by him.  452 F.3d at 1147.

28  Similarly, the Ninth Circuit has rejected the argument that in obtaining and executing

1    warrants to search computers, officers' probable cause is limited by whether there is probable

2    cause to arrest the search target.  *United States v. Hay*, 231 F.3d 630, 635 (9th Cir. 2000) ("[i]t is

3    well established that a location can be searched for evidence of a crime even if there is no

4    probable cause to arrest the person at the location"); *see also United States v. Taketa*, 923 F.2d

5    665, 674 (9th Cir.1991) ("[T]he correct inquiry is whether there was reasonable cause to believe

6    that evidence of ... misconduct was located on the property that was searched.").

**i.    Warrant claim**

8    The complaint makes detailed allegations about the warrant application.  *See* Complaint ¶¶ 4,

9    39-42.  According to these allegations, individual defendant Kasiske applied for the warrant.  ¶¶

10   39, 41-42.  The warrant was improperly obtained because of omitted information. ¶¶ 41-42.

11   None of these allegations are directed at Agent Shaffer.

12   The Fourth Amendment claims for obtaining the allegedly invalid warrant should be

13   dismissed as to Agent Shaffer on qualified immunity grounds.  Plaintiff must allege and prove

14   Shaffer's direct, personal participation in the violation of an established constitutional right, or

15   that Shaffer set "in motion a series of acts by others which the actor knows or reasonably should

16   know would cause others to inflict the constitutional injury."  *Wong*, 373 F.3d at 966 (citations

17   omitted); *Hufford*, 249 F.3d at 1148.  None of the facts alleged against Agent Shaffer establish or

18   could establish her participation in obtaining the allegedly invalid warrant.  This claim should be

19   dismissed.

**ii.    Search and seizure claim**

21   The complaint generally alleges that Agent Shaffer was a member of the "raid team" that

22   searched plaintiff's premises.  *See* Complaint ¶¶ 25, 43-57.  None of the allegations describe any

23   individual defendant's conduct with particularity.

24   Plaintiff's complaint fails to state a claim involving the execution of the warrant or search of

25   the premises against Agent Shaffer that meets Ninth Circuit standards.  *Wong*, *supra*, 373 F.3d at

26   966-67; *Pellegrino*, *supra*, 73 F.3d at 936.  As a result, these claims are subject to dismissal.

27   In the alternative, the Court should grant federal defendants' Rule 12(e) motion for more

28   definite statement, consistent with the Supreme Court's instructions in *Crawford-El v. Britton*,

523 U.S. 574, 597-98 (1998) (directing trial courts to "insist that the plaintiff put forward specific, non conclusory factual allegations"). Plaintiff's complaint lacks specific, non-conclusory allegations against defendant Shaffer. Without a more definite statement of the claims against Shaffer, the parties and the Court will be unable to analyze qualified immunity, thwarting the policy and purpose behind the doctrine. The motion for more definite statement should be granted.

### III.      Plaintiffs' Constitutional Claims Seeking Injunctive and Declaratory Relief

In order to invoke the equitable jurisdiction of the Court, plaintiffs must meet "the basic requisites of the issuance of equitable relief in these circumstances-the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983); *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994).

To establish standing to seek an injunction, a plaintiff must demonstrate "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles*, 461 U.S. at 111. To do so, a plaintiff must allege a "real and immediate" threat of repeated harm that is not merely conjectural or hypothetical. *Id.* at 102. Past exposure to illegal conduct does not alone show that threat if unaccompanied by any continuing, present adverse effects. *Id*. A plaintiff can show that future harm is likely to recur in two ways. First, plaintiff can demonstrate that "the defendant had, at the time of the injury, a written policy, and that the injury 'stems from' that policy." *Armstrong v. Davis*, 275 F.3d 849, 861 (9th Cir. 2001). That is, when the harm alleged is directly traceable to a written policy, there is an implicit likelihood of its repetition in the immediate future. *Id*. Second, a plaintiff may also establish a likelihood of harm by demonstrating that the harm is part of a "pattern of officially sanctioned behavior" violative of the plaintiffs' federal rights. *Id*. (*quoting LaDuke v. Nelson*, 762 F.2d 1318, 1323 (9th Cir.1985)). Abstract injury is not enough. The plaintiff must show that he "has sustained or is immediately in danger of sustaining some direct injury" as the result of the challenged official conduct and the injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical." *See*, *e.g.*, *Golden v. Zwickler,* 394 U.S. 103, 109-110 (1969).

