JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102-3495
Telephone:    (415) 436-6909 (Lee)
Facsimile:    (415) 436-6748
Email:        jonathan.lee@usdoj.gov

ATTORNEYS FOR FEDERAL DEFENDANTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LONG HAUL, INC. AND EAST BAY PRISONER SUPPORT,<br><br>    Plaintiffs,<br><br>  v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; VICTORIA HARRISON; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; BRUCE BAUER; COUNTY OF ALAMEDA; GREGORY J. AHERN; MIKE HART; FEDERAL BUREAU OF INVESTIGATION; LISA SHAFFER; AND DOES 1-25.<br><br>    Defendants. | No. C 09-0168 JSW<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION UNDER FED. R. CIV. P. 12(B)(1), FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6), OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E)**<br><br>*Date:*  June 19, 2009<br>*Time:*  9:00 a.m.<br>*Place:* Courtroom 11, 19th Floor<br>*Judge:* Hon. Jeffrey S. White |

After considering arguments raised in the the parties' moving and opposition papers and at oral argument, the Court issues the following ruling granting defendant FBI and Shaffer's motion to dismiss:

(1)   Plaintiffs' claims for monetary damages against the FBI for constitutional violations is dismissed with prejudice for lack of jurisdiction because there is no waiver of sovereign immunity. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994); *Clemente v. United States*, 766 F.2d 1358, 1363 (9th Cir. 1985) ("We consider the issue foreclosed against

plaintiff...by a long line of Supreme Court Cases..."); *Rivera v. United States*, 924 F.2d 948, 951 (9th Cir. 1991) ("The courts lack subject matter jurisdiction to hear constitutional damage claims against the United States, because the United States has not waived sovereign immunity with respect to such claims."). Furthermore, sovereign immunity extends to suits against a federal agency *eo nomine*. *Backmar v. Guerre*, 342 U.S. 512, 515 (1952); *Gerritson v. Consulado General de Mexico*, 989 F.2d 340, 343 (9th Cir. 1993) (dismissing the FBI); *City of Whittier v. United States Dep't of Justice*, 598 F.2d 561, 562 (9th Cir. 1979).

(2) Plaintiffs' claims for monetary damages against Shaffer in her official capacity for constitutional violations are dismissed with prejudice for lack of jurisdiction because there is no waiver of sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985).

(3) Plaintiffs' claims for monetary damages against Shaffer in her individual capacity for constitutional violations are dismissed as follows:

(a) Plaintiffs' First Amendment claim is dismissed on qualified immunity grounds because there is no First Amendment right in the context of a search of plaintiff's premises and computers pursuant to a search warrant. In *Zurcher v. Stanford Daily*, 436 U.S. 547 (1978), the Stanford Daily and its editors brought a civil suit against the police claiming that the search had violated their First and Fourth Amendment rights. The Supreme Court rejected the newspaper's claims, holding that neither the First nor the Fourth Amendment prohibited police from undertaking searches and seizures of documentary evidence held by innocent third parties, such as the newspaper whose records were searched in the case. *Id*. at 566-68. Noting that "the Fourth Amendment does not prevent or advise against legislative or executive efforts to establish nonconstitutional protections" for searches of the press, it held that neither the Fourth nor First Amendment prohibited such searches. *Id*. at 567. The alleged violations of the PPA also do not state a First Amendment violation. In passing the PPA in 1980, Congress noted that the PPA protected "the press and certain other persons not suspected of committing a crime with protections not provided currently by the Fourth Amendment." S. Rep. No. 96-874, at 4 (1980), rep'd in 1980 U.S.C.C.A.N. 3950.

(b) Plaintiff's Fourth Amendment claim based on the warrant application is dismissed on qualified immunity grounds because plaintiff has not alleged any direct participation or other facts that could support such a claim against Shaffer.  Computer searches present difficult questions under the Fourth Amendment. *See United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1108 (9th Cir.2008); *United States v. Adjani*, 452 F.3d 1140, 1152 (9th Cir.2006)). "Computers are simultaneously file cabinets (with millions of files) and locked desk drawers; they can be repositories of innocent and deeply personal information, but also of evidence of crimes. The former must be protected, the latter discovered. As society grows ever more reliant on computers as a means of storing data and communicating, courts will be called upon to analyze novel legal issues and develop new rules within our well established Fourth Amendment jurisprudence." *Adjani*, 452 F.3d at 1152 (footnote omitted).

"Probable cause exists if 'it would be reasonable to seek the evidence in the place indicated in the affidavit.' " *United States v. Wong,* 334 F.3d 831, 836 (9th Cir.2003) (quoting *United States v. Peacock,* 761 F.2d 1313, 1315 (9th Cir.1985)). Probable cause is not limited by ownership or possession of the materials. "The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily,* 436 U.S. 547, 556 (1978); *cf. United States v. Ross,* 456 U.S. 798, 820-21 (1982) ("A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search."). In *Adjani*, the Court affirmed an order denying defendant's motion to suppress on the ground that there was probable cause to permit a search of all computers at Adjani's residence "accessible" to Adjani, even if not owned by him. 452 F.3d at 1147.

Similarly, the Ninth Circuit has rejected the argument that in obtaining and executing warrants to search computers, officers' probable cause is limited by whether there is probable cause to arrest the search target.  *United States v. Hay*, 231 F.3d 630, 635 (9th Cir. 2000) ("[i]t is well established that a location can be searched for evidence of a crime even if there is no probable cause to arrest the person at the location"); *see also United States v. Taketa*, 923 F.2d

[PROPOSED] ORDER ON MOTION
C 09-0168 JSW

3

665, 674 (9th Cir.1991) ("[T]he correct inquiry is whether there was reasonable cause to believe that evidence of ... misconduct was located on the property that was searched.").

