Case3:09-cv-00168-JSW Document44 Filed07/02/09 Page1 of 14

SCHIFF HARDIN LLP
WILLIAM J. CARROLL (CSB #118106)
wcarroll@schiffhardin.com
LARRY B. GARRETT (CSB #225192)
lgarrett@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

Attorneys for Defendants
VICTORIA HARRISON, KAREN ALBERTS,
WILLIAM KASISKE, WADE MACADAM,
TIMOTHY J. ZUNIGA, BRUCE BAUER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LONG HAUL, INC., and EAST BAY PRISONER SUPPORT,

Plaintiff,

v.

VICTORIA HARRISON; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; BRUCE BAUER, et al.,

Defendants.

Case No. 3:09-cv-0168 JSW

**DEFENDANTS VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, AND BRUCE BAUER'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Victoria Harrison, Karen Alberts, William Kasiske, Wade Macadam, and Timothy J. Zuniga (hereinafter collectively referred to as "Defendants") submit the following Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint (hereinafter "Amended Complaint"). Every averment in the Amended Complaint not expressly admitted is denied.

///

///

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 3:09-CV-0168 JSW

DEFENDANTS VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, AND BRUCE BAUER'S ANSWER TO FIRST AMENDED COMPLAINT

Case3:09-cv-00168-JSW Document44 Filed07/02/09 Page2 of 14

## ANSWER

1. Defendants admit that the Long Haul Infoshop (hereinafter "Long Haul") is located at 3124 Shattuck Avenue in Berkeley, California. Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

3. Defendants admit that on August 27, 2008, six or more law enforcement officers from the University of California at Berkeley Police Department and the Federal Bureau of Investigation executed a search warrant on Long Haul. Except as expressly admitted, defendants deny the allegations set forth in paragraph 3 of the Amended Complaint.

4. Defendants admit that the officers did not inform the magistrate that EBPS was unaffiliated with Long Haul but maintained office space in the building. Except as expressly admitted, defendants deny the allegations set forth in paragraph 4 of the Amended Complaint.

5. Defendants admit that when Long Haul was closed, the team executing the search warrant forced entry through the back door of Long Haul. Defendants admit that the team looked through the list of people who had borrowed books from the library, looked at book sales records, seized each of the public access computers from a space on the second floor of Long Haul, broke the locks on the Slingshot office, and unscrewed the lock on the door to the EBPS office. Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint.

6. Defendants admit that they or their agents have copied the data on the publicly accessible computers seized from Long Haul and that they or their agents have conducted searches on that data from those computers. Except as expressly admitted, defendants deny the allegations set forth in paragraph 6 of the Amended Complaint.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

CASE NO. 3:09-CV-0168 JSW

DEFENDANTS VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, AND BRUCE BAUER'S ANSWER TO FIRST AMENDED COMPLAINT

Case3:09-cv-00168-JSW Document44 Filed07/02/09 Page3 of 14

7. Defendants deny that plaintiffs are entitled to the relief which they purport to pursue as set forth in paragraph 7 of the Amended Complaint.

8. Defendants admit that plaintiffs purport to bring this action under the United States Constitution, Title 42 of the United States Code §1983 (civil rights action) and §2000aa *et seq*. (Privacy Protection Act), Title 28 of the United States Code §§2201 and 2202 (declaratory relief), and under *Bivens v. Six Unknown Named Agents*, 403 U.S, 388 (1971).

9. Defendants admit that this Court has jurisdiction over this action.

10. Defendants admit that venue is proper and assignment to either the San Francisco or Oakland Division is proper pursuant to Local Rule 3-2(d). Except as expressly admitted, defendants deny the allegations set forth in paragraph 10 of the Amended Complaint.

11. Defendants admit Long Haul is located at 3124 Shattuck Avenue in the City of Berkeley. Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint.

12. Defendants admit that EBPS occupies an office on the first floor of Long Haul. Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint.

