JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 135879)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102
Telephone: 415-436-6909
Facsimile: 415-436-6748
Email: jonathan.lee@usdoj.gov

ATTORNEYS FOR FEDERAL
DEFENDANT MIKE HART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LONG HAUL, INC. AND EAST BAY PRISONER SUPPORT,<br><br>Plaintiffs,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; VICTORIA HARRISON; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; BRUCE BAUER; COUNTY OF ALAMEDA; GREGORY J. AHERN; MIKE HART; FEDERAL BUREAU OF INVESTIGATION; LISA SHAFFER; AND DOES 1-25.<br><br>Defendants. | No. C 09-0168 JSW<br><br>**MOTION OF THE UNITED STATES TO DISMISS PRIVACY PROTECTION ACT CLAIM BASED ON SEARCH WARRANT FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6) OR IN THE ALTERNATIVE TO STRIKE**<br><br>*Date:* September 4, 2009<br>*Time:* 9:00 a.m.<br>*Place:* Courtroom 11, 19th Floor<br>*Judge:* Hon. Jeffrey S. White |

Defendant United States of America hereby submits this Memorandum of Points and Authorities in Support of this Motion to Dismiss Privacy Protection Act Claim Based on Search Warrant for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) or in the Alternative to Strike:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

In this action, plaintiffs' operative complaint is the First Amended Complaint, which states a single cause of action against the United States for violation of the Privacy Protection Act (PPA).

1   The claim alleges violations of the PPA stemming from (1) a search of the subject premises
2   pursuant to a search warrant and (2) seizure of materials at the premises.  This motion should be
3   granted because the PPA contains exceptions for searches conducted in a good faith belief that
4   the immediate seizure of such materials was necessary to prevent death or serious bodily injury to
5   prevent death or serious bodily injury, and as a result, plaintiffs cannot state a PPA claim against
6   the United States relating to the search warrant application or search of the subject premises.[1]

**STATEMENT OF FACTS**

Plaintiffs originally filed a civil action in this Court on January 14, 2009, naming the Regents of the University of California; Victoria Harrison; Karen Alberts; William Kasiske; Wade Macadam; Timothy J. Zuniga; Bruce Bauer; County of Alameda; Gregory J. Ahern; Federal Bureau of Investigation ("FBI"); FBI Agent Lisa Shaffer ("Shaffer") and FBI Task Force member Mike Hart ("Hart"), stating various claims including:  (1)  First Amendment violation, (2) Fourth Amendment violation, (3) Privacy Protection Act (42 U.S.C. § 2000aa, et seq.) violation, (4) state law claims, and (5) claims for injunctive and declaratory relief.  Defendants FBI, Shaffer and Hart filed a motion to dismiss.  In response, plaintiffs agreed to amend their complaint.  The parties filed a stipulation and proposed order allowing for plaintiffs' amendment and this motion. Docket No. 36.  Plaintiffs later filed an amended complaint, which substituted the United States in place of the FBI.

**I.    The Operative Complaint**

Plaintiffs' complaint alleges that the execution of a search warrant at 3124 Shattuck Avenue in Berkeley on August 27, 2008 violated the First and Fourth Amendments of the Constitution and the Privacy Protection Act (42 U.S.C. §§ 2000aa *et. seq*.  FAC ¶¶ 3-8.  Plaintiffs allege that the United States' employee Shaffer participated in the obtaining and execution of the warrant on that date but that United States' personnel Hart participated only in its execution.  FAC ¶¶ 20-21. Plaintiffs claim the warrant was facially invalid because of lack of probable cause and that the

---

[1] This motion does *not* seek an order dismissing the plaintiffs' PPA allegations relating to the seizure of materials from the subject premises.  As a result, the motion is made in the alternative as a motion to strike the unlawful search allegations from the operative complaint.

MOTION TO DISMISS
C 09-0168 JSW                              1

magistrate had not been informed in the warrant application about the nature and circumstances surrounding plaintiff's possession and use of the premises to be searched. FAC ¶¶ 35-38.

Plaintiffs allege that the search team (including FBI Special Agent Lisa Shaffer and FBI Task Force member Mike Hart) broke open the premises' secured doors, looked through the list of people who had borrowed books from the library, seized all of the public access computers from a space on the second floor of Long Haul, took the computers and digital storage media used for the publication of that newspaper, seized the computer used by EBPS for the publication of prisoner-rights information and left the premises in disarray. FAC ¶¶ 39-52. Plaintiffs further allege that the "raid team" copied data from plaintiffs' computers, which defendants have illegally retained. FAC ¶ 54.

## II. The Warrant

Plaintiffs' complaint describes and discusses the search warrant giving rise to this case. A copy of the warrant is attached to the accompanying declaration of Jonathan U. Lee as Exhibit A. In the warrant application, the subscribing officer, UC-Berkeley officer Kasiske, described numerous e-mail messages threatening death to UC-Berkeley faculty involved with animal research. Exh. A at 4-7. The application went further to explain that the e-mails were traced to the premises to be searched, 3124 Shattuck Avenue. Exh. A at 7. The application sought to search and seize the computers at that location so that, using investigative techniques for searching computer materials, including websites and email accounts, the correspondent making the death threats could be identified and apprehended. *Id*.

