# Exhibit A



### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF ALAMEDA

## SEARCH WARRANT

**THE PEOPLE OF THE STATE OF CALIFORNIA TO:**  WARRANT NO._____
Any peace officer in Alameda County

The affidavit below, sworn to and subscribed before me, has established probable cause for this search warrant which you are ordered to execute as follows:

Place(s) to be searched: Described in Exhibit 1A, *attached* hereto and incorporated by reference.
Property to be seized: Described in Exhibit 1B, *attached* hereto and incorporated by reference.
Night service: (If initialed by judge) for good cause, night service is authorized: _____
Disposition of property: Any item seized during the lawful service of this Search Warrant shall be disposed in accordance with law upon adjudication of the case. The officers serving this search warrant are also hereby authorized, without necessity of further court order, to return seized items to any known victims(s) if such items have been photographically documented.

8/26/08 11:30a
Date and Time

_____
Judge of the Superior Court

## ♦ AFFIDAVIT ♦

**Affiant's name and agency:**
Detective Bill Kasiske #35, University of California Police Department, Berkeley

Incorporation: The facts in support of this warrant are contained in the Statement of Probable Cause which is incorporated by reference. Incorporated by reference and attached hereto are Exhibit 1A, describing the places(s) to be searched; and Exhibit 1B, describing the evidence to be seized.

Evidence type: (Penal Code § 1524)
☐ Stolen or embezzled property.
☒ Property or things used as a means of committing a felony.
☐ Property or things in the possession of any person with the intent to use it as a means of committing a public offense, or in the possession of another to whom he or she may have delivered it for the purpose of concealing it or preventing its being discovered.
☒ Property or things that are evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony.
☐ Property or things consisting of evidence that tends to show that sexual exploitation of a child, in violation of Penal Code § 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years, in violation of Penal Code § 311.11 has occurred or is occurring.
☐ Night Service: (If checked) Authorization for night service is requested based on information contained in the Statement of Probable Cause, filed herewith.

Declaration: I declare under penalty of perjury that the information within my personal knowledge contained in this affidavit, including all incorporated documents, is true.

08/26/08  11:25 AM
Date and Time

B-_____
Det. Bill Kasiske #35, Affiant

# SEARCH WARRANT EXHIBITS

## Exhibit 1A: Places to be Searched

The premises, structures, rooms, receptacles, outbuildings, associated storage areas, and safes situated at:

The Long Haul Infoshop, 3124 Shattuck Avenue, Berkeley, CA. This is a single-story brick building on the west side of Shattuck Avenue. It has a red sign above the door that reads, "Long Haul Infoshop." The front door is glass.

## Exhibit 1B: Property to be Seized

- Any written, typed, or electronically stored documents, papers, notebooks, or logs containing names or other identifying information of patrons who used the computers at the Long Haul Infoshop.

- All electronic data processing and storage devices, computers and computer systems including, but not limited to, central processing units, external hard drives, CDs, DVDs, diskettes, memory cards, PDAs, and USB flash drives.

Search of all of the above items is for files, data, images, software, operating systems, deleted files, altered files, system configurations, drive and disk configurations, date and time, and unallocated and slack space, for evidence. With respect to computer systems and any items listed above, the Peace Officers are authorized to transfer the booked evidence to a secondary location prior to commencing the search of the items. Furthermore, said search may continue beyond the ten-day period beginning upon issuance of this Search Warrant, to the extent necessary to complete the search on the computer systems and any items listed above.

**CONTROLLED DOCUMENT**
**DO NOT DUPLICATE**

Page 1 of 4

# STATEMENT OF PROBABLE CAUSE

UNIVERSITY OF CALIFORNIA BERKELEY
POLICE DEPARTMENT

### Affiant Introduction

Your affiant is currently employed as a [redacted] California Police Department (UCPD) on the Berkeley campus and has been employed by the UCPD System since January 2003. Your affiant worked as a patrol officer in the Patrol Division from 07/16/03 to 01/31/05 and as a detective in the Criminal Investigations Bureau since 02/01/05.

