JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON
Assistant United States Attorney
Chief, Civil Division
JONATHAN U. LEE
Assistant United States Attorney
Northern District of California

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7124
   FAX: (415) 436-7169

Attorneys for Federal Defendants LISA SHAFFER,
MIKE HART, and UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LONG HAUL, INC. and EAST BAY PRISONER SUPPORT,<br><br>               Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>               Defendants. | No. C 09-0168 JSW<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION UNDER FED. R. CIV. P. 12(B)(1), FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6), OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E)**<br><br>*Date:* September 4, 2009<br>*Time:* 9:00 a.m.<br>*Place:* Courtroom 11, 19th Floor<br>*Judge:* Hon. Jeffrey S. White |

Reply Brief
C 09-0168 JSW

# TABLE OF CONTENTS

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

   A. The Court Should Not Imply a First Amendment *Bivens* Claim Because of the Privacy Protection Act (PPA), But Defendants Withdraw Their Argument That Plaintiffs Cannot State A Fourth Amendment *Bivens* Claim Due to the PPA's Exclusive Remedy Provision .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

   B. Plaintiffs' Operative Complaint Does Not Meet Pleading Requirements and Thwarts A Meaningful Qualified Immunity Analysis.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

   C. Plaintiffs' Fourth Amendment Arguments Misstate the Probable Cause Underlying The Search.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      1. The Warrant Was Reasonably Particular Given The Circumstances.. . . . . . . . . . . . . 5

      2. The Scope of the Search Was Reasonable Given The Circumstances.. . . . . . . . . . . 6

      3. Plaintiff's Claim Against Agent Shaffer Regarding Obtaining the Warrant as Not Only Conclusory but Also Inconsistent With Plaintiff's Other Allegations and Matters Referred to in the Complaint.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      4. There is No Heightened First Amendment Search And Seizure Standard. . . . . . . . 9

   D. Plaintiffs' Injunctive Relief Claims Fail For Lack of Particularity and Lack of Redressability... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

   E. The Exigent Circumstances Exception to the PPA Is Met Under the Facts Alleged and Incorporated By Reference In Plaintiffs' Complaint.. . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Reply Brief
C 09-0168 JSW                                      i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abell v. Raines*,
    640 F.2d 1085 (9th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Alejo v. Heller*,
    328 F.3d 930 (7th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Barr v. Clinton*,
    370 F.3d 1196 (D.C. Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bediako v. Stein Mart, Inc.*,
    354 F.3d 835 (8th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Brown v. Socialist Workers, '74 Camp. Comm.*,
    459 U.S. 87 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Buckley v. Valeo*,
    424 U.S. 1 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Bush v. Lucas*,
    466 U.S. 367 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Butler v. Castro*,
    896 F.2d 698 (2d Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Correctional Services Corp. v. Malesko*,
    534 U.S. 61 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Cushing v. City of Chicago*,
    3 F.3d 1156 (7th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Evancho v. Fisher*,
    423 F.3d 347 (3d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Farhat v. Jopke*,
    370 F.3d 580 (6th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Gibson v. U.S.*,
    781 F.2d 1334 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*GJR Invs., Inc. v. County of Escambia, Fla.*,
    132 F.3d 1359 (11th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Groh v. Ramirez*,
    540 U.S. 551 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Hunter v. Bryant*,
    502 U.S. 224 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Illinois v. McArthur*,
    531 U.S. 326 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Jersey Heights Neighborhood Ass'n v. Glendening*,
    174 F.3d 180 (4th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Johnson v. Newburgh Enlarged Sch. Dist.*,
    239 F.3d 246 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jones v. Brock,*
    549 U.S. 199 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*Lanier v. Bryant*,
    332 F.3d 999 (6th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Leonhard v. United States*,
    633 F.2d 599, 621 n. 30 (2d Cir.1980) *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Marts v. Hines*,
    68 F.3d 134 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Montgomery v. City of Ardmore*,
    365 F.3d 926 (10th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Olsen v. Idaho State Bd. of Med.*,
    363 F.3d 916 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Pelligrino v. United States*,
    73 F.3d 934 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev.*,
    421 F.3d 1 (1st Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*S. Christian Leadership Conference v. Sup. Ct. of La.*,
    252 F.3d 781 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Saucier v. Katz*,
    533 U.S. 194 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Schweiker v. Chilicky*,
    487 U.S. 412 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Siegert v. Gilley*,
    500 U.S. 226 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Smithson v. Aldrich*,
    235 F.3d 1058 (8th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Sportique Fashions, Inc. v. Sullivan*,
   597 F.2d 664 (9th Cir.1979)... 3

