Jennifer Stisa Granick (State Bar No. 168423)
Matt Zimmerman (State Bar No. 212423)
Marcia Hofmann (State Bar No. 250087)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993
Email: jennifer@eff.org
mattz@eff.org

Ann Brick (State Bar No. 65296)
Michael T. Risher (State Bar No. 191627)
AMERICAN CIVIL LIBERTIES FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: abrick@aclunc.org
mrisher@aclunc.org

Attorneys for Plaintiffs LONG HAUL, INC. and
EAST BAY PRISONER SUPPORT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LONG HAUL, INC. and EAST BAY PRISONER SUPPORT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; VICTORIA HARRISON; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; MIKE HART; LISA SHAFFER; AND DOES 1-25,<br><br>Defendants. | Case No. 09-00168-JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE: October 2, 2009<br>TIME: 1:00 PM<br>DEPT: Courtroom 11, 19th Floor |

The parties to the above-entitled action jointly submit this Case Management Statement.

JOINT CASE MANAGEMENT STATEMENT

1. **Jurisdiction and Service**

This case arises under the United States Constitution, under Title 42 of the United States Code § 1983 (Civil Rights Act) and § 2000aa *et seq.* (Privacy Protection Act), under Title 28 of the United States Code §§ 2201 and 2202 (declaratory relief), and under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This Court has jurisdiction under 28 U.S.C. §§1331 (federal question), 1343 (civil rights), and 2201 (declaratory relief), and 42 U.S.C. § 2000aa-6(h) (Privacy Protection Act).

All parties have been served.

2. **Facts**

   a. The Parties

Plaintiff Long Haul, Inc., DBA Long Haul ("Long Haul") is a non-profit corporation under § 501(c)(3) of the Internal Revenue Code. Long Haul has operated a collectively operated lending library, bookshop and community space in Alameda County, California for 15 years. In addition, Long Haul publishes Slingshot, a quarterly newspaper, out of an office on its second floor. Long Haul is located at 3124 Shattuck Avenue in the City of Berkeley.

Plaintiff East Bay Prisoner Support ("EBPS") occupies an office on the first floor of Long Haul and is an unincorporated prisoner-rights group whose primary purpose is as a publisher of prisoner writings in the form of a newsletter and pamphlets. EBPS is not otherwise affiliated with Long Haul.

Defendant United States of America is the United States, its departments, agencies, and entities. Defendant Mike Hart was, at the time of the incident at issue, a deputized law enforcement officer under the authority and control of the Federal Bureau of Investigation ("FBI"). Defendant Special Agent Lisa Shaffer is a special agent of the FBI. These defendants are collectively referred to herein as "Federal Defendants."

Defendant Victoria Harrison was, at the time of the incident at issue in this case, Associate Vice Chancellor/Chief of Police of the University of California at Berkeley Police Department

("UCPD").[1] Defendant Karen Alberts is a Sergeant of Investigations at UCPD. She is responsible for supervising and controlling the other UCPD officers involved in this search and seizure. Defendants Kasiske, MacAdam, and Zuniga are UCPD officers under Defendants Harrison's and Alberts's training, supervision and control. These defendants are collectively referred to herein as "University Defendants."

    b. Brief Chronology

Plaintiffs seek redress for violations of their First and Fourth Amendment rights, and for violations of the Privacy Protection Act (42 U.S.C. § 2000aa) (PPA) stemming from the search of their premises and seizure of their computers and other property and information located at the Long Haul Infoshop and EBPS on August 27, 2008. Plaintiffs contend

- that the officers had no reason to suspect them of any wrongdoing, that the affidavit in support of the search warrant failed to establish probable cause to search anything except public access computers located at Long Haul,
- that the officers omitted important information from the warrant application and thereby obtained an overbroad warrant,
- that the warrant was facially void in that it authorized the seizure of "evidence," without further elaboration,
- that the officers improperly executed the warrant by searching and seizing items for which there was no probable cause, including documentary and work product material located in the Slingshot newspaper and EBPS offices that is protected under the PPA, and
- that Defendants continue to retain copies of documentary and work product materials seized from Slingshot and from EBPS, although they have stipulated to limitations on the use without notice of that material during the pendency of this case.

---

[1] The current UCPD Chief of Police is Mitchell J. Celaya III, who will be automatically substituted as a defendant for Victoria Harrison under Fed. R.Civ.P. 25(d).

Defendants contend:

- Plaintiff Long Haul Infoshop runs a "community space" in a storefront building in Berkeley, California. During the summer of 2008, the UCPD was engaged in an investigation into a series of threatening, harassing, and intimidating email messages sent to University of California faculty members engaged in animal research. The investigators traced the origin of these email messages to the storefront building occupied by Long Haul.

