1  JOSEPH P. RUSSONIELLO (SBN 44332)
   United States Attorney
2  JOANN M. SWANSON (SBN 135879)
   Chief, Civil Division
3  JONATHAN U. LEE (SBN 148792)
   Assistant United States Attorney
4  450 Golden Gate Avenue, 9th Floor
   San Francisco, California 94102
5  Telephone: 415-436-6909
   Facsimile: 415-436-6748
6  Email: jonathan.lee@usdoj.gov

7  ATTORNEYS FOR FEDERAL DEFENDANTS

8
                  UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10
                    SAN FRANCISCO DIVISION
11

12 | LONG HAUL, INC. AND EAST BAY          )   No. C 09-0168 JSW
   | PRISONER SUPPORT,                     )
   |                                       )
13 |        Plaintiffs,                    )   **SUPPLEMENTAL BRIEFING IN
   |                                       )   SUPPORT OF MOTION TO DISMISS
14 |    v.                                 )   COMPLAINT FOR LACK OF
   |                                       )   JURISDICTION UNDER FED. R. CIV.
15 | REGENTS OF THE UNIVERSITY OF          )   P. 12(B)(1), FOR FAILURE TO STATE
   | CALIFORNIA; VICTORIA HARRISON;        )   A CLAIM UNDER FED. R. CIV. P.
16 | KAREN ALBERTS; WILLIAM KASISKE;       )   12(B)(6), OR IN THE ALTERNATIVE
   | WADE MACADAM; TIMOTHY J.              )   MOTION FOR MORE DEFINITE
17 | ZUNIGA; BRUCE BAUER; COUNTY OF        )   STATEMENT UNDER FED. R. CIV. P.
   | ALAMEDA; GREGORY J. AHERN; MIKE)          12(E)**
18 | HART; FEDERAL BUREAU OF               )
   | INVESTIGATION; LISA SHAFFER; AND )
19 | DOES 1-25.                            )
   |                                       )
20 |        Defendants.                    )
   |                                       )
21 | _____ )

22

23

24

25

26

27

28

FEDERAL DEFENDANTS' SUPPLEMENTAL BRIEFING
C 09-0168 JSW

Defendants Lisa Shaffer ("Shaffer") and Mike Hart ("Hart") hereby submit this supplemental memorandum of points and authorities in support of their motion to dismiss:

## INTRODUCTION

Plaintiffs have brought their First Amendment claims against Federal Defendants Shaffer and Hart in their individual capacities for damages, and against Shaffer and Hart in their official capacities for injunctive relief.  There are no specific allegations of discrete acts of misconduct by either Shaffer or Hart in plaintiffs' operative complaint, but rather the gist of the complaint is that all defendants participated in a search in August 2008 that violated plaintiffs' First and Fourth Amendment rights, in addition to statutory violations not pertinent to this briefing.

Federal Defendants' motion sought dismissal of the First and Fourth Amendment claims on multiple grounds.  Defendants argued that the generalized nature of the plaintiffs' allegations did not satisfy the heightened pleading requirements for *Bivens* claims generally, that plaintiffs must allege with particularity what each individual defendants is alleged to have done to violate the First Amendment, and if plaintiffs did not satisfy this pleading requirement, the purposes underpinning the defense of qualified immunity would be thwarted.

By order dated September 14, 2009, the Court requested supplemental briefing from plaintiffs regarding the basis of their First Amendment claims.  The Court posed two questions to plaintiffs: (1) Are plaintiffs bringing a First Amendment retaliation claim, i.e., that Defendants engaged in their search and seizure in retaliation for Plaintiffs or their members exercising their rights under the First Amendment? and (2) if not, on what authority do Plaintiffs rely to indicate that the law demonstrating that their First Amendment rights were violated was clearly established at the time?

On September 29, 2009, plaintiffs filed their supplemental briefing.  Docket 61.  Plaintiffs' briefing confirmed they allege defendants violated their First Amendment rights in three ways.  First, because of plaintiffs' political views and activism, they allege, defendants used the search warrant to gather materials for which they lacked probable cause.  Second, the search of Plaintiffs' book lending logs, e-mail communications and other materials interfered with Plaintiffs' exercise of their First Amendment rights.  Third, defendants' search has and will chill

1   Plaintiffs' free exercise of First Amendment rights.  In addition, Plaintiffs confirmed their view

2   that they "need not allege that Defendants intended to chill Plaintiffs' First Amendment activities

3   in order to prevail" under their First Amendment claim. Dkt. 61 p. 11.

