JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 135879)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102
Telephone: 415-436-6909
Facsimile: 415-436-6748
Email: jonathan.lee@usdoj.gov

ATTORNEYS FOR FEDERAL DEFENDANTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LONG HAUL, INC. AND EAST BAY PRISONER SUPPORT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; VICTORIA HARRISON; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; MIKE HART; LISA SHAFFER; AND DOES 1-25.<br><br>Defendants. | No. C 09-0168 JSW<br><br>**ANSWER OF MIKE HART**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Mike Hart hereby answers the plaintiffs' First Amended Complaint ("complaint") filed May 29, 2009. The numbered paragraphs in this answer correspond to the numbered paragraphs in the complaint.

## RESPONSES TO NUMBERED PARAGRAPHS

1. Paragraph 1 of the complaint is a description of a party, to which no response is required. To the extent a response is required, the paragraph is denied.

2. Paragraph 2 of the complaint is a description of a party, to which no response is required. To the extent a response is required, the paragraph is denied.

3. In response to Paragraph 3 of the complaint, this answering defendant admits that on August 27, 2008, there was a search of the Long Haul premises. The remainder of the paragraph is denied.

4. In response to Paragraph 4 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning what information was presented to the magistrate in connection with the search warrant because this answering defendant was not present when the application for the warrant was made. To the extent a further response is required, the paragraph is denied.

5. In response to Paragraph 5 of the complaint, this answering defendant admits that in connection with the entry to the premises, this answering defendant has knowledge that the back door to the premises was opened by unhooking a chain. Regarding the remainder of the paragraph, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

6. In response to Paragraph 6 of the complaint, this answering defendant denies the allegations in this paragraph that this answering defendant copied data on computers and storage media, searched those materials and continues to search those materials.

7. In response to Paragraph 7 of the complaint, this answering defendant denies that plaintiffs are entitled to the relief they allege in this paragraph.

8. In response to Paragraph 8 of the complaint, this paragraph is a description of the legal bases for plaintiffs' causes of action and plaintiffs' pleading of jurisdiction, to which no response is

required. To the extent a response is required, this answering defendant admits plaintiffs have alleged claims under the provisions of law described in the paragraph and this answering defendant denies that plaintiffs are entitled to the relief they allege in this paragraph.

9. In response to Paragraph 9 of the complaint, this paragraph also contains plaintiffs' pleading of jurisdiction, which require no response.

10. In response to Paragraph 10 of the complaint, this paragraph contains plaintiffs' pleading of venue, to which no response is required.

11. In response to Paragraph 11 of the complaint, this answering defendant admits that Long Haul is located at the address given in the paragraph. The remainder of the paragraph is denied.

12. In response to Paragraph 12 of the complaint, this answering defendant admits that East Bay Prisoner Support occupies space within the premises of Long Haul. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

13. In response to Paragraph 13 of the complaint, this defendant admits that the United States of America is a defendant.

14. In response to Paragraph 14 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

15. In response to Paragraph 15 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

16. In response to Paragraph 16 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

17. In response to Paragraph 17 of the complaint, this answering defendant is without knowledge

or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

18. In response to Paragraph 18 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

19. In response to Paragraph 19 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

20. In response to Paragraph 20 of the complaint, this answering defendant admits that defendant Lisa Shaffer was a special agent of the FBI on the date of the search and participated in the execution of the search warrant on the date and at the place described in the complaint. As for the remainder of the paragraph, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

21. In response to Paragraph 21 of the complaint, this answering defendant admits that he is a retired member of the Alameda County Sheriff's Department, that on the date of the search alleged in the complaint, he was a deputized member of the FBI, and that on that date he acted in the course of his FBI employment. The remainder of this paragraph is denied.

22. This answering defendant admits that in Paragraph 22 of the complaint plaintiffs purport to sue Doe defendants. Except as expressly admitted herein, the allegations of this paragraph are denied.

