1   JOSEPH P. RUSSONIELLO (SBN 44332)
    United States Attorney
2   JOANN M. SWANSON (SBN 135879)
    Chief, Civil Division
3   JONATHAN U. LEE (SBN 148792)
    Assistant United States Attorney
4   450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102
5   Telephone: 415-436-6909
    Facsimile: 415-436-6748
6   Email: jonathan.lee@usdoj.gov

7   ATTORNEYS FOR FEDERAL DEFENDANTS

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11
    LONG HAUL, INC. AND EAST BAY          )   No. C 09-0168 JSW
12  PRISONER SUPPORT,                     )
                                          )
13        Plaintiffs,                     )   **ANSWER OF LISA SHAFFER**
                                          )
14     v.                                 )   **DEMAND FOR TRIAL BY JURY**
                                          )
15  UNITED STATES OF AMERICA;             )
    VICTORIA HARRISON; KAREN              )
16  ALBERTS; WILLIAM KASISKE; WADE        )
    MACADAM; TIMOTHY J. ZUNIGA;           )
17  MIKE HART; LISA SHAFFER; AND          )
    DOES 1-25.                            )
18                                        )
          Defendants.                     )
19                                        )
                                          )
20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT SHAFFER
C 09-0168 JSW

Defendant Lisa Shaffer hereby answers the plaintiffs' First Amended Complaint ("complaint") filed May 29, 2009.  The numbered paragraphs in this answer correspond to the numbered paragraphs in the complaint.

<u>**RESPONSES TO NUMBERED PARAGRAPHS**</u>

1.  Paragraph 1 of the complaint is a description of a party, to which no response is required.  To the extent a response is required, the paragraph is denied.

2.  Paragraph 2 of the complaint is a description of a party, to which no response is required.  To the extent a response is required, the paragraph is denied.

3.  In response to Paragraph 3 of the complaint, this answering defendant admits that on August 27, 2008, there was a search of the Long Haul premises.  The remainder of the paragraph is denied.

4.  In response to Paragraph 4 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning what information was presented to the magistrate in connection with the search warrant because this answering defendant was not present when the application for the warrant was made.  To the extent a further response is required, the paragraph is denied.

5.  In response to Paragraph 5 of the complaint, this answering defendant admits that in connection with the entry to the premises, this answering defendant has knowledge that the back door to the premises was opened by unhooking a chain.  Regarding the remainder of the paragraph, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

6.  In response to Paragraph 6 of the complaint, this answering defendant denies the allegations in this paragraph that this answering defendant copied data on computers and storage media, searched those materials and continues to search those materials.

7.  In response to Paragraph 7 of the complaint, this answering defendant denies that plaintiffs are entitled to the relief they allege in this paragraph.

8.  In response to Paragraph 8 of the complaint, this paragraph is a description of the legal bases for plaintiffs' causes of action and plaintiffs' pleading of jurisdiction, to which no response is

required.  To the extent a response is required, this answering defendant admits plaintiffs have alleged claims under the provisions of law described in the paragraph and this answering defendant denies that plaintiffs are entitled to the relief they allege in this paragraph.

9. In response to Paragraph 9 of the complaint, this paragraph also contains plaintiffs' pleading of jurisdiction, which require no response.

10. In response to Paragraph 10 of the complaint, this paragraph contains plaintiffs' pleading of venue, to which no response is required.

11. In response to Paragraph 11 of the complaint, this answering defendant admits that Long Haul is located at the address given in the paragraph.  The remainder of the paragraph is denied.

12. In response to Paragraph 12 of the complaint, this answering defendant admits that East Bay Prisoner Support occupies space within the premises of Long Haul.  This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.  To the extent a further response is required, the paragraph is denied.

13. In response to Paragraph 13 of the complaint, this defendant admits that the United States of America is a defendant.

14. In response to Paragraph 14 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

15. In response to Paragraph 15 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

16. In response to Paragraph 16 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

17. In response to Paragraph 17 of the complaint, this answering defendant is without knowledge

or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

18. In response to Paragraph 18 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

19. In response to Paragraph 19 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

20. In response to Paragraph 20 of the complaint, this answering defendant admits that she is a special agent of the Federal Bureau of Investigation as alleged in the first sentence of this paragraph. This answering defendant admits that she investigates threats to university faculty and other employees as alleged in the second sentence of this paragraph. This answering defendant admits that she participated in the criminal proceedings referenced in the third sentence of this paragraph. This answering defendant denies that she participated in obtaining the search warrant in this case, as alleged in the fourth sentence of this paragraph. This answering defendant admits that she participated in executing the search warrant in this case, as generally alleged in the fourth sentence of this paragraph. The fifth and sixth sentences of this paragraph are conclusory allegations of law, to which no response is required, but this answering defendant admits that on the date of the search alleged in the complaint, she was acting as an FBI agent. Except as expressly admitted herein, the allegations of this paragraph are denied.

