JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 135879)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102
Telephone: 415-436-6909
Facsimile: 415-436-6748
Email: jonathan.lee@usdoj.gov

ATTORNEYS FOR FEDERAL DEFENDANTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LONG HAUL, INC. AND EAST BAY PRISONER SUPPORT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; VICTORIA HARRISON; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; MIKE HART; LISA SHAFFER; AND DOES 1-25.<br><br>Defendants. | No. C 09-0168 JSW<br><br>**ANSWER OF THE UNITED STATES OF AMERICA** |

Defendant United States of America hereby answers the plaintiffs' First Amended Complaint ("complaint") filed May 29, 2009. The numbered paragraphs in this answer correspond to the numbered paragraphs in the complaint.

**RESPONSES TO NUMBERED PARAGRAPHS**

1. Responding to Paragraph 1 of the complaint, this paragraph is a description of a party, to which no response is required. To the extent a response is required, the United States admits that Long Haul is located at 3124 Shattuck Avenue in Berkeley, California, and the remainder of this paragraph is denied.

2. Responding to Paragraph 2 of the complaint, this is a description of a party, to which no response is required. To the extent a response is required, the paragraph is denied.

3. Responding to Paragraph 3 of the complaint, the United States admits that on August 27, 2008, there was a search of the Long Haul premises. The remainder of the paragraph is denied.

4. Responding to Paragraph 4 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning what information was presented to the magistrate in connection with the search warrant because the United States did not participate in the proceedings before the magistrate to obtain the warrant. To the extent a further response is required, the paragraph is denied.

5. Responding to Paragraph 5 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

6. Responding to Paragraph 6 of the complaint, the United States admits that its agents Shaffer and Hart participated generally in the execution of the search warrant. The United States admits that the Regional Forensic Crime Laboratory received a copy of certain materials seized in the execution of the warrant and performed a search on those materials. The United States denies the remainder of the allegations in this paragraph..

7. Responding to Paragraph 7 of the complaint, the United States denies that plaintiffs are entitled to the relief they allege in this paragraph.

8. Responding to Paragraph 8 of the complaint, the paragraph is a description of the legal bases for plaintiffs' causes of action and plaintiffs' pleading of jurisdiction, to which no response is required. To the extent a response is required, the United States admits plaintiffs have alleged claims under the provisions of law described in the paragraph and denies that plaintiffs are entitled to the relief they allege in this paragraph.

9. Paragraph 9 of the complaint also contains plaintiffs' pleading of jurisdiction, which requires no response.

10. Paragraph 10 of the complaint contains plaintiffs' pleading of venue, to which no response is required.

11. Responding to Paragraph 11 of the complaint, the United States admits that Long Haul is located at the address given in the paragraph. The remainder of the paragraph is denied.

12. Responding to Paragraph 12 of the complaint, the United States admits that East Bay Prisoner Support occupies space within the premises of Long Haul. The remainder of the paragraph is denied.

13. Responding to Paragraph 13 of the complaint, the United States admits that the proper defendant is the United States of America. The remainder of the paragraph is denied.

14. Responding to Paragraph 14 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

15. Responding to Paragraph 15 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

16. Responding to Paragraph 16 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

17. Responding to Paragraph 17 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

18. Responding to Paragraph 18 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

19. Responding to Paragraph 19 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a further response is required, the paragraph is denied.

20. Responding to Paragraph 20 of the complaint, the United States admits that defendant Lisa Shaffer was a special agent of the FBI on the date of the search and participated as part of her FBI employment in the execution of the search warrant on the date and at the place described

in the complaint.  The United States also admits that Agent Shaffer has investigated threats to university faculty and other employees and Agent Shaffer participated in the criminal proceedings referenced in the third sentence of this paragraph.  The United States denies that Agent Shaffer participated in obtaining the search warrant in this case, as alleged in the fourth sentence of this paragraph.  The United States admits that Agent Shaffer participated in executing the search warrant in this case, as is generally alleged in the fourth sentence of this paragraph.  The fifth and sixth sentences of this paragraph are conclusory allegations of law, to which no response is required, but as noted already the United States admits that on the date of the search alleged in the complaint, Agent Shaffer was acting as an FBI agent.  Except as expressly admitted herein, the allegations of this paragraph are denied.

