SCHIFF HARDIN LLP
WILLIAM J. CARROLL (CSB #118106)
wcarroll@schiffhardin.com
SARAH D. YOUNGBLOOD (CSB #244304)
syoungblood@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone:  (415) 901-8700
Facsimile:   (415) 901-8701

SARA L. ELLIS (ILSB #6224868)
sellis@schiffhardin.com
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
Telephone   (312) 258-5800
Facsimile   (312) 258-5600

Attorneys for Defendants
MITCHELL CELAYA, KAREN ALBERTS,
WILLIAM KASISKE, WADE MACADAM and
TIMOTHY J. ZUNIGA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG HAUL, INC., and EAST BAY PRISONER SUPPORT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; MITCHELL CELAYA; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; MIKE HART; LISA SHAFFER; AND DOES 1-25,<br><br>Defendants. | Case No. 3:09-cv-0168 JSW<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND FACT DISCOVERY DEADLINE** |

Plaintiffs have failed to exercise due diligence during discovery and are now seeking the Court's assistance to complete discovery they should have completed long ago. The September 15, 2010 cut-off date set by the Court was previously extended by 30 days through stipulation solely in order to accommodate Plaintiffs' counsel's request for additional time to prepare plaintiffs for their 30(b)(6) depositions, and to give Defendants additional time to engage in follow-up discovery after the deferred depositions were completed. At the time, Plaintiffs gave no inkling of any need to extend the September 15 cut-off so that *they* could conduct additional discovery. Now, weeks after that cut-off, Plaintiffs for the first time seek an additional thirty days to conduct fact discovery which could have been conducted months ago. Plaintiffs seek this additional time to pursue depositions of witnesses identified in Defendants' Initial Disclosures and specified in the parties' Initial Case Management Conference Statement. Plaintiffs' motion does not even purport to justify their decision to refrain from conducting this discovery. Their tardy attempt to now resurrect it after the initial court-imposed deadline has lapsed is baseless and should be rejected.

**I.      BACKGROUND**

This Court originally set September 15, 2010 as the deadline for completing fact discovery in this case. With this deadline in mind, the parties scheduled depositions and propounded written discovery. The parties exchanged documents, written discovery, and noticed and took depositions. Everything was on track for a timely completion of discovery. However, at the conclusion of the first day of the deposition of Plaintiff Long Haul's designated Fed. R. Civ. Pro. 30(b)(6) witness, Plaintiffs' counsel requested an adjournment of his deposition because it had become abundantly clear that he was not prepared to testify on behalf of Plaintiff Long Haul. Plaintiffs requested additional time to prepare this witness and to reschedule the deposition of the designated 30(b)(6) witness for Plaintiff East Bay Prisoner Support. Defendants noted that the proposed postponement would compromise their ability to conduct follow-up discovery prior to the September 15, 2010 cut-off date for fact discovery. As a result, the parties stipulated to

a thirty day extension of that cut-off date.  At no time during these discussions did Plaintiffs indicate any need to extend the September 15 deadline so that *they* could conduct additional discovery, and indeed never – until more than six weeks after entry of that order by the Court – indicated any intent to conduct any further discovery of any kind.

On September 21, 2010 – well past the initial discovery cut-off set by the Court – Plaintiffs' counsel for the first time indicated her intent to pursue additional discovery.  At the time, Plaintiffs' counsel proposed that the discovery cut-off and other dates be 'pushed back,' giving no indication of the reasons for the request and no description of the additional discovery she sought.[1]  On September 30, 2010, after filing the instant motion, Plaintiffs' counsel sent an email identifying four depositions she would like to take, two of which were specified in the parties' Case Management Conference Statement filed a year ago on October 2, 2009.  The third is a 30(b)(6) deposition of UCPD, a deponent which has obviously been known to Plaintiffs since the outset of this case.  The fourth is a 30(b)(6) deposition of an FBI Task Force, which has been known to Plaintiffs since, at the latest, early August, 2010, when Plaintiffs deposed various Defendants.

## II.  ARGUMENT

As an initial matter, Plaintiffs' request to extend the fact discovery deadline is untimely.  Pursuant to the stipulation entered by the parties, the purpose of the original request to extend the fact discovery deadline was 'to allow counsel for Plaintiffs additional time to prepare the 30(b)(6) witness for East Bay Prisoner Support, and *to allow defense counsel more time following that deposition to complete fact discovery.*' (Dkt. 88) (emphasis added)  Nowhere in the stipulation does it state that Plaintiffs were seeking additional time to complete fact discovery.  According to the language of the

---

[1] Defendants learned for the first time of Plaintiffs' counsel's family's health issues in her declaration filed with Plaintiffs' motion.  While sympathetic to these issues, Defendants would note that this case has been litigated by three attorneys from the Electronic Frontier Foundation.  It is not unreasonable to believe that one of the other attorneys could have provided additional assistance to Plaintiffs' counsel during this time.

