# EXHIBIT 19

## UC BERKELEY POLICE DEPARTMENT

| Call Number | 08042165 | Printed | 08/27/2008 02:24 PM |

| Unit | Dept | DIS | ENR | ONS | LEF | ARR | BUS | REM | COM |
|------|------|-----|-----|-----|-----|-----|-----|-----|-----|
| 31 | UCPD | | 09:52:49.2 | | | | | 10:04:12.6 | |
| 35 | UCPD | | 09:52:42.3 | 09:52:38.4 | 12:14:04.5 | | | | 14:24:18 |
| 43 | UCPD | | 10:55:12.6 | 11:05:32.7 | 11:07:06.1 | | | 12:13:38.5 | |
| 73 | UCPD | | 09:52:55.3 | 10:04:19.6 | | | | 12:13:35.7 | |
| 81 | UCPD | | 09:52:52.7 | 10:04:22.2 | | | | 12:13:33.9 | |
| S22 | UCPD | | 09:52:46.8 | 10:04:24.3 | | | | 12:13:31.4 | |

## Unit Log

| Date-Time | Dept | Unit | Officer ID | Action | Comments |
|-----------|------|------|-----------|--------|----------|
| 09:53:07 | UCPD | 73 | 73 | Change Patrol | Patrol OTHER, 3124 SHATTUCK AVE, BRK |

| Category | Last Name | First Name | Middle Name | Suffix | Crim Hist | RMS Alerts |
|----------|-----------|-----------|-------------|--------|-----------|------------|
| | | Race Sex | Ethni Heigh Weigh Age | | DOB | OLN |

| Business Name | Description |

### Call Subject Statistics

| Question | Answer |

UC 000184



# SILICON VALLEY
# REGIONAL COMPUTER FORENSIC LABORATORY

## REQUEST FOR SERVICE

### CASE INFORMATION (Please print legibly. If Not Applicable, enter "NA")

| | |
|---|---|
| RCFL Case # | |
| Agency Case # | 08-02544 |

Is this the first request in this case?  ☒First Request ☐Follow-up Request
Date:

Submitting Person: BILL KASISKE
Type of Service (Check One) ☒Lab ☐Field
Suspect Name Or Case Title: ANIMAL RIGHTS

Case Agent Name: BILL KASISKE
Squad/Unit: INVESTIGATIONS
Submitting Agency: UC BERKELEY POLICE DEPT.

Case Agent Phone: 510-642-1606
Task Force? ☒No ☐Yes ▶
Task Force: ☐REACT ☐ICAC ☐JTTF ☐ ☐ Other (Specify):

Case Agent Email: KASISKE@BERKELEY.EDU
Classified Handling? ☒No ☐Yes ▶
Maximum Classification Level ☐Confidential ☐Secret ☐Top Secret ☐SCI

Case/Crime Type: STALKING
Has a Prosecutor been assigned? ☒No ☐Yes ▶
Provide Prosecutor's Name & Phone Number: Trial Prep? ☒No ☐Yes

Prosecutorial Jurisdiction: ☒State ☐Federal ☐Military ☐Other
Pending Court Dates? ☒No ☐Yes ▶
**PPA Privilege?** e.g. prelim, trial):

Service or Seizure Location (Address): LONG HAUL INFOSHOP, 3124 SHATTUCK AVE, BERKELEY, CA
Date of Seizure: 08/21/08
☒Search Warrant ☐Consent ☐Probation ☐Parole
☐Grand Jury

Suspect(s) in Custody? ☒No ☐Yes
Narcotics Related? ☒No ☐Yes
Special Master Case? ☒No ☐Yes
Privileged Information? ☐No ☐Yes NOT SURE — This includes any material specified under the Privacy Protection Act. For example any material intended for publication such as books, articles or computer programs

Were any RCFL personnel consulted in preparation of the Search Warrant? ☐Yes▶ List Name(s): ☒No or NA
Special Handling? ☒No ☐Yes ▶ If any additional "Special Handling" procedures are required please describe below or attach additional pages

List Operating Systems of all computers, if known. ☐Windows ☐Apple/Macintosh ☐Unix/Linux ☒Unknown ☐Other▶

Any of the following items submitted/anticipated? ☒None ☐Unknown ☐Palm/PDA ☐Cell Phone ☐Other▶

Has this evidence been viewed, examined or otherwise accessed by anyone prior to submission to the RCFL? ☒No ☐Yes ▶  If yes, by who? Provide full name and contact phone number.

