1    SCHIFF HARDIN LLP
     WILLIAM J. CARROLL (CSB #118106)
2    wcarroll@schiffhardin.com
     SARAH D. YOUNGBLOOD (CSB #244304)
3    syoungblood@schiffhardin.com
     One Market, Spear Street Tower, 32nd Floor
4    San Francisco, CA  94105
     Phone: (415) 901-8700 / Fax: (415) 901-8701
5
     SARA L. ELLIS (ILSB #6224868)
6    sellis@schiffhardin.com
     233 South Wacker Drive, Suite 6600
7    Chicago, IL  60606
     Phone: (312) 258-5800 / Fax: (312) 258-5600
8
     Attorneys for Defendants MITCHELL CELAYA,
9    KAREN ALBERTS, WILLIAM KASISKE, WADE
     MACADAM and TIMOTHY J. ZUNIGA
10
     MELINDA HAAG (CSB #132612)
11   United States Attorney
     JOANN M. SWANSON (CSB #88143)
12   Assistant United States Attorney
     Chief, Civil Division
13   JONATHAN U. LEE (CSB #148792)
     NEILL T. TSENG (CSB #220348)
14   Assistant United States Attorneys
     Northern District of California
15   450 Golden Gate Avenue, Box 36055
     San Francisco, CA  94102
16   Phone: (415) 436-6909 (Lee) / Fax: (415) 436-7169

17   Attorneys for the FEDERAL DEFENDANTS

18                  UNITED STATES DISTRICT COURT

19                NORTHERN DISTRICT OF CALIFORNIA

20

21   LONG HAUL, INC., and EAST BAY          Case No.  3:09-cv-0168 JSW
     PRISONER SUPPORT,
22                                          **[PROPOSED] ORDER REGARDING
                    Plaintiffs,             OBJECTIONS TO EVIDENCE
23                                          SUBMITTED BY PLAINTIFFS' LONG
     v.                                     HAUL AND EBPS IN SUPPORT OF
24                                          MOTION FOR SUMMARY JUDGMENT**
     UNITED STATES OF AMERICA;
25   MITCHELL CELAYA; KAREN
     ALBERTS; WILLIAM KASISKE; WADE
26   MACADAM; TIMOTHY J. ZUNIGA;
     MIKE HART; LISA SHAFFER; AND
27   DOES 1-25,

28                  Defendants.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

The Court, having considered Defendants Mitchell Celaya, Karen Alberts, William Kasiske, Wade Macadam, Timothy J. Zuniga, United States of America, Lisa Shaffer, and Mike Hart's objections to the evidence submitted by Plaintiffs Long Haul, Inc. and East Bay Prisoner Support in support of Plaintiffs' Motion for Summary Judgment hereby ORDERS the below Rulings on the Objections.

### DECLARATION OF MATTHEW ZIMMERMAN

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| 1. At ¶ 5, Exh. 4 – *Palmer I* at 25:18-26:3.<br><br>"If you – the three locked offices downstairs, the back one would have just been members of East Bay Prisoner Support would have had a key.  I don't know whether it was a padlock or a combination but would have had access.<br><br>The middle office, which is where The Needle Exchange was, would have just been people associated with that group.  And, again, I don't know how they do that.<br><br>And the front office I think at the time was Cycles for Change, and they would have had exclusive access to that front office." | 1. Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 2. At ¶ 5(h).<br><br>"Palmer Dep. vol. 1, 97:1-7 (describing the location of the public computer room, and noting that the door was never locked)" | 2. Mischaracterizes cited testimony – cited testimony actually states that when a group rented the back loft the door was locked. | Sustained: _____<br><br>Overruled: _____ |
| 3. At ¶ 5(i).<br><br>"Palmer Dep. vol. 1, 148:19-149:14 (Defendants | 3. Mischaracterizes cited testimony – cited testimony discusses ability to open the door if | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

