Jennifer Stisa Granick (State Bar No. 168423)
Matt Zimmerman (State Bar No. 212423)
Marcia Hofmann (State Bar No. 250087)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone:    (415) 436-9333
Facsimile:    (415) 436-9993
Email:        jennifer@granick.com
              mattz@eff.org
              marcia@eff.org

Michael T. Risher (State Bar No. 191627)
AMERICAN CIVIL LIBERTIES FOUNDATION
   OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone:    (415) 621-2493
Facsimile:    (415) 255-8437
Email:        mrisher@aclunc.org

Attorneys for Plaintiffs
LONG HAUL, INC. AND EAST BAY
PRISONER SUPPORT

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LONG HAUL, INC. and EAST BAY PRISONER SUPPORT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; MITCHELL CELAYA; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; MIKE HART; LISA SHAFFER; AND DOES 1-25,<br><br>Defendants. | ) Case No. C 09-00168-JSW<br>)<br>)<br>)<br>)<br>)<br>)<br>) **[PROPOSED] ORDER REGARDING**<br>) **DEFENDANTS' EVIDENTIARY**<br>) **OBJECTIONS**<br>)<br>)<br>)<br>)<br>)<br>) |

The Court, having considered Defendants' objections to the evidence submitted by Plaintiffs in support of Plaintiffs' Motion for Summary Judgment as well as Plaintiffs' response to those objections, hereby ORDERS the following rulings on the objections.

## DECLARATION OF MATTHEW ZIMMERMAN

| | MATERIAL | SUMMARY OF OBJECTION | RESPONSE | RULING |
|---|---|---|---|---|
| 1. | At ¶ 5, Exh. 4 – *Palmer I* 25:18-26:3.<br><br>"If you – the three locked offices downstairs, the back one would have just been members of East Bay Prisoner Support would have had a key. I don't know whether it was a padlock or a combination but would have had access.<br><br>The middle office, which is where The Needle Exchange was, would have just been people associated with that group. And, again, I don't know how they do that.<br><br>And the front office I think at the time was Cycles for Change, and they would have had exclusive access to that front office." | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Palmer was testifying as Plaintiff Long Haul's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). Palmer has been a member of Long Haul since 1994. Palmer Dep. vol. 1 21:14-21 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶ 2a). He has been involved with Slingshot continuously since 1988, except during one year when he lived on the East Coast. *Id.* 78:21-79:13 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶ 2d). He has a key to the Long Haul building, and authority to sign checks on Long Haul's bank account. | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | | | *Id.* 23:21-24:6, 75:22-76:5 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶¶ 2b & c). He knows the process by which Long Haul rents office space. *Id.* 99:16-100:7 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶ 2e). He staffs the Long Haul every week. Palmer Dep. vol. 2 315:15-20 (attached to the Declaration of Matthew Zimmerman at ¶ 6i) (Docket No. 106). Palmer's personal knowledge of matters concerning Long Haul and Slingshot's business and operation, as well as the physical appearance of the Long Haul building, can be inferred from his tenure and position at the organization. *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1101-02 (C.D. Cal. 2007). | |
| 2. | At ¶ 5(h). "Palmer Dep. vol. 1, 97:1-7 (describing the location of the public computer room, and noting that the door was | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, | Sustained: ___ Overruled: ___ |

2

| | | | |
|---|---|---|---|
| never locked)" | | not the description of the exhibits. The substance of the exhibits speaks for itself. | |
| 3. At ¶ 5(i).<br><br>"Palmer Dep. vol. 1, 148:19-149:14 (Defendants forcibly entered Long Haul back door through neighboring Homeless Action Center)" | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 4. At ¶ 6, Exh. 5 – Excerpts of Volume II of the deposition of Jesse Palmer (*Palmer II*) at 293:12-15, 293:16-19.<br><br>"Then there was things that were being worked on on those computers that we had to recreate those – that information, those articles."<br><br>" . . . it was a severe amount of time was spent dealing with replacing computers and recreating items that had, but for the raid, would have just existed, and we would have been able to just go forward." | Lacks Foundation (FRE 602) | Palmer was testifying as Plaintiff Long Haul's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 5. | At ¶ 6, Exh. 5 – *Palmer II* at 293:6-9.<br><br>"So in terms of communicating with other organizations and the public, to the extent that the public access computers were taken, then they had to be replaced." | Lacks Foundation (FRE 602); Speculative and Impermissible Lay Opinion (FRE 701) | Palmer was testifying as Plaintiff Long Haul's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___<br><br>Overruled: ___ |
| 6. | At ¶ 6, Exh. 5 – *Palmer II* at 297:17-24.<br><br>"If we had not spent a month or two dealing with the aftermath of this raid, I can anticipate that there would have been events that would have been scheduled, educational events, which is the purpose of the organization, that would, you know – that were not scheduled as a result. So that means café nights, potentially movies, potentially speakers that would have been presented to the public. That's one category." | Lacks Foundation (FRE 602); Speculative and Impermissible Lay Opinion (FRE 701) | Palmer was testifying as Plaintiff Long Haul's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___<br><br>Overruled: ___ |

