Jennifer Stisa Granick (State Bar No. 168423)
Matt Zimmerman (State Bar No. 212423)
Marcia Hofmann (State Bar No. 250087)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone:   (415) 436-9333
Facsimile:   (415) 436-9993
Email:        jennifer@granick.com
              mattz@eff.org
              marcia@eff.org

Michael T. Risher (State Bar No. 191627)
AMERICAN CIVIL LIBERTIES FOUNDATION
   OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone:   (415) 621-2493
Facsimile:   (415) 255-8437
Email:        mrisher@aclunc.org


Attorneys for Plaintiffs
LONG HAUL, INC. AND EAST BAY
PRISONER SUPPORT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LONG HAUL, INC. and EAST BAY PRISONER SUPPORT, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; MITCHELL CELAYA; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; MIKE HART; LISA SHAFFER; AND DOES 1-25, <br><br> Defendants. | Case No. 3:09-cv-0168 JSW <br><br> **[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS** |

The Court, having considered Plaintiffs objections to the evidence submitted by Defendants in support of Defendants' Motion for Summary Judgment, hereby ORDERS the following rulings on the objections.

DECLARATION OF WILLIAM KASISKE

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | RULING |
|---|---|---|
| 1. At ¶ 4, 2:9-11.<br><br>"From late 2007 through 2008, animal rights activists directed a number of actions against UC Berkeley researchers ('researchers') designed to harass, threaten, and intimidate the researchers and their families." | Lacks Personal Knowledge (FRE 602).<br>This statement provides no foundation and appears not to be based on personal knowledge.<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Sustained: ___<br><br>Overruled: ___ |
| 2. At ¶ 6, 2:23-3:6.<br><br>"Beginning in late 2007 and continuing through 2008, animal rights activists conducted numerous home demonstrations at the residences of the researchers. These demonstrations included chalking the researchers' driveways and sidewalks with offensive messages and placing flyers full of incendiary comments where neighbors would find them. During these demonstrations, animal rights activists chanted slogans meant to frighten and intimidate the researchers, such as 'For the animals, we will fight. We know where you sleep at night.' Animal rights activists also vandalized the | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802).<br>This statement provides no foundation and appears not to be based on personal knowledge. Rather, Kasiske appears to be relying on facts known to others investigators, and even admits that *other* "UCPD officers monitored these home demonstrations."<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people | Sustained: ___<br><br>Overruled: ___ |

1

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | | researchers' homes during some of these demonstrations. As part of our investigation, UCPD officers monitored these home demonstrations, at times followed the demonstrators from researchers' residences, and monitored the internet to find additional information on the location of the demonstrations, when the demonstrations would be occurring, and which groups were responsible for the demonstrations." | who harassed, threatened and intimidated others. | |
| | 3. | At ¶ 7, 3:7-16.<br><br>"A group identified as Stop Cal Vivisection supported and claimed responsibility for various home demonstrations, claiming they were taking a radical stand against animal research conducted by UC Berkeley researchers. Stop Cal Vivisection maintained websites where it disseminated information regarding researchers at UC Berkeley engaged in animal research, listing the researchers' names, home addresses, telephone numbers, and displaying graphic pictures seeking to suggest the researchers were treating animals inhumanely." | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802).<br>This statement provides no foundation and appears not to be based on personal knowledge. Rather, Kasiske appears to be relying on facts known to other investigators.<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Sustained: ___<br><br>Overruled: ___ |
| | 4. | At ¶ 7, Exh. A—redacted version of a posting on Stop Cal Vivisection's website regarding a May 10, 2008 vigil (UC000104-UC000117). | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), | Sustained: ___<br><br>Overruled: ___ |

2

| | | | |
|---|---|---|---|
| | | Lacks Authentication (FRE 901). Kasiske's declaration provides no foundation and appears not to be based on any personal knowledge about the origins of the exhibit. Rather, Kasiske appears to be relying on facts and documents gathered by other investigators. | |
| 5. | At ¶ 8, 3:17-27.<br><br>"Given its role in targeting the homes of UC Berkeley researchers, the ARWG recognized the possibility that Stop Cal Vivisection and/or certain of its members were involved in the unlawful harassment of UC Berkeley researchers. We sought to collect additional information regarding the group and its activities. This task was made more complex by the fact that the group repeatedly changed its websites and did not publically identify its leaders, in an apparent attempt to avoid prosecution. UCPD was able to identify various individuals who were actively involved in Stop Cal Vivisection, based in part on the attendance at the home demonstrations. Several of these individuals were also identified as taking part in the violent campaign of harassment and intimidation underway against UC faculty engaged in animal research at other campuses." | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802).<br>This statement provides no foundation and appears not to be based on personal knowledge. Rather, Kasiske appears to be relying on facts and documents known to other investigators. In particular, Kasiske's use of the passive voice in phrases such as, "we sought…", "UCPD was able…", and "individuals were also identified…", indicates that he lacks personal knowledge of the facts asserted. | Sustained: ___<br><br>Overruled: ___ |
| 6. | At ¶ 9, 3:28-4:8.<br><br>"Throughout 2008, there was a growing concern that the safety of UC Berkeley researchers and their families were increasingly at risk. This concern was fed by a series of violent attacks on other UC campuses which included invasions of researchers' homes and firebombing researchers' cars. Specifically, | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802).<br>This statement provides no foundation and appears not to be based on personal knowledge. The statement that "there was growing concern" appears to reflect the opinion of others. There is also no indication that Kasiske had any personal knowledge of the alleged attacks at UC Santa Cruz. Rather, his statement appears to reflect that his | Sustained: ___<br><br>Overruled: ___ |

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | on August 2, 2008, two fire bombings were reported in Santa Cruz.  An incendiary device was ignited at the home of a UC Santa Cruz researcher while he was home with his family.  A second device burned a vehicle belonging to another UC Santa Cruz researcher.  The other members of the ARWG and I were aware of these attacks as well as similar attacks that occurred against UCLA animal researchers in previous years." | investigators were generally "aware" of various facts reported by the news media and other public sources.<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who engaged in fire bombings and sent incendiary devices. | |
| 7. | At ¶ 10, Exh. B—notice posted by Stop Cal Vivisection on Indybay.org regarding "a day of demonstrations" to be held on January 27, 2008 (UC000219). | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802).<br>Kasiske's declaration provides no foundation and appears not to be based on personal knowledge.  There is no indication Kasiske has any personal knowledge of the origins of the notice, or of any demonstrations that may or may not have occurred.  Rather, Kasiske appears to be relying on facts and documents uncovered by other officers in the course of their investigation.  The notice also qualifies as hearsay for the truth of the matter asserted – that is, that Stop Cal Vivisection led demonstrations occurred on January 27, 2008. | Sustained: ___<br><br>Overruled: ___ |
| 8. | At ¶ 11, Exh. C—redacted version of a June 3, 2008, article posted by Stop Cal Vivisection on Indybay.org | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not | Sustained: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | contained in the affidavit seeking the warrant. | Overruled: ___ |
|---|---|---|---|
| | (UC000204). | | |
| | | **Prejudicial (FRE 403).** This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection. | |
| | | **Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Lacks Authentication (FRE 901), Hearsay (FRE 802).** Kasiske's declaration as to this exhibit provides no foundation and appears not to be based on personal knowledge. Rather, Kasiske appears to be relying on facts and documents uncovered by other officers in the course of their investigation. In particular, he asserts that the article "was retained in the investigation file," but he does not claim any personal knowledge of the article's origins. The exhibit also qualifies as hearsay for the truth of the matter asserted by Kasiske—namely, that Stop Cal Vivisection "takes responsibility for recent demonstrations at researchers' homes and threatens that more are to come." Again, Kasiske has no personal knowledge as to whether this claim is actually true. Finally, the document also has not been properly authenticated. | |
| 9. | At ¶ 12, Exh. D— announcement from Stop Cal Vivisection regarding home demonstrations planned for June 14, 2008 (UC000879-UC000881). | **Irrelevant (FRE 402).** The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant. | Sustained: ___ Overruled: ___ |
| | | **Prejudicial (FRE 403).** This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection. | |
| | | **Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802), Lacks Authentication (FRE 901).** | |