1    **A.    Claims Against the FBI**

2        Plaintiff has not satisfied the standing requirements for seeking injunctive relief against the

3    FBI.  In addition to a judicial declaration that the past conduct of the FBI and other defendants

4    was unconstitutional, plaintiffs allege that they "fear that they are now and will again be

5    subjected to such unlawful and unconstitutional actions."  Complaint, ¶ 83, p. 17, l. 2-3.

6    Accordingly, they seek injunctive relief prohibiting defendants from "making use of data

7    seized...or information derived from such data" and requiring defendants "delete, destroy and/or

8    expunge any data seized."  *Id.* p. 17, l. 11-18.

9        The alleged injury is too "speculative" to be redressable by equitable relief.  *City of Los*

10   *Angeles v. Lyons*, 461 U.S. 95, 103 (1983).  In the alternative, because plaintiffs have an

11   alternative adequate legal remedy under the PPA, they cannot meet the "basic requisites" for

12   stating a claim for equitable relief.  *Stanley v. University of Southern California*, 13 F.3d 1313,

13   1320 (9th Cir.1994).  These claims should be dismissed as to the United States.

14   **B.    Claims Against Agent Shaffer**

15       Suits seeking equitable relief from federal officials are impermissible under *Bivens* analysis

16   for two reasons.  First, if plaintiff seeks relief by means of an injunction requiring a defendant to

17   take or refrain from some official action, a plaintiff has no standing to sue a defendant in his

18   individual capacity because the plaintiffs' injury is not redressable by the defendant in his

19   individual capacity. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) (requiring, for

20   purposes of Article III standing, that the asserted injury will be redressed by a favorable

21   decision); *see also Acierno v. Cloutier*, 40 F.3d 597, 608 (3rd Cir. 1994) (en banc) ("[A]

22   defendant who loses a claim for injunctive relief is simply ordered to refrain from taking certain

23   action in his or her official capacity.").  Suits for equitable relief against federal government

24   officials, therefore, are official-capacity suits.  Second, permitting a suit for equitable relief

25   directly under the Constitution against an individual officer would be inconsistent with one

26   justification for recognizing a *Bivens* remedy in the first instance – that "[f]or people in Bivens'

27   shoes, it is damages or nothing." *Bivens*, 403 U.S. at 410 (Harlan, J. concurring).   Therefore, this

28   claim should be dismissed.

## IV.        Claims Based on The Privacy Protection Act ("PPA Claims")

### A.        PPA Legal Principles

#### 1.        The Statute

Congress passed the Privacy Protection Act ("PPA"), 42 U.S.C. § 2000aa, in 1980.  Subject to certain exceptions, the PPA makes it unlawful for a government officer "to search for or seize" materials intended for publication.  The statute defines these materials as follows:

> (a) the materials are "work product materials" prepared, produced, authored, or created "in anticipation of communicating such materials to the public," 42 U.S.C. § 2000aa-7(b)(1);

> (b) the materials include "mental impressions, conclusions, or theories" of its creator, 42 U.S.C. § 2000aa-7(b)(3); and

> (c) the materials are possessed for the purpose of communicating the material to the public by a person "reasonably believed to have a purpose to disseminate to the public" some form of "public communication," 42 U.S.C. §§ 2000aa-7(b)(3), 2000aa(a);
> or

> (a) the materials are "documentary materials" that contain "information," 42 U.S.C. § 2000aa-7(a); and
> (b) the materials are possessed by a person "in connection with a purpose to disseminate to the public" some form of "public communication." 42 U.S.C. §§ 2000aa(b), 2000aa-7(a).