In *Bivens* claims, damages claims against government officials alleged to arise from constitutional violations cannot be founded upon conclusory, vague, or general allegations. *See, e.g., Pelligrino v. United States*, 73 F.3d 934, 936 (9th Cir. 1996) (requiring "[d]irect personal responsibility"). In addition, the complaint must identify what role, if any, each individual defendant had in causing the alleged constitutional violations. *Wong v. United States*, 373 F.3d 952, 966-67 (9th Cir. 2004) (affirming dismissal of complaint with sparse factual allegations). To establish an individual's liability for a constitutional violation, plaintiff must allege either direct, personal participation in the violation or by "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Wong*, 373 F.3d at 966 (citations omitted).

There are no allegations regarding the warrant application claim against Shaffer. Therefore, dismissal is proper.

(c) Plaintiff's Fourth Amendment claim based on the execution of the warrant is dismissed under Rule 12(3) and plaintiffs are directed to restate this claim with specific factual allegations against Shaffer.

The complaint generally alleges that Agent Shaffer was a member of the "raid team" that searched plaintiff's premises. *See* Complaint ¶¶ 25, 43-57. These allegations are conclusory and vague and do not meet Ninth Circuit standards. *Wong*, *supra*, 373 F.3d at 966-67; *Pellegrino*, *supra*, 73 F.3d at 936. As a result, these claims are subject to dismissal. The Court grants federal defendants' Rule 12(e) motion for more definite statement, consistent with the Supreme Court's instructions in *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998) (directing trial courts to "insist that the plaintiff put forward specific, non conclusory factual allegations"). Plaintiff's complaint lacks specific, non-conclusory allegations against defendant Shaffer. Plaintiffs are directed to re-plead this claim in compliance with this order. The motion for more definite statement is granted.

(4)   Plaintiffs' claims for equitable relief against FBI are dismissed with prejudice for lack of standing and because of the availability of an adequate legal remedy under the Privacy Protection Act. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) (alleged injury too "speculative" to be redressable).  In the alternative, because plaintiffs have an alternative adequate legal remedy under the PPA, they cannot meet the "basic requisites" for stating a claim for equitable relief.  *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994).

(5)   Plaintiffs' claims for equitable relief against Shaffer are dismissed with prejudice for lack of standing from lack of redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) (requiring, for purposes of Article III standing, that the asserted injury will be redressed by a favorable decision); *see also Acierno v. Cloutier*, 40 F.3d 597, 608 (3rd Cir. 1994) (en banc) ("[A] defendant who loses a claim for injunctive relief is simply ordered to refrain from taking certain action in his or her official capacity.").  Suits for equitable relief against federal government officials, therefore, are official-capacity suits, which are actually claims against the government. In addition, a suit for equitable relief directly under the Constitution against an individual officer would be inconsistent with one justification for recognizing a *Bivens* remedy in the first instance – that "[f]or people in Bivens' shoes, it is damages or nothing." *Bivens*, 403 U.S. at 410 (Harlan, J. concurring).

(6)   Plaintiffs' claims against the FBI for violations of the Privacy Protection Act are dismissed and the United States will be substituted as defendant, because it is the only proper defendant. 42 U.S.C.A. § 2000aa-6(a), 6(d) (exclusive remedy).

(7)   Plaintiffs' claims against Shaffer for violations of the Privacy Protection Act are dismissed with prejudice because only the United States is a proper defendant.  42 U.S.C.A. § 2000aa-6(a), 6(d) (exclusive remedy). The Court will not imply a *Bivens* remedy because Congress provided in the PPA that it is plaintiff's exclusive remedy. *See Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988)

(8)   Plaintiffs' claims against the FBI for state law violations are dismissed on jurisdictional grounds, without prejudice, because the United States is the proper defendant and plaintiffs have

not exhausted required administrative remedies. Specifically, the only appropriate defendant in an FTCA case is the United States. *See* 28 U.S.C. § 2679(a) (1998); *Kennedy v. United States Postal Service*, 145 F.3d 1077 (9th Cir. 1998) (the United States is the only proper party defendant in an FTCA action). In addition, plaintiffs have not exhausted required administrative remedies. "The claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722 , 723 (9th Cir. 1985). Where a plaintiff has not exhausted the administrative claims procedure required under the FTCA, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106 (1993). "28 U.S.C. § 2675(a) specifies that a suit may not be instituted against the United States unless it is first presented to the appropriate federal agency and either finally denied or permitted to languish for six months without resolution. This claim requirement is jurisdictional in nature and may not be waived." *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir. 1986).

(9) Plaintiffs' claims against Shaffer for state law violations are dismissed on jurisdictional grounds, with prejudice, because federal actors are immune from such claims and plaintiffs' exclusive remedy is against the United States. *United States v. Smith*, 499 U.S. 161, 163 (1991); 28 U.S.C. § 2679(a) (1998); *Kennedy v. United States Postal Service*, 145 F.3d 1077 (9th Cir. 1998) (United States is the only proper party defendant in an FTCA action).

**IT IS SO ORDERED.**

Dated: April ___, 2009

---
HONORABLE JEFFREY S. WHITE
United States District Judge