13. Defendants admit that plaintiffs have named the United States as a defendant in this action.

14. Defendants admit that defendant Victoria Harrison is Associate Vice Chancellor/Chief of Police of the University of California at Berkeley Police Department ("UCPD"). Defendants admit that UCPD's primary duty is the enforcement of law within the campus of the University of California at Berkeley and an area within one mile of the exterior boundaries of that campus. Defendants further admit that defendant Harrison has responsibility over the operations of the UCPD, which include the training and

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

CASE NO. 3:09-CV-0168 JSW

DEFENDANTS VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, AND BRUCE BAUER'S ANSWER TO FIRST AMENDED COMPLAINT

Case3:09-cv-00168-JSW Document44 Filed07/02/09 Page4 of 14

supervision of UCPD officers. Defendants admit that at all relevant times, defendant Harrison acted under the color of law and in the course and scope of her employment with the UCPD. Defendants admit that plaintiffs purport to sue defendant Harrison in her official capacity. Except as expressly admitted, defendants deny the allegations set forth in paragraph 14 of the Amended Complaint.

15. Defendants admit that defendant Sergeant Karen Alberts is a Sergeant of Investigations at UCPD. Defendants further admit that defendant Alberts participated in the execution of the subject warrant at Long Haul. Defendants admit that defendant Alberts had responsibility for supervising and controlling other UCPD officers involved in execution of the subject warrant at Long Haul. Defendants admit that at all relevant times, defendant Alberts acted under the color of law and in the course and scope of her employment with the UCPD. Defendants admit that plaintiffs purport to sue defendant Alberts in her individual and official capacities. Except as expressly admitted, defendants deny the allegations set forth in paragraph 15 of the Amended Complaint

16. Defendants admit that defendant Detective William Kasiske is a UCPD police officer, that he applied for and obtained the August 26, 2008 search warrant at issue in this case, and that he participated in the execution of the subject warrant at the Long Haul. Defendants admit that defendant Kasiske at all relevant times acted under the color of law and in the course and scope of his employment with UCPD. Defendants admit that plaintiffs purport to sue defendant Kasiske in his individual and official capacities. Except as expressly admitted, defendants deny the allegations set forth in paragraph 15 of the Amended Complaint

17. Defendants admit that Detective Wade MacAdam is a UCPD police officer. Defendants admit that defendant MacAdam participated in the execution of the search warrant at issue in this case. Defendants admit that defendant MacAdam at all relevant times acted under the color of law and in the course and scope of his employment with UCPD. Defendants admit that plaintiffs purport to sue defendant MacAdam in his

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

CASE NO. 3:09-CV-0168 JSW

DEFENDANTS VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, AND BRUCE BAUER'S ANSWER TO FIRST AMENDED COMPLAINT

Case3:09-cv-00168-JSW Document44 Filed07/02/09 Page5 of 14

individual and official capacities. Except as expressly admitted, defendants deny the allegations set forth in paragraph 17 of the Amended Complaint.

18. Defendants admit that Corporal Timothy J. Zuniga is a UCPD police officer. Defendants admit that defendant Zuniga participated in the execution of the search warrant at issue in this case. Defendants admit that defendant Zuniga at all relevant times acted under the color of law and in the course and scope of his employment with UCPD. Defendants admit that plaintiffs purport to sue defendant Zuniga in his individual and official capacities. Except as expressly admitted, defendants deny the allegations set forth in paragraph 18 of the Amended Complaint.

19. Defendants admit that defendant officer Bruce Bauer is a UCPD police officer. Defendants aver that defendant officer Bruce Bauer has been dismissed as a defendant from this matter through an order signed on June 12, 2009. Except as expressly admitted, defendants deny the allegations set forth in paragraph 19 of the Amended Complaint.

20. Defendants admit that defendant Special Agent Lisa Schaffer is a special agent of the Federal Bureau of Investigation ("FBI"). Defendants further admit that defendant Shaffer participated in executing the search warrant in this case. Defendants admit that at all relevant times defendant Shaffer acted under the color of law and in the course and scope of her employment with the FBI. Defendants admit that plaintiffs purport to sue her in her individual and official capacities. Defendants deny that defendant Shaffer participated in obtaining the search warrant in this case. Except as expressly admitted or denied, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Amended Complaint.