## ARGUMENT

### I. Principles Applicable To Rule 12(b)(6) Motions

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)) (citation omitted) (alteration in original). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept the well-pleaded allegations of fact in the complaint

as true and construe them in the light most favorable to the plaintiff. *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003). The Court need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inference," or "allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court may consider documents not physically attached to the complaint but whose contents are alleged in the complaint and whose authenticity no party questions. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

**II.  Plaintiffs Cannot State Any PPA Claim Against the United States Based On The Search of the Premises, Because According To The Warrant, There Was Reason to Believe That Immediate Seizure of the Computers and Related Materials Was Necessary To Prevent Death or Serious Bodily Injury under 42 U.S.C. §§ 2000aa(a)(2), 2000aa(b)(2)**

Congress passed the Privacy Protection Act ("PPA"), 42 U.S.C. § 2000aa, in 1980. Subject to certain exceptions, the PPA makes it unlawful for a government officer "to search for or seize" materials intended for publication. The statute defines these materials as follows:

(a) the materials are "work product materials" prepared, produced, authored, or created "in anticipation of communicating such materials to the public," 42 U.S.C. § 2000aa-7(b)(1);

(b) the materials include "mental impressions, conclusions, or theories" of its creator, 42 U.S.C. § 2000aa-7(b)(3); and

(c) the materials are possessed for the purpose of communicating the material to the public by a person "reasonably believed to have a purpose to disseminate to the public" some form of "public communication," 42 U.S.C. §§ 2000aa-7(b)(3), 2000aa(a);
or

(a) the materials are "documentary materials" that contain "information," 42 U.S.C. § 2000aa-7(a); and
(b) the materials are possessed by a person "in connection with a purpose to disseminate to the public" some form of "public communication." 42 U.S.C. §§ 2000aa(b), 2000aa-7(a).

Violations of the PPA may result in civil damages against the sovereign whose officers or employees execute the search. *See* § 2000aa-6(a), (e); *Davis v. Gracey*, 111 F.3d 1472, 1482 (10th Cir. 1997) (dismissing PPA suit against municipal officers in their personal capacities because such suits must be filed only against the "government entity").

The statute described the cause of action as the exclusive remedy available to aggrieved

MOTION TO DISMISS
C 09-0168 JSW                                      3

plaintiffs as well as statutorily created defenses.

> *(a) Right of action*
>
> A person aggrieved by a search for or seizure of materials in violation of this chapter shall have a civil cause of action for damages for such search or seizure ...
>
> > (1) against the United States, against a State which has waived its sovereign immunity under the Constitution to a claim for damages resulting from a violation of this chapter, or against any other governmental unit, all of which shall be liable for violations of this chapter by their officers or employees while acting within the scope or under color of their office or employment...
>
> *(b) Good faith defense*
> It shall be a complete defense to a civil action brought under paragraph (2) of subsection (a) of this section that the officer or employee had a reasonable good faith belief in the lawfulness of his conduct.
>
> *(d) Exclusive nature of remedy*
> The remedy provided by subsection (a)(1) of this section against the United States, a State, or any other governmental unit is exclusive of any other civil action or proceeding for conduct constituting a violation of this chapter, against the officer or employee whose violation gave rise to the claim, or against the estate of such officer or employee.

42 U.S.C.A. § 2000aa-6.  Although the language of the PPA is broad, the statute contains several exceptions.  Searches will not violate the PPA when:

> 1) the only materials searched for or seized are contraband, instrumentalities, or fruits of crime, *see* 42 U.S.C. § 2000aa-7(a),(b);
>
> 2) there is reason to believe that the immediate seizure of such materials is necessary to prevent death or serious bodily injury, *see* 42 U.S.C. §§ 2000aa(a)(2), 2000aa(b)(2);
>
> 3) there is probable cause to believe that the person possessing such materials has committed or is committing the criminal offense to which the materials relate (an exception which is itself subject to several exceptions), *see* 42 U.S.C. §§ 2000aa(a)(1), 2000aa(b)(1); and
>
> 4) in a search for or seizure of "documentary materials" as defined by § 2000aa-7(a), a subpoena has proven inadequate or there is reason to believe that a subpoena would not result in the production of the materials, *see* 42 U.S.C. § 2000aa(b)(3)-(4).

These exceptions apply here to preclude plaintiffs from stating a claim.  As an initial matter, as noted in the operative complaint, neither the United States nor its employees Shaffer or Hart

MOTION TO DISMISS
C 09-0168 JSW                                    4

applied for the warrant in this case. *See* FAC ¶¶ 35-38; *see also* Lee Decl., Exh. A. The basis for the warrant application was to identify the person or persons using computers at the subject location to send death threats by e-mail. Exh. A at 4-7. There was a reasonable, good faith basis to believe the search was lawful because according to the warrant, the search was designed to intercept and stop the death threats. *See* § 2000aa-6(b). The search did not violate the PPA because there was reason to believe that the immediate seizure of such materials was necessary to prevent death or serious bodily injury. *See* 42 U.S.C. §§ 2000aa(a)(2), 2000aa(b)(2). At the time of the search, there was no way to know if the computer user was a member of the public, or otherwise, using a computer publicly available, or otherwise. Therefore, under 42 U.S.C. §§ 2000aa(a)(1), 2000aa(b)(1), the search did not violate the PPA. For these reasons, plaintiffs cannot state a claim for violation of the PPA based on the search of the subject premises.

**CONCLUSION**

For the foregoing reasons, the PPA claim against the United States based on the search warrant and search of the premises should be dismissed.

DATED: July 2, 2009	JOSEPH P. RUSSONIELLO
	United States Attorney


	/s/
	JONATHAN U. LEE
	Assistant United States Attorney
	Attorneys for United States of America

MOTION TO DISMISS
C 09-0168 JSW                    5