Your affiant has received formal and informal training, including:

- 1,050 hours, 07/14/03, POST Basic Academy, Alameda County Sheriff's Office Regional Training Center;
- 84 hours, 05/27/05, Institute of Criminal Investigation Core Course
- 40 hours, 11/18/05, Institute of Criminal Investigation Sexual Assault Investigation Course

Your affiant has successfully written and served multiple search warrants.

### Case Background

For several months, multiple UC Berkeley faculty members have been targeted by people who object to research the faculty members have conducted using animals. UCPD has taken numerous reports of vandalism and noisy demonstrations that have taken place at the private residences of the researchers. On 08/02/08 two fire bombings were reported in Santa Cruz. An incendiary device was ignited at the home of a UC Santa Cruz researcher while he was home with his family. A second device burned a vehicle belonging to another UC Santa Cruz researcher. UC Berkeley animal researchers are aware of these attacks as well as similar attacks that occurred against UCLA animal researchers in the previous year.

Since September 2007, UCPD has documented at least nine separate occasions when animal rights activists have targeted Yang DAN's residence. Demonstrations in front of her house have included loud chanting, chalk messages written on her driveway and the street in front of her house, and stickers placed on her property. On 03/10/08, DAN's skylight was broken by a garbage can that was thrown onto her roof. There were chalk messages and stickers relating to animal rights that accompanied this vandalism. I was present when animal rights activists demonstrated in front of DAN's home on 01/27/08. While I was there, I heard a known activist, James FOLEY, shout, "What goes around comes around, smash vivisection to the ground." I also heard him shout, "Yang, we are urging you to reconsider your [unknown word] at UC Berkeley. We are the friendly, above-ground activists. We are the ones you want to be dealing with. The next visit may not be from the above-ground activists. The next visit may not be so pretty." I heard another known activist, Joseph BUDDENBERG, lead a call and response chant. He shouted, "For the animals we will fight." When he said this, the other demonstrators responded by shouting, "We know where you sleep at night." He lead another chant in which he shouted, "Vivisection, lies, and death." The other demonstrators responded by shouting, "Free

the animals, A-L-F." I am familiar with the ALF as an animal rights group that encourages violence and vandalism against people who they believe mistreat animals.

Multiple UC Berkeley professors who conduct research with animals have reported receiving harassing email messages. Between 03/19/08 at 2003 hours and 03/25/08 at 2111 hours, the following professors received harassing email messages: Jose CARMENA, Yang DAN, Ben DE LUMEN, Marla FELLER, Steve GLICKMAN, Lucia JACOBS, Frank WERBLIN, Christine WILDSOET, and Irving ZUCKER.

The messages had subject lines such as, "Hey animal killer," and "Why do you torture and kill animals?" The messages contained obscene comments like, "The blood is on your hands you speciesist [sic] scum. They die, you profit. Sick motherfucker." The sender used email accounts falsely created in the names of the professors to send the email messages. The following accounts were used: sglick08@yahoo.com (Steve GLICKMAN), ydan333@yahoo.com (Yang DAN), fwerbs01@yahoo.com (Frank WERBLIN), and ftheu11@yahoo.com (Frederic THEUNISSEN).

The professors forwarded the harassing messages to me. When CARMENA and ZUCKER forwarded their messages, they were able to include the complete header information. I examined the header information and noticed both messages came from the same IP address, which was 208.106.103.213. I traced this IP address back to a company called Sonic.net. On 03/20/08, I wrote a court order to obtain records from Sonic.net. On 03/20/08, I served the order on Sonic.net via fax. I received an email reply from Sonic.net on 03/21/08. I learned that at the time the harassing email messages were sent, the subscriber for IP address 208.106.103.213 was Jessy Palmer and the subscriber's address was 3124 Shattuck Avenue in Berkeley. I recognized this address as belonging to the Long Haul Infoshop. I know that the Long Haul is a resource and meeting center for radical activists. I know that animal rights activists have held meetings at the Long Haul. The Long Haul's website advertises that they offer a computer room with four computers for "activist oriented access."