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001)... 8, 10

*Steele v. Fed. Bureau of Prisons*,
   355 F.3d 1204 (10th Cir. 2003)... 3

*Summers v. Leis*,
   368 F.3d 881 (6th Cir. 2004)... 3

*Tallman v. Reagan*,
   846 F.2d 494 (8th Cir. 1988)... 3

*Thomas, A.W.T., Inc. v. Independence Twp.*,
   463 F.3d 285 (3d Cir. 2006)... 5

*Trulock v. Freeh*,
   275 F.3d 391 (4th Cir. 2001)... 3, 4

*U. S. v. Alexander*,
   761 F.2d 1294 (9th Cir.1985)... 6

*U.S. v. Giberson*,
   527 F.3d 882 (9th Cir. 2008)... 8

*U.S. v. Gilman*,
   684 F.2d 616 (1982)... 7

*U.S. v. Payton*,
   --- F.3d ---, 2009 WL 2151348, at *5 (9th Cir. July 21, 2009)... 8

*U.S. v. Whitney*,
   633 F.2d 902 (9th Cir. 1980)... 7

*United States v. Mayer*,
   490 F.3d 1129 (9th Cir. 2007)... 9

*Walker v. Jastremski*,
   430 F.3d 560 (2d Cir. 2005)... 3

*Zurcher v. Stanford Daily*,
   436 U.S. 547 (1978)... 9

///

///

///

///

Reply Brief
C 09-0168 JSW                                  iv

**FEDERAL STATUTES**

Federal Rules of Civil Procedure 7(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Federal Rules of Civil Procedure 12(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Title 42, Untied States Code,

    Section 2000aa(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Moving parties Lisa Shaffer, Mike Hart and the United States hereby respectfully submit this reply brief in support of their motions to dismiss.

## ARGUMENT

**A. The Court Should Not Imply a First Amendment *Bivens* Claim Because of the Privacy Protection Act (PPA), But Defendants Withdraw Their Argument That Plaintiffs Cannot State A Fourth Amendment *Bivens* Claim Due to the PPA's Exclusive Remedy Provision.**

The issue presented is whether the Court should find an implied cause of action under the First and Fourth Amendments of the Constitution, the so-called "*Bivens*" claim, on the facts alleged.

After reviewing the authorities discussed at pages 6-12 of the Opposition, defendants hereby withdraw their argument that the exclusive remedy provision of the PPA precludes any *Bivens* claim based on an alleged Fourth Amendment violation. In particular, the expression of Congressional intent in the legislative history cited by plaintiffs indicates that Congress did not intend for the PPA to supplant previously existing civil rights claims. Therefore, the Fourth Amendment *Bivens* claim recognized in previous case law remains viable.

However, no court has articulated a First Amendment *Bivens* claim arising in the context of a search and seizure. None of Plaintiffs' First Amendment authorities involve a search or seizure context. For example, both *Brown v. Socialist Workers, '74 Camp. Comm.*, 459 U.S. 87 (1982) and *Buckley v. Valeo*, 424 U.S. 1 (1976) discuss First Amendment speech and association rights in the context of campaign financing and political activities. The pending motions do not contest the existence of First Amendment protections for association or unorthodox viewpoints. The issue is whether a Bivens claim should be permitted. The Ninth Circuit has recognized the availability of *Bivens* relief in the First Amendment context, but not in the context of a search and seizure also allegedly subject to PPA coverage. In *Gibson v. U.S.*, 781 F.2d 1334, 1337, 1342 (9th Cir. 1986), the Ninth Circuit recognized a *Bivens* First Amendment claim was viable when plaintiffs alleged a decades-long "unremitting campaign of terror and harassment" designed to curb plaintiffs' political activities, with the "impermissible motive" of curbing protected speech. Plaintiffs here have made no such allegations or a campaign with an improper motive carried out by the federal

Reply Brief
C 09-0168 JSW                                                                    1

1  defendants.  Congress created a remedy against the United States in the PPA for seizure of pre-
2  publication materials, under certain circumstances.  The adequacy of the remedy notwithstanding,
3  this Court should not find a *Bivens* claim under the First Amendment, out of deference to Congress
4  and as instructed by a well-established line of Supreme Court cases.  *Bush v. Lucas*, 466 U.S. 367,
5  368-73 (1983); *Schweiker v. Chilicky*, 487 U.S. 412, 423, 428-29 (1988); *Correctional Services*
6  *Corp. v. Malesko*, 534 U.S. 61, 69 (2001).