- On August 26, 2008, Defendant Detective Kasiske of the UCPD applied for and obtained a warrant to search the entire space occupied by Long Haul at 3124 Shattuck Avenue, Berkeley, California. Specifically, the warrant authorized the search of the "premises, structures, rooms, receptacles, outbuildings, associated storage areas, and safes" situated at Long Haul. Further, the warrant authorized seizure of documents containing the names or other identifying information of "patrons who used the computers at Long Haul" and of electronic processing and storage devices that would contain evidence. Finally, because of the difficulty of searching the electronic processing and storage devices onsite, the warrant authorized their removal to an off-site location to be searched by a computer forensics expert.

- After obtaining the search warrant for the premises, and, with the assistance of Defendants Hart and Shaffer, the UCPD executed the warrant on August 27, 2008. During the execution of the warrant, Defendants searched the entire Long Haul space, including the offices located within the space, and removed all computers from the building. Defendants also seized other storage devices and media. After copying the computer hard-drives, UCPD obtained a court order and returned the original data storage devices as well as other items seized to Long Haul and EBPS.

- Defendants contend that the search warrant was supported by probable cause and that no information was withheld from the issuing judge that would have altered the determination of probable cause for the warrant. Defendants further contend that the

search warrant was not overbroad nor facially invalid. Finally, Defendants contend that they have qualified immunity regarding plaintiffs' claims and additional statutory defenses regarding the PPA claim.

    c.    <u>Disputed Issues of Fact</u>

The parties dispute the following factual issues:

- Whether there was reason to believe that the immediate seizure of documentary and work product material on Slingshot and EBPS computers was necessary to prevent death or serious bodily injury;
- Whether Agent Shaffer participated in obtaining the warrant, or only in executing it;
- Whether Slingshot's office is on the second floor of Long Haul and marked with a sign that clearly reads "Slingshot";
- Whether EBPS's office is on the first floor of Long Haul and marked with a sign that indicates that that space is the EBPS space;
- Whether Defendants knew or should reasonably have known at the time of the raid that materials on the Slingshot computers were possessed in connection with a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication;
- Whether Defendants knew or should reasonably have known at the time of the raid that materials on the EBPS computers were possessed in connection with a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication;
- Whether the raid team caused unnecessary damage to property during the raid;
- Whether the raid team left the EBPS office in disarray, including looking through the organization's mail;
- Whether UCPD refused to cease any search of computer data and destroy any copies after receiving a letter from Plaintiffs on October 22 and October 27 asking them to do so pursuant to the PPA;
- Whether the warrant specifically described what the defendant search agents were

4
JOINT CASE MANAGEMENT STATEMENT

authorized to search for;

- Whether the willingness and ability of Plaintiffs and their members to communicate and associate with other organizations and individuals have been disrupted by the actions of Defendants;
- Whether material regarding the associational interests of Plaintiffs and their members was seized by Defendants during the raid;
- Whether the search warrant authorized a search of all the space within the Long Haul building;
- Whether the facts support a good faith defense under the PPA;
- Whether the information obtained during the investigation factually supported a search warrant of the Long Haul building

3. **Legal Issues**

The parties dispute the following legal issues:

- Whether the exigent circumstances exception to the Privacy Protection Act applies;
- Whether the other defenses available under the PPA apply;
- Whether a First Amendment claim under *Bivens* can arise from an illegal search and seizure of materials protected by the First Amendment;
- Whether Plaintiffs adequately pled their *Bivens* claims;
- Whether Plaintiffs adequately pled their First Amendment claims;
- Whether the warrant satisfied the Fourth Amendment's particularity requirement;
- Whether the scope of the search was reasonable under the circumstances;
- Whether the search warrant was adequately supported by probable cause;
- Whether there was probable cause to believe that plaintiffs may be engaged in unlawful activity;
- Whether Plaintiffs claim asking for injunctive relief prohibiting them from making use of seized data and requiring that they delete any data seized is adequate or fails for lack of particularity and redressibility;
- Whether the warrant was improper at least because it (1) authorized searches and

|   |   |
|---|---|
| 1 | seizures of areas and effects for which the affidavit failed to provide probable cause, |
| 2 | and (2) did not specifically describe the place to be searched or the things to be |
| 3 | seized; |
| 4 | • Whether the Defendants are entitled to qualified immunity. |

**4. Motions**

The Federal Defendants' Motion to Dismiss is pending, and additional briefing from Plaintiffs is due September 29, 2009 with the Federal Defendants' reply due October 13, 2009. Defendants anticipate filing motions for summary judgment on the merits of the constitutional and PPA claims, as well as on the issue of qualified immunity. The University Defendants may seek leave to file a motion addressing Plaintiffs' First Amendment claim, as clarified pursuant to the Court's September 14, 2009 Order. The individual Federal Defendants (Shaffer and Hart) anticipate the need for early motions for summary judgment based on qualified immunity.