4        Per the Court's order, Federal Defendants submit this supplemental brief addressing

5   plaintiffs' claims.  The Court should grant the motion to dismiss because plaintiffs have not

6   satisfied the heightened pleading standard applicable to their claims against Federal Defendants

7   Hart and Shaffer in their individual capacities for alleged First Amendment violations.

8   Specifically, plaintiffs have not alleged any discrete actions by either defendant intended and

9   solely aimed at curbing plaintiffs' exercise of First Amendment rights, as required by Ninth

10  Circuit precedent.  Without more specific allegations, neither Hart nor Shaffer can assert the

11  qualified immunity defense carefully crafted by the Supreme Court.  The Court should also grant

12  the motion to dismiss the official capacity claims against Hart and Shaffer because plaintiffs have

13  not sufficiently alleged a likelihood of harm by demonstrating that the harm is part of a "pattern

14  of officially sanctioned behavior" or the inadequacy of available legal remedies.

### DISCUSSION

**A. With Regard To Their Claims Against Hart and Shaffer In Their Individual Capacities, Plaintiffs Do Not Satisfy The Heightened Pleading Standard By Alleging Each Defendant Had The Sole Intent To Curb Plaintiffs' Expression of First Amendment Rights or the Specific Acts Of Each Defendant Intended to Violate Plaintiffs' First Amendment Rights.**

19       A damages claim against a federal actor for violation of a constitutional right is a so-called

20  *Bivens* claim.  The *Bivens* claim is a judicially-created right first recognized by the Supreme

21  Court in 1971.  *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).  As the motion to dismiss

22  argues, there are a number of defenses defendants raise against this claim, including qualified

23  immunity.  This briefing will not restate the motion's arguments but will focus on the pleading

24  requirements governing plaintiffs' First Amendment *Bivens* claim.  If plaintiffs have not met the

25  pleading requirements, as defendants contend, the complaint should be dismissed.

26       Since deciding *Bivens*, the Supreme Court has repeatedly explained that the *Bivens* remedy is

27  limited.  In the Ninth Circuit, for example, there is no recognized *Bivens* claim under the First

28  Amendment unless plaintiffs plead and prove an intent to curb plaintiffs' rights.  In 1986, the

Ninth Circuit recognized a *Bivens* claim for First Amendment violations in *Gibson v. U.S.*, 781 F. 2d 1334, 1341-42 (9th Cir. 1986). The Court stated it would "now follow these [other] circuits in holding that, because plaintiffs have alleged that FBI agents acted with the impermissible motive of curbing Gibson's protected speech, they have asserted a claim properly cognizable through a *Bivens*-type action directly under the First Amendment." *Id*. In fact, Gibson alleged an "unremitting campaign of terror and harassment" by law enforcement, including claims that FBI agents entered plaintiff's garage secretly, reviewed and removed plaintiff's private documents and then burned the garage down to avoid detection. *Id*. at 1337, 1343.

The Ninth Circuit further refined its analysis in this area in *Mendocino Environmental Center v. Mendocino County*, 14 F. 3d 457 (9th Cir. 1994). There, two plaintiffs alleged that a course of concerted conduct by FBI agents and local law enforcement, including allegedly defamatory statements about plaintiffs following their arrest, was intended to disrupt and chill plaintiffs' exercise of their First Amendent rights. *Id*. at 464. The Ninth Circuit held that a heightened pleading standard applied to plaintiffs' First Amendment claim. *Id*. "[W]here a plaintiff 'allege[s] discrete acts of police surveillance and intimidation directed solely at silencing' her or him, a civil rights claim will lie." *Id*. (citations omitted).

The Ninth Circuit reaffirmed this view in *Skoog v. County of Clackamas*, 469 F. 3d 1221, 1232 (9th Cir. 2006). After explaining that the parties did not dispute whether the government took action sufficient to "chill or silence a person of ordinary firmness from future First Amendment activities," the court restated the requirement of causation: "Skoog must ultimately prove that Royster's desire to cause the chilling effect was a but-for cause of the defendant's action." *Id*. Therefore, in order to state a First Amendment retaliation claim against Federal Defendants Hart and Shaffer, plaintiffs must plead "discrete acts" by these defendants directed "solely" at curbing plaintiffs' exercise of First Amendment rights, motivated by a desire to chill plaintiffs' speech.

The first amended complaint alleges no discrete acts of any kind by these defendants. Instead, the operative pleading concerns a single search and seizure in August 2008. Plaintiffs' complaint also does not describe any specific acts by either Hart or Shaffer. Therefore, the

1  plaintiffs' claims against Hart and Shaffer fail to meet the heightened pleading standard set by the

2  Ninth Circuit.

3     Plaintiffs suggest that the court should adopt the reasoning of the Tenth Circuit in *National*

4  *Commodity and Barter Association v. Archer*, 31 F. 3d 1521 (10th Cir. 1994), but that case does

5  not help plaintiffs.

6     First, the Tenth Circuit explained that, unlike the Ninth Circuit, it recognizes *Bivens* claims

7  under the First Amendment for "unintended" violations of those rights.  Id. at 1528.