23. In response to Paragraph 23 of the complaint, this answering defendant denies the allegations in this paragraph.

24. In response to Paragraph 24 of the complaint, other than the street address of Long Haul, which is admitted, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. In response to Paragraph 25 of the complaint, this answering defendant admits that Long Haul sells books and provides computers to the public for free use. Except as admitted

ANSWER OF DEFENDANT HART
C 09-0168 JSW                                            3

1  herein, this answering defendant denies the allegations in this paragraph.
2  26. In response to Paragraph 26 of the complaint, this answering defendant is without knowledge
3  or information sufficient to form a belief as to the truth of the allegations in this paragraph.
4  27. In response to Paragraph 27 of the complaint, this answering defendant is without knowledge
5  or information sufficient to form a belief as to the truth of the allegations in this paragraph.
6  28. In response to Paragraph 28 of the complaint, this answering defendant is without knowledge
7  or information sufficient to form a belief as to the truth of the allegations in this paragraph.
8  29. In response to Paragraph 29 of the complaint, this answering defendant is without knowledge
9  or information sufficient to form a belief as to the truth of the allegations.
10 30. In response to Paragraph 30 of the complaint, this answering defendant admits that Long
11 Haul offers an internet with computers providing online access to the public.  As to the
12 remainder of this paragraph, this answering defendant is without knowledge or information
13 sufficient to form a belief as to the truth of the allegations.
14 31. In response to Paragraph 31 of the complaint, this answering defendant is without knowledge
15 or information sufficient to form a belief as to the truth of the allegations in this paragraph.
16 32. In response to Paragraph 32 of the complaint, this answering defendant is without knowledge
17 or information sufficient to form a belief as to the truth of the allegations in this paragraph.
18 33. In response to Paragraph 33 of the complaint, this answering defendant is without knowledge
19 or information sufficient to form a belief as to the truth of the allegations in this paragraph.
20 34. In response to Paragraph 34 of the complaint, this answering defendant is without knowledge
21 or information sufficient to form a belief as to the truth of the allegations in this paragraph.
22 35. This answering defendant admits to the facts in paragraph 35 of the complaint.
23 36. In response to Paragraph 36 of the complaint, this answering defendant denies the allegations
24 in this paragraph.
25 37. In response to Paragraph 37 of the complaint, this answering defendant admits that the
26 Statement of Probable Cause and warrant did not make any reference to EBPS.  Except as
27 admitted herein, the allegations of this paragraph are denied.
28 38. In response to Paragraph 38 of the complaint, this answering defendant is without knowledge

ANSWER OF DEFENDANT HART
C 09-0168 JSW                    4

1 | or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2 | 39. In response to Paragraph 39 of the complaint, this answering defendant admits that on August 27, 2008, at least four officers from the UCPD (Defendants Kasiske, MacAdam, Alberts and Bauer) and at least two officers acting on behalf of the FBI (this answering defendant and Defendant Shaffer) arrived at Long Haul.  This answering defendant admits no one was inside.  This answering defendant admits that some members of the group executing the warrant gained access to the premises by unchaining the back door.  Except as expressly admitted herein, the allegations in this paragraph are denied.

40. In response to Paragraph 40 of the complaint, this answering defendant admits that he did not show the warrant to anyone during the execution of the warrant.  As to the remaining allegations, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

41. In response to Paragraph 41 of the complaint, this answering defendant admits that members of the investigative team spent approximately two hours searching the premises, that the team did not permit anyone to enter the building during the search, that members of the team looked through the logs of individuals who borrowed books and/or purchased books.  Except as expressly admitted, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

42. In response to Paragraph 42 of the complaint, this answering defendant admits that the team executing the warrant removed all computers they located during the search, including computers located in public spaces and in locked offices.  The remainder of the allegations in this paragraph are denied.

43. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the complaint.

44. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the complaint.

45. This answering defendant denies the allegations in Paragraph 45 of the complaint.

46. This answering defendant is without knowledge or information sufficient to form a belief as

ANSWER OF DEFENDANT HART
C 09-0168 JSW                                                5

to the truth of the allegations in Paragraph 46 of the complaint.

47. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the complaint.

48. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the complaint.

49. In response to Paragraph 49 of the complaint, this answering defendant denies the allegations in the paragraph.

50. In response to Paragraph 50 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51. In response to Paragraph 51 of the complaint, this answering defendant denies the allegations in this paragraph.

52. In response to Paragraph 52 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

53. In response to Paragraph 53 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. This answering defendant denies the allegations in the remainder of this paragraph.

54. In response to Paragraph 54 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55. In response to Paragraph 55 of the complaint, this answering defendant admits that pursuant to a stipulation dated May 19, 2009, all parties agreed that defendants would refrain from searching any of the data seized or copied from Slingshot and EBPS without advance notice to the plaintiffs. This answering defendant denies the remainder of the allegations in this paragraph.