21. In response to paragraph 21 of the complaint, this answering defendant admits that defendant Mike Hart participated in the execution of the search warrant on the date and at the place described in the complaint. As for the remainder of the paragraph, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

22. This answering defendant admits that in Paragraph 22 of the complaint plaintiffs purport to

1  sue Doe defendants.  Except as expressly admitted herein, the allegations of this paragraph

2  are denied.

3  23. In response to Paragraph 23 of the complaint, this answering defendant denies the allegations

4  in this paragraph.

5  24. In response to Paragraph 24 of the complaint, other than the street address of Long Haul,

6  which is admitted, this answering defendant is without knowledge or information sufficient

7  to form a belief as to the truth of the allegations in this paragraph.

8  25. In response to Paragraph 25 of the complaint, this answering defendant admits that Long

9  Haul sells books and provides computers to the public for free use.  Except as admitted

10  herein, this answering defendant denies the allegations in this paragraph.

11  26. In response to Paragraph 26 of the complaint, this answering defendant is without knowledge

12  or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13  27. In response to Paragraph 27 of the complaint, this answering defendant is without knowledge

14  or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15  28. In response to Paragraph 28 of the complaint, this answering defendant is without knowledge

16  or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17  29. In response to Paragraph 29 of the complaint, this answering defendant denies that

18  Slingshot's office is on the second floor of the Long Haul premises and marked with a sign

19  reading "Slingshot."  As to the remainder of this paragraph, this answering defendant is

20  without knowledge or information sufficient to form a belief as to the truth of the allegations.

21  30. In response to Paragraph 30 of the complaint, this answering defendant admits that Long

22  Haul offers an internet with computers providing online access to the public and that the

23  internet room is located on the second floor of the premises.  As to the remainder of this

24  paragraph, this answering defendant is without knowledge or information sufficient to form a

25  belief as to the truth of the allegations.

26  31. In response to Paragraph 31 of the complaint, this answering defendant is without knowledge

27  or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28  32. In response to Paragraph 32 of the complaint, this answering defendant is without knowledge

ANSWER OF DEFENDANT SHAFFER
C 09-0168 JSW                                          4

1   or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2   33. In response to Paragraph 33 of the complaint, this answering defendant is without knowledge

3   or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4   34. In response to Paragraph 34 of the complaint, this answering defendant is without knowledge

5   or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6   35. This answering defendant admits to the facts in paragraph 35 of the complaint.

7   36. In response to Paragraph 36 of the complaint, this answering defendant denies the allegations

8   in this paragraph.

9   37. In response to Paragraph 37 of the complaint, this answering defendant admits that the

10  Statement of Probable Cause and warrant did not make any reference to EBPS.  Except as

11  admitted herein, the allegations of this paragraph are denied.

12  38. In response to Paragraph 38 of the complaint, this answering defendant is without knowledge

13  or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14  39. In response to Paragraph 39 of the complaint, this answering defendant admits that on August

15  27, 2008, at least four officers from the UCPD (Defendants Kasiske, MacAdam, Alberts and

16  Bauer) and at least two officers acting on behalf of the FBI (this answering defendant and

17  Defendant Hart) arrived at Long Haul.  This answering defendant admits no one was inside.

18  This answering defendant admits that some members of the group executing the warrant

19  gained access to the premises by unchaining the back door.  Except as expressly admitted

20  herein, the allegations in this paragraph are denied.

21  40. In response to Paragraph 40 of the complaint, this answering defendant admits that she did

22  not show the warrant to anyone during the execution of the warrant.  As to the remaining

23  allegations, this answering defendant is without knowledge or information sufficient to form

24  a belief as to the truth of the allegations.

25  41. In response to Paragraph 41 of the complaint, this answering defendant admits that members

26  of the investigative team spent approximately two hours searching the premises, that the team

27  did not permit anyone to enter the building during the search, that members of the team

28  looked through the logs of individuals who borrowed books and/or purchased books.  Except

as expressly admitted, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

42. In response to Paragraph 42 of the complaint, this answering defendant admits that the team executing the warrant removed all computers they located during the search, including computers located in public spaces and in locked offices.  The remainder of the allegations in this paragraph are denied.

43. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the complaint.

44. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the complaint.

45. This answering defendant denies the allegations in Paragraph 45 of the complaint.

46. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the complaint.

47. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the complaint.

48. This answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the complaint.

49. In response to Paragraph 49 of the complaint, this answering defendant denies the allegations in the paragraph.

50. In response to Paragraph 50 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51. In response to Paragraph 51 of the complaint, this answering defendant denies the allegations in this paragraph.

52. In response to Paragraph 52 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

53. In response to Paragraph 53 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  This answering defendant denies the allegations in the remainder of this

paragraph.