21. Responding to Paragraph 21 of the complaint, the United States admits that Mike Hart was a deputized member of the FBI on the date of the events alleged in the complaint.  The United States admits that Mr. Hart is a retired member of the Alameda County Sheriff's Department, on the date of the search alleged in the complaint, he was a deputized member of the FBI and he acted in the course of his FBI employment.  The remainder of this paragraph is denied.

22. Responding to Paragraph 22 of the complaint, this paragraph contains an allegation against Doe defendants, to which no response is required.  To the extent a further response is required, the United Stated denies that plaintiffs may purport to sue unnamed defendants.

23. Responding to Paragraph 23 of the complaint, the United States denies the allegations in this paragraph.

24. Responding to Paragraph 24 of the complaint, other than the reference to the address of Long Haul at 3124 Shattuck Avenue, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25. Responding to Paragraph 25 of the complaint, the United States admits that Long Haul sells books and provides computers to the public for free use.  Except as admitted herein, the United States denies the allegations in this paragraph.

26. Responding to Paragraph 26 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

ANSWER OF UNITED STATES OF AMERICA
C 09-0168 JSW                                               3

27. Responding to Paragraph 27 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Responding to Paragraph 28 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29. Responding to Paragraph 29 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

30. Responding to Paragraph 30 of the complaint, the United States admits that Long Haul has at some point offered computers with internet access to the public. As to the remainder of this paragraph, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

31. Responding to Paragraph 31 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

32. Responding to Paragraph 32 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

33. Responding to Paragraph 33 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

34. Responding to Paragraph 34 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

35. Responding to Paragraph 35 of the complaint, the United States admits the allegations set forth in this paragraph.

36. Responding to Paragraph 36 of the complaint, the United States denies the allegations in this paragraph.

37. Responding to Paragraph 37 of the complaint, the answering defendant admits that the Statement of Probable Cause and warrant did not make any reference to EBPS. Except as admitted herein, the allegations of this paragraph are denied.

38. Responding to Paragraph 38 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

39. Responding to Paragraph 39 of the complaint, the United States admits that on August 27,

2008, at least four officers from the UCPD (Defendants Kasiske, MacAdam, Alberts and Bauer) and at least two officers acting on behalf of the FBI (Defendant Shaffer and Defendant Hart) arrived at Long Haul. This answering defendant admits no one was inside. Except as expressly admitted herein, the allegations in this paragraph are denied.

40. Responding to Paragraph 40 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

41. Responding to Paragraph 41 of the complaint, the United States admits that members of the investigative team spent approximately two hours searching the premises, that the team did not permit anyone to enter the building during the search, that members of the team looked through the logs of individuals who borrowed books and/or purchased books. Except as expressly admitted, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

42. Responding to Paragraph 42 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

43. Responding to Paragraph 43 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

44. Responding to Paragraph 44 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

45. Responding to Paragraph 45 of the complaint, the United States denies the allegations in this paragraph.

46. Responding to Paragraph 46 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

47. Responding to Paragraph 47 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

48. Responding to Paragraph 48 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.

49. Responding to Paragraph 49 of the complaint, the United States denies the allegations in this paragraph.

ANSWER OF UNITED STATES OF AMERICA
C 09-0168 JSW                5

50. Responding to Paragraph 50 of the complaint, the United States admits that the investigative team seized CDs and computer disks. Other than as expressly admitted, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51. Responding to Paragraph 51 of the complaint, the United States denies the allegations in this paragraph.

52. Responding to Paragraph 52 of the complaint, the United States admits that a copy of the warrant was left at the Long Haul premises after the search.

53. Responding to Paragraph 53 of the complaint, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations.  The United States denies the allegations in the remainder of this paragraph.

54. Responding to Paragraph 54 of the complaint, the United States admits that counsel for plaintiffs sent letters dated October 22, 2008 and October 27, 2008, describing protections under the Privacy Protection Act.  The United States is without sufficient information to form a belief as to the truth of the allegation concerning the UCPD response alleged in this paragraph.  The United States denies the remainder of the paragraph.

55. Responding to Paragraph 55 of the complaint, the United States admits that pursuant to a stipulation dated May 19, 2009, all parties agreed that defendants would refrain from searching any of the data seized or copied from Slingshot and EBPS without advance notice to the plaintiffs.   The United States denies the remainder of the allegations in this paragraph.