1 stipulation, the deadline for Plaintiffs to complete fact discovery remained September 15, 2010.

3 The scheduling order 'control[s] the subsequent course of the action' unless modified by the court. Fed.R.Civ.P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of 'good cause.' Fed.R.Civ.P. 16(b). A court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099, 1104 (9th Cir. 1985). *See also Dedge v. Kendrick,* 849 F.2d 1398 (11th Cir. 1988) (motion filed after the scheduling order cut-off date is untimely and may be denied solely on that ground).

Here, the scheduling order set the discovery cut-off date for Plaintiffs, as opposed to Defendants, as September 15, 2010. Plaintiffs filed their motion to extend the deadline for fact discovery on September 27, 2010. Because Plaintiffs did not file their motion to extend their deadline for fact discovery prior to the cut-off date in the scheduling order, this Court should deny their motion as untimely.

Even if the Court were to find that the order entered pursuant to the parties' stipulation extended discovery for both parties until October 15, 2010, the Court should deny Plaintiffs' motion because Plaintiffs have failed to demonstrate good cause in bringing the motion. Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 469 (D.N.J. 1990); *Amcast Indus. Corp. v. Detrex Corp.,* 132 F.R.D. 213, 217 (N.D.Ind. 1990); *Forstmann,* 114 F.R.D. at 85; 6A, Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ('good cause' means scheduling deadlines cannot be met despite party's diligence). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Cf. Engleson v. Burlington Northern R.R. Co.,* 972 F.2d 1038, 1043

1  (9th Cir. 1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729, 730 (9th Cir. 1971) (same), *cert. denied,* 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1972); *Smith v. Stone,* 308 F.2d 15, 18 (9th Cir.1962) (same). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *See Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D.Me. 1985). In summary, '[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.' *Zivkovic v. Southern California Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)

Plaintiffs have not demonstrated good cause for why they could not comply with the original date of September 15, 2010 or the extended date of October 15, 2010. Plaintiffs completed the depositions of Defendants on August 3, 2010. During the deposition of Defendant Alberts on August 3, 2010, Plaintiffs learned of an event held at the Long Haul promoting a movie and talk in January 2008 by a prominent animal rights activist who had recently been released from prison that was the subject of three supplemental documents and one supplemental interrogatory response produced by Defendant Alberts on September 15, 2010. Moreover, Plaintiffs questioned Defendant Alberts during her deposition about her knowledge of that event and how that information affected the criminal investigation. Because Plaintiffs were aware of this information on August 3, 2010, Plaintiffs certainly had enough time to propound any additional interrogatories or notice any additional depositions in light of this information before the close of fact discovery on either the September or October date. Plaintiffs have failed to state to this Court how an extension of the discovery deadline would provide any needed discovery. *See Missing Link, Inc. v. Ebay, Inc.,* 2010 WL 94268 * 2 (N.D.Cal. January 6, 2010) (denying plaintiff's motion for extension of discovery deadline where the allegations of delayed production stand naked without specifics as to what still

1  needs to be discovered, and from whom).

2  Although Defendants are not required to demonstrate prejudice in order to defeat
3  Plaintiffs' motion to modify the scheduling order, they are clearly prejudiced by an
4  extension of the discovery deadline that requires them to submit to additional discovery,
5  defer ongoing efforts to prepare summary judgment motions, and potentially disrupt a
6  number of long-standing deadlines in this case which could, in turn, defer resolution by
7  means of summary judgment or otherwise. *Coleman v. Quaker Oats Co.*, 232 F.3d
8  1271, 1295 (9th Cir. 2000) (while prejudice to the party opposing the modification might
9  provide additional reasons for denying the motion, it is not required to deny a motion to
10 extend a deadline under Rule 16(b)); *Solomon v. N. Am. Life & Cas. Ins. Co.,* 151 F.3d
11 1132, 1139 (9th Cir. 1998) (extending or reopening discovery can create both prejudice
12 and undue delay). Defendants are police officers and law enforcement entities who are
13 in the business of criminal investigation and prevention, not the business of defending
14 themselves against civil litigation. The proposed extensions will unduly burden
15 Defendants, their witnesses, and their internal personnel, taking them away from their
16 duties and obligations.

17 **III.    CONCLUSION**

18 For the above stated reasons, Defendants request that this Court find Plaintiffs'
19 motion to extend the fact discovery deadline untimely, unsupported by good cause, and
20 deny Plaintiffs' motion.

22 Dated: October 1, 2010                    Respectfully submitted,

23                                          SCHIFF HARDIN LLP

24                                          By: /s/ Sara L. Ellis
                                               SARA L. ELLIS
25                                             Attorneys for Defendants
                                               MITCHELL CELAYA, KAREN
26                                             ALBERTS, WILLIAM KASISKE, WADE
                                               MACADAM and TIMOTHY J. ZUNIGA

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-5 -                                    CASE NO. 3:09-CV-0168 JSW

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND FACT DISCOVERY DEADLINE