Field Service Information | Date Service Requested: | Estimated Number of Computers: | All requests for Field Services should be submitted at least two business days prior to requested date of service

**Service Requested** — Describe in detail what examinations are needed and what type of data you expect to be present. If there are special handling requirements, please describe. Attach additional pages as needed. If you have any reports, statements or other documentation which may assist in the examination, please attach to this request.

SEE ATTACHED

| RCFL USE ONLY | Date Received: | Case Priority: | Examiner Assigned: |
|---|---|---|---|
| | Received By: | Established By: | |

Rev. Erik Harris 12-22-2004

# EXHIBIT 20

1   SCHIFF HARDIN LLP
    WILLIAM J. CARROLL (CSB #118106)
2   wcarroll@schiffhardin.com
    SARAH D. YOUNGBLOOD (CSB #244304)
3   syoungblood@schiffhardin.com
    One Market, Spear Street Tower
4   Thirty-Second Floor
    San Francisco, CA  94105
5   Telephone:   (415) 901-8700
    Facsimile:    (415) 901-8701
6
    SARA L. ELLIS (ILSB #6224868)
7   sellis@schiffhardin.com
    233 South Wacker Drive
8   Suite 6600
    Chicago, IL  60606
9   Telephone    (312) 258-5800
    Facsimile     (312) 258-5600
10
    Attorneys for Defendants
11  MITCHELL CELAYA, KAREN ALBERTS,
    WILLIAM KASISKE, WADE MACADAM and
12  TIMOTHY J. ZUNIGA

13

14                  UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16

17  LONG HAUL, INC., and EAST BAY          Case No.  3:09-cv-0168 JSW
    PRISONER SUPPORT,
18                                         **DEFENDANT WILLIAM KASISKE'S**
                 Plaintiffs,               **RESPONSES TO PLAINTIFFS'**
19                                         **REQUESTS FOR ADMISSION**
    v.
20
    UNITED STATES OF AMERICA;
21  MITCHELL CELAYA; KAREN
    ALBERTS; WILLIAM KASISKE; WADE
22  MACADAM; TIMOTHY J. ZUNIGA;
    MIKE HART; LISA SHAFFER; AND
23  DOES 1-25,

24              Defendants.

25  PROPOUNDING PARTY:  Plaintiffs LONG HAUL, INC. and EAST BAY PRISONER

26                      SUPPORT

27  RESPONDING PARTY:   Defendant WILLIAM KASISKE

28  SET NUMBER:         ONE

1    Subject to and without waiving the foregoing general and specific objections,

2  Kasiske responds as follows:  Denied.

3  **REQUEST FOR ADMISSION NO. 34:**

4    Admit that the search warrant purported to authorize a search for unspecified

5  "evidence".

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

7    Kasiske objects to this request on the grounds that it is vague and ambiguous as

8  to the terms and phrase "purported," "authorize," and "unspecified 'evidence.'"  Kasiske

9  further objects to this request to the extent that it assumes facts not in evidence.

10  Kasiske further objects to this request on the ground that it seeks information equally

11  available to the requesting party.  Kasiske further objects to this request to the extent

12  that it calls for a legal conclusion.  Kasiske further objects to this request to the extent

13  that it seeks information protected from disclosure by the attorney-client privilege and/or

14  the attorney work-product doctrine.