CASE NO.  3:09-cv-0168 JSW

[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| forcibly entered Long Haul back door through neighboring Homeless Action Center)" | the chain isn't hooked (doesn't say it was forcefully opened) | |
| 4. At ¶ 6, Exh. 5 – Excerpts of Volume II of the deposition of Jesse Palmer (*Palmer II*) at 293:12-15, 293:16-19<br><br>"Then there was things that were being worked on on those computers that we had to recreate those – that information, those articles."<br><br>"..it was a severe amount of time was spent dealing with replacing computers and recreating items that had, but for the raid, would have just existed, and we would have been able to just go forward." | 4. Lacks Foundation (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 5. At ¶ 6, Exh. 5 – *Palmer II* at 293:6-9.<br><br>"So in terms of communicating with other organizations and the public, to the extent that the public access computers were taken, then they had to be replaced." | 5. Lacks Foundation (FRE 602); Speculative and Impermissible Lay Opinion (FRE 701) | Sustained: _____<br><br>Overruled: _____ |
| 6. At ¶ 6, Exh. 5 – *Palmer II* at 297:17-24.<br><br>"If we had not spent a month or two dealing with the aftermath of this raid, I can anticipate that there would have been events that would have been scheduled, educational events, which is the purpose of the organization, that would, you know – that were not scheduled as a result.  So that means café | 6. Lacks Foundation (FRE 602); Speculative and Impermissible Lay Opinion (FRE 701) | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

CASE NO.  3:09-cv-0168 JSW

[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| nights, potentially movies, potentially speakers that would have been presented to the public.  That's one category." | | |
| 7.   At ¶ 6(g)<br><br>"Palmer Dep. vol. 2, 313:13-314:12 (Defendants searched Long Haul's library lending logs, chilling patrons' subsequent willingness to check out books)" | 7.   Mischaracterizes cited testimony – the citation says that some people didn't want to sign up on list, not that they didn't want to check out a book. | Sustained: _____<br><br>Overruled: _____ |
| 8.   At ¶ 6, Exh. 5 – *Palmer II* at 313:18-22.<br><br>"Katherine saw police looking at the library logs and looking through those logs, and that was widely disseminated in the press in the wake of the raid that the Long Haul library logs had been examined by the police." | 8.   Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802) | Sustained: _____<br><br>Overruled: _____ |
| 9.   At ¶ 6, Exh. 5 – *Palmer II* at 314:8-12.<br><br>"... some people did not want to sign their name on that list after that because they felt that by putting their name on that list, their name could be taken, you know, and viewed by the police, and that'd make people uncomfortable." | 9.   Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802) | Sustained: _____<br><br>Overruled: _____ |
| 10. At ¶ 6, Exh. 5 – *Palmer II* at 314:18-20.<br><br>"My information is that it was examined, and my investigation for this deposition, I spoke with Katherine Miller. . ." | 10. Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802) | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

CASE NO.  3:09-cv-0168 JSW

[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| 11. At ¶ 6, Exh. 5 – *Palmer II* at 314:23-315:2.<br><br>"But my information, based on my investigation, is that they were examining it and viewing it, that they didn't physically take it, but that they were – had access, you know, unrestricted access to the information in it." | 11. Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802) | Sustained: _____<br><br>Overruled: _____ |
| 12. At ¶ 6, Exh. 5 – *Palmer II* at 315:5-8.<br><br>"I think that a reasonable person could still be reasonably worried about in the future borrowing books from Long Haul based on those set of facts." | 12. Lacks Foundation/Lacks Personal Knowledge (FRE 602); Speculative and Impermissible Lay Opinion (FRE 701) | Sustained: _____<br><br>Overruled: _____ |
| 13. At ¶ 6, Exh. 5 – *Palmer II* at 315:18-20.<br><br>"...yes, some people do express that concern and do not take out books out of the Long Haul as a result of this police raid." | 13. Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802); Speculative and Impermissible Lay Opinion (FRE 701) | Sustained: _____<br><br>Overruled: _____ |
| 14. At ¶ 6, Exh. 5 – *Palmer II* at 316:21-24.<br><br>"...people whom might have felt comfortable going to the Long Haul before the police raid felt less comfortable going to the Long Haul after the police raid, and, therefore, that would affect the sales." | 14. Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802); Speculative and Impermissible Lay Opinion (FRE 701) | Sustained: _____<br><br>Overruled: _____ |
| 15. At ¶ 6, Exh. 5 – *Palmer II* at 325:11-14.<br><br>"Q.  Did – were the Slingshot computers in the Slingshot office used for any other purpose than | 15. Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