4

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 7. | At ¶ 6(g).<br><br>"Palmer Dep. vol. 2, 313:13-314:12 (Defendants searched Long Haul's library lending logs, chilling patrons' subsequent willingness to check out books)" | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 8. | At ¶ 6, Exh. 5 – *Palmer II* at 313:18-22.<br><br>"Katherine saw police looking at the library logs and looking through those logs, and that was widely disseminated in the press in the wake of the raid that the Long Haul library logs had been examined by the police." | Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802) | Palmer was testifying as Plaintiff Long Haul's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___<br><br>Overruled: ___ |
| 9. | At ¶ 6, Exh. 5 – *Palmer II* at 314:8-12.<br><br>". . . some people did not want to sign their name on that list after that because they felt that by putting their name on that list, their name could be taken, | Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802) | Palmer was testifying as Plaintiff Long Haul's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or | Sustained: ___<br><br>Overruled: ___ |

5

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | you know, and viewed by the police, and that'd make people uncomfortable." | | reasonably available to the organization"). His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | |
| 10. | At ¶ 6, Exh. 5 – *Palmer II* at 314:18-20.<br><br>"My information is that it was examined, and my investigation for this deposition, I spoke with Katherine Miller . . ." | Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802) | Palmer was testifying as Plaintiff Long Haul's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___<br><br>Overruled: ___ |
| 11. | At ¶ 6, Exh. 5 – *Palmer II* at 314:23-315:2.<br><br>"But my information, based on my investigation, is that they were examining it and viewing it, that they didn't physically take it, but that they were – had access, you know, | Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802) | Palmer was testifying as Plaintiff Long Haul's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available | Sustained: ___<br><br>Overruled: ___ |

6

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | unrestricted access to the information in it." | | to the organization"). His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | |
| 12. | At ¶ 6, Exh. 5 – *Palmer II* at 315:5-8.  "I think that a reasonable person could still be reasonably worried about in the future borrowing books from Long Haul based on those set of facts." | Lacks Foundation/Lacks Personal Knowledge (FRE 602); Speculative and Impermissible Lay Opinion (FRE 701) | This is a permissible lay opinion based on Palmer's interactions with patrons over his 16 years of experience staffing Long Haul every week. Palmer Dep. vol. 2 at 315:10-20 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶ 4a; Declaration of Matthew Zimmerman at ¶ 6i (Docket No. 106)). Some patrons "do … not take books out of the Long Haul as a result of this police raid." *Id.* | Sustained: ___  Overruled: ___ |
| 13. | At ¶ 6, Exh. 5 – *Palmer II* at 315:18-20.  " . . . yes, some people do express that concern and do not take out books out of the Long Haul as a result of this police raid." | Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802); Speculative and Impermissible Lay Opinion (FRE 701) | Palmer was testifying as Plaintiff Long Haul's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). | Sustained: ___  Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 1 2 3 4 5 6 | | | | His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | |
| 7 8 9 10 11 12 13 14 15 16 17 18 19 | 14. | At ¶ 6, Exh. 5 – *Palmer II* at 316:21-24. "... people whom might have felt comfortable going to the Long Haul before the police raid felt less comfortable going to the Long Haul after the police raid, and, therefore, that would affect the sales." | Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802); Speculative and Impermissible Lay Opinion (FRE 701) | Palmer was testifying as Plaintiff Long Haul's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___  Overruled: ___ |
| 20 21 22 23 24 25 26 27 | 15. | At ¶ 6, Exh. 5 – *Palmer II* at 325:11-14. "Q. Did – were the Slingshot computers in the Slingshot office used for any other purpose than Slingshot business? A. No, just Slingshot" | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Palmer was testifying as Plaintiff Long Haul's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). His personal | Sustained: ___  Overruled: ___ |
| 28 | | | | | |

8

| | | | | |
|---|---|---|---|---|
| | | | knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | |
| 16. | At ¶ 6(l). "Palmer Dep. vol. 2, 328:14-331:15 (stating that Long Haul was concerned about the possibilities or realities of police surveillance after the illegal search and seizure)." | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___ Overruled: ___ |
| 17. | At ¶ 6, Exh. 5 – *Palmer II* at 377:24-378:3. " . . . there was an unknown number of others that were in progress. I just know there were two people that were working – that did not have their own computer and, therefore, they were having to use the Slingshot computer to work on stuff." | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Palmer was testifying as Plaintiff Long Haul's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___ Overruled: ___ |