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | | Kasiske's declaration provides no foundation as to this exhibit and appears not to be based on personal knowledge.  Rather, Kasiske appears to be relying on facts and documents uncovered by other officers in the course of their investigation.  The exhibit also qualifies as hearsay regarding the occurrence of home demonstrations by Stop Cal Vivisection.  Kasiske has no personal knowledge as to whether these demonstrations occurred.  Finally, the document has not been properly authenticated. | |
| 10. | At ¶ 13, 4:24-27.<br><br>"I was aware that Long Haul was an activist organization and that the Long Haul premises were used by groups or organizations to hold meetings, discussions, fundraising and recreational activities.  I was aware of this information through my work at UCPD." | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Lacks Authentication (FRE 901), Hearsay (FRE 802).<br>This statement provides no foundation and appears not to be based on personal knowledge. Kasiske's bald assertion that he knows certain facts about Long Haul "through my work at UCPD" does not explain how he has personal knowledge of these matters.  Rather, Kasiske appears instead to be relying on facts about Long Haul uncovered by other officers in the course of their investigation.  These grounds constitute hearsay for the truth of the matters asserted by Kasiske—that is, that Long Haul is an "activist" organization that engages in certain activities.  Again, Kasiske lacks personal knowledge of these matters. | Sustained: ___<br><br>Overruled: ___ |
| 11. | At ¶ 16, 5:5-6.<br><br>"In my review of Long Haul's website, there was no information leading me to believe that there were any tenants located within the premises." | Improper Conclusion (*see, e.g., BellSouth Telecom. V. W.R. Grace & Company-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996)).<br>This statement does not allege facts; rather, it improperly draws a legal conclusion about the defendants' basis for probable cause. | Sustained: ___<br><br>Overruled: ___ |
| 12. | At ¶ 20, 5:20-21.<br><br>"On at least three occasions, UCPD officers followed participants in the | Lacks Foundation as to Personal Knowledge (FRE 602).<br>This statement provides no foundation and appears not to be based on personal knowledge.  By his | Sustained: ___<br><br>Overruled: ___ |