Although the language of the PPA is broad, the statute contains several exceptions.  Searches will not violate the PPA when:

> 1) the only materials searched for or seized are contraband, instrumentalities, or fruits of crime, *see* 42 U.S.C. § 2000aa-7(a),(b);

> 2) there is reason to believe that the immediate seizure of such materials is necessary to prevent death or serious bodily injury, *see* 42 U.S.C. §§ 2000aa(a)(2), 2000aa(b)(2);

> 3) there is probable cause to believe that the person possessing such materials has committed or is committing the criminal offense to which the materials relate (an exception which is itself subject to several exceptions), *see* 42 U.S.C. §§ 2000aa(a)(1), 2000aa(b)(1); and

> 4) in a search for or seizure of "documentary materials" as defined by § 2000aa-7(a), a subpoena has proven inadequate or there is reason to believe that a subpoena would not result in the production of the materials, *see* 42 U.S.C. § 2000aa(b)(3)-(4).

Violations of the PPA may result in civil damages against the sovereign whose officers or employees execute the search. *See* § 2000aa-6(a), (e); *Davis v. Gracey*, 111 F.3d 1472, 1482 (10th

Cir. 1997) (dismissing PPA suit against municipal officers in their personal capacities because such suits must be filed only against the "government entity").  The statute permits a claim against the United States only, which is the exclusive statutory remedy.

> *(a) Right of action*
> A person aggrieved by a search for or seizure of materials in violation of this chapter shall have a civil cause of action for damages for such search or seizure ...
>
> (1) against the United States, against a State which has waived its sovereign immunity under the Constitution to a claim for damages resulting from a violation of this chapter, or against any other governmental unit, all of which shall be liable for violations of this chapter by their officers or employees while acting within the scope or under color of their office or employment...
>
> *(b) Good faith defense*
> It shall be a complete defense to a civil action brought under paragraph (2) of subsection (a) of this section that the officer or employee had a reasonable good faith belief in the lawfulness of his conduct.
>
> *(d) Exclusive nature of remedy*
> The remedy provided by subsection (a)(1) of this section against the United States, a State, or any other governmental unit is exclusive of any other civil action or proceeding for conduct constituting a violation of this chapter, against the officer or employee whose violation gave rise to the claim, or against the estate of such officer or employee.

42 U.S.C.A. § 2000aa-6.

## 2.  Case Law Regarding Computer Searches

There are few published decisions discussing PPA claims, and ever fewer involving computer searches.  The Sixth Circuit explicitly ruled that the incidental seizure of PPA-protected material commingled on a suspect's computer with evidence of a crime does not give rise to PPA liability. *Guest v. Leis*, 255 F.3d 325 (6th Cir. 2001), involved two lawsuits brought against the Sheriff's Department in Hamilton County, Ohio. The suits arose from the seizures of two servers that had been used to host bulletin board systems suspected of housing evidence and contraband relating to obscenity, phone tapping, child pornography, credit card theft, and software piracy.  The Sixth Circuit noted that "when police execute a search warrant for documents on a computer, it will often be difficult or impossible (particularly without the cooperation of the owner) to separate the offending materials from other 'innocent' material on the computer" at the site of the search. *Id*. at

341-42. Given these pragmatic concerns, the court refused to find PPA-liability for incidental seizures; to construe the PPA otherwise would "prevent police in many cases from seizing evidence located on a computer." *Id*. at 342.  Instead, the court held that "when protected materials are commingled on a criminal suspect's computer with criminal evidence that is unprotected by the act, we will not find liability under the PPA for seizure of the PPA-protected materials." *Id*.