21. Defendants admit that defendant Hart participated in the execution of the search warrant, as a deputized law enforcement officer under the authority and control of the FBI. Defendants admit that defendant Hart is a retired member of the Alameda County Sheriff's Department. Defendants further admit that at all relevant times

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

CASE NO. 3:09-CV-0168 JSW

DEFENDANTS VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, AND BRUCE BAUER'S ANSWER TO FIRST AMENDED COMPLAINT

Case3:09-cv-00168-JSW Document44 Filed07/02/09 Page6 of 14

defendant Hart acted under the color of law and in the course and scope of his engagement with the FBI. Defendants admit that plaintiffs purport to sue him in his individual and official capacities. Defendants deny that defendant Hart participated in the investigation leading up to the raid. Except as expressly admitted or denied, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended Complaint.

22. Defendants admit that plaintiffs purport to sue additional defendants DOES 1-25 under such fictitious names. Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Amended Complaint.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint.

25. Defendants admit that Long Haul provides the public with free computer use and Internet access. Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint.

26. Defendants admit that Long Haul serves as a meeting space and resource hub for local activist groups and members of the community. Except as expressly admitted, defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Amended Complaint.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Amended Complaint.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Complaint.

29. Defendants deny that Slingshot's office is on the second floor of Long Haul and marked with a sign that clearly reads "Slingshot." Except as expressly denied,

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

CASE NO. 3:09-CV-0168 JSW

DEFENDANTS VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, AND BRUCE BAUER'S ANSWER TO FIRST AMENDED COMPLAINT

Case3:09-cv-00168-JSW Document44 Filed07/02/09 Page7 of 14

defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint.

30. Defendants admit that Long Haul offers an Internet room with computers providing online access to the public. Defendants admit that the Internet room is located on the second floor loft of Long Haul, up a staircase separate from the staircase leading to the Slingshot office. Defendants admit that the Internet room contained approximately six operative Internet-connected computers, two hard drives, and five computers that were not connected to monitors. Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Complaint.

32. Defendants admit that East Bay Prisoner Support's office is on the first floor of Long Haul and is marked with a sign indicating that that space is the EBPS office. Defendants admit that on August 27, 2008 at the time of the execution of the search warrant, the EBPS office was locked. Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Amended Complaint.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Amended Complaint.

35. Defendants admit the allegations set forth in paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Amended Complaint.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

CASE NO. 3:09-CV-0168 JSW

DEFENDANTS VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, AND BRUCE BAUER'S ANSWER TO FIRST AMENDED COMPLAINT

37. Defendants admit that the Statement of Probable Cause and warrant did not make any reference to EBPS. Except as expressly admitted, defendants deny the allegations set forth in paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the Amended Complaint.

39. Defendants admit that on Wednesday morning, August 27, 2008, at least three officers from the UCPD (Defendants Kasiske, MacAdam, and Alberts) and at least two officers acting on behalf of the Federal Bureau of Investigation (Defendants Shaffer and Hart) arrived at Long Haul. Defendants admit that no one was inside. Defendants admit that they entered through the front door of the Homeless Action Center next door, went through that office to the back of Long Haul, and forced their entry into Long Haul through its secured back door. Except as expressly admitted, defendants deny the allegations set forth in paragraph 39 of the Amended Complaint.

40. Defendants admit that they did not show anyone the warrant during the execution of the warrant. Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Amended Complaint.

41. Defendants admit that they spent approximately two hours searching the premises. Defendants admit that they did not permit Long Haul members to enter the building during the pendency of the search. Defendants admit that the members of the team cut locks off of cabinets behind the front desk and looked through the log of individuals that borrowed books from the library and through the log of book sales. Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Amended Complaint.