On 06/15/08, DAN forwarded me six threatening email messages she received. The messages all came from the email address, "yangdanisscum@gmail.com." The messages referenced her home address, 140 Panoramic Way. They contained the following content:

Message #1:
Received: 06/14/08 at 1810 hours
Subject: "let's see"
Message: "im a crazy fuck and im watching YOU
YOU HAD BETTER STOP KILLING THOSE FUCKING ANIMALS OR I WILL SHOW YOU WHAT I HAVE IN STORE AT 140 PANORAMIC WAY AND IT AINT FUCKING PRETTY"

Message #2:
Received: 06/14/08 at 1811 hours
Subject: "do you think"
Message: "do you think that im fucking around you waste of life i know where you work where you live where you shop even i know your credit card number and even what netflix movies you watch
STOP TORTURING ANIMALS OR THINGS GET UGLY"

Message #3:
Received: 06/14/08 at 1811 hours
Subject: "WAIT TO SEE"
Message: "WAIT TO SEE WHAT WE HAVE IN STORE FOR YOU"

Message #4:
Received: 06/14/08 at 1816 hours
Subject: "140 Panoramic Way – A surprise in store"
Message: "havent you been paying fucking attention to the news and what is happening at UCLA
quit torturing animals or you're next to receive that and MUCH worse you fucking murderous scum"

Message #5:
Received: 06/14/08 at 1817 hours
Subject: "haha"
Message: "haha"

Message #6:
Received: 06/14/08 at 1916 hours
Subject: "my simple demands"
Message: "I HAVE ONE DEMAND. IT IS FOR YOU TO MAKE A PUBLIC ANNOUNCEMENT THAT YOU WILL NEVER AGAIN EXPERIMENT ON ANIMALS

IT WILL BE THE SMARTEST MOVE YOU EVER MADE YANG. TRUST ME

EITHER YOU DO THAT OR I WILL FUCK YOUR LIFE UP. IM GIVING YOU THIS LAST CHANCE BECAUSE I HAVE MORE COMPASSION THAN YOU HAVE EVER SHOWN"

I believed the reference to UCLA related to animal rights activity that had taken place at the homes of UCLA researchers. I was aware of multiple incidents of incendiary devices being placed at researchers' homes as well as an incident in which a garden hose was placed through a broken window and used to flood the inside of a researcher's home.

Based on the ongoing harassment at DAN's residence as well as the repeated threatening email messages, I determined that the sender of the messages was in violation of California Penal Code section 646.9(a) [Stalking].

01/26/2009 12:58 FAX 5102514193   FBI Oakland                                007/007
06/11/2008 05:49 FAX
Case3:09-cv-00168-JSW Document26-1 Filed04/06/09 Page7 of 7

Page 4 of 4

On 06/16/08, I wrote a court order to obtain IP address information for the email address "yangdanisscum@gmail.com." I served the order on Google via fax on 06/16/08. I received a response from Google on 07/18/08. I learned that the person who used "yangdanisscum@gmail.com," sent the messages from an internet connection using IP address 208.106.103.213. I recognized this address as the same one that was used to send earlier harassing email messages. On 07/22/08, I wrote a court order to obtain subscriber information for this IP address. I served the order on Sonic.net via fax on 07/22/08. I received a response from Sonic.net on 07/24/08. I learned that the subscriber for this IP address at the time the messages were sent to DAN was Jessy Palmer and the subscriber's address was 3124 Shattuck Avenue in Berkeley. I again recognized this as the address of the Long Haul Infoshop.

Opinions and Conclusions
Based on my training and experience, I know establishments that offer public computer access often have some type of system for patrons to sign in or register to use the computers. A search of the Long Haul's premises could reveal logs or sign-in sheets indicating which patrons used the computers on particular dates. This information would aid in identifying the suspect who sent the threatening email messages using the Long Haul's computers.

It is likely that the suspect who sent the threatening email messages used the computers for other purposes as well. A search of the computers at the Long Haul could reveal information the suspect stored on the computers, websites the suspect accessed, or other email accounts the suspect used. This information would aid in identifying the suspect. Due to the complexity of searching computer systems and the need to properly maintain evidence stored on computer systems, a detailed search would need to be conducted off-site by a computer forensics specialist.

Declaration: I declare under penalty of perjury that the information within my personal knowledge contained in this statement of probable cause is true.

08/26/08 11:25 AM
Date and Time

Det. Bill Kasiske #35, Affiant

8/26/08 11:30a
Date and Time

Judge of the Superior Court