**B.  Plaintiffs' Operative Complaint Does Not Meet Pleading Requirements and Thwarts A Meaningful Qualified Immunity Analysis.**

9  Qualified immunity protects not only against liability, but from trial and even from discovery.
10 *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (explaining that qualified immunity protects officials
11 from "expensive and time consuming preparation to defend the suit on its merits" and from "not
12 only unwarranted liability, but unwarranted demands customarily imposed upon those defending a
13 long drawn out lawsuit").  Litigation diverts official energy and resources, the threat of personal
14 liability discourages capable people from assuming public positions, and the fear of suit may deter
15 officials from exercising judgment with the decisiveness critical to their offices. *See Harlow v.*
16 *Fitzgerald*, 457 U.S. 800, 814 (1982). Because litigation imposes these costs whether or not
17 liability is imposed, qualified immunity "is an immunity from suit rather than a mere defense to
18 liability." *Saucier v. Katz*, 533 U.S. 194, 200-201 (2001).  The Supreme Court has "repeatedly
19 ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in
20 litigation."  *Hunter v. Bryant*, 502 U.S. 224, 227 (1982); *Saucier*, 533 U.S. at 200 ("Where the
21 defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings
22 so that the costs and expenses of trial are avoided where the defense is dispositive.").

23 A *Bivens* plaintiff may sue a particular defendant for her own acts, not the actions of others.
24 *Pelligrino v. United States*, 73 F.3d 934, 936 (9th Cir. 1996) (requiring "[d]irect personal
25 responsibility").  In *Pelligrino*, two federal officers were present during a nighttime surveillance
26 that ended in the use of deadly force against two brothers.  The district court granted both agents'
27 motions for summary judgment on qualified immunity grounds.  As to agent Woods, the Ninth

Reply Brief
C 09-0168 JSW                                   2

Circuit affirmed, holding that without evidence of direct, personal responsibility on Woods' part, plaintiffs' claims failed.

> With respect to Woods, the district court properly ruled that *Bivens* liability is premised on proof of direct personal responsibility. *Leonhard v. United States,* 633 F.2d 599, 621 n. 30 (2d Cir.1980) *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). Nor, in the absence of such proof, can Woods be held vicariously liable for the conduct of another. *Sportique Fashions, Inc. v. Sullivan,* 597 F.2d 664, 666 (9th Cir.1979).

73 F.3d at 936. The other circuits are in accord. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (requiring "personal involvement"); *Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev.*, 421 F.3d 1, 6 & n.2 (1st Cir. 2005); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004); *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (requiring "direct, personal participation"), *abrogated on other grounds by Jones v. Brock*, 549 U.S. 199 (2007); *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (holding that *Bivens* liability "is personal, based upon each defendant's own constitutional violations"); *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages.") (internal quotation marks omitted); *Tallman v. Reagan*, 846 F.2d 494, 495 (8th Cir. 1988) ("Only federal officials who actually participate in alleged violations are subject to a *Bivens*-type suit.").

The same rule applies to claims of concerted action or conspiracy allegations. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929-30 (9th Cir. 2004); *see also Walker v. Jastremski*, 430 F.3d 560, 564 n.5 (2d Cir. 2005) ("[C]onclusory or general allegations are insufficient to state a claim for conspiracy under § 1983."); *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004) ("Claims of conspiracy must be plead with some specificity."); *Montgomery v. City of Ardmore*, 365 F.3d 926, 939-40 (10th Cir. 2004);*Smithson v. Aldrich*, 235 F.3d 1058, 1063 (8th Cir. 2000); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 191 (4th Cir. 1999) (upholding dismissal where "conclusory complaint fail[ed] to allege the elements of a civil rights conspiracy with the requisite

Reply Brief
C 09-0168 JSW 3

particularity"); *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998); *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995); *cf. Barr v. Clinton*, 370 F.3d 1196, 1200 (D.C. Cir. 2004) (requiring that § 1985 plaintiff allege elements including agreement to take action).