**5. Amendment of Pleadings**

Plaintiffs may seek to amend to add other parties should discovery reveal additional defendants, to dismiss against specific parties if discovery reveals they were not involved or are otherwise not liable, or if the Court's ruling on the Motion to Dismiss requires or suggests that amendment would be appropriate. Plaintiffs may also seek to amend to add federal tort claims when those claims are ripe. Mitchell J. Celaya III has replaced Defendant Harrison as Associate Vice Chancellor/Chief of Police of the University of California at Berkeley Police Department ("UCPD") and has automatically been substituted as a Defendant in his official capacity under Fed.R.Civ.P. 25(d).

**6. Evidence Preservation**

Plaintiffs have made forensic copies of the computer hard drives seized and returned by Defendants and have stored those copies with a third party computer expert. Plaintiffs have preserved photographs taken of the Long Haul Infoshop as it looked after the raid. Plaintiffs have also preserved a video of the raid taken by a third party and posted on the indybay.org website. Plaintiffs have preserved the Long Haul website as it existed on August 27, 2008. Plaintiffs have preserved the Slingshot website as it existed on August 27, 2008. Plaintiffs have preserved the

EBPS website as it existed on August 27, 2008.

The University Defendants have preserved the copies of the hard drives seized and returned to Plaintiffs. Further, the University Defendants have preserved the video taken during the execution of the search warrant and the documents contained in the investigative file underlying the search in this case. Finally, the University Defendants have preserved the electronically stored information relating to the search warrant executed in this case.

Counsel for the Federal Defendants has issued a litigation hold letter to the individually named defendants and the FBI.

**7.   Disclosures**

The parties certify that their initial disclosures have been made as of September 24, 2009, as ordered by the Court.

**8.   Discovery**

The parties agree to the following discovery plan:

   a.   Anticipated Discovery Topics

At this time, Plaintiffs anticipate fact discovery on what Defendants knew about Long Haul, Slingshot and East Bay Prisoner Support prior to the raid, how Defendants planned the raid, what Defendants did in connection with investigating the emails, seeking and executing the warrant, what Defendants search and seized, what Defendants did with the materials seized as well as other issues, including potential expert discovery.

Defendants anticipate discovery on the issue of damages, including whether Defendants' actions caused Plaintiffs to incur the monetary damage alleged in the Complaint, and if so, the extent of those damages. Defendants also anticipate discovery on whether Plaintiffs' associational rights were chilled as a result of the August 27, 2008 search and seizure. Defendants anticipate discovery on the operation of Long Haul and EBPS, including Long Haul's structure, organization, and activities and relationship with Slingshot and EBPS. Finally, Defendants anticipate potential expert discovery on police practices and damages.

   b.   Anticipated depositions and topics:

Plaintiffs anticipate taking the depositions of the following individuals on the following

topics:

| Name | Topic |
|---|---|
| Victoria Harrison | Policies and procedures employed by the UCPD regarding searches and seizures. |
| Karen Alberts | Execution of the search warrant that is the subject of this lawsuit. |
| William Kasiske | Drafting the affidavit in support of the search warrant that is the subject of this lawsuit and participating in its execution. Involvement with the criminal investigation underlying the search warrant and participation in the return of the property seized during the execution of the search warrant. |
| Wade MacAdam | Execution of the search warrant that is the subject of this lawsuit. |
| Timothy Zuniga | Execution of the search warrant that is the subject of this lawsuit and observations of the return of the property seized during the search to a representative from Long Haul Inc. |
| Lisa Shaffer | Investigation, obtaining and execution of the search warrant that is the subject of this lawsuit. |
| Michael Hart | Execution of the search warrant that is the subject of this lawsuit. |
| Silicon Valley Regional Computer Forensics Laboratory | Forensic searching of data seized during the search that is the subject of this lawsuit. |

Defendants anticipate taking the depositions of the following individuals on the following topics:

| Name | Topic |
|---|---|
| Kathryn Miller | Observations of the raid, interaction with the officers during the raid, service of the search warrant, state of the premises after the raid, return of some of the seized computers, Long Haul's structure, organization, and activities and relationship with Slingshot and EBPS; damages. |
| Ian Winters | Interaction with officers prior to the raid, observations of the raid, Long Haul's structure, organization, and activities and relationship with |