8     Moreover, unlike this case, the court in *Archer* considered a claim based on numerous alleged

9  violations of the First Amendment.  In *Archer*, a tax protester organization alleged federal agents

10  violated its First and Fourth Amendment rights.  The government conduct included searching and

11  seizing the organization's documents in seven states, infiltrating the organization by posing as

12  member, recording conversations with principals of the organization, all over a span of several

13  months.  *Id.* at 1525-27.  In its reasoning for permitting the First Amendment claim to proceed,

14  the Tenth Circuit distinguished *Laird v. Tatum*, 408 U. S. 1 (1972).  In *Laird*, the Supreme Court

15  stated the issue as whether a claim is stated by allegations that the exercise of First Amendment

16  rights "is being chilled by the mere existence, without more, of a governmental investigative and

17  data-gathering activity that is alleged to be broader in scope than is reasonably necessary." 408

18  U.S. at 10.  The Tenth Circuit reviewed the complaint in *Archer* and found allegations of

19  "specific actions by governmental employees of a different character -- numerous alleged

20  seizures of membership lists and other property belonging to the [plaintiff], not the 'mere

21  existence, without more, of a governmental investigative and data-gathering activity..." 31 F. 3d

22  at 1529-30. Plaintiffs in the case at bar have not alleged any particular acts by Shaffer or Hart, let

23  alone numerous seizures by either of them.

24     In conclusion, the claim for damages for violation of the First Amendment made by plaintiffs

25  against Shaffer and Hart fails to state a claim and should be dismissed.

26     **B.  Regarding Plaintiffs' Official Capacity Claims Against Hart and Shaffer, These
        Claims Fail Because Plaintiffs Have Not Alleged The Likelihood of Substantial and
27       Irreparable Injury Or The Inadequacy Of Available Legal Remedies.**

28     Plaintiffs have alleged official capacity claims against Defendants Hart and Shaffer for

FEDERAL DEFENDANTS' SUPPLEMENTAL BRIEFING
C 09-0168 JSW                                    4

1   alleged First Amendment violations.  These claims seek to impose liability on the United States.

2   *See Brandon v. Holt*, 469 U. S. 464, 471 (1985).

3       In order to invoke the equitable jurisdiction of the Court, plaintiffs must meet "the basic

4   requisites of the issuance of equitable relief in these circumstances-the likelihood of substantial

5   and immediate irreparable injury, and the inadequacy of remedies at law."  *City of Los Angeles v.*

6   *Lyons*, 461 U. S. 95, 103 (1983); *Stanley v. University of Southern California*, 13 F. 3d 1313,

7   1320 (9th Cir. 1994).  The first amended complaint does contain generalized allegations of

8   irreparable injury and inadequacy of legal remedies at paragraphs 57-58.

9       But to establish standing to seek an injunction, a plaintiff must demonstrate "a sufficient

10  likelihood that he will again be wronged in a similar way." *City of Los Angeles*, 461 U. S. at 111.

11  To do so, a plaintiff must allege a "real and immediate" threat of repeated harm that is not merely

12  conjectural or hypothetical. *Id.* at 102.  Past exposure to illegal conduct does not alone show that

13  threat if unaccompanied by any continuing, present adverse effects.  *Id*. A generalized allegation

14  of plaintiffs' "reasonable belief" that future police surveillance will occur is also not sufficient.

15      A plaintiff can show that future harm is likely to recur in two ways.  First, plaintiff can

16  demonstrate that "the defendant had, at the time of the injury, a written policy, and that the injury

17  'stems from' that policy." *Armstrong v. Davis*, 275 F. 3d 849, 861 (9th Cir. 2001).  That is, when

18  the harm alleged is directly traceable to a written policy, there is an implicit likelihood of its

19  repetition in the immediate future. *Id*.  Plaintiffs have not and cannot allege that the Federal

20  Defendants have policies that meet this test.  Second, a plaintiff may also establish a likelihood

21  of harm by demonstrating that the harm is part of a "pattern of officially sanctioned behavior"

22  violative of the plaintiffs' federal rights. *Id*. (*quoting LaDuke v. Nelson*, 762 F. 2d 1318, 1323

23  (9th Cir. 1985)).  Abstract injury is not enough.  The plaintiff must show that he "has sustained

24  or is immediately in danger of sustaining some direct injury" as the result of the challenged

25  official conduct and the injury or threat of injury must be both "real and immediate," not

26  "conjectural" or "hypothetical."  *See*, *e.g., Golden v. Zwickler,* 394 U. S. 103, 109-110 (1969).

27  There is no such allegation made.

28

1

**CONCLUSION**

2        The Motion to Dismiss should be granted.

3

4    DATED: October 13, 2009          JOSEPH P. RUSSONIELLO
                                      United States Attorney
5

6

7                                     /s/
                                      JONATHAN U. LEE
8                                     Assistant United States Attorney
                                      Attorneys for United States of America

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28