56. In response to Paragraph 56 of the complaint, this answering defendant denies the allegations in this paragraph.

57. In response to Paragraph 57 of the complaint, this answering defendant denies the allegations in this paragraph.

58. In response to Paragraph 58 of the complaint, this answering defendant denies the allegations in this paragraph.

59. This answering defendant's responses to paragraphs 1-58 are incorporated by reference. This paragraph is no longer operative following the Court's order granting defendants' motion to dismiss in part. To the extent a response is required, this answering defendant denies the allegations in this paragraph.

60. In response to Paragraph 60 of the complaint, this paragraph is no longer operative following the Court's order granting defendants' motion to dismiss in part. To the extent a response is required, this answering defendant denies the allegations in this paragraph.

61. This answering defendant's responses to paragraphs 1-60 are incorporated by reference.

62. In response to Paragraph 62 of the complaint, this answering defendant denies the allegations in this paragraph.

63. This answering defendant's responses to paragraphs 1-62 are incorporated by reference. This paragraph is not alleged against this answering defendant. Therefore, no response is required. To the extent a response is required, this answering defendant denies the allegations in this paragraph.

64. In response to Paragraph 64 of the complaint, this paragraph is not alleged against this answering defendant. Therefore, no response is required. To the extent a response is required, this answering defendant denies the allegations in this paragraph.

65. This answering defendant's responses to paragraphs 1-64 are incorporated by reference. To the extent a response is required, this answering defendant denies the allegations in this paragraph.

66. In response to Paragraph 66 of the complaint, this answering defendant denies the allegations in this paragraph.

67. This answering defendant denies the allegations in Paragraph 67.

With respect to the six paragraphs in plaintiffs' prayer for relief, defendant denies that plaintiffs are entitled to any of the relief prayed for therein and deny that plaintiffs are entitled to judgment against defendant.

All allegations not specifically admitted, denied or modified, are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a violation of any of the provisions of the United States Constitution cited by plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

This defendant has qualified immunity from suit for plaintiffs' causes of action arising under the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

Any injury to plaintiffs, and any loss or other damage to plaintiffs, was not proximately caused by any negligent or otherwise wrongful act or omission of this answering defendant.

### FIFTH AFFIRMATIVE DEFENSE

Defendant was at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiffs may have is barred by law.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's conduct was at all times material hereto privileged and/or justified under applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs may have failed to mitigate their damages, any recovery or other award must be reduced accordingly.

### EIGHTH AFFIRMATIVE DEFENSE

For each claim or cause of action, any damages or injuries alleged were proximately caused in whole or in part by the negligence, fault, carelessness, or willful acts or omissions of plaintiffs, or of parties whom this answering defendant neither controlled nor had the right to control, and not by any acts, omissions or other conduct of this answering defendant. Therefore, any damages sustained by plaintiffs are barred against defendants or must be reduced under principles of

comparative fault or equitable indemnity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for declaratory relief.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for injunctive relief.

## ELEVENTH AFFIRMATIVE DEFENSE

Probable cause existed to justify the search and seizure of items listed in the search warrant at issue in this case.

## TWELFTH AFFIRMATIVE DEFENSE

This answering defendant had a reasonable good faith belief in the lawfulness of his conduct, under 42 U.S.C.§ 2000AA-6(B).

This defendant reserves the right to amend his Answer with additional defense of which he may become aware as this matter progresses and to raise any other matter constituting an avoidance or affirmative defense.

**WHEREFORE**, Defendant prays that:

1. The complaint be dismissed;
2. Plaintiffs take nothing by this action;
3. The Court enter judgment in favor of Defendant on all claims; and
4. The Court grant such other and further relief as it deems proper.

DATED: January 15, 2010        JOSEPH P. RUSSONIELLO
                               United States Attorney


                               /s/
                               JONATHAN U. LEE
                               Assistant United States Attorney
                               Attorneys for Defendant Hart

ANSWER OF DEFENDANT HART
C 09-0168 JSW                          9

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Defendant Hart hereby demands a trial by jury in this matter.

DATED: January 15, 2010   JOSEPH P. RUSSONIELLO
United States Attorney


 /s/
JONATHAN U. LEE
Assistant United States Attorney
Attorneys for Defendant Hart