54. In response to Paragraph 54 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55. In response to Paragraph 55 of the complaint, this answering defendant admits that pursuant to a stipulation dated May 19, 2009, all parties agreed that defendants would refrain from searching any of the data seized or copied from Slingshot and EBPS without advance notice to the plaintiffs.   This answering defendant denies the remainder of the allegations in this paragraph.

56. In response to Paragraph 56 of the complaint, this answering defendant denies the allegations in this paragraph.

57. In response to Paragraph 57 of the complaint, this answering defendant denies the allegations in this paragraph.

58. In response to Paragraph 58 of the complaint, this answering defendant denies the allegations in this paragraph.

59. This answering defendant's responses to paragraphs 1-58 are incorporated by reference. This paragraph is no longer operative following the Court's order granting defendants' motion to dismiss in part.  To the extent a response is required, this answering defendant denies the allegations in this paragraph.

60. In response to Paragraph 60 of the complaint, this paragraph is no longer operative following the Court's order granting defendants' motion to dismiss in part.  To the extent a response is required, this answering defendant denies the allegations in this paragraph.

61. This answering defendant's responses to paragraphs 1-60 are incorporated by reference.

62. In response to Paragraph 62 of the complaint, this answering defendant denies the allegations in this paragraph.

63. This answering defendant's responses to paragraphs 1-62 are incorporated by reference.  This paragraph is not alleged against this answering defendant.  Therefore, no response is required. To the extent a response is required, this answering defendant denies the allegations in this paragraph.

64. In response to Paragraph 64 of the complaint, this paragraph is not alleged against this answering defendant.  Therefore, no response is required.  To the extent a response is required, this answering defendant denies the allegations in this paragraph.

65. This answering defendant's responses to paragraphs 1-64 are incorporated by reference.  To the extent a response is required, this answering defendant denies the allegations in this paragraph.

66. In response to Paragraph 66 of the complaint, this answering defendant denies the allegations in this paragraph.

67. This answering defendant denies the allegations in Paragraph 67.

With respect to the six paragraphs in plaintiffs' prayer for relief, defendant denies that plaintiffs are entitled to any of the relief prayed for therein and deny that plaintiffs are entitled to judgment against defendant.

All allegations not specifically admitted, denied or modified, are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a violation of any of the provisions of the United States Constitution cited by plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

This defendant has qualified immunity from suit for plaintiffs' causes of action arising under the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

Any injury to plaintiffs, and any loss or other damage to plaintiffs, was not proximately caused by any negligent or otherwise wrongful act or omission of this answering defendant.

### FIFTH AFFIRMATIVE DEFENSE

Defendant was at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiffs may have is barred by law.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's conduct was at all times material hereto privileged and/or justified under applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs may have failed to mitigate their damages, any recovery or other award must be reduced accordingly.

### EIGHTH AFFIRMATIVE DEFENSE

For each claim or cause of action, any damages or injuries alleged were proximately caused in whole or in part by the negligence, fault, carelessness, or willful acts or omissions of plaintiffs, or of parties whom this answering defendant neither controlled nor had the right to control, and not by any acts, omissions or other conduct of this answering defendant.  Therefore, any damages sustained by plaintiffs are barred against defendants or must be reduced under principles of comparative fault or equitable indemnity.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for declaratory relief.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for injunctive relief.

### ELEVENTH AFFIRMATIVE DEFENSE

Probable cause existed to justify the search and seizure of items listed in the search warrant at issue in this case.

### TWELFTH AFFIRMATIVE DEFENSE

This answering defendant had a reasonable good faith belief in the lawfulness of her conduct, under 42 U.S.C.§ 2000AA-6(B).

This defendant reserves the right to amend her Answer with additional defense of which she may become aware as this matter progresses and to raise any other matter constituting an avoidance or affirmative defense.

1    **WHEREFORE**, Defendant prays that:

2    1.   The complaint be dismissed;

3    2.   Plaintiffs take nothing by this action;

4    3.   The Court enter judgment in favor of Defendant on all claims; and

5    4.   The Court grant such other and further relief as it deems proper.

6

7    DATED: January 15, 2010          JOSEPH P. RUSSONIELLO
                                      United States Attorney
8

9
                                      /s/
10                                    _____
                                      JONATHAN U. LEE
11                                    Assistant United States Attorney
                                      Attorneys for Defendant Shaffer
12

13                         **DEMAND FOR JURY TRIAL**

14        PLEASE TAKE NOTICE that Defendant Shaffer hereby demands a trial by jury in this

15   matter.

16

17   DATED: January 15, 2010          JOSEPH P. RUSSONIELLO
                                      United States Attorney
18

19
                                      /s/
20                                    _____
                                      JONATHAN U. LEE
21                                    Assistant United States Attorney
                                      Attorneys for Defendant Shaffer
22

23

24

25

26

27

28

ANSWER OF DEFENDANT SHAFFER
C 09-0168 JSW                    10