56. Responding to Paragraph 56 of the complaint, the United States denies the allegations in this paragraph.

57. Responding to Paragraph 57 of the complaint, the United States denies the allegations in this paragraph.

58. Responding to Paragraph 58 of the complaint, the United States denies the allegations in this paragraph.

59. Responding to Paragraph 59 of the complaint, this paragraph is no longer operative following the Court's order granting defendants' motion to dismiss in part.  To the extent a response is

required, the United States incorporates its response to paragraphs 1-58.

60. Responding to Paragraph 60 of the complaint, this paragraph is no longer operative following the Court's order granting defendants' motion to dismiss in part. To the extent a response is required, the United States denies the allegations in this paragraph.

61. Responding to Paragraph 61 of the complaint, the United States' responses to paragraphs 1-60 are incorporated by reference.

62. Responding to Paragraph 62 of the complaint, this paragraph is not alleged against the United States. To the extent a response is required, the United States denies the allegations in this paragraph.

63. Responding to Paragraph 63 of the complaint, the United States' responses to paragraphs 1-62 are incorporated by reference.

64. Responding to Paragraph 64 of the complaint, the United States denies the allegations in this paragraph.

65. Responding to Paragraph 65 of the complaint, the United States' responses to paragraphs 1-64 are incorporated by reference.

66. Responding to Paragraph 66 of the complaint, the United States denies the allegations in this paragraph.

67. Responding to Paragraph 67 of the complaint, the United States denies the allegations in this paragraph.

## PLAINTIFFS' PRAYER FOR RELIEF

With respect to the six paragraphs in plaintiffs' prayer for relief, the United States denies that plaintiffs are entitled to any of the relief prayed for therein and deny that plaintiffs are entitled to judgment against defendant.

All allegations not specifically admitted, denied or modified, are hereby denied.

## AFFIRMATIVE DEFENSES

For further and separate answer, defendant alleges the following affirmative defenses:

1. Plaintiffs' complaint fails to state a claim upon which relief can be granted.
2. Plaintiffs failed to mitigate their damages, if any, and any award or recovery should be

reduced accordingly.

3. For each claim or cause of action, any damages or injuries alleged were proximately caused in whole or in part by the negligence, fault, carelessness, or willful acts or omissions of plaintiffs, or of parties whom this answering defendant neither controlled nor had the right to control, and not by any acts, omissions or other conduct of this answering defendant. Therefore, any damages sustained by plaintiffs are barred against defendants or must be reduced under principles of comparative fault or equitable indemnity.

4. Probable cause existed to justify the search and seizure at issue in this case.

5. Plaintiffs will be unable to establish that this defendant violated the Privacy Protection Act.

6. Plaintiffs will be unable to establish that this defendant had the requisite knowledge that the items seized were protected or qualified for protection under the Privacy Protection Act.

7. The United States asserts that it had a reasonable good faith belief in the lawfulness of the alleged conduct under 42 U.S.C.§ 2000aa-6(b).

8. The United States asserts that it had reason to believe that the immediate seizure of such materials was necessary to prevent death or serious bodily injury under 42 U.S.C. §§2000aa(a)(2), 2000aa(b)(2).

9. The United States asserts that it has no liability because the materials seized included the "contraband or the fruits of a crime or things otherwise criminally possessed, or property designed or intended for use, or which is or has been used as, the means of committing a criminal offense" under 42 U.S.C. § 2000aa-7(a), (b).

10. Plaintiffs have failed to state a claim for declaratory relief.

11. Plaintiffs have failed to state a claim for injunctive relief.

12. The United States reserves the right to amend its Answer with additional defense of which it may become aware as this matter progresses and to raise any other matter constituting an avoidance or affirmative defense.

ANSWER OF UNITED STATES OF AMERICA
C 09-0168 JSW                               8

**WHEREFORE**, Defendant prays that:

1. The complaint be dismissed;
2. Plaintiff take nothing by this action;
3. The Court enter judgment in favor of Defendant on all claims; and
4. The Court grant such other and further relief as it deems proper.

DATED: January 15, 2010

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
JONATHAN U. LEE
Assistant United States Attorney
Attorneys for Defendant USA