15    Subject to and without waiving the foregoing general and specific objections,

16  Kasiske responds as follows:  Denied.

17  **REQUEST FOR ADMISSION NO. 35:**

18    Admit that defendants or their agents made copies of Plaintiffs' data following the

19  raid.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

21    Kasiske objects to this request on the grounds that it is vague and ambiguous as

22  the term "Defendants'" and understands that term to refer specifically to defendants

23  Mitchell Celaya, Karen Alberts, William Kasiske, Wade MacAdam and Timothy J. Zuniga

24  (collectively, "University Defendants").  Kasiske further objects to this request on the

25  grounds that it is vague and ambiguous as to the terms "agents," "copies," and "data."

26  Kasiske further objects to this request to the extent that it assumes facts not in evidence.

27  Kasiske further objects to this request to the extent that it calls for a legal conclusion.

28  Kasiske further objects to this request on the ground that it is compound.  Kasiske further

1    objects to this request on the ground that it is overbroad and unduly burdensome.

2    Kasiske further objects to this request on the ground that it is argumentative, prejudicial,

3    and misleading as to the use of the term "raid."  Kasiske further objects to this request to

4    the extent it seeks information protected from disclosure by the attorney-client privilege

5    and/or the attorney work-product doctrine.

6        Subject to and without waiving the foregoing general and specific objections,

7    Kasiske responds as follows:  Kasiske admits that the University of California Berkeley

8    Police Department made copies of the hard drives and a flashdrive that were seized

9    from the Long Haul premises.

10   **REQUEST FOR ADMISSION NO. 36:**

11       Admit that defendants or their agents have retained copies of Plaintiffs' data taken

12   during the raid.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

14       Kasiske objects to this request on the grounds that it is vague and ambiguous as to

15   the term "Defendants'" and understands that term to refer specifically to defendants

16   Mitchell Celaya, Karen Alberts, William Kasiske, Wade MacAdam and Timothy J. Zuniga

17   (collectively, "University Defendants").  Kasiske further objects to this request on the

18   grounds that it is vague and ambiguous as to the terms "agents," "retained," "copies,"

19   "data, and "taken."  Kasiske further objects to this request to the extent that it assumes

20   facts not in evidence.  Kasiske further objects to this request to the extent that it calls for

21   a legal conclusion.  Kasiske further objects to this request on the ground that it is

22   compound.  Kasiske further objects to this request on the ground that it is overbroad and

23   unduly burdensome.  Kasiske further objects to this request on the ground that it is

24   argumentative, prejudicial, and misleading as to the use of the term "raid."  Kasiske

25   further objects to this request to the extent it seeks information protected from disclosure

26   by the attorney-client privilege and/or the attorney work-product doctrine.

27       Subject to and without waiving the foregoing general and specific objections,

28   Kasiske responds as follows:  Kasiske admits that the University of California Berkeley

# EXHIBIT 21

1              UNITED STATES DISTRICT COURT

2             NORTHERN DISTRICT OF CALIFORNIA

3                SAN FRANCISCO DIVISION

4

5   LONG HAUL, INC., and EAST  )
    BAY PRISONER SUPPORT,      )
6                              )
               Plaintiffs,     )
7                              )
    vs.                        )   No.  C 09-00168-JSW
8                              )
    UNITED STATES OF AMERICA;  )
9   MIGUEL CELAYA; KAREN       )
    ALBERTS; WILLIAM KASISKE;  )
10  WADE MacADAM; TIMOTHY      )
    ZUNIGA; MIKE HART; LISA    )
11  SHAFFER,                   )
                               )
12             Defendants.     )
    _____)
13

14

15

16

17            30(b)(6) DEPOSITION OF

18                 CHRIS BEESON

19      Held at the Law Offices of SchiffHardin

20    One Market Street, San Francisco, California

21      Wednesday, December 1, 2010, 10:06 a.m.

22

23

24

25  REPORTED BY:  ELAINA BULDA-JONES, RPR, CSR #11720

                          2

BARKLEY
Court Reporters

1      Q.   What function does the -- the Lab serve?

2      A.   We process computer forensic evidence for

3  law enforcement in the Bay Area.

4      Q.   And what do you mean by the term

10:18  5  "process"?

6      A.   We conduct examinations of digital

7  evidence.

8      Q.   What is the relationship between the Lab

9  and the FBI?