CASE NO.  3:09-cv-0168 JSW

[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| Slingshot business?<br><br>A.  No, just Slingshot" | | |
| 16. At ¶ 6(l)<br><br>"Palmer Dep. vol. 2, 328:14-331:15 (stating that Long Haul was concerned about the possibilities or realities of police surveillance after the illegal search and seizure)" | 16. Mischaracterizes cited testimony – testimony actually says there hasn't been a meeting to discuss whether Long Haul believes it is currently subject to police surveillance but that Mr. Palmer believes it is possible that they are subject to police surveillance | Sustained: _____<br><br>Overruled: _____ |
| 17. At ¶ 6, Exh. 5 – *Palmer II* at 377:24-378:3.<br><br>"...there was an unknown number of others that were in progress.  I just know there were two people that were working – that did not have their own computer and, therefore, they were having to use the Slingshot computer to work on stuff." | 17. Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 18. At ¶ 6, Exh. 5 – *Palmer II* at 381:22 – 382:1.<br><br>"...the way we thought about our computers was that they were similar to a public library computers. They were at a library. Members of the public could use them for free. That is very similar to a public library where you can use computers for free." | 18. Speculative and Impermissible Lay Opinion (FRE 701) | Sustained: _____<br><br>Overruled: _____ |
| 19. At ¶ 7(h)<br><br>"Kasiske Dep. 72:13-17 (Kasiske did not know or remember whether the statement of probable cause | 19. Mischaracterizes cited testimony – the testimony actually says that Kasiske was sure that the statement of probable cause was available at the | Sustained: _____<br><br>Overruled: _____ |

Schiff Hardin LLP
Attorneys At Law
San Francisco

CASE NO.  3:09-cv-0168 JSW

[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| was present at the search)" | briefing; he couldn't say whether the officers looked at it.  This section doesn't discuss anything about it whether the statement of probable cause was present at the scene of the search. | |
| 20. At ¶ 7(k)<br><br>"Kasiske Dep. 76:7-11 (Kasiske did not know or remember whether the statement ofprobable cause was present at the search)" | 20. Mischaracterizes cited testimony – the cited testimony does not discuss whether the statement of probable cause was at the search, the discussion is about the pre-search briefing | Sustained: _____<br><br>Overruled: _____ |
| 21. At ¶ 7(p)<br><br>"Kasiske Dep. 98:13-15 (Defendants entered Long Haul's premises through secured back door)" | 21. Mischaracterizes cited testimony – the cited testimony only discusses that UCPD entered through a neighbor's office, there is no discussion of the back door being "secured." Later testimony discusses the fact that Long Haul's back door was actually not "secured." | Sustained: _____<br><br>Overruled: _____ |
| 22. At ¶ 7(t)<br><br>"Kasiske Dep. 109:6-19 (Defendants forcibly gained entry to Long Haul's premises)" | 22. Mischaracterizes cited testimony – the cited testimony is discussing the removal of the interior locks and even states that some of the locks weren't damaged.  The cited testimony does not concern entry into the Long Haul generally and does not discuss "forced" entry. | Sustained: _____<br><br>Overruled: _____ |
| 23. At ¶ 7(v)<br><br>"Kasiske Dep. 115:13-116:13 (explaining that Kasiske did not actually know how or whether these types of storage media | 23. Mischaracterizes cited testimony –Kasiske actually testifies in this section that he recognized there was a possibility that logs could be stored on a CD or disc. | Sustained: _____<br><br>Overruled: _____ |