9

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| 18. | At ¶ 6, Exh. 5 – *Palmer II* at 381:22 – 382:1.<br><br>" . . . the way we thought about our computers was that they were similar to a public library computers.<br><br>They were at a library. Members of the public could use them for free. That is very similar to a public library where you can use computers for free." | Speculative and Impermissible Lay Opinion (FRE 701) | Palmer was testifying as Plaintiff Long Haul's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___<br><br>Overruled: ___ |
| 19. | At ¶ 7(h).<br><br>"Kasiske Dep. 72:13 17 (Kasiske did not know or remember whether the statement of probable cause was present at the search)" | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 20. | At ¶ 7(k).<br><br>"Kasiske Dep. 76:7 11 (Kasiske did not know or remember whether the statement of probable cause was present at the search)" | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | | | itself. | |
| 21. | At ¶ 7(p).<br><br>"Kasiske Dep. 98:13 15 (Defendants entered Long Haul's premises through secured back door)" | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 22. | At ¶ 7(t).<br><br>"Kasiske Dep. 109:6 19 (Defendants forcibly gained entry to Long Haul's premises)" | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 23. | At ¶ 7(v).<br><br>"Kasiske Dep. 115:13-116:13 (explaining that Kasiske did not actually know how or whether these types of storage media might contain such patron logs).)" | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 24. | At ¶ 7(cc).<br><br>"Kasiske Dep. 138:4 19 (six computers removed from Long Haul publicly accessible Internet | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the | Sustained: ___<br><br>Overruled: ___ |

11

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | room)" | | substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | |
| 25. | At ¶ 8(d). "Zuniga Dep. 29:11 30:9 (describing Ex. D – email Zuniga sent Alberts acknowledging that Slingshot was in some way affiliated with Long Haul)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___ Overruled: ___ |
| 26. | At ¶ 8(g). "Zuniga Dep. 43:23-44:16 (describing that Zuniga was not present at Long Haul at the time that the remainder of the raid team entered the building)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___ Overruled: ___ |
| 27. | At ¶ 8(h). "Zuniga Dep. 45:4-22 (explaining that Zuniga arrived after initial entry and met up with the rest of the team inside the building by entering through the back door)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___ Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| 28. | At ¶ 8(l).<br><br>"Zuniga Dep. 53:21 54:8 (Zuniga describes searching EBPS office and cabinets for "logs, documents" and not finding any in the Slingshot office)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| --- | --- | --- | --- | --- |
| 29. | At ¶ 8(q).<br><br>"Zuniga Dep. 55:16 56:1 (Zuniga called Shaffer upstairs into an office)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 30. | At ¶ 9(i).<br><br>"Shaffer Dep. 51:22 52:4 (Shaffer examined log book)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 31. | At ¶ 9(n). "Shaffer Dep. 64:21-65:1 (Shaffer searched EBPS mail)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of | Sustained: ___<br><br>Overruled: ___ |

13

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | | | the exhibits. The substance of the exhibit speaks for itself. | |
| 32. | At ¶ 11(a).<br><br>"Miller Dep. 48:14 49:22 (noting that the Slingshot computer included articles for publication, layouts, and other documents prepared as part of Slingshot's creation)" | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 33. | At ¶ 12, Exh. 11 – Excerpt of deposition of Jeffrey Patrick Lyons (Lyons Dep.) at 85:10-12.<br><br>" . . . looked like someone had attempted to force entry into the office." | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Lyons was testifying as Plaintiff EBPS's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). Lyons is a founder and one of the three members of East Bay Prisoner Support. Lyons Dep. 7:23-8:14 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶ 6a). This raises at least an inference that he would know what the door to the EBPS office usually looks like and that it had been damaged. | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 34. | At ¶ 12, Exh. 11 – Lyons Dep. at 86:1-6.<br><br>"A. I don't remember. I remember noticing that, like I said, forced entry had been attempted with some means that was like a pry bar or something like that. And then I guess after – I concluded that they ultimately unscrewed the latch to the door." | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Lyons was testifying as Plaintiff EBPS's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). He is a founder and one of the three members of East Bay Prisoner Support. Lyons Dep. 7:23-8:14 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶ 6a). This raises at least an inference that he would know what the door to the EBPS office usually looks like and that it had been damaged. | Sustained: ____<br><br>Overruled: ____ |
| 35. | At ¶ 12, Exh. 11 – Lyons Dep. at 86:14-21.<br><br>"A. I don't remember specifically. I remember getting a feeling that whoever had tried to open the door had clumsily damaged an unnecessary amount of door, and I don't remember what was damaged. I just remember considering that they unscrewed the latch, I remember noting the damage and not understanding why that had happened, considering it wasn't the | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Lyons was testifying as Plaintiff EBPS's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). He is a founder and one of the three members of East Bay Prisoner Support. Lyons Dep. 7:23-8:14 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶ 6a). This raises at least an inference that he would know what the door to the EBPS office usually looks | Sustained: ____<br><br>Overruled: ____ |