6

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 1 2 | | home demonstrations back to Long Haul." | own admission, Kasiske is relying on the investigation of other UCPD officers. | |
| 3 4 5 6 7 8 9 10 11 12 13 14 | 13. | At ¶ 22, 6:7-13.<br><br>"On another occasion, the animal rights activists had planned to gather at the Ashby BART station for a day of home demonstrations.  I, along with other officers, intended to conduct surveillance of these demonstrations.  However, due to a low turnout, the home demonstrations were called off.  One of the people that had shown up for the demonstrations was someone we had previously identified as an animal rights activist and a key member of Stop Cal Vivisection.  I assisted with surveillance on this person who was observed going from the Ashby BART station to Long Haul." | Lacks Foundation as to Personal Knowledge (FRE 602), Speculation (FRE 701, 702), Relevance (FRE 402).<br>This statement provides no foundation and appears not to be based on personal knowledge about the demonstration planning, why it was called, off and how the person came to be identified as an "animal rights activist and a key member of Stop Cal Vivisection." | Sustained: ___<br><br>Overruled: ___ |
| 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | 14. | At ¶ 23, 6:14-19; Exh. F.<br><br>"Additionally, on January 9, 2008, Peter Young, a prominent animal rights activist, gave a speech and showed a movie called 'Behind the Mask' at Long Haul.  Attached as Exhibit F is a true and correct copy of a posting on Indybay.org discussing Young's presentation at Long Haul (UC000674-UC000678).  The event followed the recent release of Young from prison, where he had served a sentence for crimes relating to his animal rights activities." | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with a person who gave a speech and showed a movie at Long Haul's public space.<br><br>Lacks Personal Knowledge (FRE 602), Lacks Authentication (FRE 901), Hearsay (FRE 802).<br>Kasiske's declaration provides no foundation and appears not to be based on personal knowledge.  The online posting, designated as Exhibit F, constitutes hearsay for purposes of demonstrating the truth of matters concerning the alleged presentation by Mr. Young.  Kasiske does not appear to have any personal knowledge about the presentation Mr. | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | | Young allegedly gave at Long Haul. Finally, the cited exhibit also has not been properly authenticated. | |
| 15. | At ¶ 24, 6:24-26.<br><br>"I believe this was referring to the legal costs of its members who were facing criminal prosecution for their alleged attacks on UC Santa Cruz researchers engaged in animal research." | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702), Relevance (FRE 402). | Sustained: ___<br><br>Overruled: ___ |
| 16. | At ¶ 25, 7:1-5.<br><br>"… while monitoring websites dedicated to animal rights activists, UCPD officers found articles written by Stop Cal Vivisection and other animal rights activists. These articles were sharply critical of the 'vivisection' activities by researchers on the UC Berkeley campus and described the activities of Stop Cal Vivisection and other animal activists." | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Personal Knowledge (FRE 602), Hearsay (FRE 802), Incompetent Evidence of Content of a Writing (FRE 1002). | Sustained: ___<br><br>Overruled: ___ |
| 17. | At ¶ 29, 7:19-20.<br><br>"Long Haul's website only stated that Slingshot is a project, among a list of other projects, which meet at the Long Haul." | Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702).<br>This statement provides no foundation and appears not to be based on personal knowledge. There is no evidence that Kasiske reviewed the entire website. | Sustained: ___<br><br>Overruled: ___ |
| 18. | At ¶ 34, 8:5-10.<br><br>"In March, May and June of 2008, various UC Berkeley researchers received a series of threatening and intimidating emails sent from anonymous animal rights activists. As | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant, including the May email.<br><br>Lacks Personal Knowledge (FRE | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | detailed below, these emails culminated in a series of messages sent to a UC researcher in June, 2008 which featured threats of bodily harm aimed at the researcher.  This escalating series of threatening emails constituted the basis for the search warrant at issue in this case." | 602). This statement provides no foundation and appears not to be based on personal knowledge. | |
| 19. | At ¶ 35, 8:11-12; Exh. G. "In March, 2008, two U.C. Berkeley researchers received harassing and threatening emails that appeared to be from animal rights activists." | Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615). This statement draws an improper legal conclusion that the emails were "harassing" and "threatening." Incompetent Evidence of Content of a Writing (FRE 1002). Kasiske's attached exhibit, designated G, is heavily redacted and therefore incomplete. | Sustained: ___ Overruled: ___ |
| 20. | At ¶ 36, 8:17-19. "The March, 2008 emails were sent from email addresses that had been created with false names, which I believe was done so the senders could retain their anonymity." | Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702). This statement provides no foundation and appears not to be based on personal knowledge. Kasiske's conclusory assertion appears to be speculation. | Sustained: ___ Overruled: ___ |
| 21. | At ¶ 40, 9:14-16. "The researcher who received these emails had received harassing emails in March, 2008 and had also been the target of vandalism and demonstrations at her home." | Lacks Personal Knowledge (FRE 602). This statement provides no foundation and appears not to be based on personal knowledge. | Sustained: ___ Overruled: ___ |
| 22. | At ¶ 40, 9:18-21. "I believed that this threat was referencing the arsons (including planting of incendiary devices) and other vandalism that had taken place at the homes of UCLA animal researchers and was an effort to further intimidate the U.C. Berkeley researchers." | Speculation (FRE 701, 702), Relevance (FRE 402). This statement provides no foundation and appears not to be based on personal knowledge. Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Sustained: ___ Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| 23. | At ¶ 46, 10:26-11:7.<br><br>"In view of Long Haul's ties with Stop Cal Vivisection, and its other ties with animal rights activists, there was reason to believe that a person associated with Long Haul may have been primarily responsible or given assistance to the individual or individuals responsible for sending the threatening and harassing emails which were the subject of the search warrant.  The other members of the ARWG and I did not know whether animal rights activists who were observed at home demonstrations and seen going in and out of the Long Haul were employees or volunteers of the Long Haul who would have had access to some or all of the computers located within the Long Haul premises and would have had the motivation to destroy or alter any evidence located on the hard drives of those computers." | Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702). This statement provides no foundation and appears not to be based on personal knowledge as to what the other individuals believed. Kasiske's statement also lacks foundation regarding his speculation about any possible destruction of evidence.<br><br>Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615).<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Sustained: ___<br><br>Overruled: ___ |
| 24. | At ¶ 66, 15:22-25.<br><br>"However, the truth is that the Statement of Probable Cause and the Search Warrant did not limit the search of the storage devices to patron logs but instead authorized the search of those items for evidence of the crimes under investigation, including the source of the threatening emails and patron logs." | Relevance (FRE 402), Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615), Incompetent Evidence of Content of a Writing (FRE 1002). The document speaks for itself. | Sustained: ___<br><br>Overruled: ___ |
| 25. | At ¶ 67, 15:26-16:6.<br><br>"I believed, and my training and experience supports this belief, that external storage devices serve as an extension of the hard drives inside computers. Due to the ease with which such information can be transferred | Relevance (FRE 402), Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615), Expert Opinion Without Foundation (FRE 702). Kasiske offers an expert opinion without foundation about his training and experience with such matters. | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | electronically from the computer's hard drive to an external storage device, it is necessary to include such storage devices within the scope of a search for electronic information that exists (or at one time existed) in the computer's hard drive. I believed that any electronic storage devices within Long Haul could possibly contain information to identify the senders of the threatening emails, archived emails, backup files from the computers being seized, or any other downloaded files that could aid in our investigation of the threatening emails." | | |
| 26. | At ¶ 72, 17:13-16.  "I also had no reason to believe that any areas were 'off limits.' There was probable cause to search the entire premises of Long Haul due to the fact that the IP address of multiple emails had been traced back to the building." | Improper Legal Opinion/Improper Conclusion (*BellSouth*, 77 F.3d at 615). | Sustained: ___  Overruled: ___ |
| 27. | At ¶ 74, 17:20-22.  "The search warrant was intended to and did authorize the search and seizure of any and all computers located within the Long Haul. This was my understanding both prior to and after the execution of the search warrant." | Relevance (FRE 402), Improper Legal Opinion (*BellSouth*, 77 F.3d at 615), Incompetent Evidence of Content of a Writing (FRE 1002). The warrant speaks for itself about its scope. | Sustained: ___  Overruled: ___ |
| 28. | At ¶ 75, 17:23-18:1.  "The reason we sought and obtained a search warrant for any and all computers is because we believed that any computer located in the Long Haul could have generated the threatening emails because the IP address came back to that location. The scope of the | Relevance (FRE 402), Improper Legal Opinion (*BellSouth*, 77 F.3d at 615), Incompetent Evidence of Content of a Writing (FRE 1002). The warrant speaks for itself about its scope. | Sustained: ___  Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | search was for any and all computers that could have sent those emails, whether used by a member of the 'public,' someone associated with Long Haul, or, as it turned out, a tenant of Long Haul that was using the same DSL line with the same IP address." | | |
| 29. | At ¶ 99, 21:18-22.<br><br>"There was no indication that East Bay Prisoner Support was a distinct organization and was paying rent to Long Haul for its use of this tiny room." . . . "There was no indication that the room was being used for any publishing activities." | Improper Conclusion (*BellSouth*, 77 F.3d at 615). | Sustained: ___<br><br>Overruled: ___ |
| 30. | At ¶ 101, 22:2-3.<br><br>"I did not have any reason to believe that there was information on this equipment that was intended to be distributed to the public." | Improper Conclusion (*BellSouth*, 77 F.3d at 615). | Sustained: ___<br><br>Overruled: ___ |
| 31. | At ¶ 106, 22:15-16, 19-20.<br><br>"I did not encounter anything during the search that indicated that Slingshot was published out of the Long Haul premises." . . . "There was no apparent indication that this room was being used for any publishing activities." | Improper Conclusion (*BellSouth*, 77 F.3d at 615). | Sustained: ___<br><br>Overruled: ___ |
| 32. | At ¶ 112, 23:16-20.<br><br>"I did not seize any items that were not described in the search warrant nor exceed the scope of the search warrant. I did not approve the seizure of any items that were not described in the search warrant, and to my knowledge no such items were in fact seized. I acted in good faith at | Improper Conclusion (*BellSouth*, 77 F.3d at 615), Improper Legal Opinion and Conclusion (FRE 701). | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | | all times during the application and execution of the search warrant." | | |
| | 33. | At ¶ 114, 24:6-8.<br><br>"Given the care and expertise required for the computer search and copying, as well as the workload of the Silicon Valley Regional Computer Forensics Laboratory (the 'SVRCF Lab'), the timeframe for returning the computers was reasonable." | Improper Legal Opinion and Conclusion (*BellSouth*, 77 F.3d at 615) (FRE 701, 702), Lacks Foundation as to Personal Knowledge (FRE 602). | Sustained: ___<br><br>Overruled: ___ |
| | 34. | At ¶ 117, 25:3-9.<br><br>"I believed that searching for suspect and victim names from other animal rights activist events would aid in the investigation of the threatening emails and might help to identify the sender of the emails. In drafting these search terms, I was not attempting to obtain information unrelated to the June 15, 2008 emails. The search terms were limited in scope and not designed to locate any material protected by the Privacy Protection Act or any material not relevant to the investigation into the threatening emails." | Relevance (FRE 402), Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615), Improper legal opinion regarding Kasiske's "good faith" (FRE 701). | Sustained: ___<br><br>Overruled: ___ |