The Sixth Circuit's decision in *Guest* does not address the commingling issue when the owner of the seized computer is not a suspect.  In the only published decision to date directly addressing this issue, a district court held the United States Secret Service liable for the inadvertent seizure of PPA-protected materials. *See Steve Jackson Games, Inc. v. Secret Service*, 816 F. Supp. 432 (W.D. Tex. 1993), *aff'd on other grounds*, 36 F.3d 457 (5th Cir. 1994).  Steve Jackson Games, Inc. ("SJG") was primarily a publisher of role-playing games, but it also operated a network of thirteen computers that provided its customers with e-mail, published information about SJG products, and stored drafts of upcoming publications. Believing that the system administrator of SJG's computers had stored evidence of crimes, the Secret Service obtained a warrant and seized two of the thirteen computers connected to SJG's network, in addition to other materials. The Secret Service did not know that SJG's computers contained publishing materials until the day after the search. However, the Secret Service did not return the computers it seized until months later.

The district court in *Steve Jackson Games* ruled that the Secret Service violated the PPA; unfortunately, the exact contours of the court's reasoning are difficult to discern.  For example, the court did not explain which of the materials the Secret Service seized were covered by the PPA; instead, the court merely recited the property that had been seized, and concluded that some PPA-protected materials "were obtained" during the search. *Id*. at 440.  Similarly, the court indicated that the search of SJG and the initial seizure of its property did not violate the PPA, but that the Secret Service's continued retention of SJG's property after it learned of SJG's publisher status, and despite a request by SJG for return of the property, was the true source of the PPA

1  violation - something that the statute itself does not appear to contemplate. *See id.* at 441. The

2  court also suggested that it might have ruled differently if the Secret Service had made "copies of

3  all information seized" and returned the hardware as soon as possible, but did not answer whether

4  in fact it would have reached a different result in such case. *Id.*

5  **B.     PPA Claims Against The FBI.**

6       The United States is the sole proper party defendant to any PPA action by plaintiffs and

7  should be substituted in place of the FBI. The United States, as sovereign, is immune from suit

8  unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The PPA is a

9  limited waiver of sovereign immunity by the United States as sovereign, authorizing suit against

10  the "United States." 42 U.S.C.A. § 2000aa-6(a). The statute describes this potential claim as the

11  exclusive remedy available to plaintiffs. 42 U.S.C.A. § 2000aa-6(d). Plaintiffs cannot maintain

12  this claim against the FBI, because the FBI is not the sovereign and neither is any FBI agent.

13  **C.     PPA Claims Against Shaffer**

14       The PPA authorizes suit against the United States, not its employees. 42 U.S.C.A. § 2000aa-

15  6(a). This is the exclusive remedy available to plaintiffs. 42 U.S.C.A. § 2000aa-6(d). In light of

16  the PPA explicit limitations, the Court should not imply any any *Bivens* remedy. *See Schweiker*

17  *v. Chilicky*, 487 U.S. 412, 421 (1988) (noting that, in *Bivens*, *Davis v. Passman*, and *Carlson v.*

18  *Green,* there was "no explicit statutory prohibition against the relief sought, and no exclusive

19  statutory alternative remedy"). Agent Shaffer is not a proper defendant in the PPA claim and

20  should be dismissed.

21  **V.  State Law Claims**

22       It is not clear if the complaint alleges state law causes of action against the federal

23  defendants. On the one hand, the state law causes of action are titled as though they are brought

24  only against non-federal defendants. On the other hand, each of the state law claims incorporates

25  by reference all of the preceding allegations, including those describing the federal defendants'

26  conduct. In addition, plaintiffs recently presented written claims for damages, which are based

on state law.  Lee Decl., Exh. B.  For purposes of this motion, the federal defendants will proceed

as if plaintiff has plead the state law claims against the federal defendants.

## A.    Claims Against The FBI

The sovereign cannot be sued without its consent. *United States v. Sherwood,* 312 U.S. 584

(1941); *Gould v. U.S. Dept. of Health & Human Services,* 905 F.2d 738, 741 (4th Cir. 1990).

Moreover, the terms of that consent define a federal court's jurisdiction to entertain such suit.