42. Defendants admit that the team executing the warrant removed every computer which they located during the search from the building, including computers from Long Haul's public space, and computers from locked offices. Except as expressly

Case3:09-cv-00168-JSW Document44 Filed07/02/09 Page9 of 14

admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Amended Complaint.

43. Defendants admit they broke open the locked door of an office on the second floor which contained Slingshot publications and seized the computers from that room.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Amended Complaint.

45. Defendants deny the allegations set forth in paragraph 45 of the Amended Complaint.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Amended Complaint.

47. Defendants admit that the team executing the warrant unscrewed the lock fastened on the door of the EBPS office. Defendants admit that the team entered the EBPS office and seized a computer. Except as expressly admitted, defendants deny the allegations set forth in paragraph 47 of the Amended Complaint.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Amended Complaint.

49. Defendants deny the allegations set forth in paragraph 49 of the Amended Complaint.

50. Defendants admit the allegations set forth in paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations set forth in paragraph 51 of the Amended Complaint.

52. Defendants admit the allegations set forth in paragraph 52 of the Amended Complaint.

53. Defendants admit that they or their agents have copied or caused to be copied the data from the computers and storage media seized from Long Haul, the Slingshot office, and the EBPS office. Defendants admit that the devices were returned

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 - CASE NO. 3:09-CV-0168 JSW

DEFENDANTS VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, AND BRUCE BAUER'S ANSWER TO FIRST AMENDED COMPLAINT

Case3:09-cv-00168-JSW Document44 Filed07/02/09 Page10 of 14

to plaintiffs following the execution of the warrant. Defendants deny that they have illegally retained copies of the data. Except as expressly admitted or denied, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Amended Complaint.

54. Defendants admit that on October 22, 2008, counsel for plaintiffs stated that the Slingshot computers are protected by the Privacy Protection Act, 42 U.S.C. §§ 2000aa *et seq*. in a letter sent to the UCPD and FBI. Defendants admit that on October 27, 2008, counsel for plaintiffs asserted that the EBPS computers are also protected by that same act, in a letter sent to UCPD and the FBI. Defendants admit that both letters asked the UCPD and FBI to cease any search of the computer data and destroy any copies. Defendants deny that UCPD refused. Except as expressly admitted or denied, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Amended Complaint.

55. Defendants admit that after May 19, 2009, pursuant to a stipulation between the parties, this Court ordered defendants to refrain from searching data copied from devices seized from Slingshot and EBPS without advance notice to plaintiffs. Defendants admit no such restrictions have been imposed on defendants with regard to the data copied from devices defendants seized from the public access area. Defendants admit that they have caused that data to be searched. Except as expressly admitted, defendants deny the allegations set forth in paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations set forth in paragraph 56 of the Amended Complaint.

57. Defendants deny the allegations set forth in paragraph 57 of the Amended Complaint.

58. Defendants deny the allegations set forth in paragraph 58 of the Amended Complaint.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

CASE NO. 3:09-CV-0168 JSW

DEFENDANTS VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, AND BRUCE BAUER'S ANSWER TO FIRST AMENDED COMPLAINT

Case3:09-cv-00168-JSW Document44 Filed07/02/09 Page11 of 14

59. Defendants incorporate by reference their answers, set forth above, to each allegation in each paragraph incorporated by reference in paragraph 59 of the Amended Complaint.

60. Defendants deny the allegations set forth in paragraph 60 of the Amended Complaint.

61. Defendants incorporate by reference their answers, set forth above, to each allegation in each paragraph incorporated by reference in paragraph 61 of the Amended Complaint.

62. Defendants deny the allegations set forth in paragraph 62 of the Amended Complaint.

63. Defendants incorporate by reference their answers, set forth above, to each allegation in each paragraph incorporated by reference in paragraph 63 of the Amended Complaint.

64. Defendants deny the allegations set forth in paragraph 64 of the Amended Complaint.

65. Defendants incorporate by reference their answers, set forth above, to each allegation in each paragraph incorporated by reference in paragraph 65 of the Amended Complaint.