Even without a heightened pleading standard, damages claims against government officials alleged to arise from constitutional violations cannot be founded upon conclusory, vague, or general allegations. *See, e.g.*, *Evancho*, 423 F.3d at 353; *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *Trulock*, 275 F.3d at 405 & n.9; *S. Christian Leadership Conference v. Sup. Ct. of La.*, 252 F.3d 781, 786 (5th Cir. 2001); *Cushing v. City of Chicago*, 3 F.3d 1156, 1167 (7th Cir. 1993); *Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990). As the First Circuit observed:

> The fact that notice pleading governs at the Rule 12(b)(6) stage does not save . . . conclusory allegation[s]. [I]n a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why. Notice pleading requirements may be minimal – but minimal requirements are not tantamount to nonexistent requirements. Even within the generous confines of notice pleading, courts must continue to eschew reliance on bald assertions [and] unsupportable conclusions.

*Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev.*, 421 F.3d 1, 9 (1st Cir. 2005) (internal quotation marks and citations omitted).

Personal participation is critical to the qualified immunity analysis because the first step of the qualified immunity analysis focuses on whether "the facts alleged show *the officer's conduct* violated a constitutional right." *Saucier*, 533 U.S. at 201 (emphasis added). If a plaintiff does not allege that a defendant directed any conduct at her, she cannot have alleged that the defendant violated her constitutional rights, let alone any clearly established constitutional rights.

The allegations cited at page 12 and elsewhere of the Opposition do not meet the required

Reply Brief
C 09-0168 JSW                                  4

heightened pleading standard applicable here. The allegations amount to a generalized claim that a group of law enforcement officers searched and seized plaintiffs' property; the allegations made against agent Shaffer or agent Hart are generalized, conclusory, and not particular in any way. The allegations do not permit the parties or the Court to perform the qualified immunity analysis deemed so important by the Supreme Court. As stated by the Supreme Court in *Crawford-El*, district courts are to consider two alternatives to a motion to dismiss that would clarify the factual allegations while still "protect[ing] the substance of the qualified immunity defense" by "exercis[ing] * * * discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." 523 U.S. at 597-98. First, the Court suggested requiring a reply to an answer pursuant to Federal Rule of Civil Procedure 7(a); second, the Court suggested granting a defendant's motion for a more definite statement under Federal Rule of Civil Procedure 12(e). *Id.* In either event, the Supreme Court directed trial courts to "insist that the plaintiff put forward specific, non-conclusory factual allegations." *Id. a*t 598; *see Thomas, A.W.T., Inc. v. Independence Twp.*, 463 F.3d 285, 289, 299-302 (3d Cir. 2006) (directing District Court on remand to grant motion for more definite statement and noting "lack of factual specificity in a complaint prevents the defendant from framing a fact- specific qualified immunity defense, which, in turn, precludes the district court from engaging in a meaningful qualified immunity analysis" at motion-to-dismiss stage). At the least, plaintiffs should be required to state the claims against defendants Shaffer and Hart in compliance with the Supreme Court's directive in *Crawford-El*.

**C. Plaintiffs' Fourth Amendment Arguments Misstate the Probable Cause Underlying The Search.**

  **1.   The Warrant Was Reasonably Particular Given The Circumstances**

Plaintiffs' opposition relies on a contention that probable cause, if at all, extended only to

Reply Brief
C 09-0168 JSW                                     5

1 computers in the publicly available space inside Long Haul's premises. That contention is erroneous. The warrant and statement of probable cause indicate that officers suspected some unknown user(s) of sending the threatening e-mail(s) from some computer(s) inside the Long Haul premises. The person(s) may have been patrons of Long Haul, but that did not eliminate the other possibilities, such as that a patron could also be an employee or a patron could have gained access to computers otherwise used by employees. The person(s) may have used any computer in the Long Haul premises that was routed through the IP address registered to Long Haul's premises; there was no way to tell which computers inside the building were being used at any particular time or by any particular person.