| | |
|---|---|
| | Slingshot and EBPS; damages. |
| Robert Burnett | Information about the history of Long Haul and Slingshot, the tenancy of East Bay Prisoner Support, Long Haul's structure, organization, and activities and relationship with Slingshot and EBPS; state of the premises after the raid, damages. |
| Chloe Watlington | Information about East Bay Prisoner Support and its activities, mission, website and tenancy at the Infoshop, state of the premises after the raid, return of seized items to Plaintiffs, damages. |
| Patrick Lyons | Information about East Bay Prisoner Support and its activities, mission, website, tenancy at the Infoshop, state of the premises after the raid, damages. |
| Seth Chazin | The return of the property seized during the execution of the search warrant and Long Haul's structure, organization, and activities and relationship with Slingshot and EBPS. |
| Christopher Henning | The return of the property seized during the execution of the search warrant and Long Haul's structure, organization, and activities and relationship with Slingshot and EBPS. |
| Rule 30(b)(6) witness(es) for Long Haul Infoshop | Long Haul's structure, organization, and activities and relationship with Slingshot and EBPS; internet service provision to the subject premises, contacts with law enforcement generally, knowledge of the search warrant application and the search, computers and computer systems at the subject premises, and the allegations in the complaint. |
| Rule 30(b)(6) witness(es) for East Bay Prisoner Support | EBPS's structure, organization, and activities and relationship with Long Haul; internet service provision to the subject premises, contacts with law enforcement generally, knowledge of the search warrant application and the search, computers and computer systems at the subject premises, and the allegations in the complaint. |

The Defendants anticipate seeking a protective order addressing confidential matters, including but not limited to the identity of University of California faculty members engaged in animal research who have been targeted by threats, harassment, and intimidation, and information relating to ongoing criminal investigations and/or prosecutions.

### 9. Class Actions

This case is not a class action.

### 10. Related Cases

The parties are not aware of any related cases.

### 11. Relief

Plaintiffs Long Haul and EBPS seek the following injunctive and declaratory relief: (1) to regain control over their information; (2) to preserve the confidentiality of their private information, the private information of their members and patrons, and the information collected or created for public dissemination; (3) to prevent any retaliation, monitoring, or surveillance enabled by the seizure of this information. Plaintiffs also seek damages for the invasion of these interests that has already occurred and for the physical damage caused during the raid

### 12. Settlement and ADR

The parties have a call scheduled with ADR staff on September 29, 2009 at 2:00 PM. Plaintiffs feel that assessing whether ADR is appropriate in this case is premature until the court rules on the Federal Defendants' Motion to Dismiss. Defendants have indicated an interest in Early Neutral Evaluation.

### 13. Consent to Magistrate for All Purposes

The Defendants have declined to consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

### 14. Other References

The parties believe that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

At this juncture, the parties do not anticipate a narrowing of issues by agreement.

### 16. Expedited Schedule

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17. <u>Scheduling</u>**

The parties propose a fact discovery cut-off of June 15, 2010.

The parties propose an expert discovery schedule as follows:

        Plaintiffs' expert disclosures: June 30, 2010;

        Defendants' expert disclosures: July 15, 2010;

        Rebuttal expert disclosures: July 30, 2010;

        Close of expert discovery: August 15, 2010.

The parties propose filing motions for summary judgment by September 15, 2010 with a hearing date to be set by the Court.

The parties propose filing any pretrial motions in January 2011, with a final pretrial conference set for February 2011.

**18. <u>Trial</u>**

Plaintiffs seek a trial by jury. The parties propose a trial date no earlier than February 2011.

**19. <u>Disclosure of Non-Party Interested Entities or Persons</u>**

The parties do not believe there are any non-party interested entities or persons.

**20. <u>Other Matters</u>**

The parties are not aware of any other matters to be addressed at this time.

DATED: September 25, 2009      By       */s/Jennifer Granick*

                                      Jennifer Granick
                                      jennifer@eff.org
                                      ELECTRONIC FRONTIER FOUNDATION
                                          454 Shotwell Street
                                          San Francisco, CA 94110
                                          Telephone:    (415) 436-9333 x134
                                          Facsimile:     (415) 436-9993

                                          Attorneys for Plaintiff
                                          LONG HAUL, INC. et. al.

DATED: September 25, 2009      JOSEPH P. RUSSONIELLO
                                          United States Attorney

                                          By:       */s/Jonathan U. Lee*

|   |   |
|---|---|
|   | JONATHAN U. LEE<br>Assistant United States Attorney<br>Attorney for Defendants<br>UNITES STATES OF AMERICA, LISA SHAFFER, and MICHAEL HART SCHIFF HARDIN LLP |
| DATED: September 25, 2009 | By: _____*/s/William J. Carroll*_____<br><br>WILLIAM J. CARROLL<br><br>Attorney for Defendants<br>VICTORIA HARRISON, KAREN ALBERTS, WILLIAM KASISKE, WADE MACADAM, and TIMOTHY J. ZUNIGA |

**GENERAL ORDER NO. 45(X) CERTIFICATION**

I attest that I have obtained Jonathan U. Lee's and William J. Carroll's concurrence in the filing of this document.

*/s/ Jennifer Granick*
Jennifer Granick