10:19 10           MR. LEE:  Objection.  Vague.

11  "Relationship."  The notice said "affiliation".

12           Can you try to clarify what it is you are

13  asking.

14  BY MR. ZIMMERMAN:

10:19 15      Q.   Is the Lab an arm of the FBI?

16           MR. LEE:  Same objections.

17           THE WITNESS:  The Lab is affiliated with

18  the FBI in that the FBI funds -- is its primary

19  funding source, and we generally follow FBI

10:19 20  principles and protocols as they relate to computer

21  forensic material.

22  BY MR. ZIMMERMAN:

23      Q.   What do you mean by generally follow FBI

24  protocols in that respect?

10:19 25      A.   The FBI --

13

BARKLEY
Court Reporters

```
 1              MR. LEE:  I will just object.  It's
 2   irrelevant.
 3              THE WITNESS:  The FBI provides the
 4   foundation for the processes with which we would
 5   use, provides the training for our people.
 6   BY MR. ZIMMERMAN:
 7         Q.   Are employees at the Lab employed by the
 8   FBI?
 9         A.   Not all of them.
10         Q.   So some employees at the Lab are employed
11   by the FBI?
12         A.   Yes.
13         Q.   Step back a little bit, try to get a
14   slightly bigger picture.  Who -- who is -- who
15   staffs the Lab?  Let's start with how many people
16   are staffed at the Lab?
17         A.   Today?
18         Q.   As of right now.
19         A.   We have six FBI forensic examiners that
20   are full time.  We have an administrative specialist
21   who is employed by the FBI.  I am employed by the
22   FBI.  And we currently have eight law enforcement
23   officers from different police departments around
24   the area.  And if you like, I can list them out for
25   you.
```

14

BARKLEY
Court Reporters

# EXHIBIT 22

SCHIFF HARDIN LLP
WILLIAM J. CARROLL (CSB #118106)
wcarroll@schiffhardin.com
SARAH D. YOUNGBLOOD (CSB #244304)
syoungblood@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
Telephone:   (415) 901-8700
Facsimile:    (415) 901-8701

SARA L. ELLIS (ILSB #6224868)
sellis@schiffhardin.com
233 South Wacker Drive
Suite 6600
Chicago, IL  60606
Telephone    (312) 258-5800
Facsimile     (312) 258-5600

Attorneys for Defendants
MITCHELL CELAYA, KAREN ALBERTS,
WILLIAM KASISKE, WADE MACADAM and
TIMOTHY J. ZUNIGA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG HAUL, INC., and EAST BAY PRISONER SUPPORT,<br><br>                    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; MITCHELL CELAYA; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; MIKE HART; LISA SHAFFER; AND DOES 1-25,<br><br>                    Defendants. | Case No.  3:09-cv-0168 JSW<br><br>**DEFENDANT WADE MACADAM'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   ambiguous as the term "you," and understands that term to refer specifically and solely

2   to Defendant Wade MacAdam.  MacAdam further objects to this interrogatory to the

3   extent it seeks information protected from disclosure by the attorney-client privilege and

4   the attorney work-product doctrine. MacAdam further objects to this interrogatory on the

5   ground and to the extent it assumes facts that are not in evidence.

6        Subject to and without waiving the foregoing general and specific objections,

7   MacAdam responds as follows:

8        MacAdam responds that he was not aware that EBPS publishes a newsletter until

9   after the filing and service of this lawsuit.

10   **INTERROGATORY NO. 13:**

11        Identify all facts relating to or regarding when you first ascertained that Slingshot

12   publishes a newspaper.

13   **RESPONSE TO INTERROGATORY NO. 13:**

14        MacAdam objects to this interrogatory on the grounds that it is vague and

15   ambiguous as the term "you," and understands that term to refer specifically and solely

16   to Defendant Wade MacAdam.  MacAdam further objects to this interrogatory to the

17   extent it seeks information protected from disclosure by the attorney-client privilege and

18   the attorney work-product doctrine. MacAdam further objects to this interrogatory on the

19   ground and to the extent it assumes facts that are not in evidence.