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| might contain such patron logs).)" | | |
| 24. At ¶ 7(cc)<br><br>"Kasiske Dep. 138:4-19 (six computers removed from Long Haul publicly accessible Internet room)" | 24. Mischaracterizes cited testimony –.cited testimony actually states that 11 computers were removed from the "Internet room" and six of those computers seemed to be plugged in or connected. | Sustained: _____<br><br>Overruled: _____ |
| 25. At ¶ 8(d)<br><br>"Zuniga Dep. 29:11-30:9 (describing Ex. D – email Zuniga sent Alberts acknowledging that Slingshot was in some way affiliated with Long Haul)" | 25. Mischaracterizes cited testimony – the cited testimony and the email actually discuss that Slingshot "claims" some affiliation with Long haul. Zuniga does not admit nor investigate whether there is in fact an affiliation or what it is. | Sustained: _____<br><br>Overruled: _____ |
| 26. At ¶ 8(g)<br><br>"Zuniga Dep. 43:23-44:16 (describing that Zuniga was not present at Long Haul at the time that the remainder of the raid team entered the building)" | 26. Mischaracterizes cited testimony – the cited testimony actually states that Zuniga wasn't at the back door when the search team entered the building. It does not state that Zuniga wasn't at Long Haul when entry was made. | Sustained: _____<br><br>Overruled: _____ |
| 27. At ¶ 8(h)<br><br>"Zuniga Dep. 45:4-22 (explaining that Zuniga arrived after initial entry and met up with the rest of the team inside the building by entering through the back door)" | 27. Mischaracterizes cited testimony – the cited testimony actually states that Zuniga wasn't at the back door when the search team entered the building. It does not state that Zuniga wasn't at Long Haul when entry was made. | Sustained: _____<br><br>Overruled: _____ |
| 28. At ¶ 8(l)<br><br>"Zuniga Dep. 53:21-54:8 (Zuniga describes searching | 28. Mischaracterizes cited testimony – the cited testimony actually discusses Zuniga's search | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

CASE NO. 3:09-cv-0168 JSW

[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| EBPS office and cabinets for "logs, documents" and not finding any in the Slingshot office)" | of the Slingshot office. Zuniga did not search the EBPS office. | |
| 29. At ¶ 8(q)<br><br>"Zuniga Dep. 55:16-56:1 (Zuniga called Shaffer upstairs into an office)" | 29. Mischaracterizes cited testimony – the cited testimony does not discuss anything with regard to Zuniga's interactions with Shaffer. Furthermore, Zuniga later testified that he doesn't remember calling Shaffer upstairs, he just knows that she joined him at one point. | Sustained: _____<br><br>Overruled: _____ |
| 30. At ¶ 9(i)<br><br>"Shaffer Dep. 51:22-52:4 (Shaffer examined log book)" | 30. Mischaracterizes cited testimony – the cited testimony states that Shaffer only looked through the first four pages of the log book | Sustained: _____<br><br>Overruled: _____ |
| 31. At ¶ 9(n)<br><br>"Shaffer Dep. 64:21-65:1 (Shaffer searched EBPS mail)" | 31. Mischaracterizes cited testimony – Shaffer states in the cited testimony that she only looked at two envelopes that were on the top of the pile. | Sustained: _____<br><br>Overruled: _____ |
| 32. At ¶ 11(a)<br><br>"Miller Dep. 48:14-49:22 (noting that the Slingshot computer included articles for publication, layouts, and other documents prepared as part of Slingshot's creation)" | 32. Mischaracterizes cited testimony – the cited testimony does not discuss layouts being on the Slingshot computer. | Sustained: _____<br><br>Overruled: _____ |
| 33. At ¶ 12, Exh. 11 – Excerpt of deposition of Jeffrey Patrick Lyons (*Lyons)* at 85:10-12<br><br>"...looked like someone had attempted to force entry into the office." | 33. Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

CASE NO.  3:09-cv-0168 JSW

[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| 34. At ¶ 12, Exh. 11 – *Lyons* at 86:1-6<br><br>"A.  I don't remember.  I remember noticing that, like I said, forced entry had been attempted with some means that was like a pry bar or something like that.  And then I guess after – I concluded that they ultimately unscrewed the latch to the door." | 34. Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 35. At ¶ 12, Exh. 11 – *Lyons* at 86:14-21<br><br>"A.  I don't remember specifically.  I remember getting a feeling that whoever had tried to open the door had clumsily damaged an unnecessary amount of door, and I don't remember what was damaged.  I just remember considering that they unscrewed the latch, I remember noting the damage and not understanding why that had happened, considering it wasn't the means by which they gained entry." | 35. Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 36. At ¶ 12(e)<br><br>"Lyons Dep. 87:15-23 (all of EBPS's mail, including approximately 50 to 100 letters, was strewn about, taken off shelves, and out of envelopes)" | 36. Mischaracterizes cited testimony – the cited testimony does not discuss the number of letters that were around the office. | Sustained: _____<br><br>Overruled: _____ |
| 37. At ¶ 12, Exh. 11 – *Lyons* at 89:13-21<br><br>"A.  Everything.  I mean, I could tell that most of the things in the office had | 37. Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