15

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 1<br>2 | | means by which they gained entry." | | like and that it had been damaged. | |
| 3<br>4<br>5<br>6<br>7<br>8<br>9 | 36. | At ¶ 12(e).<br><br>"Lyons Dep. 87:15-23 (all of EBPS's mail, including approximately 50 to 100 letters, was strewn about, taken off shelves, and out of envelopes)" | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 37. | At ¶ 12, Exh. 11 – Lyons Dep. at 89:13-21.<br><br>"A. Everything. I mean, I could tell that most of the things in the office had been rifled through and moved around. There was some loose CDs on the – I think out, that indicated they had been moved around also. I noticed some CDs had been taken. I noticed that the computer had been taken. And – I don't remember specifically. I do remember a lot in the office was rifled through, messed with. It was visible that the office had been searched." | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Lyons was testifying as Plaintiff EBPS's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). The foundation can be inferred from Lyons's position at EBPS. He is a founder and one of the three members of East Bay Prisoner Support.  Lyons Dep. 7:23-8:14 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶ 6a). It is a reasonable inference that someone so familiar with the EBPS office would certainly be able to recognize that the | Sustained: ___<br><br>Overruled: ___ |
| 28 | | | | | |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | | | office was in disarray, and that a computer had been removed from it. | |
| 38. | At ¶ 12(g).<br><br>"Lyons Dep. 91:8-15 (missing EBPS computer contained an article or magazine that was eventually distributed)" | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 39. | At ¶ 12(i).<br><br>"Lyons Dep. 110:16 23 (EBPS feared the FBI and police would continue to<br> surveil their activities)" | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 40. | At ¶ 12(j).<br><br>"Lyons Dep.114:21-115:8 (EBPS feared the FBI and police would continue to surveil their activities)" | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 41. | At ¶ 13(e).<br><br>"Alberts Dep. 71:6-12 (Alberts did not know or remember whether the statement of probable cause was present at the raid)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 42. | At ¶ 13(k).<br><br>"Alberts Dep. 112:9-11 (discussing Alberts seeing Zuniga examine the Seattle photograph)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 43. | At ¶ 13(l).<br><br>"Alberts Dep. 131:23-132:13 (Hart helped to seize computers)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 44. | At ¶ 13(m).<br><br>"Alberts Dep. 132:1-4 (Hart provided armed guard as other officers searched Long Haul and seized materials)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | | | the exhibits. The substance of the exhibit speaks for itself. | |
| 45. | At ¶ 13(o).<br><br>"Alberts Dep. 148:13-17 (Defendants returned computers and media to Long Haul after searching them, but retained copies of drives and data)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 46. | At ¶ 13(p).<br><br>"Alberts Dep. 149:8-14 (Defendants returned computers and media to Long Haul after searching them, but retained copies of drives and data)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 47. | At ¶ 16(b).<br><br>"MacAdam Dep. 50:6-9 (MacAdam cut or removed all locks inside the Long Haul building)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits.  The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 48. | At ¶ 17(b).<br><br>"MacAdam Resp. to Pl.'s Req. for Admis. No. 25 (MacAdam cut or removed all locks inside the Long Haul building)" | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 49. | At ¶ 19, Exh. 18 – Excerpt of deposition of Max Harris at 73:24-74:3.<br><br>"Q. And you had on there you think an article that was gong to go into a magazine?<br><br>A. The Zine that we were going to put out.<br><br>Q. Did you put out the Zine?<br><br>A. Yes." | Lacks Foundation (FRE 602) | Harris was testifying as Plaintiff EBPS's 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). Harris is a founding member of EBPS who arrived at the organization's officer immediately after the raid.<br>Harris Dep. 40:5-7, 70:5-13 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶¶ 7a & b; Declaration of Matthew Zimmerman at ¶ 19a (Docket No. 106)). He had been working on the zine before the raid. *Id.* 71:22-72:12 (attached to the Supplemental Declaration of Matthew Zimmerman | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | | | at ¶ 7c). This is sufficient foundation to show that he knew what the organization was doing at the time. | |
| 50. | At ¶ 20, Exh. 19 – UC Berkeley Police Department Call Log | Lacks Foundation (FRE 602); Incomplete Document (FRE 106); Inadmissible Hearsay (FRE 802) | This document is authenticated because, as noted in the cited paragraph, it was produced by defendants in discovery. *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996) It is not hearsay because it is a statement of the agent of a party opponent. FRE 801(d)(2)(D). | Sustained: ___<br><br>Overruled: ___ |
| 51. | At ¶ 26, Exh. 25 – August 29, 2009 Email from Kasiske to Alberts and attached search terms | Incomplete Document (FRE 106) | The entire six-page attachment was filed (though in redacted form) as Exhibit V to Defendant Kasiske's declaration (Docket Nos. 115 and 115-22). Defendants have refused to provide an unredacted copy of the document. | Sustained: ___<br><br>Overruled: ___ |
| 52. | At ¶ 27 (a).<br><br>"Zuniga Dep. Ex. D (email from Zuniga to Alberts acknowledging that Slingshot is in some way affiliated with Long Haul)" | Mischaracterizes cited testimony | Irrelevant. Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits. The substance of the exhibit speaks for | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | | | itself. | |
| 53. | At ¶ 28, Exh. 27 – Picture of "Slingshot office" | Lacks Authentication (FRE 901) | A properly authenticated copy of this photograph was filed as Exhibit 8 to the Palmer Declaration (Docket Nos. 108 and 108-8), authenticated by paragraph 17 of that declaration, and Exhibit 1 of the Supplemental Miller Declaration, authenticated by paragraph 3 of that declaration. | Sustained: ___ Overruled: ___ |
| 54. | At ¶ 29 (a). "Alberts Dep. Ex. D (stating that Zuniga and Alberts at least knew of a connection between Long Haul and Slingshot)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits.  The substance of the exhibit speaks for itself. | Sustained: ___ Overruled: ___ |
| 55. | At ¶ 30 (a). "Alberts Dep. Ex. G (stating that Zuniga and Alberts at least knew of a connection between Long Haul and Slingshot)" | Mischaracterizes cited testimony | Irrelevant.  Objection is to summary of included exhibits, not to the exhibits themselves. Plaintiffs rely on the substance of exhibits, not the description of the exhibits.  The substance of the exhibit speaks for itself. | Sustained: ___ Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