13

DECLARATION OF SARA ELLIS

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| 1. | At ¶ 5, Exh. A – Palmer Dep. vol. 1 at 137:6-140:2.<br><br>"Q:  Have you ever seen this document before?<br><br>A:  I don't think so, no.<br><br>…<br><br>Q:  And was the internet account opened in your name? A: I think – I mean, based on this, yes." | Lacks Foundation (FRE 602).  Palmer expressed no independent knowledge of the facts discussed.  He was asked by opposing counsel to read a document (UC 243) that he indicated he had not seen before. | Sustained: ___<br><br>Overruled: ___ |
| 2. | At ¶ 5, Exh. A – Palmer Dep. vol. 1 at 182:6-15.<br><br>"Q: And was there a Stop Cal Vivisection café night at the Long Haul on Sunday April 20?<br><br>A: I don't know what date it was. I think there was one in 2008." | Mischaracterizes cited testimony.  Palmer indicated that did not know the date of the event in question. | Sustained: ___<br><br>Overruled: ___ |
| 3. | At ¶ 8, Exh. G – Miller Dep. at 69:17-72:17-73:12.<br><br>"Q: Did you ever offer to unlock the cabinets?<br><br>A: I did offer.<br><br>Q: And how did that conversation come about?<br><br>A: So they were looking through the side cabinet and apparently didn't find what they were looking for, and they had bolt cutters, and they were about to cut the locks. And I said, hey, I have the combos and I could open those for you.  And they're like okay.<br><br>So they let me in, and I said, well, before I give you the | Mischaracterizes cited testimony.  Miller did not unlock the cabinets.  She indicated that she offered to, but when her request to see the search warrant was refused, she did not assist in unlocking the cabinets and was required to leave the premises by the officers. | Sustained: ___<br><br>Overruled: ___ |

14

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4 | | combos, could you let me see the search warrant.  And they said no. And I said, well then, you're gonna have to cut them off yourself.  And they made me go back outside again." | |
| 5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15 | 4. | At ¶ 9, Exh. H – Lyons Dep. at 54:23-55:6.<br><br>"Q: What is this photograph of?<br><br>A:  It's a photo of our door with a big, clear sign on it that says "East Bay Prisoner Support."<br><br>Q: Okay. And that sign is made of cardboard, right?<br><br>A: Yeah, I – it looks like it, cardboard, card stock paper, or something.<br><br>Q: And it's a handwritten sign?<br><br>A: It looks like it." | Misstates testimony.<br> Lyons testified that the photograph is of a "big, clear sign," but defendants did not include that portion of his testimony in their citation.<br><br>Sustained: ___<br><br>Overruled: ___ |
| 16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | 5. | At ¶ 7 – Harris Dep. at 35:14-38:14.<br><br>"Q:  Did you – was the door to the Slingshot office generally locked?<br><br>A: Yes.<br><br>Q: And did you have a key?<br>A: No – I – well, the Long Haul has a key.<br><br>…<br><br>A:  Staffs have key.<br><br>Q: Staffs have keys. And the – does the key work to the Slingshot office?<br><br>A: Yes.<br><br>Q: And does every staff member have a key? | Lacks Foundation (FRE 602), misstates testimony.<br>Defendants cite this testimony for the proposition that "The office used by Slingshot is not a private office" (Def.'s Motion, Footnote 15).  But the testimony does not mention whether the office is a "private office."  Instead, it describes the security mechanisms in place to secure the Slingshot office from the public access areas of Long Haul's premises and confirms that only Long Haul staffers had access to the keys to the office, which was kept locked.<br><br>Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | A: No, it's – there is a box of keys.<br><br>Q: Where is the box kept?<br><br>A:  In the safe or the – what am I saying, the safe behind the desk in a box that is secure." | | |
| 6. | At ¶ 11.<br><br>"I am informed and believe that this photo was taken by Plaintiffs' counsel, Jennifer Granick, many days after the August 27, 2008 search of Long Haul." | Lacks Foundation (FRE 602), Hearsay (FRE 802).<br>This statement provides no foundation and appears not to be based on personal knowledge. | Sustained: ___<br><br>Overruled: ___ |

16

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

DECLARATION OF TIMOTHY ZUNIGA

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| 1. | At ¶ 4, 2:8-11.<br><br>"… I was aware that UC-Berkeley faculty and staff members were the subject of threatening emails and other threatening and intimidating behavior, allegedly perpetrated by animal rights activists, over a period of time." | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who engaged in "threatening and intimidating behavior."<br><br>Lacks Personal Knowledge (FRE 602). | Sustained: ___<br><br>Overruled: ___ |
| 2. | At ¶ 6, 2:15-26.<br><br>"Beginning in late 2007 and continuing through 2008, animal rights activists conducted numerous home demonstrations at the residences of University of California researchers. These demonstrations included chalking the researchers' driveways and sidewalks with offensive messages and placing flyers full of incendiary comments where neighbors would find them. During these demonstrations, animal rights activists chanted slogans meant to frighten and intimidate the researchers, such as 'For the animals, we will fight. We know where you sleep at night.' Animal rights activists also vandalized the researchers' homes during some of these demonstrations. As part of its investigation, other UCPD officers and I monitored these home demonstrations, at times followed the demonstrators from researchers' residences, and monitored the internet to find additional information on the location of the demonstrations, when the demonstrations would be | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others.<br><br>Lacks Personal Knowledge (FRE 602). | Sustained: ___<br><br>Overruled: ___ |