*United States v. Testan,* 424 U.S. 392 (1976).  The Federal Tort Claims Act (FTCA) is the

exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its

agencies and/or employees acting within the scope of their employment. *Smith v. United States,*

507 U.S. 197 (1993) *citing* 28 U.S.C. §1346(b). All limits and conditions within the FTCA are to

be strictly construed in favor of the sovereign. *McNeil v. United States,* 508 U.S. 106 (1983).

One limit under the FTCA involves the persons who can be named as defendants.

Specifically, the only appropriate defendant in an FTCA case is the United States.  *See* 28 U.S.C.

§ 2679(a) (1998); *Kennedy v. United States Postal Service*, 145 F.3d 1077 (9th Cir. 1998) (*per

curiam*) (the United States is the only proper party defendant in an FTCA action).

An action under the Federal Tort Claims Act requires that the plaintiff first exhaust his

administrative remedies.  28 U.S.C. § 2675(a) provides in pertinent part:

> (a)  An action shall not be instituted upon a claim against the United States for money
> damages for injury or loss of property or personal injury or death caused by the negligent
> or wrongful act or omission of any employee of the Government while acting within the
> scope of his office or employment, unless the claimant shall have first presented the claim
> to the appropriate Federal agency and his claim shall have been finally denied by the
> agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  "The claim requirement of section 2675 is jurisdictional in nature and may

not be waived."  *Burns v. United States*, 764 F.2d 722 , 723 (9th Cir. 1985).

"Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government

in district court.  It admits of no exceptions."  *Jerves v. U.S.*, 966 F.2d 517, 521 (9th Cir. 1992).

Where a plaintiff has not exhausted the administrative claims procedure required under the

FTCA, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.  *McNeil v.*

*United States*, 508 U.S. 106 (1993).  "28 U.S.C. § 2675(a) specifies that a suit may not be instituted against the United States unless it is first presented to the appropriate federal agency and either finally denied or permitted to languish for six months without resolution.  This claim requirement is jurisdictional in nature and may not be waived."  *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir. 1986).

The FBI received plaintiff's written claims under the FTCA for monetary damages on March 13, 2009.  Lee Decl., Exh. B.  Under the limited waiver of sovereign immunity in the FTCA, plaintiff cannot institute this action until six months have passed after the filing of the FTCA claim.  As a result, the state law claims against the United States must be dismissed without prejudice for lack of subject matter jurisdiction.

###    B.    State Law Claims Against Agent Shaffer

Under the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100694, 102 Stat. 4563 (1988) (codified in part in various subsections of 28 U.S.C. §§ 2671, 2674, 2679 and known as "the Westfall Act"), Congress amended the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 (1988), for the express purpose of "protect[ing] Federal employees from personal liability for common law torts committed within the scope of their employment. . . ." Westfall Act § 2(b), 102 Stat. at 4564. *See also Osborn v. Haley*, 127 S. Ct 881, 901 (2007) (the Act's "purpose is to relieve covered employees from the cost and effort of defending the lawsuit, and to place those burdens on the Government's shoulders.") The Supreme Court has construed the Westfall Act as providing federal employees with a broad immunity from suit under state tort law. *See United States v. Smith*, 499 U.S. 161, 163 (1991). The Ninth Circuit follows this rule and enforces the exclusive remedy provisions of the FTCA, which mandate that the only appropriate defendant in an FTCA case is the United States.  *See* 28 U.S.C. § 2679(a) (1998); *Kennedy v. United States Postal Service*, 145 F.3d 1077 (9th Cir. 1998) (per curiam) (the United States is the only proper party defendant in an FTCA action).

These claims must be dismissed with prejudice.

1

**CONCLUSION**

2

For the foregoing reasons, the complaint should be dismissed with prejudice.

3

4

DATED: April 10, 2009          JOSEPH P. RUSSONIELLO
                               United States Attorney

5

6

7                                          /s/
                                    JONATHAN U. LEE
8                                   Assistant United States Attorney
                                    Attorneys for United States of America
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28