66. Defendants deny the allegations set forth in paragraph 66 of the Amended Complaint.

67. Defendants deny the allegations set forth in paragraph 67 of the Amended Complaint.

68. Defendants deny that plaintiffs are entitled to the relief requested in their prayer for relief, or to any other relief in any form whatsoever.

## GENERAL DENIAL

The defendants generally deny each and every allegation and legal conclusion set forth in the Amended Complaint not specifically admitted in this Answer.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

CASE NO. 3:09-CV-0168 JSW

DEFENDANTS VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, AND BRUCE BAUER'S ANSWER TO FIRST AMENDED COMPLAINT

Case3:09-cv-00168-JSW Document44 Filed07/02/09 Page12 of 14

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, and without admitting that any act or omission on the part of the defendants has been improper or in violation of the any statute, law or regulation, defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CAUSE OF ACTION)

The Amended Complaint, and each alleged cause of action, fails to state any claim upon which relief can be granted and to allege facts sufficient to constitute any cause of action.

### SECOND AFFIRMATIVE DEFENSE

### (ACTS OF OTHERS)

For each and every cause of action, any damages or injuries alleged were proximately caused in whole or in part by the negligence, fault, carelessness, or willful acts or omissions of plaintiffs, or of parties whom defendants neither controlled nor had the right to control, and not by any acts, omissions, or other conduct of defendants. Therefore, any damages sustained by plaintiffs are barred against defendants or must be reduced according to the rules of equitable indemnity and comparative fault.

### THIRD AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE)

For each and every cause of action, plaintiffs are barred from recovery, in whole or in part, because of their failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM FOR DECLARATORY RELIEF)

Plaintiffs have failed to state a claim for declaratory relief.

### FIFTH AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM FOR INJUNCTIVE RELIEF)

Plaintiffs have failed to state a claim for the imposition of injunctive relief against defendants.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 12 -

CASE NO. 3:09-CV-0168 JSW

DEFENDANTS VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, AND BRUCE BAUER'S ANSWER TO FIRST AMENDED COMPLAINT

Case3:09-cv-00168-JSW Document44 Filed07/02/09 Page13 of 14

**SIXTH AFFIRMATIVE DEFENSE**

**(QUALIFIED IMMUNITY)**

Defendants are immune from liability for any alleged constitutional violations by virtue of qualified immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

**(EXISTENCE OF PROBABLE CAUSE)**

Probable cause existed to justify the search and seizure of items listed in the search warrant referenced in the Amended Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(ADEQUATE TRAINING ASSERTED UNDER 42 U.S.C. § 1983)**

UCPD did not fail to train individual defendants, nor was its training program inadequate such that plaintiffs were injured as a result.

**NINTH AFFIRMATIVE DEFENSE**

**(GOOD FAITH DEFENSE ASSERTED UNDER 42 U.S.C. §2000AA-6(B))**

Defendants assert that they had a reasonable good faith belief in the lawfulness of their conduct.

**PRAYER FOR RELIEF**

WHEREFORE, defendants pray:

1. That plaintiffs take nothing by way of the first amended complaint;
2. That judgment be entered in favor of defendants;
3. For costs of suit herein, including reasonable attorneys' fees, costs, and litigation expenses, to the extent authorized by applicable law; and

///

///

///

///

///

///

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 13 -

CASE NO. 3:09-CV-0168 JSW

DEFENDANTS VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, AND BRUCE BAUER'S ANSWER TO FIRST AMENDED COMPLAINT

Case3:09-cv-00168-JSW Document44 Filed07/02/09 Page14 of 14

4. For such other and further relief as the Court may deem just and proper.

Dated: July 2, 2009

SCHIFF HARDIN LLP

By: /s/ William S. Carroll
WILLIAM J. CARROLL
Attorneys for Defendants
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, BRUCE BAUER

SF\9407318.1

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 14 -

CASE NO. 3:09-CV-0168 JSW

DEFENDANTS VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, TIMOTHY J. ZUNIGA, AND BRUCE BAUER'S ANSWER TO FIRST AMENDED COMPLAINT