Plaintiffs' reliance on *Groh v. Ramirez*, 540 U.S. 551, 557 (2004) is misplaced because there the warrant contained no description of the items to be seized, as even the officer conceded. The court rejected the officer's claim that because the warrant application contained the description the warrant met Fourth Amendment requirements. *Id*. "[T]he warrant did not describe the items to be seized *at all*." *Id*. at 558. Unlike *Groh*, which involved a warrant with no description of items to be seized, the warrant in this case described the items sought with reasonable particularity, namely all computers registered to the IP address of Long Haul Infoshop at the Shattuck Avenue location.

**2. The Scope of the Search Was Reasonable Given The Circumstances**

Warrants describing a search of a street address are valid, even if there are multiple units at that location. *See U. S. v. Alexander*, 761 F.2d 1294, 1301 (9th Cir.1985) ("[A] warrant is valid when it authorizes the search of a street address with several dwellings if the defendants are in control of the whole premises, if the dwellings are occupied in common, or if the entire property is suspect."). If the premises are residential with multiple units, there is authority suggesting

probable cause must exist for each unit to be searched. *See U.S. v. Whitney*, 633 F.2d 902, 907 n. 3 (9th Cir. 1980); *U.S. v. Gilman*, 684 F.2d 616, 618 (1982). Even in the context of residential searches, the rule is subject to exceptions where premises are occupied in common, defendant is in control of the whole premises, where the entire premises are suspect, or where the multi-unit character of premises is not known or apparent to officers applying for and executing warrant. *Id*.

From outward appearances, Long Haul Infoshop is a single unit space, occupying the premises located at 3124 Shattuck Avenue. For example, there is a single sign above the premises reading "Long Haul Infoshop," and a single door to enter the premises. Search Warrant Exhibits 1A. Given these facts at the time of the search and the warrant's directive to search all "premises, structures, rooms," at that address, a reasonable person would not apprehend a single locked door within this premises to constitute a separate unit. Moreover, officers conducting the search sought computers using the IP address registered to Long Haul. Officers, therefore, had a reasonable belief that computers at that premises were under Long Haul's control, or were used in common, or were within the probable cause supporting the search for the email correspondent. The facts alleged are more analogous to those in *U.S. v. Gilman*, 684 F.2d 616, 618 (9th Cir. 1982) (evidence admissible when seized from dwelling portion of premises, inter alia, because entire building was suspect).

Likewise, plaintiffs citation to *U.S. v. Payton* is misplaced. The Ninth Circuit in *Giberson* held that searches of computers need to be constitutionally "reasonable" as follows: "If it is reasonable to believe that a computer contains items enumerated in the warrant, officers may search it. Here, numerous documents related to the production of fake I.D.s were found in and around Giberson's computer and were arguably created on and printed from it. It was therefore reasonable for

Reply Brief
C 09-0168 JSW                                   7

officers to believe that the items they were authorized to seize would be found in the computer, and they acted within the scope of the warrant when they secured the computer." *U.S. v. Giberson*, 527 F.3d 882, 888 (9th Cir. 2008). What distinguished *Payton* from *Giberson* was the absence of any reference in the warrant in *Payton* to the search of computers. *U.S. v. Payton*, --- F.3d ---, 2009 WL 2151348, at *5 (9th Cir. July 21, 2009). In this case, the officer applying for the warrant informed the magistrate of the need to search computers on the premises, the warrant described the computers and related devices to be searched, and the magistrate approved the warrant.

    **3.**    **Plaintiff's Claim Against Agent Shaffer Regarding Obtaining the Warrant as Not Only Conclusory but Also Inconsistent With Plaintiff's Other Allegations and Matters Referred to in the Complaint.**

The opposition argues that Agent Shaffer violated the Fourth Amendment by violating a clearly established Fourth Amendment requirement to include information about other tenants in her affidavit. Plaintiffs' complaint alleges that another defendant, not Agent Shaffer, applied for the warrant. Complaint, ¶¶ 16, 35-36. These references and the complaint's references to the search warrant application are devoid of any mention of Agent Shaffer, other than in a conclusory, generalized way. Complaint, ¶¶ 3, 4, 20. The warrant and affidavit are part of the record before the Court on this motion and should be considered by this Court at this stage of the case. *Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001). (the court need not accept as true allegations that contradict matters subject to judicial notice or established by exhibit to the complaint; nor must the court accept as true allegations that are "conclusory, unwarranted deductions of fact, or unreasonable inferences."); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("Incorporation by reference doctrine" -- allows court to take into account documents not physically attached to the complaint but whose contents are alleged in the complaint and whose

Reply Brief
C 09-0168 JSW                                          8

authenticity no party questions.) Plaintiffs cannot claim Agent Shaffer applied for the search warrant in this case, because they have referred to the warrant application in their complaint and that application was not made by Agent Shaffer. The Court should grant dismissal of this claim.