20        Subject to and without waiving the foregoing general and specific objections,

21   MacAdam responds as follows:

22        MacAdam responds that he was aware prior to the execution of the search

23   warrant that Slingshot was the name of a publication.  He was not aware whether

24   Slingshot published a newspaper.  He was not aware of the organization which

25   published "Slingshot." MacAdam further responds that he was not aware that Slingshot

26   publishes a newspaper until after the filing and service of this lawsuit.

27   **INTERROGATORY NO. 14:**

28        Identify all facts that support, contradict, or relate to your contention that you had

- 15 -

CASE NO. 3:09-CV-0168 JSW

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT WADE MACADAM'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

# EXHIBIT 23

1  SCHIFF HARDIN LLP
   WILLIAM J. CARROLL (CSB #118106)
2  wcarroll@schiffhardin.com
   SARAH D. YOUNGBLOOD (CSB #244304)
3  syoungblood@schiffhardin.com
   One Market, Spear Street Tower
4  Thirty-Second Floor
   San Francisco, CA 94105
5  Telephone: (415) 901-8700
   Facsimile: (415) 901-8701
6
   SARA L. ELLIS (ILSB #6224868)
7  sellis@schiffhardin.com
   233 South Wacker Drive
8  Suite 6600
   Chicago, IL 60606
9  Telephone   (312) 258-5800
   Facsimile   (312) 258-5600
10
   Attorneys for Defendants
11 MITCHELL CELAYA, KAREN ALBERTS,
   WILLIAM KASISKE, WADE MACADAM and
12 TIMOTHY J. ZUNIGA

13

14                UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16

| 17 | LONG HAUL, INC., and EAST BAY PRISONER SUPPORT, | Case No. 3:09-cv-0168 JSW |
|----|----|----|
| 18 | Plaintiffs, | **DEFENDANT KAREN ALBERTS' RESPONSE TO PLAINTIFFS' FIRST SET** |
| 19 | | **OF INTERROGATORIES** |
| 20 | v. | |
| 21 | UNITED STATES OF AMERICA; MITCHELL CELAYA; KAREN | |
| 22 | ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; | |
| 23 | MIKE HART; LISA SHAFFER; AND DOES 1-25, | |
| 24 | Defendants. | |

25

26

27

28

1 UC-Berkeley faculty member's home and was monitored entering the Long Haul

2 premises after the home demonstration.

3 **INTERROGATORY NO. 8:**

4 Identify all items, including photographs, originally located in the Slingshot office

5 that each member of the raid team, including you, observed or handled in connection

6 with or after the raid.

7 **RESPONSE TO INTERROGATORY NO. 8:**

8 Alberts objects to this interrogatory on the grounds that it is vague and ambiguous

9 as the term "you," and understands that term to refer specifically and solely to Defendant

10 Karen Alberts. Alberts further objects to this interrogatory on the grounds that it is vague

11 and ambiguous as to the terms "handled" and "items." Alberts further objects to this

12 interrogatory on the grounds that it is vague, ambiguous, and overbroad as to plaintiffs'

13 definition of "raid team." Alberts further objects to this interrogatory as plaintiffs'

14 definition of "Slingshot office" assumes facts not in evidence. Alberts further objects to

15 this interrogatory to the extent it is overbroad and unduly burdensome. Alberts further

16 objects to this interrogatory to the extent it seeks information protected from disclosure

17 by the attorney-client privilege and the attorney work-product doctrine Alberts further

18 objects to this interrogatory on the ground and to the extent it assumes facts that are not

19 in evidence. Alberts further objects to this interrogatory to the extent it is argumentative,

20 prejudicial, and misleading as to the use of the term "raid."