- 10 -

CASE NO.  3:09-cv-0168 JSW

[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| been rifled through and moved around.  There was some loose CDs on the – I think out, that indicated they had been moved around also.  I noticed some CDs had been taken.  I noticed that the computer had been taken.  And – I don't remember specifically.  I do remember a lot in the office was rifled through, messed with.  It was visible that the office had been searched." | | |
| 38. At ¶ 12(g)  "Lyons Dep. 91:8-15 (missing EBPS computer contained an article or magazine that was eventually distributed)" | 38. Mischaracterizes cited testimony – the cited testimony does not discuss an article or magazine being located on the EBPS computer, instead it discusses the purpose of the EBPS computer being to "organize" EBPS's information about materials. | Sustained: _____  Overruled: _____ |
| 39. At ¶ 12(i)  "Lyons Dep. 110:16-23 (EBPS feared the FBI and police would continue to surveil their activities)" | 39. Mischaracterizes cited testimony – the cited testimony does not contain any discussion regarding the FBI | Sustained: _____  Overruled: _____ |
| 40. At ¶ 12(j)  "Lyons Dep.114:21-115:8 (EBPS feared the FBI and police would continue to surveil their activities)" | 40. Mischaracterizes cited testimony – the cited testimony does not contain any discussion regarding the FBI | Sustained: _____  Overruled: _____ |
| 41. At ¶ 13(e)  "Alberts Dep. 71:6-12 (Alberts did not know or remember whether the statement of probable cause was present at the raid)" | 41. Mischaracterizes cited testimony – this citation has nothing to do with the Statement of Probable Cause. | Sustained: _____  Overruled: _____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

CASE NO.  3:09-cv-0168 JSW

[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| 42. At ¶ 13(k)<br><br>"Alberts Dep. 112:9-11 (discussing Alberts seeing Zuniga examine the Seattle photograph)" | 42. Mischaracterizes cited testimony – the citation actually states that Alberts heard Zuniga tell Shaffer about the Seattle photographs. Alberts later testifies that she didn't recall actually seeing Zuniga looking through the photos. | Sustained: _____<br><br>Overruled: _____ |
| 43. At ¶ 13(l)<br><br>"Alberts Dep. 131:23-132:13 (Hart helped to seize computers)" | 43. Mischaracterizes cited testimony – the cited testimony actually states that Alberts wasn't positive whether or not Hart helped carry out the computers. | Sustained: _____<br><br>Overruled: _____ |
| 44. At ¶ 13(m)<br><br>"Alberts Dep. 132:1-4 (Hart provided armed guard as other officers searched Long Haul and seized materials)" | 44. Mischaracterizes cited testimony – the cited testimony states that Albert remembers Hart staying outside to watch over vehicles, whether or not he was armed is not discussed. | Sustained: _____<br><br>Overruled: _____ |
| 45. At ¶ 13(o)<br><br>"Alberts Dep. 148:13-17 (Defendants returned computers and media to Long Haul after searching them, but retained copies of drives and data)" | 45. Mischaracterizes cited testimony – the cited testimony discusses UCPD's copying of the hard drives not sent to the lab. There is no mention that these hard drives were searched, and in fact they never were. | Sustained: _____<br><br>Overruled: _____ |
| 46. At ¶ 13(p)<br><br>"Alberts Dep. 149:8-14 (Defendants returned computers and media to Long Haul after searching them, but retained copies of drives and data)" | 46. Mischaracterizes cited testimony – cited testimony says that the computers not sent to the lab were never searched. | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| 47. At ¶ 16(b)<br><br>"MacAdam Dep. 50:6-9 (MacAdam cut or removed all locks inside the Long Haul building)" | 47. Mischaracterizes cited testimony – the cited testimony states that MacAdam was tasked with removing all of the locks, but further testimony states that Zuniga assisted with some of the locks. | Sustained: _____<br><br>Overruled: _____ |
| 48. At ¶ 17(b)<br><br>"MacAdam Resp. to Pl.'s Req. for Admis. No. 25 (MacAdam cut or removed all locks inside the Long Haul building)" | 48. Mischaracterizes cited document – the discovery response cited states that MacAdam removed "some" locks.  Other testimony and evidence in the case supports the fact that both MacAdam and Zuniga removed locks in the building. | Sustained: _____<br><br>Overruled: _____ |
| 49. At ¶ 19, Exh. 18 – Excerpt of deposition of Max Harris at 73:24-74:3<br><br>"Q.   And you had on there you think an article that was gong to go into a magazine?<br><br>A.   The Zine that we were going to put out.<br><br>Q.  Did you put out the Zine?<br><br>A.  Yes." | 49. Lacks Foundation (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 50. At ¶ 20, Exh. 19 – UC Berkeley Police Department Call Log | 50. Lacks Foundation (FRE 602); Incomplete Document (FRE 106); Inadmissible Hearsay (FRE 802) | Sustained: _____<br><br>Overruled: _____ |
| 51. At ¶ 26, Exh. 25 – August 29, 2009 Email from Kasiske to Alberts and attached search terms | 51. Incomplete Document (FRE 106) | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 13 -