DECLARATION OF JESSE PALMER

| | | MATERIAL | SUMMARY OF OBJECTION | RESPONSE | RULING |
|---|---|---|---|---|---|
| 1. | | At 2:12.<br><br>" . . . only Slingshot members have a key." | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. *See* Fed.R.Civ.P. 30(b)(6) (allowing an organization to designate a person to testify on its behalf, who shall testify as to "matters known or reasonably available to the organization"). Palmer has been a member of Long Haul since 1994. Palmer Dep. vol. 1 21:14-21 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶ 2a). He has been involved with Slingshot continuously since 1988, except during one year when he lived on the East Coast. *Id.* 78:21-79:13 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶ 2d). He has a key to the Long Haul | Sustained: ___<br><br>Overruled: ___ |

23

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | | building, and authority to sign checks on Long Haul's bank account. *Id.* 23:21-24:6, 75:22-76:5 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶¶ 2b & c).  He knows the process by which Long Haul rents office space. *Id.* 99:16-100:7.  Palmer's personal knowledge of matters concerning Long Haul and Slingshot's business and operation, as well as the physical appearance of the Long Haul building, can be inferred from his tenure and position at the organization. *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1101-02 (C.D. Cal. 2007). | |
| 2. | At 2:17-19.<br><br>"All print editions of Slingshot published since April of 1994 indicate that Slingshot is affiliated with Long Haul and are located on the Long Haul premises at 3124 Shattuck Avenue, Berkeley, California. It is my | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. His personal knowledge of these matters can | Sustained: ___<br><br>Overruled: ___ |