17

| | | | | |
|---|---|---|---|---|
| | | occurring, and which groups were responsible for the demonstrations." | | |
| | 3. | At ¶ 7, 2:27-3:8.<br><br>"A group identified as Stop Cal Vivisection supported and claimed responsibility for various home demonstrations, claiming they were taking a radical stand against animal research conducted by UC Berkeley researchers. As part of these efforts, Stop Cal Vivisection maintained websites where it disseminated information regarding researchers at UC Berkeley engaged in animal research, listing the researchers' names, home addresses, telephone numbers, and displaying graphic pictures seeking to suggest the researchers were treating animals inhumanely. Throughout 2008, there was a growing concern – fed by a series of violent attacks on other UC campuses which included invasions of researchers' homes and firebombing researchers' cars – that the safety of UC Berkeley researchers and their families were increasingly at risk." | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Personal Knowledge (FRE 602). | Sustained: ___<br><br>Overruled: ___ |
| | 4. | At ¶ 8, 3:9-19.<br><br>"Given its role in targeting the homes of UC Berkeley researchers, the other members of the ARWG and I recognized the possibility that Stop Cal Vivisection and/or certain of its members were involved in the unlawful harassment of UC Berkeley researchers.  We sought to collect additional information regarding the group and its activities.  This task was made more complex by the fact that the group repeatedly changed its websites and did not publically identify its | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Personal Knowledge (FRE 602).<br><br>Speculation (FRE 701, 702). | Sustained: ___<br><br>Overruled: ___ |

18

| | | | |
|---|---|---|---|
| | leaders, in an apparent attempt to avoid prosecution.  We were able to identify various individuals who were actively involved in Stop Cal Vivisection, based in part on the attendance at the home demonstrations.  Several of these individuals were also identified as taking part in the violent campaign of harassment and intimidation underway against UC faculty engaged in animal research at other campuses." | | |
| 5. | At ¶ 13, 4:4-6.<br><br>"In my review of Long Haul's website, there was no information leading me to believe that there were any tenants located within the premises." | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Improper Conclusion (*BellSouth*, 77 F.3d at 615).<br>Witness provides no indication that he reviewed the entire website. | Sustained: ___<br><br>Overruled: ___ |
| 6. | At ¶ 17, 4:15-16.<br><br>"On at least three occasions, UCPD officers followed participants in the home demonstrations back to Long Haul." | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with demonstrators.<br><br>Lacks Foundation as to Personal Knowledge (FRE 602, 700-703).<br>This statement provides no foundation and appears not to be based on personal knowledge. | Sustained: ___<br><br>Overruled: ___ |
| 7. | At ¶ 18, 4:17-20.<br><br>"Specifically, on January 27, 2008, numerous animal rights demonstrators met at the Ashby BART station and traveled in two vehicles to multiple locations where they protested at the private residences of UC employees.  The demonstrators exhibited signs, chanted, marched, and chalked | Lacks Personal Knowledge (FRE 602), Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | Sustained: ___<br><br>Overruled: ___ |

| | | | |
|---|---|---|---|
| 1 | | sidewalks." | | |
| 2 | 8. | At ¶ 19, 4:24-28.<br><br>"Additionally, through my work on the ARWG, I am aware of an instance, prior to the execution of the search warrant and after the January 27, 2008 home demonstrations, when there were not enough individuals to participate in a home demonstration and people went from the Ashby BART station to Long Haul after determining that home demonstrations would not occur." | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702). | Sustained: ___<br><br>Overruled: ___ |
| 9. | | At ¶ 20, 5:1-5.<br><br>"Through my work on the ARWG, I am aware that Long Haul hosted an event featuring a prominent animal rights activist, Peter Young, in January 2008. The event followed the recent release of Young from prison, where he had served a sentence for crimes relating to his animal rights activities. Young gave a talk at Long Haul and showed a movie about his animal rights activities." | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with a person who gave a speech and showed a movie at Long Haul's public space.<br><br>Lacks Personal Knowledge (FRE 602). | Sustained: ___<br><br>Overruled: ___ |
| 10. | | At ¶ 21, 5:6-13.<br><br>"I also know that Stop Cal Vivisection held a fundraiser at Long Haul in April of 2008. Attached as Exhibit A is a true and correct copy of an email message forwarded from FBI Special Agent Mike Klinke to me on April 11, 2008, which announces the April 20, 2008 Stop Cal Vivisection Fundraiser at Long Haul (UC000595-UC000596).  The email states that the film 'Dealing Dogs' (a documentary of the efforts of an animal rights activist) will be shown and that '100% of donations will go to defray | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Personal Knowledge (FRE 602), Hearsay (FRE 802).<br>This statement provides no foundation and appears not to be based on personal knowledge.  Rather, Zuniga appears to be relying on facts known to others investigators. | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-0168-JSW

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | | legal costs.'  UCPD officers conducted surveillance of the Long Haul fund-raiser, in order to obtain additional information regarding Stop Cal Vivisection's membership." | Lacks Authentication (FRE 901). The attached exhibit (Exhibit A) has not been properly authenticated. | |
| 11. | At ¶ 21, Exh. A—Email from FBI Special Agent Mike Kinke to Timothy Zuniga on April 11, 2008, which announces the April 20, 2008 Stop Cal Vivisection Fundraiser at Long Haul (UC000595-000596). | Lacks Personal Knowledge (FRE 602), Hearsay (FRE 802). This statement provides no foundation and appears not to be based on personal knowledge.  Rather, Zuniga appears to be relying on facts known to others investigators.<br><br>Lacks Authentication (FRE 901). The attached exhibit (Exhibit A) has not been properly authenticated. | Sustained: ___<br><br>Overruled: ___ |
| 12. | At ¶ 22, 5:14-17.<br><br>"I am aware that a number of threatening and harassing emails were sent to UC-Berkeley researchers throughout the Spring and Summer of 2008.  Through my work on the ARWG, I am aware that many of these emails originated from an IP address that was traced back to the Long Haul premises." | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802). This statement provides no foundation and appears not to be based on personal knowledge.  Rather, Zuniga appears to be relying on facts known to others investigators. | Sustained: ___<br><br>Overruled: ___ |
| 13. | At ¶ 23, 5:18-23.<br><br>"As a result of the UCPD's investigation, the ARWG believed that the emails under investigation had originated from Long Haul. We believed the emails were sent from the Long Haul either by a patron using one of Long Haul's public access computers, or by a person affiliated with Long Haul. We did not know which individual or individuals were sending the threatening emails or which computers in particular had been used to send the threatening emails." | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802). This statement provides no foundation and appears not to be based on personal knowledge.  Rather, Zuniga appears to be relying on facts known to others investigators. | Sustained: ___<br><br>Overruled: ___ |
| 14. | At ¶ 24, 5:24-28.<br><br>"In view of Long Haul's ties | Lacks Foundation as to Personal Knowledge (FRE 602), Improper Conclusion (*BellSouth*, 77 F.3d at | Sustained: ___ |

21

| | | | |
|---|---|---|---|
| | with Stop Cal Vivisection, and its other ties with animal rights activists, there was reason to believe that a person associated with Long Haul may have been primarily responsible or given assistance to the individual or individuals responsible for sending the threatening and harassing emails which were the subject of the search warrant." | 615), Speculation (FRE 701, 702).<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Overruled: ___ |
| 15. | At ¶ 56, 11:15-17.<br><br>"I am informed and believe that this picture was taken by Plaintiffs' counsel after the execution of the search warrant …" | Lacks Foundation (FRE 602), Hearsay (FRE 802).<br>This statement provides no foundation and appears not to be based on personal knowledge. | Sustained: ___<br><br>Overruled: ___ |
| 16. | At ¶ 62, 12:24-25.<br><br>"I acted in good faith at all times during the execution of the search warrant." | Improper Conclusion (*BellSouth*, 77 F.3d at 615). | Sustained: ___<br><br>Overruled: ___ |