### 4. There is No Heightened First Amendment Search And Seizure Standard

To the extent that First Amendment rights <u>are</u> implicated in Fourth Amendment search or seizure claims, the Ninth Circuit has held that the First Amendment does not create a more stringent standard for law enforcement officers implementing a search or seizure pursuant to a warrant. *See United States v. Mayer*, 490 F.3d 1129, 1136-37 (9th Cir. 2007) (citing *Zurcher v. Stanford Daily*, 436 U.S. 547 (1978), and rejecting Plaintiff's request for a warrant requirement in investigations implicating the First Amendment, finding that "the risk of harm to expressive interests d[oes] not alter the Fourth Amendment analysis."); *see also Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir. 1981) (interpreting *Zurcher* and finding that "overall reasonableness" is enough to afford protection against potential First Amendment harms threatened by search warrants). To the extent there is any First Amendment impact from a search and seizure, the Court should not imply a *Bivens* remedy for the reasons asserted above in section A.

### D. Plaintiffs' Injunctive Relief Claims Fail For Lack of Particularity and Lack of Redressability.

There are no allegations in the complaint that could support a claim of continuing or ongoing constitutional violations by defendant Shaffer or defendant Hart. The allegations cited on page 23 of the opposition are made against all defendants as a group. Unless plaintiffs have a good faith basis to allege continuing or ongoing violations against the individual federal defendants, these claims should be dropped. For instance, plaintiffs allege generally that defendants have retained a

Reply Brief
C 09-0168 JSW                                              9

1   copy of the items copied from the computer search.  Plaintiffs' concede they have claim based on a
2   possible future searches.  Therefore, unless plaintiffs can state the continuing violation claim
3   against the individual federal defendants, those claims should be dismissed.

**E. The Exigent Circumstances Exception to the PPA Is Met Under the Facts Alleged and Incorporated By Reference In Plaintiffs' Complaint**.

The facts set forth in the warrant application are matters referred to in the complaint and therefore are incorporated by reference.  *Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001). (the court need not accept as true allegations that contradict matters established by exhibit to the complaint; nor must the court accept as true allegations that are "conclusory, unwarranted deductions of fact, or unreasonable inferences."); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("Incorporation by reference doctrine"  --  allows court to take into account documents not physically attached to the complaint but whose contents are alleged in the complaint and whose authenticity no party questions.)  According to those documents, someone made threats of grave bodily injury against UC-Berkeley faculty in June 2008, and thereafter UC-Berkeley police sought information from internet service providers in July to identify the source of the anonymous correspondent, which led to the IP address registered to Long Haul Infoshop.  In other parts of the state, similar threats against UC faculty materialized, including two firebombings in Santa Cruz in early August 2008. The PPA contains an exception to liability if there is reason to believe that the immediate seizure of such materials is necessary to prevent death or serious bodily injury.  See 42 U.S.C. §§ 2000aa(a)(2), 2000aa(b)(2).  The case law cited by plaintiffs is from another context, namely the warrantless stop and seizure of property. *See Illinois v. McArthur*, 531 U.S. 326, 332-33 (2001).  In this case, under the PPA, if necessary to prevent serious bodily injury, officers can search locations with pre-publication materials, without incurring PPA liability.  Here, the UC-

Reply Brief
C 09-0168 JSW                                             10

Berkeley officer obtained a warrant before conducting the search. Given the escalating violence against UC faculty across the state, the officer could have initiated the search several days earlier and been within the PPA's exception. The United States seeks dismissal of the PPA claim on the facts set out in the warrant application, which plaintiffs incorporated by references in their complaint.

## CONCLUSION

For the foregoing reasons, the motions should be granted.

Dated: July 31, 2009                          Respectfully submitted,

                                              JOSEPH P. RUSSONIELLO
                                              United States Attorney


                                              /s/
                                              JONATHAN U. LEE
                                              Assistant United States Attorney
                                              Attorneys for Federal Defendant