21 Subject to and without waiving the foregoing general and specific objections,

22 Alberts responds as follows:

23 Alberts responds that she was not aware of a "Slingshot office" at any time during

24 the execution of the search warrant. She further responds she did not handle any items,

25 including photographs, taken from the upstairs office or "Slingshot office" in connection

26 with or after the execution of the search warrant. Alberts further responds that she

27 observed Slingshot publications in the upstairs office or "Slingshot office" during the

28 execution of the search warrant. Alberts further responds that she is aware that Zuniga

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 12 -

DEFENDANT KAREN ALBERTS' RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

1  handled photographs located in the upstairs office or Slingshot office during the

2  execution of the search warrant but is not aware of what other members of the search

3  warrant team observed or handled from the "Slingshot office" either in connection with or

4  after the execution of the search warrant.

5  **INTERROGATORY NO. 9:**

6      Identify all dates on which you visited or examined the Long Haul premises before

7  the date of the raid and the reason for each such visit or examination.

8  **RESPONSE TO INTERROGATORY NO. 9:**

9      Alberts objects to this interrogatory on the grounds that it is vague and ambiguous

10  as the term "you," and understands that term to refer specifically and solely to Defendant

11  Karen Alberts. Alberts further objects to this interrogatory on the grounds that it is vague

12  and ambiguous as to the terms "visited," "visit," "examined," and "examination." Alberts

13  further objects to this interrogatory to the extent it is overbroad and unduly burdensome.

14  Alberts further objects to this interrogatory to the extent that it seeks information that is

15  neither relevant nor reasonably calculated to lead to the discovery of admissible

16  evidence. Alberts further objects to this interrogatory on the ground that it is compound.

17  Alberts further objects to this interrogatory to the extent it is argumentative, prejudicial,

18  and misleading as to the use of the term "raid."

19      Subject to and without waiving the foregoing general and specific objections,

20  Alberts responds as follows:

21      Alberts responds that she did not visit or examine the Long Haul premises before

22  August 27, 2008. Alberts further responds that as part of a criminal investigation, she

23  did surveillance on the Long Haul premises during a fundraiser by the animal rights

24  group, StopCalVivisection. Alberts did not enter the Long Haul premises, but rather,

25  observed the individuals enter the Long Haul premises to attend the fundraiser. Alberts

26  further responds that as part of a criminal investigation, she followed an individual,

27  known to be an animal rights activist, after a demonstration at a UC-Berkeley faculty

28  member's home and that individual went to the Long Haul premises. Alberts did not

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 13 -

1 enter the Long Haul premises, but rather, observed the individual enter the Long Haul
2 premises after the home demonstration.

3 **INTERROGATORY NO. 10:**

4 Identify all information that you had in your possession regarding Long Haul,
5 EBPS, Slingshot, and the Long Haul premises prior to the raid and how you came into
6 possession of that information.

7 **RESPONSE TO INTERROGATORY NO. 10:**

8 Alberts objects to this interrogatory on the grounds that it is vague and ambiguous
9 as the terms "you" and "your," and understands that term to refer specifically and solely
10 to Defendant Karen Alberts. Alberts further objects to this interrogatory on the grounds
11 that it is vague and ambiguous as to the term "possession." Alberts further objects to
12 this interrogatory to the extent it is overbroad and unduly burdensome. Alberts further
13 objects to this interrogatory to the extent that it seeks information that is neither relevant
14 nor reasonably calculated to lead to the discovery of admissible evidence. Alberts
15 further objects to this interrogatory on the ground that it is compound. Alberts further
16 objects to this interrogatory to the extent it is argumentative, prejudicial, and misleading
17 as to the use of the term "raid."

18 Subject to and without waiving the foregoing general and specific objections,
19 Alberts responds as follows:

20 Alberts responds that she had no information in her possession regarding EBPS.

21 Alberts further responds that she was aware that Slingshot was a publication and
22 that it published articles written by or about activism, anarchists, and animal rights
23 activists. She gained this knowledge through her work at UCBPD.

24 Alberts further responds that she was aware that the Long Haul premises was
25 used by groups or organizations to hold meetings, discussions, fundraising and
26 recreational activities. Alberts was aware that the threatening emails sent to a number of
27 UC-Berkeley faculty members originated from an IP address originating from the Long
28 Haul premises. Alberts further learned that it was unknown which individual or

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 14 -
CASE NO. 3:09-CV-0168 JSW