CASE NO.  3:09-cv-0168 JSW

[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| 52. At ¶ 27 (a)<br><br>"Zuniga Dep. Ex. D (email from Zuniga to Alberts acknowledging that Slingshot is in some way affiliated with Long Haul)" | 52. Mischaracterizes cited testimony – the cited testimony states that Slingshot "claims" an affiliation with Long Haul.  Zuniga never "acknowledges" that there is a connection between Slingshot and Long Haul. | Sustained: _____<br><br>Overruled: _____ |
| 53. At ¶ 28, Exh. 27 – Picture of "Slingshot office" | 53. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |
| 54. At ¶ 29 (a)<br><br>"Alberts Dep. Ex. D (stating that Zuniga and Alberts at least knew of a connection between Long Haul and Slingshot)" | 54. Mischaracterizes cited testimony – the cited testimony states that Slingshot "claims" an affiliation with Long Haul, not that Alberts or Zuniga knew of a connection. | Sustained: _____<br><br>Overruled: _____ |
| 55. At ¶ 30 (a)<br><br>"Alberts Dep. Ex. G (stating that Zuniga and Alberts at least knew of a connection between Long Haul and Slingshot)" | 55. Mischaracterizes cited testimony – the deposition exhibit referenced is between Kasiske and Alberts and discusses the IP addresses of the emails linking to Long Haul, it has nothing to do with a connection between Long Haul and Slingshot. | Sustained: _____<br><br>Overruled: _____ |
| **DECLARATION OF JESSE PALMER** | | |
| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
| 1.  At 2:12<br><br>"...only Slingshot members have a key." | 1.  Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 14 -

CASE NO.  3:09-cv-0168 JSW

[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| 2. At 2:17-19<br><br>"All print editions of Slingshot published since april of 1994 indicate that Slingshot is affliated with Long Haul and are located on the Long Haul premises at 3124 Shattuck Avenue, Berkeley, California. It is my understanding that the post office requires this." | 2. Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 3. At 2:22-24<br><br>"For the issue before the raid of the Long Haul premises on August 27, 2008, the print circulation of Slingshot was 16,000. The print circulation of the most recent issue of Slingshot was 19,000." | 3. Lacks Foundation (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 4. At 2:25-27<br><br>"I was informed that following the raid, after the raid team searched the Slingshot office, raid team members left a humorous *circa* 1994 photo of some nude individuals in face masks on the top of a disorganized pile of photographs on the desk in the Slingshot office." | 4. Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802) | Sustained: _____<br><br>Overruled: _____ |
| 5. At 3:3-9<br><br>"The computers seized from the Slingshot office during the raid contained current and past material published in the Slingshot publication, as well as unpublished edits of articles that were later published and materials that were never published; | 5. Lacks Foundation (FRE 602) | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