24

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | understanding that the post office requires this." | | be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | |
| 3. | At 2:22-24.<br><br>"For the issue before the raid of the Long Haul premises on August 27, 2008, the print circulation of Slingshot was 16,000. The print circulation of the most recent issue of Slingshot was 19,000." | Lacks Foundation (FRE 602) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___<br><br>Overruled: ___ |
| 4. | At 2:25-27.<br><br>"I was informed that following the raid, after the raid team searched the Slingshot office, raid team members left a humorous *circa* 1994 photo of some nude individuals in face masks on the top of a disorganized pile of photographs on the desk in the Slingshot office." | Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802) | Conceded; however, this same information is properly before the court in the Declaration of Kathryn Miller at ¶ 8 (Docket No. 109) in which Ms. Miller describes what she saw in the Slingshot officer immediately after the raid. | Sustained: ___<br><br>Overruled: ___ |
| 5. | At 3:3-9.<br><br>"The computers seized from the Slingshot office during the raid contained current and past material published in the Slingshot publication, as well as unpublished edits | Lacks Foundation (FRE 602) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | of articles that were later published and materials that were never published; reading lists; and lists of distributors and producers of literature. Also on the computer described as an 'iMac' in the search warrant inventory (UC 000175) were approximately 70 photos related to tree-sitting protests and a Long Haul membership list." | | matters stated in his declaration. His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | |
| 6. | At 3:18-20. "During the execution of the search warrant, police officers broke down the door to these offices and searched them. Neither the Cycles of Change office nor the Needle Exchange office contained a computer and no materials were ultimately seized from their offices." | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___ Overruled: ___ |
| 7. | At ¶ 11, Exh. 1 – Long Haul home page as it existed at the time of the execution of the warrant. | Lacks Authentication (FRE 901) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. | Sustained: ___ Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 8. | At ¶ 11.<br><br>"At the time of the raid, the Long Haul home page indicated that East Bay Prisoner Support (EBPS) disseminated information to prisoners and other members of the public." | Mischaracterizes cited document | Cited document speaks for itself. EBPS has a library and replies to prisoner mail, which means it disseminates information to prisoners and the public. | Sustained: ___<br><br>Overruled: ___ |
| 9. | At ¶ 12, Exh. 2 – archival copies of the Slingshot home page and FAQ page. | Lacks Authentication (FRE 901) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. | Sustained: ___<br><br>Overruled: ___ |
| 10. | At ¶ 12, Exh. 3 – Slingshot webpage as it existed in 2010. | Lacks Authentication (FRE 901); Exhibit Not Attached | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. The exhibit was | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | | | properly attached (see Docket No. 108-3). | |
| 11. | At ¶ 13, Exh. 4 – Gregg Horton email BATES stamped 00270. | Lacks Authentication (FRE 901) | Palmer is a longstanding member of Long Haul and Slingshot and is on the email list to which this email was sent and responded to it. *See* Palmer Declaration, Exh. 6 p.4 (Docket No. 108-6). This exhibit is also authenticated by the Supplemental Miller Declaration at ¶¶ 4 and 6 and Exhibit 3 to that Declaration. | Sustained: ____<br>Overruled: ____ |
| 12. | At ¶ 14, Exh. 5 – Gregg Horton email BATES stamped 00197. | Lacks Authentication (FRE 901) | Palmer is a longstanding member of Long Haul and Slingshot and is on the email list to which this email was sent. This exhibit is also authenticated by the Supplemental Miller Declaration at ¶¶ 4 and 8 and Exhibit 5 to that Declaration. | Sustained: ____<br>Overruled: ____ |
| 13. | At ¶ 15, Exh. 6 – various emails BATES stamped 00269-71. | Lacks Authentication (FRE 901) | The witness is a longstanding member of Long Haul and Slingshot and is on the email list to which this email was sent. This exhibit is also authenticated by the | Sustained: ____<br>Overruled: ____ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | Supplemental Miller Declaration at ¶¶ 5-7 and Ex. 2-4. | |
|---|---|---|---|---|
| 14. | At ¶ 16, Exh. 7 – photograph BATES stamped 00085. | Lacks Authentication (FRE 901) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. | Sustained: ___<br><br>Overruled: ___ |
| 15. | At ¶ 17, Exh. 8 – picture of claimed sign over "Slingshot office" | Lacks Authentication (FRE 901) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. This photograph is also authenticated in the Supplemental Miller Declaration at ¶ 3 & Ex. 1. | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 16. | At 5:4-6.<br><br>"At the time of the raid, the entrance to the Slingshot office featured a prominent sign over it reading 'Slingshot.' Attached as Exhibit 8 is a true and correct copy of a photograph of the door to the Slingshot office with the sign over the door as it appeared at the time of the raid." | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. This information is also contained in the Supplemental Miller Declaration at ¶ 3 & Ex. 1. | Sustained: ___<br><br>Overruled: ___ |
| 17. | At ¶ 18, Exh. 9 – "Long Haul Training/Retraining Materials" BATES stamped 00051-65. | Lacks Authentication (FRE 901) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. | Sustained: ___<br><br>Overruled: ___ |
| 18. | At ¶ 19, Exh. 10 – Long Haul's Internal Revenue Service Form 990 BATES stamped 00031-39. | Lacks Authentication (FRE 901) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | | | knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. | |
| 19. | At ¶ 20, Exh. 11 – handout titled "Space at Long Haul" BATES stamped 00049. | Lacks Authentication (FRE 901) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. | Sustained: ___<br>Overruled: ___ |
| 20. | At 5:18-20.<br><br>"Two computers were seized from the Slingshot office during the raid which collectively contained hundreds of documents prepared as part of creating Slingshot and the Organizer, publications of Long Haul." | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___<br>Overruled: ___ |