22

DECLARATION OF KAREN ALBERTS

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| 1. | At ¶ 4, 2:10-13.<br><br>"These threatening emails were the culmination of a pattern of harassment, threats, and intimidation directed at UC Berkeley researchers over a period of months from animal rights activists." | Lacks Personal Knowledge (FRE 602).<br>This statement provides no foundation and appears not to be based on personal knowledge.<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Sustained: ___<br><br>Overruled: ___ |
| 2. | At ¶ 5, 2:14-25.<br><br>"Beginning in late 2007 and continuing through 2008, animal rights activists conducted numerous home demonstrations at the residences of University of California researchers. These demonstrations included chalking the researchers' driveways and sidewalks with offensive messages and placing flyers full of incendiary comments where neighbors would find them. During these demonstrations, animal rights activists chanted slogans meant to frighten and intimidate the researchers, such as 'For the animals, we will fight. We know where you sleep at night.' Animal rights activists also vandalized the researchers' homes during some of these demonstrations. As part of its investigation, other UCPD officers and I monitored these home demonstrations, at times followed the demonstrators from researchers' residences, and monitored the internet to find additional information on | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802).<br>This statement provides no foundation and appears not to be based on personal knowledge.  Rather, Alberts appears to be relying on facts known to others investigators, and even admits that other "UCPD officers monitored these home demonstrations."<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Sustained: ___<br><br>Overruled: ___ |

23

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | the location of the demonstrations, when the demonstrations would be occurring, and which groups were responsible for the demonstrations." | | |
| 3. | At ¶ 6, 2:26-3:7.<br><br>"A group identified as Stop Cal Vivisection supported and claimed responsibility for various home demonstrations, claiming they were taking a radical stand against animal research conducted by UC Berkeley researchers. As part of these efforts, Stop Cal Vivisection maintained websites where it disseminated information regarding researchers at UC Berkeley engaged in animal research, listing the researchers' names, home addresses, telephone numbers, and displaying graphic pictures seeking to suggest the researchers were treating animals inhumanely. Throughout 2008, there was a growing concern – fed by a series of violent attacks on other UC campuses which included invasions of researchers' homes and firebombing researchers' cars – that the safety of UC Berkeley researchers and their families were increasingly at risk." | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802).<br>This statement provides no foundation and appears not to be based on personal knowledge. Rather, Alberts appears to be relying on facts known to other investigators.<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Sustained: ___<br><br>Overruled: ___ |
| 4. | At ¶ 7, 3:8-18.<br><br>"Given its role in targeting the homes of UC Berkeley researchers, the other members of the ARWG and I recognized the possibility that Stop Cal Vivisection and/or certain of its members were involved in the unlawful harassment of UC Berkeley researchers. We sought to collect additional information regarding the group and its activities. This task was made more complex by the fact | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802). | Sustained: ___<br><br>Overruled: ___ |

24

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | that the group repeatedly changed its websites and did not publically identify its leaders, in an apparent attempt to avoid prosecution. We were able to identify various individuals who were actively involved in Stop Cal Vivisection, based in part on the attendance at the home demonstrations. Several of these individuals were also identified as taking part in the violent campaign of harassment and intimidation underway against UC faculty engaged in animal research at other campuses." | This statement provides no foundation and appears not to be based on personal knowledge. Rather, Alberts appears to be relying on facts and documents known to other investigators. In particular, Alberts's use of the passive voice in phrases such as, "we sought…", "UCPD was able…", and "individuals were also identified…", indicates that he lacks personal knowledge of the facts asserted. | |
| 5. | At ¶ 16, 4:17-18.<br><br>"On at least three occasions, UCPD officers followed participants in the home demonstrations back to Long Haul." | Lacks Foundation as to Personal Knowledge (FRE 602).<br>This statement provides no foundation and appears not to be based on personal knowledge. By his own admission, Alberts is relying on the investigation of other UCPD officers. | Sustained: ___<br><br>Overruled: ___ |
| 6. | At ¶ 17, 4:19-5:2.<br><br>"Specifically, on January 27, 2008, numerous animal rights demonstrators met at the Ashby BART station and traveled in two vehicles to multiple locations where they protested at the private residences of UC employees. The demonstrators exhibited signs, chanted, marched, and chalked sidewalks. I am aware, and was aware prior to the execution of the search warrant, that Officer Zuniga monitored an animal rights activist leaving a home demonstration at a UC-Berkeley faculty member's home and being dropped off on Hillegas at Ashby Avenue in Berkeley. The demonstrator then walked west, toward the Ashby BART station and entered Long Haul. Additionally, I am aware, and was aware prior to the execution of the search warrant, | Lacks Personal Knowledge (FRE 602), Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| | | that three of the home demonstrators were observed by Lieutenant Alex Yao and Detective Kasiske in the area of Shattuck Avenue, Prince Street, and Woosley Street in Berkeley. Several of the demonstrators were believed to have entered the Long Haul at that time." | | |
| | 7. | At ¶ 18, 5:3-7.<br><br>"Additionally, through my work on the ARWG, I am aware of an instance, prior to the execution of the search warrant and after the January 27, 2008 home demonstrations, when there were not enough individuals to participate in a home demonstration and people went from the Ashby BART station to Long Haul after determining that home demonstrations would not occur." | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702). | Sustained: ___<br><br>Overruled: ___ |
| | 8. | At ¶ 19, 5:8-11.<br><br>"Through my work on the ARWG, I knew that Peter Young, a known animal rights activist who had recently been released from prison, showed a movie entitled, 'Behind the Mask,' at Long Haul in January of 2008. He also spoke about his animal rights activities prior to his movie presentation." | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with a person who gave a speech and showed a movie at Long Haul's public space.<br><br>Lacks Personal Knowledge (FRE 602). | Sustained: ___<br><br>Overruled: ___ |
| | 9. | At ¶ 20, 5:18-20.<br><br>"It is my understanding that the purpose of this fundraiser was to defray legal costs of some of Stop Cal Vivisection's members who had engaged in criminal activity." | Lacks Personal Knowledge (FRE 602).<br>This statement provides no foundation and appears not to be based on personal knowledge.<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant. | Sustained: ___<br><br>Overruled: ___ |