- 15 -

CASE NO. 3:09-cv-0168 JSW

[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| reading lists; and lists of distributors and producers of literature.  Also on the computer described as an "iMac" in the search warrant inventory (UC 000175) were approximately 70 photos related to tree-sitting protests and a Long Haul membership list." | | |
| 6.  At 3:18-20<br><br>"During the execution of the search warrant, police officers broke down the door to these offices and searched them.  Neither the Cycles of Change office nor the Needle Exchange office contained a computer and no materials were ultimately seized from their offices." | 6.  Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 7.  At ¶ 11, Exh. 1 – Long Haul home page as it existed at the time of the execution of the warrant | 7.  Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |
| 8.  At ¶ 11<br><br>"At the time of the raid, the Long Haul home page indicated that East Bay Prisoner Support (EBPS) disseminated information to prisoners and other members of the public." | 8.  Mischaracterizes cited document – the attached exhibit does not state that EBPS "disseminate[s] information to prisoners and other members of the public," it merely states that they have a "growing prison-related book/zine/video library and that people can "[r]ead and reply to prisoner mail." | Sustained: _____<br><br>Overruled: _____ |
| 9.  At ¶ 12, Exh. 2 – archival copies of the Slingshot home page and FAQ page | 9.  Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 16 -

CASE NO.  3:09-cv-0168 JSW
[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| 10. At ¶ 12, Exh. 3 – Slingshot webpage as it existed in 2010 | 10. Lacks Authentication (FRE 901); Exhibit Not Attached | Sustained: _____<br><br>Overruled: _____ |
| 11. At ¶ 13, Exh. 4 – Gregg Horton email BATES stamped 00270 | 11. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |
| 12. At ¶ 14, Exh. 5 – Gregg Horton email BATES stamped 00197 | 12. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |
| 13. At ¶ 15, Exh. 6 – various emails BATES stamped 00269-71 | 13. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |
| 14. At ¶ 16, Exh. 7 – photograph BATES stamped 00085. | 14. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |
| 15. At ¶ 17, Exh. 8 – picture of claimed sign over "Slingshot office" | 15. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |
| 16. At 5:4-6<br><br>"At the time of the raid, the entrance to the Slingshot office featured a prominent sign over it reading 'Slingshot.'  Attached as Exhibit 8 is a true and correct copy of a photograph of the door to the Slingshot office with the sign over the door as it appeared at the time of the raid." | 16. Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 17. At ¶ 18, Exh. 9 – "Long Haul Training/Retraining Materials" BATES stamped 00051-65 | 17. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 17 -

CASE NO.  3:09-cv-0168 JSW
[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| 18. At ¶ 19, Exh. 10 – Long Haul's Internal Revenue Service Form 990 BATES stamped 00031-39 | 18. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |
| 19. At ¶ 20, Exh. 11 – handout titled "Space at Long Haul" BATES stamped 00049 | 19. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |
| 20. At 5:18-20<br><br>"Two computers were seized from the Slingshot office during the raid which collectively contained hundreds of documents prepared as part of creating Slingshot and the Organizer, publications of Long Haul." | 20. Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 21. At ¶ 22, Exh. 12 – "sample documents" from iMac in "Slingshot office" with BATES stamps 00363-365, 00406-07, 00421-23, 00426-27, 00435, 00443-44, 00445, 00459, 00474, and 00478-80 | 21. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |
| 22. At 5:24-25<br><br>"...consisting of unpublished edits of articles, and materials that were never published in the Slingshot and Organizer publications" | 22. Lacks Foundation (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 23. At ¶ 23, Exh. 13 – "sample documents" from iMac in the "Slingshot office" with BATES stamps 00292-93, 00294, 00295-97, 00353-55 and 00383 | 23. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| 24. At 6:3-5<br><br>"...consisting of reading lists, lists of distributors and producers of literature, article ideas, and article references intended for use in the production process for the Slingshot and Organizer publications." | 24. Lacks Foundation (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 25. At ¶ 24, Exh. 14 – "sample documents" from "blue/white Power Macintosh G3" | 25. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |
| 26. At 6:10-12<br><br>"...consisting of unpublished edits of articles, and materials that were intended for but were never published in the Slingshot and Organizer publications." | 26. Lacks Foundation (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 27. At ¶ 25, Exh. 15 – "sample documents" from "blue/white Power Macintosh G3" | 27. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |
| 28. At 6:26-27<br><br>"...consisting of photos, sketches, and visual concepts for the Slingshot and Organizer publications." | 28. Lacks Foundation (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 29. At ¶ 26, Exh. 16 – picture claiming to represent Slingshot newsrack at the time of the execution of the search warrant. | 29. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 19 -