31

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 21. | At ¶ 22, Exh. 12 – "sample documents" from iMac in "Slingshot office" with BATES stamps 00363-365, 00406-07, 00421-23, 00426-27, 00435, 00443-44, 00445, 00459, 00474, and 00478-80. | Lacks Authentication (FRE 901) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. Witness reviewed the contents of the Slingshot computers in question. | Sustained: ___<br><br>Overruled: ___ |
| 22. | At 5:24-25.<br><br>" . . . consisting of unpublished edits of articles, and materials that were never published in the Slingshot and Organizer publications" | Lacks Foundation (FRE 602) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Witness reviewed the contents of the Slingshot computers in question. His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 23. | At ¶ 23, Exh. 13 – "sample documents" from iMac in the "Slingshot office" with BATES stamps 00292-93, 00294, 00295-97, 00353-55 and 00383. | Lacks Authentication (FRE 901) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. Witness reviewed the contents of the Slingshot computers in question. | Sustained: ___ <br><br> Overruled: ___ |
| 24. | At 6:3-5. <br><br> " . . . consisting of reading lists, lists of distributors and producers of literature, article ideas, and article references intended for use in the production process for the Slingshot and Organizer publications." | Lacks Foundation (FRE 602) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Witness reviewed the contents of the Slingshot computers in question. His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in item 1 of this section of the Proposed Order. | Sustained: ___ <br><br> Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| 25. | At ¶ 24, Exh. 14 – "sample documents" from "blue/white Power Macintosh G3" | Lacks Authentication (FRE 901) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. Witness reviewed the contents of the Slingshot computers in question. | Sustained: ___ <br><br> Overruled: ___ |
| 26. | At 6:10-12. <br><br> " . . . consisting of unpublished edits of articles, and materials that were intended for but were never published in the Slingshot and Organizer publications." | Lacks Foundation (FRE 602) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Witness reviewed the contents of the Slingshot computers in question. His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___ <br><br> Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 27. | At ¶ 25, Exh. 15 – "sample documents" from "blue/white Power Macintosh G3" | Lacks Authentication (FRE 901) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. Witness reviewed the contents of the Slingshot computers in question. | Sustained: ___ <br><br> Overruled: ___ |
| 28. | At 6:26-27. <br><br> " . . . consisting of photos, sketches, and visual concepts for the Slingshot and Organizer publications." | Lacks Foundation (FRE 602) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Witness reviewed the contents of the Slingshot computers in question. His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___ <br><br> Overruled: ___ |

35

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 29. | At ¶ 26, Exh. 16 – picture claiming to represent Slingshot newsrack at the time of the execution of the search warrant. | Lacks Authentication (FRE 901) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. | Sustained: ___<br>Overruled: ___ |
| 30. | At 7:10-12.<br><br>"At the time of the raid, a Slingshot newsrack stood in the foyer just inside Long Haul's front door. Attached as Exhibit 16 is a photograph that accurately represents the appearance of the newsrack as of August 27, 2008, the date of the raid." | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Palmer is a longstanding Long Haul member and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. His personal knowledge of these matters can be inferred from his tenure and position at the organization, as discussed in Item 1 of this section of the Proposed Order. | Sustained: ___<br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

DECLARATION OF PATRICK LYONS

| | | MATERIAL | SUMMARY OF OBJECTION | RESPONSE | RULING |
|---|---|---|---|---|---|
| 1. | | At ¶ 2, Exh. 1 – picture claiming to represent the sign on the EBPS office at the time of the execution of the search warrant. | Lacks Authentication (FRE 901) | Lyons is an EBPS volunteer and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Witness was familiar with contents of the EBPS webpage at the time. Specifically, Lyons is a founder and one of the three members of East Bay Prisoner Support. Lyons Dep. 7:23-8:14 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶ 6a).  He was in the office soon after the raid. *Generally id.* 81-86 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶ 7c).  He was also the administrator of EBPS's MySpace page. *Id.* 69:14-17 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶ 7b). He also was familiar with using the EBPS computer for EBPS-related tasks. *Id.* 91:11-15 (attached to the Declaration of Matthew Zimmerman at ¶ 12g (Docket No. | Sustained: ___<br><br>Overruled: ___ |