26

| | | | |
|---|---|---|---|
| | | Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with a person who gave a speech and showed a movie at Long Haul's public space. | |
| 10. | At ¶ 21, 5:22-27.<br><br>"Through my work with the ARWG, I am aware that in March, May and June of 2008, various UC Berkeley researchers received a series of threatening and intimidating emails sent from anonymous animal rights activists. As detailed below, these emails culminated in a series of messages sent to a UC researcher in June, 2008 which featured threats of bodily harm aimed at the researcher. This escalating series of threatening emails constituted the basis for the search warrant at issue in this case." | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant, including the May email.<br><br>Lacks Personal Knowledge (FRE 602).<br>This statement provides no foundation and appears not to be based on personal knowledge.<br><br>Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615).<br>This statement draws an improper legal conclusion that the emails were "threatening" and "intimidating." It also draws an improper conclusion regarding the basis for the search warrant. | Sustained: ___<br><br>Overruled: ___ |
| 11. | At ¶ 23, 6:9-13.<br><br>"In June of 2008, Detective Kasiske informed me that a UC-Berkeley researcher, who had previously been the target of animal rights activists, received a series of threatening emails. The content of these emails contained threats of bodily harm and explicit references to violent acts committed against UC researchers at other campuses." | Lacks Personal Knowledge (FRE 602), Hearsay (FRE 802).<br>This statement provides no foundation and appears not to be based on personal knowledge. | Sustained: ___<br><br>Overruled: ___ |
| 12. | At ¶ 26, 6:26-7:1.<br><br>"As a result of our investigation, the ARWG believed that the emails under investigation had originated from Long Haul. We believed the emails were sent from the Long Haul either by a patron using one of Long Haul's public access computers, or by | Lacks Personal Knowledge (FRE 602), Hearsay (FRE 802), Speculation (FRE 701, 702).<br>This statement provides no foundation and appears not to be based on personal knowledge. | Sustained: ___<br><br>Overruled: ___ |

27

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING<br>PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | | |
|---|---|---|---|---|
| 1 2 | | a person affiliated with Long Haul." | | |
| 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 | 13. | At ¶ 27, 7:4-13.<br><br>"In view of Long Haul's ties with Stop Cal Vivisection, and its other ties with animal rights activists, there was reason to believe that a person associated with Long Haul may have been primarily responsible or given assistance to the individual or individuals responsible for sending the threatening and harassing emails which were the subject of the search warrant. The other members of the ARWG and I did not know whether animal rights activists who were observed at home demonstrations and seen going in and out of the Long Haul were employees or volunteers of the Long Haul who would have had access to some or all of the computers located within the Long Haul premises and would have had the motivation to destroy or alter any evidence located on the hard drives of those computers." | Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702). This statement provides no foundation and appears not to be based on personal knowledge as to what the other individuals believed.  Alberts's statement also lacks foundation regarding his speculation about any possible destruction of evidence.<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615).<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Sustained: ___<br><br>Overruled: ___ |
| 18 19 20 21 22 23 24 25 26 27 28 | 14. | At ¶ 28, 7:14-21.<br><br>"Anyone affiliated with Long Haul, from a regular member to someone from the public that rarely used the internet access, could have sent the threatening emails that we were investigating.  We had no way of knowing who it was, which is why we were seeking evidence to help us determine the identity of the sender(s).  However, due to the fact that the IP address of multiple emails traced back to Long Haul, we knew that the sender had some affiliation with Long Haul, no matter how strong or weak.  Anyone who used the computers inside Long Haul, be it a member or not, could have | Lacks Personal Knowledge (FRE 602). This statement provides no foundation and appears not to be based on personal knowledge.<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information and assertions that were not contained in the affidavit seeking the warrant.<br><br>Speculation (FRE 701, 702).<br><br>Improper Opinion (*BellSouth*, 77 F.3d at 615). | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

25

| | | | |
|---|---|---|---|
| | | been the person who sent the threatening emails. We had no idea who." | | |
| 15. | At ¶ 31, 8:15-17.<br><br>"It is my understanding that Officer Zuniga did not confirm or disprove this claim, nor did he obtain any information with regard to what the nature of the affiliation may have been." | Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702). This statement has no foundation and appears not to be based on personal knowledge. | Sustained: ___<br><br>Overruled: ___ |
| 16. | At ¶ 40, 9:20-22.<br><br>"The search warrant was intended to and did authorize the search and seizure of any and all computers located within the Long Haul. This was my understanding both prior to and after the execution of the search warrant." | Improper Opinion (*BellSouth*, 77 F.3d at 615).<br><br>Relevance (FRE 402). | Sustained: ___<br><br>Overruled: ___ |
| 17. | At ¶ 41, 9:23-10:1.<br><br>"The reason we sought and obtained a search warrant for any and all computers is because we believed that any computer located in the Long Haul could have generated the threatening emails because the IP address came back to that location, on multiple occasions. The scope of the search was for any and all computers that could have sent those emails, whether used by a member of the 'public,' someone associated with Long Haul, or, as it turned out, a tenant of Long Haul that was using the same DSL line with the same IP address." | Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702), Hearsay (FRE 802). This statement provides no foundation as to other people's knowledge and opinions.<br><br>Improper Opinion (*BellSouth*, 77 F.3d at 615).<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information and assertions that were not contained in the affidavit seeking the warrant. | Sustained: ___<br><br>Overruled: ___ |
| 18. | At ¶ 42, 10:2-4.<br><br>"It never occurred to me that there could be a computer or other storage devices where the emails couldn't possibly have been generated from or where | Relevance (FRE 402). | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | identifying information couldn't possibly be stored." | | |
| 19. | At ¶ 77, 15:14-16.<br><br>"I did not seize any items that were not described in the search warrant nor exceed the scope of the search warrant. I acted in good faith at all times during the execution of the search warrant." | Improper Opinion/Improper Conclusion (*BellSouth*, 77 F.3d at 615). | Sustained: ___<br><br>Overruled: ___ |
| 20. | At ¶ 78, 15:17-24.<br><br>"Subsequent to the search, Kasiske informed me that he had requested that the Silicon Valley Regional Computer Forensics Laboratory (the 'SVRCF Lab') accept all the computers seized during the search and conduct a forensic examination. Kasiske informed me that the SVRCF Lab stated that it could only accept a limited number of computers based on workload considerations. Kasiske informed me that he was sending six computers from the western loft area to the SVRCF Lab because they likely had the most user traffic. The SVRCF Lab returned the six computers to UCPD after the hard drives were imaged." | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802).<br>This statement provides no foundation and is not based on personal knowledge and is presented for the truth of the matters asserted. | Sustained: ___<br><br>Overruled: ___ |
| 21. | At ¶ 79, 16:2-4.<br><br>"The search terms submitted by the UCPD and utilized by the SVRCF Lab were limited in scope and calculated to locate material relating to the investigation into the threatening emails." | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703).<br>This statement provides no foundation and is not based on personal knowledge.<br><br>Improper Legal Opinion/Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615). | Sustained: ___<br><br>Overruled: ___ |
| 22. | At ¶ 80. 16:8-14.<br><br>"In fact, my testimony was, and the truth is, that only six computers from the 'public internet room' were sent to the SVRCF Lab and were the only ones that were ever searched. | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703).<br>This statement provides no foundation and is not based on personal knowledge. | Sustained: ___<br><br>Overruled: ___ |

| | | |
|---|---|---|
| The remaining computer hard drives and other storage media were copied by UCPD personnel.  Neither the computers taken from the eastern loft room or the first floor hallway room were ever searched by any agency. There has never been any search of the contents of these computers." | | |