CASE NO. 3:09-cv-0168 JSW

[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| 30. At 7:10-12<br><br>"At the time of the raid, a Slingshot newsrack stood in the foyer just inside Long Haul's front door. Attached as Exhibit 16 is a photograph that accurately represents the appearance of the newsrack as of August 27, 2008, the date of the raid." | 30. Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |

**DECLARATION OF PATRICK LYONS**

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| 1. At ¶ 2, Exh. 1 – picture claiming to represent the sign on the EBPS office at the time of the execution of the search warrant. | 1. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |
| 2. At ¶ 3, Exh. 2 – "copies of documents from the computer seized from the EBPS office" with BATES stamps EBPS.21-EBPS.30 | 2. Lacks Authentication (FRE 901) | Sustained: _____<br><br>Overruled: _____ |
| 3. At 2:14-15<br><br>"The fact that EBPS disseminated information to prisoners and other members of the public was described on the EBPS MySpace page at the time of the raid." | 3. Lacks Foundation (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 4. At 2:5-13<br><br>"Attached as Exhibit 2 are true and correct copies of documents from the computer seized from the EBPS office during the raid of August 27, 2008, including a file that contains the names, addresses, and email | 4. Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 20 -                                    CASE NO.  3:09-cv-0168 JSW
[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| addresses of infoshops, distributors, publishers and other groups to which EBPS distributed prisoner-related literature and from which EBPS received literature and other materials; two files containing draft outlines and notes related to a proposed article about political prisoner support that EBPS was asked to write for publication; and a file containing a draft article memorializing a political prisoner." | | |
| 5.  At ¶ 4, Exh. 3 – EBPS MySpace page as it allegedly existed in 2010. | 5.  Lacks Authentication (FRE 901) | Sustained: _____ <br><br> Overruled: _____ |
| 6.  At 2:17-19 <br><br> "The "About Me" description of the organization (see EBPS 3 – EBPS 4) appears the same in this Exhibit as it did at the time of the raid on August 27, 2008." | 6.  Lacks Foundation (FRE 602) | Sustained: _____ <br><br> Overruled: _____ |

### DECLARATION OF KATHRYN MILLER

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| 1.  At 2:4-5 <br><br> "On August 27, 2008, I heard that there were officers in the Long Haul and I went to see what was going on." | 1.  Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802) | Sustained: _____ <br><br> Overruled: _____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 21 -

CASE NO.  3:09-cv-0168 JSW
[PROPOSED] ORDER REGARDING OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' LONG HAUL AND EBPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| Material Objected to: | Grounds for Objection: | Ruling on the Objection: |
|---|---|---|
| 2.  At 2:18-22<br><br>"...saw that officers had pried open the Slingshot door.  Inside the office, I saw that files had been pulled out of the main filing cabinet where we keep materials for the paper, including artwork, public-domain clip-art, photos that were taken for inclusion in the newspaper, and also photos and clippings that were collected from other sources for inclusion in Slingshot." | 2.  Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 3.  At 2:25-26<br><br>"It was clear that they had been gone through because if the file had simply been opened and left there, the photos would have been more clumped together." | 3.  Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |
| 4.  At 3:2-5<br><br>"When we publish photos in Slingshot we sometimes obscure the faces of the persons in them to protect their privacy.  For example, if we publish photos of political demonstrations we may obscure the facts of demonstrators.  In our most recent issue we drew masks over the facts of persons who were squatting in a vacant house." | 4.  Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Sustained: _____<br><br>Overruled: _____ |

SO ORDERED.

Dated: _____      _____
                                                    Honorable Jeffrey S. White

SF\9972110.1

- 22 -                                               CASE NO.  3:09-cv-0168 JSW