37

[PROPOSED] ORDER REGARDING DEFENDANTS' EVIDENTIARY OBJECTIONS

| | | | 106)). Lyons's knowledge about EBPS can be inferred from his position in the organization. *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1101-02 (C.D. Cal. 2007). | |
|---|---|---|---|---|
| 2. | At ¶ 3, Exh. 2 – "copies of documents from the computer seized from the EBPS office" with BATES stamps EBPS.21-EBPS.30. | Lacks Authentication (FRE 901) | Lyons is an EBPS cofounder, volunteer and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. | Sustained: ___ Overruled: ___ |
| 3. | At 2:14-15. "The fact that EBPS disseminated information to prisoners and other members of the public was described on the EBPS MySpace page at the time of the raid." | Lacks Foundation (FRE 602) | Lyons is an EBPS cofounder, volunteer and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Authentication requires only that a witness with knowledge testify that the document is fair and accurate, and the declarant so testified. | Sustained: ___ Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| 4. | At 2:5-13.<br><br>"Attached as Exhibit 2 are true and correct copies of documents from the computer seized from the EBPS office during the raid of August 27, 2008, including a file that contains the names, addresses, and email addresses of infoshops, distributors, publishers and other groups to which EBPS distributed prisoner-related literature and from which EBPS received literature and other materials; two files containing draft outlines and notes related to a proposed article about political prisoner support that EBPS was asked to write for publication; and a file containing a draft article memorializing a political prisoner." | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Lyons is an EBPS volunteer and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Witness reviewed the contents of the EBPS computer in question. Moreover, personal knowledge can be inferred from Lyons's position at EBPS, as described above in Item 3 of this section of the Proposed Order. | Sustained: ___<br><br>Overruled: ___ |
|---|---|---|---|---|
| 5. | At ¶ 4, Exh. 3 – EBPS MySpace page as it allegedly existed in 2010. | Lacks Foundation (FRE 602) | Lyons is an EBPS volunteer and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Witness was familiar with contents of the EBPS webpage at the time. | Sustained: ___<br><br>Overruled: ___ |
| 6. | At 2:17-19.<br><br>"The 'About Me' description of the organization (see EBPS 3 – EBPS 4) appears the same in this Exhibit as it did at the time of the raid on August 27, 2008." | Lacks Foundation (FRE 602) | Lyons is an EBPS volunteer and 30(b)(6) witness who testified that he has personal knowledge of the matters stated in his declaration. Witness was familiar with contents of the EBPS webpage at the time. | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

DECLARATION OF KATHRYN MILLER

| | MATERIAL | SUMMARY OF OBJECTION | RESPONSE | RULING |
|---|---|---|---|---|
| 1. | At 2:4-5.<br><br>"On August 27, 2008, I heard that there were officers in the Long Haul and I went to see what was going on." | Lacks Foundation/Lacks Personal Knowledge (FRE 602); Inadmissible Hearsay (FRE 802) | Not offered for the truth of the matter but for context. | Sustained: ___<br><br>Overruled: ___ |
| 2. | At 2:18-22.<br><br>" . . . saw that officers had pried open the Slingshot door. Inside the office, I saw that files had been pulled out of the main filing cabinet where we keep materials for the paper, including artwork, public-domain clip-art, photos that were taken for inclusion in the newspaper, and also photos and clippings that were collected from other sources for inclusion in Slingshot." | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Miller is a Long Haul Member and Slingshot volunteer. She has worked on Slingshot since 1999. Declaration of Kathryn Miller at ¶ 2 (Docket No. 109). She entered the Slingshot office immediately after the raid and saw the condition of the office. *Id.* at ¶¶ 4-7. A person who returns to her office after the police have raided it and finds the door pried open and the files in disarray may legitimately infer that the police were responsible for the changed state of affairs. Miller testified as to what she personally witnessed as set forth in her declaration. | Sustained: ___<br><br>Overruled: ___ |
| 3. | At 2:25-26.<br><br>"It was clear that they had been gone through because if the file had simply been opened and left there, the | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Miller is a Long Haul Member and Slingshot volunteer. She has worked on Slingshot since 1999. Declaration of | Sustained: ___<br><br>Overruled: ___ |

40

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| photos would have been more clumped together." | | Kathryn Miller at ¶ 2 (Docket No. 109). She entered the Slingshot office immediately after the raid and saw the condition of the office. *Id.* at ¶¶ 4-7. A person who returns to her office after the police have raided it and finds the door pried open and the files in disarray may legitimately infer that the police were responsible for the changed state of affairs. Miller testified as to what she personally witnessed as set forth in her declaration. | |
| 4. At 3:2-5. "When we publish photos in Slingshot we sometimes obscure the faces of the persons in them to protect their privacy. For example, if we publish photos of political demonstrations we may obscure the facts of demonstrators. In our most recent issue we drew masks over the facts of persons who were squatting in a vacant house." | Lacks Foundation/Lacks Personal Knowledge (FRE 602) | Miller is a Long Haul Member and Slingshot volunteer. She has worked on Slingshot since 1999. Declaration of Kathryn Miller at ¶ 2 (Docket No. 109). She has worked substantially on Slingshot since this time and is intimately familiar with its editing, layout, and publication processes. Miller Dep. 45:2-25 (attached to the Supplemental Declaration of Matthew Zimmerman at ¶ 8a). | Sustained: ___ Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS

Dated:                                   By:

 

 

_____

The Honorable Jeffrey White
United States District Judge

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING DEFENDANTS'
EVIDENTIARY OBJECTIONS