31

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

## DECLARATION OF WADE MACADAM

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| 1. | At ¶ 7, 2:19-22.<br><br>"During the briefing meeting, I was made aware that UC-Berkeley faculty and staff members were the subject of threatening emails and other threatening and intimidating behavior, allegedly perpetrated by animal rights activists, over a period of months." | Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors.<br><br>Lacks Personal Knowledge (FRE 602).<br><br>Hearsay (FRE 802). | Sustained: ___<br><br>Overruled: ___ |
| 2. | At ¶ 8, 2:23-27.<br><br>"I am aware of several connections between Long Haul and animal rights activists; including: (1) Long Haul's hosting of a fundraiser for the group Stop Cal Vivisection; (2) the presentation by a known animal rights activist, Peter Young, and showing of the movie 'Behind the Mask' at Long Haul; and, (3) several instances where animal rights activists were followed before or after home demonstrations to Long Haul." | Lacks Personal Knowledge (FRE 602).<br><br>Hearsay (FRE 802).<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | Sustained: ___<br><br>Overruled: ___ |
| 3. | At ¶ 9, 2:28-3:10.<br><br>"During the briefing meeting, I learned that some of the threatening emails originated from an IP address registered to the Long Haul premises and that one or more of the computers located at the Long Haul premises had been used to send threatening emails to UC-Berkeley faculty and it was unknown which individual or individuals were sending the threatening emails or which computers in particular had been used to send the | Lacks Personal Knowledge (FRE 602).<br><br>Hearsay (FRE 802).<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | Sustained: ___<br><br>Overruled: ___ |

32

| | | | | |
|---|---|---|---|---|
| 1 2 3 4 5 6 7 8 9 | | threatening emails. I was informed that there was reason to believe that a person associated with Long Haul may have been primarily responsible or given assistance to the individual or individuals responsible for sending the threatening and harassing emails. Additionally, I was informed that the execution of the search warrant was intended to aid in identifying the individual(s) who sent the threatening emails and/or the computer(s) from whence they came." | | |
| 10 11 12 13 14 15 16 17 | 4. | At ¶ 27, 6:4-8.<br><br>"There was no indication that East Bay Prisoner Support was a distinct organization and was paying rent to Long Haul for its use of this tiny room. I believed the room that is claimed to be the "EBPS office," like the other rooms along the hallway, was used by Long Haul as office and/or storage space. There was no indication that the room was being used for any publishing activities." | Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615).<br><br>Lacks Personal Knowledge (FRE 602).<br>This statement provides no foundation and appears not to be based on personal knowledge. | Sustained: ___<br><br>Overruled: ___ |
| 18 19 20 21 22 | 5. | At ¶ 28, 6:10-11.<br><br>"All of the offices within Long Haul appeared to be administrative offices or storage areas." | Improper Opinion (*BellSouth*, 77 F.3d at 615).<br><br>Lacks Personal Knowledge (FRE 602).<br>This statement provides no foundation and appears not to be based on personal knowledge. | Sustained: ___<br><br>Overruled: ___ |
| 23 24 25 26 27 28 | 6. | At ¶ 32, 6:23-27.<br><br>"There was nothing in the Long Haul premises during the execution of the search warrant that alerted me to the possibility of publishing activities (i.e., no printing press, no industrial printers, etc.). The rooms that Plaintiffs allege were the sites of publishing activity looked like nothing more than | Improper Opinion (*BellSouth*, 77 F.3d at 615). | Sustained: ___<br><br>Overruled: ___ |

33

| | | administrative offices or storage areas." | | |
|---|---|---|---|---|
| | 7. | At ¶ 35, 7:9-10.<br><br>"I acted in good faith at all times during the execution of the search warrant." | Improper Conclusory Legal Statement (*BellSouth*, 77 F.3d at 615). | Sustained: ___<br><br>Overruled: ___ |

Case No. C 09-00168-JSW

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

1

DECLARATION OF MIKE HART

2

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| 1. | At ¶ 3, 2:12-13.<br><br>"Throughout most of 2008, I was aware that UC-Berkeley employees, faculty, and researchers, were receiving threatening emails for a period of time, perhaps up to a year." | Lacks Personal Knowledge (FRE 602).<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | Sustained: ___<br><br>Overruled: ___ |
| 2. | At ¶ 6, 3:2-4.<br><br>"In any case, the contents of the Statement of Probable Cause were discussed at the briefing meeting, and as a result it was my understanding someone was using at least one computer at the Long Haul premises to send threatening e-mails to UC-Berkeley staff." | Lacks Personal Knowledge (FRE 602). | Sustained: ___<br><br>Overruled: ___ |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

35

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

DECLARATION OF LISA SHAFFER

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | RULING |
|---|---|---|---|
| 1. | At ¶ 4, 2:11-16.<br><br>"Before the search of the Long Haul, I became aware that UC-Berkeley staff reported receiving threatening e-mails, and it was my understanding that the messages discussed animal rights issues and made threats against UC-Berkeley staff for their work or research with animals. I was aware that these email threats occurred over a lengthy period of time and that some of the e-mails included threats of physical harm to the recipients." | Lacks Personal Knowledge (FRE 602).<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | Sustained: ___<br><br>Overruled: ___ |
| 2. | At ¶ 7, 3:2-5.<br><br>"When Sgt. Alberts contacted me by phone in mid-August to request my assistance with the execution of the search warrant at the Long Haul, I understood that by then the University of California Berkeley Police Department had investigated the threatening emails and determined that the Long Haul was their source." | Lacks Personal Knowledge (FRE 602).<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | Sustained: ___<br><br>Overruled: ___ |
| 3. | At ¶ 12, 3:25-4:6.<br><br>"It was my understanding, based on the information I heard at this meeting, that Long Haul allowed computer users to access and use e-mail and the internet and that one or more computers at Long Haul had been identified as having been used to send threatening e-mails to UC Berkeley staff. It was also my understanding, based on the information I heard at the pre-search meeting, that a person or persons using one or more computers at the Long Haul premises was likely sending threatening e-mails to | Lacks Personal Knowledge (FRE 602).<br><br>Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403).<br>This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | Sustained: ___<br><br>Overruled: ___ |

36

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| 1 2 3 | | UC-Berkeley staff and it was unknown whether the computer-generated threats were sent by any particular computer or computer user." | | |
| 4 5 6 | 4. | At ¶ 34, 8:6.<br><br>"It did not appear to be an office out of which anything was published." | Improper Opinion (*BellSouth*, 77 F.3d at 615)<br>Lacks foundation. | Sustained: ___<br><br>Overruled: ___ |

Dated:                                          By:

_____
The Honorable Jeffrey White
United States District Judge

[PROPOSED] ORDER REGARDING
PLAINTIFFS' EVIDENTIARY OBJECTIONS