1   SCHIFF HARDIN LLP
     WILLIAM J. CARROLL (CSB #118106)
2   wcarroll@schiffhardin.com
     SARAH D. YOUNGBLOOD (CSB #244304)
3   syoungblood@schiffhardin.com
     One Market, Spear Street Tower, 32nd Floor
4   San Francisco, CA 94105
     Phone: (415) 901-8700 / Fax: (415) 901-8701
5
     SARA L. ELLIS (ILSB #6224868)
6   sellis@schiffhardin.com
     233 South Wacker Drive, Suite 6600
7   Chicago, IL 60606
     Phone: (312) 258-5800 / Fax: (312) 258-5600
8
     Attorneys for Defendants MITCHELL CELAYA,
9   KAREN ALBERTS, WILLIAM KASISKE, WADE
     MACADAM and TIMOTHY J. ZUNIGA
10
     MELINDA HAAG (CSB #132612)
11  United States Attorney
     JOANN M. SWANSON (CSB #88143)
12  Assistant United States Attorney
     Chief, Civil Division
13  JONATHAN U. LEE (CSB #148792)
     NEILL T. TSENG (CSB #220348)
14  Assistant United States Attorneys
     Northern District of California
15  450 Golden Gate Avenue, Box 36055
     San Francisco, CA 94102
16  Phone: (415) 436-6909 (Lee) / Fax: (415) 436-7169

17  Attorneys for the FEDERAL DEFENDANTS

18             UNITED STATES DISTRICT COURT

19           NORTHERN DISTRICT OF CALIFORNIA

20

| | |
|---|---|
| 21  LONG HAUL, INC., et al., | Case No. 3:09-cv-0168 JSW |
| 22          Plaintiffs, | **[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS** |
| 23  v. | |
| 24  U.S.A., et al., | Date:    April 8, 2011<br>Time:   9:00 a.m. |
| 25          Defendants. | Dept.:  11<br>Judge:  Jeffrey S. White |

26

27       The Court, having considered Plaintiffs Long Haul, Inc. and East Bay Prisoner Support's

28  ("Plaintiffs") objections to the evidence submitted by Defendants Mitchell Celaya, Karen Alberts,

William Kasiske, Wade Macadam, Timothy J. Zuniga, United States of America, Lisa Shaffer, and Mike Hart ("Defendants") in support of Defendants' Motions for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment, as well as Defendants' responses to said objections, hereby ORDERS the below Rulings.

### DECLARATION OF WILLIAM KASISKE

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| 1. | At ¶ 4, 2:9-11.<br><br>"From late 2007 through 2008, animal rights activists directed a number of actions against UC Berkeley researchers ('researchers') designed to harass, threaten, and intimidate the researchers and their families." | Lacks Personal Knowledge (FRE 602). This statement provides no foundation and appears not to be based on personal knowledge.<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Officer Kasiske was a member of the Animal Rights Working Group ("ARWG") as stated in ¶5 of his declaration. His testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy v. Air Lines Pilots Assoc.*, 897 F.2d 999, 1018 (9th Cir. 1990). Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>This information was contained within the Statement of Probable Cause ("SOPC"). Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 2. | At ¶ 6, 2:23-3:6.<br><br>"Beginning in late 2007 and continuing through 2008, animal rights activists conducted numerous home demonstrations at the residences of the researchers. These demonstrations included chalking the researchers' driveways and sidewalks with offensive messages and placing flyers full of incendiary comments where neighbors would find them. During these demonstrations, animal rights activists chanted slogans meant to frighten and intimidate the researchers, such as 'For the animals, we will fight. We know where they sleep at night.' Animal rights activists also vandalized the researchers' | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802). This statement provides no foundation and appears not to be based on personal knowledge. Rather, Kasiske appears to be relying on facts known to others investigators, and even admits that *other* "UCPD officers monitored these home demonstrations."<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Kasiske's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The documents relied on by Defendants in their investigation of animal rights activists are not hearsay because they are offered to demonstrate the course of the investigation. *See e.g., US v. Urie,* 2010 WL 1936438 at *1 (9th Cir. 2010).<br><br>This information was contained within the Statement of Probable Cause ("SOPC"). Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | homes during some of these demonstrations. As part of our investigation, UCPD officers monitored these home demonstrations, at times followed the demonstrators from researchers' residences, and monitored the internet to find additional information on the location of the demonstrations, when the demonstrations would be occurring, and which groups were responsible for the demonstrations." | | instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 3. | At ¶ 7, 3:7-16.<br><br>"A group identified as Stop Cal Vivisection supported and claimed responsibility for various home demonstrations, claiming they were taking a radical stand against animal research conducted by UC Berkeley researchers. Stop Cal Vivisection maintained websites where it disseminated information regarding | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802). This statement provides no foundation and appears not to be based on personal knowledge. Rather, Kasiske appears to be relying on facts known to other investigators.<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with | Kasiske's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The information relied on by Defendants in their investigation of animal rights activists is not hearsay because it is offered to demonstrate the course of the investigation. *See e.g., Urie,* 2010 WL 1936438 at *1.<br><br>Evidence outside the warrant is, at a minimum, relevant to the good faith | Sustained: ____<br><br>Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | researchers at UC Berkeley engaged in animal research, listing the researchers' names, home addresses, telephone numbers, and displaying graphic pictures seeking to suggest the researchers were treating animals inhumanely." | people who harassed, threatened and intimidated others. | defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 4. | At ¶ 7, Exh. A — redacted version of a posting on Stop Cal Vivisection's website regarding a May 10, 2008 vigil (UC000104-UC000117). | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Lacks Authentication (FRE 901). Kasiske's declaration provides no foundation and appears not to be based on any personal knowledge about the origins of the exhibit. Rather, Kasiske appears to be relying on facts and documents gathered by | Kasiske's offers this document based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>Evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This document does not | Sustained: ____<br><br>Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | other investigators. | mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>The document is properly authenticated as a document that was used as part of Officer Kasiske and ARWG's investigations. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) ("A document can be authenticated . . . by a witness who wrote it, signed it, used it, or saw others do so.).<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 5. | At ¶ 8, 3:17-27. "Given its role in targeting the homes of UC Berkeley researchers, the ARWG recognized the possibility that Stop Cal Vivisection and/or certain of its members were involved in the unlawful harassment of UC Berkeley researchers. We sought to collect additional information regarding the group and its activities. This task was made | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802). This statement provides no foundation and appears not to be based on personal knowledge. Rather, Kasiske appears to be relying on facts and documents known to other investigators.  In | Kasiske's testimony is offered based on his investigations and work for and with the ARWG.  Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy*, 897 F.2d at 1018.  Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The information relied on by Defendants in their investigation of animal rights activists is not hearsay because it is offered to demonstrate the course of the investigation.  *See e.g., Urie*, 2010 WL 1936438 at *1.<br><br>Evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and  good faith | Sustained: ____<br><br>Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | more complex by the fact that the group repeatedly changed its websites and did not publically identify its leaders, in an apparent attempt to avoid prosecution. UCPD was able to identify various individuals who were actively involved in Stop Cal Vivisection, based in part on the attendance at the home demonstrations. Several of these individuals were also identified as taking part in the violent campaign of harassment and intimidation underway against UC faculty engaged in animal research at other campuses." | particular, Kasiske's use of the passive voice in phrases such as, "we sought...", "UCPD was able...", and "individuals were also identified...", indicates that he lacks personal knowledge of the facts asserted. | and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 6. | At ¶ 9, 3:28-4:8.<br><br>"Throughout 2008, there was a growing concern that the safety of UC Berkeley researchers and their families were increasingly at risk. This concern was fed by a series of violent attacks on other UC campuses which included invasions of researchers' | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802).<br>This statement provides no foundation and appears not to be based on personal knowledge. The statement that "there was growing concern" appears to reflect the opinion of others. There is also no indication that Kasiske had any personal knowledge of the alleged attacks at UC Santa Cruz. Rather, his statement appears to reflect that his | Kasiske's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy*, 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The information relied on by Defendants in their investigation of animal rights activists is not hearsay or it is offered to demonstrate the course of | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | homes and firebombing researchers' cars. Specifically, on August 2, 2008, two fire bombings were reported in Santa Cruz. An incendiary device was ignited at the home of a UC Santa Cruz researcher while he was home with his family. A second device burned a vehicle belonging to another UC Santa Cruz researcher. The other members of the ARWG and I were aware of these attacks as well as similar attacks that occurred against UCLA animal researchers in previous years." | investigators were generally "aware" of various facts reported by the news media and other public sources.<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who engaged in fire bombings and sent incendiary devices. | the investigation.  *See e.g., Urie,* 2010 WL 1936438 at *1.<br><br>Much of this information was contained within the SOPC.  Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement.  FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 7. | At ¶ 10, Exh. B — notice posted by Stop Cal Vivisection on Indybay.org regarding "a day of demonstrations" to be held on January 27, 2008 (UC000219). | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802). Kasiske's declaration | Kasiske's offers this document based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred.  *See e.g., Barthelemy,* 897 F.2d at 1018.  Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The information relied on by Defendants in their investigation of animal rights activists is not hearsay because it is offered to demonstrate the course of the investigation.  *See e.g.,* | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | provides no foundation and appears not to be based on personal knowledge. There is no indication Kasiske has any personal knowledge of the origins of the notice, or of any demonstrations that may or may not have occurred. Rather, Kasiske appears to be relying on facts and documents uncovered by other officers in the course of their investigation. The notice also qualifies as hearsay for the truth of the matter asserted – that is, that Stop Cal Vivisection led demonstrations occurred on January 27, 2008. | *Urie,* 2010 WL 1936438 at *1.<br><br>Evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This document does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 8. | At ¶ 11, Exh. C — redacted version of a June 3, 2008, article posted by Stop Cal Vivisection on Indybay.org (UC000204). | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Lacks Authentication (FRE 901), Hearsay (FRE 802). Kasiske's declaration as to this exhibit provides no foundation and appears | Kasiske's offers this document based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The information relied on by Defendants in their investigation of animal rights activists is not hearsay because it is offered to demonstrate the course of the investigation. *See e.g., Urie,* 2010 WL 1936438 at *1. | Sustained: ____<br><br>Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | not to be based on personal knowledge. Rather, Kasiske appears to be relying on facts and documents uncovered by other officers in the course of their investigation.  In particular, he asserts that the article "was retained in the investigation file," but he does not claim any personal knowledge of the article's origins.  The exhibit also qualifies as hearsay for the truth of the matter asserted by Kasiske—namely, that Stop Cal Vivisection "takes responsibility for recent demonstrations at researchers' homes and threatens that more are to come."  Again, Kasiske has no personal knowledge as to whether this claim is actually true.  Finally, the document also has not been properly authenticated. | Evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and  good faith and criminal suspect defenses under the Privacy Protection Act.  The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement.  FRE 403.  This document does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.  The document is properly authenticated as a document that was used as part of Officer Kasiske and ARWG's investigations. *Orr*, 285 F.3d at 774 ("A document can be authenticated . . . by a witness who wrote it, signed it, used it, or saw others do so.).  Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 9. | At ¶ 12, Exh. D — announcement from Stop Cal Vivisection regarding home demonstrations planned for June 14, 2008 (UC000879-UC000881). | Irrelevant (FRE 402).  The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.  Prejudicial (FRE 403).  This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with | Kasiske's offers this document based on his investigations and work for and with the ARWG.  Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018.  Furthermore, further foundational facts are provided elsewhere in the declaration.  The information relied on by | Sustained: ____  Overruled: ____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO.  3:09-cv-0168 BZ

[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | Stop Cal Vivisection. Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802), Lacks Authentication (FRE 901). Kasiske's declaration provides no foundation as to this exhibit and appears not to be based on personal knowledge. Rather, Kasiske appears to be relying on facts and documents uncovered by other officers in the course of their investigation. The exhibit also qualifies as hearsay regarding the occurrence of home demonstrations by Stop Cal Vivisection. Kasiske has no personal knowledge as to whether these demonstrations occurred. Finally, the document has not been properly authenticated. | Defendants in their investigation of animal rights activists is not hearsay because it is offered to demonstrate the course of the investigation. *See e.g., Urie,* 2010 WL 1936438 at *1. Evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act. The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This document does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case. The document is properly authenticated as a document that was used as part of Officer Kasiske and ARWG's investigations. *Orr,* 285 F.3d at 774 ("A document can be authenticated . . . by a witness who wrote it, signed it, used it, or saw others do so.). Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 10. | At ¶ 13, 4:24-27. "I was aware that Long Haul was an | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Lacks Authentication (FRE 901), | Kasiske's testimony is offered based on his investigations and work for and with the ARWG. Based | Sustained: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | activist organization and that the Long Haul premises were used by groups or organizations to hold meetings, discussions, fundraising and recreational activities.  I was aware of this information through my work at UCPD." | Hearsay (FRE 802). This statement provides no foundation and appears not to be based on personal knowledge. Kasiske's bald assertion that he knows certain facts about Long Haul "through my work at UCPD" does not explain how he has personal knowledge of these matters.  Rather, Kasiske appears instead to be relying on facts about Long Haul uncovered by other officers in the course of their investigation. These grounds constitute hearsay for the truth of the matters asserted by Kasiske—that is, that Long Haul is an "activist" organization that engages in certain activities. Again, Kasiske lacks personal knowledge of these matters. | on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018.  Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The information relied on by Defendants in their investigation of animal rights activists is not hearsay because it is offered to demonstrate the course of the investigation. *See e.g., Urie,* 2010 WL 1936438 at *1.<br><br>Plaintiffs' objection of "Lacks Authentication" is inappropriate as a document is not being offered as evidence in this quote.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Overruled: ____ |
| 11. | At ¶ 16, 5:5-6.<br><br>"In my review of Long Haul's website, there was no information leading me to believe that there were any tenants located within the premises." | Improper Conclusion (*see, e.g., BellSouth Telecom. V. W.R. Grace & Company-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996)). This statement does not allege facts; rather, it improperly draws a legal conclusion about the defendants' basis for probable cause. | Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *US v. $223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 (9th Cir. 2009) quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 60 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006).  Furthermore, | Sustained: ____<br><br>Overruled: ____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | Kasiske, in several portions of his declaration, lists the specific items one would expect to see, and states that such items were not present at the Long Haul.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 12. | At ¶ 20, 5:20-21.<br><br>"On at least three occasions, UCPD officers followed participants in the home demonstrations back to Long Haul." | Lacks Foundation as to Personal Knowledge (FRE 602). This statement provides no foundation and appears not to be based on personal knowledge. By his own admission, Kasiske is relying on the investigation of other UCPD officers. | Kasiske's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration. | Sustained: ____<br><br>Overruled: ____ |
| 13. | At ¶ 22, 6:7-13.<br><br>"On another occasion, the animal rights activists had planned to gather at the Ashby BART station for a day of home demonstrations. I, along with other officers, intended to conduct surveillance of these demonstrations. However, due to a low turnout, the home demonstrations were called off. One of the people that had shown up for the demonstrations was someone we | Lacks Foundation as to Personal Knowledge (FRE 602), Speculation (FRE 701, 702), Relevance (FRE 402). This statement provides no foundation and appears not to be based on personal knowledge about the demonstration planning, why it was called, off and how the person came to be identified as an "animal rights activist and a key member of Stop Cal Vivisection." | Kasiske's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, Kasiske states that he was present at this gathering and observed the demonstrators.<br><br>The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act. | Sustained: ____<br><br>Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | had previously identified as an animal rights activist and a key member of Stop Cal Vivisection. I assisted with surveillance on this person who was observed going from the Ashby BART station to Long Haul." | | | |
| 14. | At ¶ 23, 6:14-19; Exh. F.<br><br>"Additionally, on January 9, 2008, Peter Young, a prominent animal rights activist, gave a speech and showed a movie called 'Behind the Mask' at Long Haul. Attached as Exhibit F is a true and correct copy of a posting on Indybay.org discussing Young's presentation at Long Haul (UC000674-UC000678). The event followed the recent release of Young from prison, where he had served a sentence for crimes relating to his animal rights activities." | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with a person who gave a speech and showed a movie at Long Haul's public space.<br><br>Lacks Personal Knowledge (FRE 602), Lacks Authentication (FRE 901), Hearsay (FRE 802). Kasiske's declaration provides no foundation and appears not to be based on personal knowledge. The online posting, designated as Exhibit F, constitutes hearsay for purposes of demonstrating the truth of matters concerning the alleged presentation by Mr. Young. Kasiske does not appear to have any personal knowledge about the presentation Mr. Young allegedly gave at | Kasiske's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The information relied on by Defendants in their investigation of animal rights activists is not hearsay because it is offered to demonstrate the course of the investigation. *See e.g., Urie,* 2010 WL 1936438 at *1.<br><br>The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | Long Haul. Finally, the cited exhibit also has not been properly authenticated. | by any prejudice that may result to Long Haul from this statement. FRE 403. This statement provides support for Defendants' actions and their knowledge of a connection between Long Haul and animal rights activists, as stated in the SOPC.<br><br>The document is properly authenticated as a document that was used as part of Officer Kasiske and ARWG's investigations. *Orr*, 285 F.3d at 774 ("A document can be authenticated . . . by a witness who wrote it, signed it, used it, or saw others do so.).<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 15. | At ¶ 24, 6:24-26.<br><br>"I believe this was referring to the legal costs of its members who were facing criminal prosecution for their alleged attacks on UC Santa Cruz researchers engaged in animal research." | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702), Relevance (FRE 402). | A "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram*, 418 F.Supp.2d at 1186.<br><br>Kasiske's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy*, 897 F.2d at 1018.<br><br>Evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy | Sustained:<br>____<br><br>Overruled:<br>____ |

| MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|
| | | Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 16. At ¶ 25, 7:1-5.<br><br>"... while monitoring websites dedicated to animal rights activists, UCPD officers found articles written by Stop Cal Vivisection and other animal rights activists. These articles were sharply critical of the 'vivisection' activities by researchers on the UC Berkeley campus and described the activities of Stop Cal Vivisection and other animal activists." | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Personal Knowledge (FRE 602), Hearsay (FRE 802), Incompetent Evidence of Content of a Writing (FRE 1002). | Kasiske's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>Evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 17. | At ¶ 29, 7:19-20.<br><br>"Long Haul's website only stated that Slingshot is a project, among a list of other projects, which meet at the Long Haul." | Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702).<br>This statement provides no foundation and appears not to be based on personal knowledge. There is no evidence that Kasiske reviewed the entire website. | Kasiske declaration contains testimony that he reviewed the Long Haul website (¶16) and that he reviewed a list of "Projects Meeting at the Long Haul" on that website (¶17). He is therefore qualified to make this statement based on his personal knowledge of the contents of the website at the time of his review. Additionally, Plaintiffs have not presented any evidence that brings the accuracy of this statement into question.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>_____<br><br>Overruled:<br>_____ |
| 18. | At ¶ 34, 8:5-10.<br><br>"In March, May and June of 2008, various UC Berkeley researchers received a series of threatening and intimidating emails sent from anonymous animal rights activists. As detailed below, these emails culminated in a series of messages sent to a UC researcher in June, 2008 which | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant, including the May email.<br><br>Lacks Personal Knowledge (FRE 602). This statement provides no foundation and appears not to be based on personal knowledge. | Kasiske's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy*, 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration. The emails themselves are in fact attached to Kasiske's declaration, were reviewed by him as part of his investigation, and are the basis for the search warrant in this case.<br><br>Information regarding the March and June emails was contained within the SOPC. | Sustained:<br>_____<br><br>Overruled:<br>_____ |

SCHIFF HARDIN LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

CASE NO. 3:09-cv-0168 BZ

[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | featured threats of bodily harm aimed at the researcher. This escalating series of threatening emails constituted the basis for the search warrant at issue in this case." | | Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 19. | At ¶ 35, 8:11-12; Exh. G.<br><br>"In March, 2008, two U.C. Berkeley researchers received harassing and threatening emails that appeared to be from animal rights activists." | Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615). This statement draws an improper legal conclusion that the emails were "harassing" and "threatening."<br><br>Incompetent Evidence of Content of a Writing (FRE 1002). Kasiske's attached exhibit, designated G, is heavily redacted and therefore incomplete. | "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). The fact that the emails were "harassing" and "threatening" is not a legal conclusion. At most it is an opinion, which Kasiske is more than qualified to give based on his training and experience as a police officer.<br><br>The fact that the Exhibit is redacted solely to remove information identifying the victim on the basis of the Investigative Privilege does not violate the Best Evidence Rule. These | Sustained: ____<br><br>Overruled: ____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 3:09-cv-0168 BZ
[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | redactions do no place the "authenticity of the original" in doubt under FRE 1003 and the document is therefore admissible. *See e.g., Pittenger v. John Soliday Financial Group, LLC,* 2010 WL 1856224, *3 (N.D. Ohio, 2010).<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 20. | At ¶ 36, 8:17-19.<br><br>"The March, 2008 emails were sent from email addresses that had been created with false names, which I believe was done so the senders could retain their anonymity." | Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702).<br>This statement provides no foundation and appears not to be based on personal knowledge. Kasiske's conclusory assertion appears to be speculation. | Kasiske has personal knowledge regarding the email addresses listed on the emails as the sender as he reviewed the emails. This analysis does not constitute a "legal conclusion" nor is it speculation as he compared the emails. "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini,* 247 F.3d at 960 n. 4. Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram,* 418 F.Supp.2d at 1186.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |
| 21. | At ¶ 40, 9:14-16. | Lacks Personal Knowledge (FRE 602). | Kasiske's testimony is offered based on his | Sustained:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | "The researcher who received these emails had received harassing emails in March, 2008 and had also been the target of vandalism and demonstrations at her home." | This statement provides no foundation and appears not to be based on personal knowledge. | investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g.*, *Barthelemy*, 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration. The emails themselves are in fact attached to Kasiske's declaration, were reviewed by him as part of his investigation, and are the basis for the search warrant in this case. | Overruled: ____ |
| 22. | At ¶ 40, 9:18-21.<br><br>"I believed that this threat was referencing the arsons (including planting of incendiary devices) and other vandalism that had taken place at the homes of UCLA animal researchers and was an effort to further intimidate the U.C. Berkeley researchers." | Speculation (FRE 701, 702), Relevance (FRE 402).<br>This statement provides no foundation and appears not to be based on personal knowledge.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Kasiske's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g.*, *Barthelemy*, 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>References to this information were contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>A "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram*, 418 F.Supp.2d at 1186.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may | Sustained: ____<br><br>Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 23. | At ¶ 46, 10:26-11:7.<br><br>"In view of Long Haul's ties with Stop Cal Vivisection, and its other ties with animal rights activists, there was reason to believe that a person associated with Long Haul may have been primarily responsible or given assistance to the individual or individuals responsible for sending the threatening and harassing emails which were the subject of the search warrant. The other members of the ARWG and I did not know whether animal rights activists who were observed at home demonstrations and seen going in | Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702). This statement provides no foundation and appears not to be based on personal knowledge as to what the other individuals believed. Kasiske's statement also lacks foundation regarding his speculation about any possible destruction of evidence.<br><br>Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615).<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Kasiske's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>"Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). This statement does not constitute a legal conclusion, but instead demonstrates Kasiske's | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | and out of the Long Haul were employees or volunteers of the Long Haul who would have had access to some or all of the computers located within the Long Haul premises and would have had the motivation to destroy or alter any any evidence located on the hard drives of those computers." | | knowledge and assessment of the investigation.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement.  FRE 403.  This statement provides support for Defendants' actions and their knowledge of a connection between Long Haul and animal rights activists, as stated in the SOPC.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 24. | At ¶ 66, 15:22-25.<br><br>"However, the truth is that the Statement of Probable Cause and the Search Warrant did not limit the search of the storage devices to patron logs but instead authorized the search of those items for evidence of the crimes under investigation, including the source of the threatening emails and patron logs." | Relevance (FRE 402), Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615), Incompetent Evidence of Content of a Writing (FRE 1002).  The document speaks for itself. | Evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and  good faith and criminal suspect defenses under the Privacy Protection Act.  This includes the officers' understanding of the scope of the warrant and the SOPC and their authority in executing it.<br><br>"Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory."  *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 960 n. 4 (9th Cir. 2001).  Furthermore, a | Sustained: ____<br><br>Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). This statement does not constitute a legal conclusion, but instead demonstrates Kasiske's understanding of the scope of the search warrant and the SOPC.

This statement does not violate FRE 1002 because the search warrant and SOPC are offered into evidence and this statement consists of Kasiske's understanding of the scope and terms of those documents. | |
| 25. | At ¶ 67, 15:26-16:6.

"I believed, and my training and experience supports this belief, that external storage devices serve as an extension of the hard drives inside computers. Due to the ease with which such information can be transferred electronically from the computer's hard drive to an external storage device, it is necessary to include such storage devices within the scope of a search for electronic | Relevance (FRE 402), Improper Legal Conclusion (*BellSouth,* 77 F.3d at 615), Expert Opinion Without Foundation (FRE 702). Kasiske offers an expert opinion without foundation about his training and experience with such matters. | "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). This statement does not constitute a legal conclusion, but instead demonstrates Kasiske's beliefs regarding the functioning of computers and hard drives. | Sustained: ____

Overruled: ____ |

[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | information that exists (or at one time existed) in the computer's hard drive. I believed that any electronic storage devices within Long Haul could possibly contain information to identify the senders of the threatening emails, archived emails, backup files from the computers being seized, or any other downloaded files that could aid in our investigation of the threatening emails." | | This information is relevant to Kasiske's intent in structuring the warrant and drafting the SOPC. Evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act. This includes the officers' understanding of the scope of the warrant and the SOPC and their authority in executing it. This testimony does not constitute an expert opinion. At most it is a lay opinion under FRE 701 regarding the use of computers and computer paraphernalia and is based on the perception of the witness. Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 26. | At ¶ 72, 17:13-16. "I also had no reason to believe that any areas were 'off limits.' There was probable cause to search the entire premises of Long Haul due to the fact that the IP address of multiple emails had been traced back to the building." | Improper Legal Opinion/Improper Conclusion (*BellSouth*, 77 F.3d at 615). | "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al*, 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram* | Sustained: ____ Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | *v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). This statement does not constitute a legal conclusion, but instead demonstrates Kasiske's beliefs regarding the parameters of the search warrant and his authority to execute the warrant. At a minimum, this information speaks as to each defendants' good faith defenses. | |
| 27. | At ¶ 74, 17:20-22. "The search warrant was intended to and did authorize the search and seizure of any and all computers located within the Long Haul. This was my understanding both prior to and after the execution of the search warrant." | Relevance (FRE 402), Improper Legal Opinion (*BellSouth*, 77 F.3d at 615), Incompetent Evidence of Content of a Writing (FRE 1002). The warrant speaks for itself about its scope. | "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). This statement does not constitute a legal conclusion, but instead demonstrates Kasiske's beliefs regarding the parameters of the search warrant and his authority to execute the warrant. This information is relevant to Kasiske's intent in structuring the warrant and drafting the SOPC. Evidence outside the warrant is, at a minimum, relevant to the good faith | Sustained: ____ Overruled: ____ |

[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act. This includes the officers' understanding of the scope of the warrant and the SOPC and their authority in executing it.<br><br>This statement does not violate FRE 1002 because the search warrant and SOPC are offered into evidence and this statement consists of Kasiske's understanding of the scope and terms of those documents as well as his intent in drafting those documents.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 28. | At ¶ 75, 17:23-18:1.<br><br>"The reason we sought and obtained a search warrant for any and all computers is because we believed that any computer located in the Long Haul could have generated the threatening emails because the IP address came back to that location. The scope of the search was for any and all computers that could have sent those emails, | Relevance (FRE 402), Improper Legal Opinion (*BellSouth*, 77 F.3d at 615), Incompetent Evidence of Content of a Writing (FRE 1002). The warrant speaks for itself about its scope. | "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). This statement does not constitute a legal | Sustained: ____<br><br>Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | whether used by a member of the 'public,' someone associated with Long Haul, or, as it turned out, a tenant of Long Haul that was using the same DSL line with the same IP address." | | conclusion, but instead demonstrates Kasiske's beliefs regarding the parameters of the search warrant and his authority to execute the warrant. | |
| | | | This information is relevant to Kasiske's intent in structuring the warrant and drafting the SOPC. Evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and  good faith and criminal suspect defenses under the Privacy Protection Act.  This includes the officers' understanding of the scope of the warrant and the SOPC and their authority in executing it. | |
| | | | This statement does not violate FRE 1002 because the search warrant and SOPC are offered into evidence and this statement consists of Kasiske's understanding of the scope and terms of those documents as well as his intent in drafting those documents. | |
| | | | Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 29. | At ¶ 99, 21:18-22.<br><br>"There was no indication that East Bay Prisoner Support was a distinct organization and was paying rent to | Improper Conclusion (*BellSouth*, 77 F.3d at 615). | Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory."  *US v.* | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | Long Haul for its use of this tiny room." . . . "There was no indication that the room was being used for any publishing activities." | | *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 (9th Cir. 2009) quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 60 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). Furthermore, Kasiske, in several portions of his declaration, lists the specific items one would expect to see, and states that such items were not present at the Long Haul. | |
| 30. | At ¶ 101, 22:2-3.<br><br>"I did not have any reason to believe that there was information on this equipment that was intended to be distributed to the public." | Improper Conclusion (*BellSouth,* 77 F.3d at 615). | Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *US v. $223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 (9th Cir. 2009) quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 60 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). Furthermore, Kasiske, in several portions of his declaration, lists the specific items one would expect to see, and states that such items were not present at the Long Haul.<br><br>Contrary to the requirements | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 31. | At ¶ 106, 22:15-16, 19-20.<br><br>"I did not encounter anything during the search that indicated that Slingshot was published out of the Long Haul premises." . . .<br>"There was no apparent indication that this room was being used for any publishing activities." | Improper Conclusion (*BellSouth*, 77 F.3d at 615). | Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *US v. $223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 (9th Cir. 2009) quoting *Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953, 60 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). Furthermore, Kasiske, in several portions of his declaration, lists the specific items one would expect to see, and states that such items were not present at the Long Haul. | Sustained:<br>____<br><br>Overruled:<br>____ |
| 32. | At ¶ 112, 23:16-20.<br><br>"I did not seize any items that were not described in the search warrant nor exceed the scope of the search warrant. I did not approve the seizure of any items that were not described in the search warrant, and to my | Improper Conclusion (*BellSouth*, 77 F.3d at 615), Improper Legal Opinion and Conclusion (FRE 701). | "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | knowledge no such items were in fact seized. I acted in good faith at all times during the application and execution of the search warrant." | | belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). This statement does not constitute a legal conclusion, but instead demonstrates Kasiske's beliefs regarding the parameters of the search warrant and his authority to execute the warrant. | |
| 33. | At ¶ 114, 24:6-8. "Given the care and expertise required for the computer search and copying, as well as the workload of the Silicon Valley Regional Computer Forensics Laboratory (the 'SVRCF Lab'), the timeframe for returning the computers was reasonable." | Improper Legal Opinion and Conclusion (*BellSouth,* 77 F.3d at 615) (FRE 701, 702), Lacks Foundation as to Personal Knowledge (FRE 602). | "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). This statement does not constitute a legal conclusion, but instead demonstrates Kasiske's understanding of SVRCF Lab based on his experience in working with them in the past. Kasiske's testimony is offered based on his work for the UCPD. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Contrary to the requirements | Sustained: ____ Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 34. | At ¶ 117, 25:3-9.<br><br>"I believed that searching for suspect and victim names from other animal rights activist events would aid in the investigation of the threatening emails and might help to identify the sender of the emails. In drafting these search terms, I was not attempting to obtain information unrelated to the June 15, 2008 emails. The search terms were limited in scope and not designed to locate any material protected by the Privacy Protection Act or any material not relevant to the investigation into the threatening emails." | Relevance (FRE 402), Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615), Improper legal opinion regarding Kasiske's "good faith" (FRE 701). | "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). This statement does not constitute a legal conclusion, but instead demonstrates Kasiske's beliefs regarding the parameters of the search warrant and his authority to execute the warrant in relation to his drafting of the search terms.<br><br>This information is relevant to Kasiske's intent in drafting the search terms in light of his understanding of the parameters of the search warrant and the SOPC. Evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act. This includes the officers' | Sustained: ____<br><br>Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | understanding of the scope of the warrant and the SOPC and their authority in executing it.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |

**DECLARATION OF SARA ELLIS**

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| 1. | At ¶ 5, Exh. A – Palmer Dep. vol. 1 at 137:6-140:2.<br><br>"Q: Have you ever seen this document before?<br><br>A: I don't think so, no.<br><br>...<br><br>Q: And was the internet account opened in your name?<br><br>A: I think – I mean, based on this, yes." | Lacks Foundation (FRE 602).<br>Palmer expressed no independent knowledge of the facts discussed. He was asked by opposing counsel to read a document (UC 243) that he indicated he had not seen before. | Jesse Palmer was designated by Long Haul as its 30(b)(6) witness. He testified that based on the document he believed the internet account had been opened in his name and when asked if he had any reason to believe that the information contained in the document was incorrect he responded "no." (Palmer Dep. 139:3-5).<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |
| 2. | At ¶ 5, Exh. A – Palmer Dep. vol. 1 at 182:6-15.<br><br>"Q:  And was there a Stop Cal Vivisection café night at the Long Haul on Sunday April 20?<br><br>A:  I don't know what date it was.  I think there was one in 2008." | Mischaracterizes cited testimony. Palmer indicated that did not know the date of the event in question. | Contrary to Plaintiffs' counsel's declaration, nothing in Sara Ellis' declaration characterizes the testimony of any of the witnesses.  Rather, true and correct copies of relevant portions of the transcripts are attached as Exhibits.  Within Defendants' brief, Mr. Palmer's testimony is cited, along with other evidence, in stating that Stop Cal Vivisection held an event at the Long Haul in April 2008. (Def. Motions, 5:7-8.)  As Mr. Palmer's testimony is not cited as the sole source of evidence to support this statement, his testimony was in no way "mischaracterized."<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | objections within their Opposition Brief. | |
| 3. | At ¶ 8, Exh. G – Miller Dep. at 69:17-72:17-73:12.<br><br>"Q: Did you ever offer to unlock the cabinets?<br><br>A: I did offer.<br><br>Q: And how did that conversation come about?<br><br>A: So they were looking through the side cabinet and apparently didn't find what they were looking for, and they had bolt cutters, and they were about to cut the locks. And I said, hey, I have the combos and I could open those for you. And they're like okay.<br><br>So they let me in, and I said, well, before I give you the combos, could you let me see the search warrant. And they said no. And I said, well then, you're gonna have to cut them off yourself. And they made me go back outside again." | Mischaracterizes cited testimony. Miller did not unlock the cabinets. She indicated that she offered to, but when her request to see the search warrant was refused, she did not assist in unlocking the cabinets and was required to leave the premises by the officers. | Contrary to Plaintiffs' counsel's declaration, nothing in Sara Ellis' declaration characterizes the testimony of any of the witnesses. Rather, true and correct copies of relevant portions of the transcripts are attached as Exhibits. Defendants rely on this deposition testimony within their brief to state that Miller said she could help unlock the cabinets but refused to do so without seeing the warrant and she was then asked to leave. (Def. Motions, 10:24-28.) Contrary to Plaintiffs' misrepresentation, nowhere within the brief does it state that Miller ever unlocked the cabinets.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |
| 4. | At ¶ 9, Exh. H – Lyons Dep. at 54:23-55:6.<br><br>"Q: What is this photograph of?<br><br>A: It's a photo of our door with a big, clear | Misstates testimony. Lyons testified that the photograph is of a "big, clear sign," but defendants did not include that portion of his testimony in their citation. | Contrary to Plaintiffs' counsel's declaration, nothing in Sara Ellis' declaration characterizes the testimony of any of the witnesses. Rather, true and correct copies of relevant portions of the | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | sign on it that says "East Bay Prisoner Support."<br><br>Q:  Okay. And that sign is made of cardboard, right?<br><br>A:  Yeah, I – it looks like it, cardboard, card stock paper, or something.<br><br>Q:  And it's a handwritten sign?<br><br>A:  It looks like it." | | transcripts are attached as Exhibits.  Within Defendants' brief, Mr. Palmer's testimony is cited, along with other evidence, to state that "[t]he westernmost room had a cardboard sign on the door, bearing the handwritten words "East Bay Prisoner Support." (Def. Motions, 11:3-5.) Nothing in this citation is inaccurate nor is it a "misstatement."<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 5. | At ¶ 7 – Harris Dep. at 35:14-38:14.<br><br>"Q:  Did you – was the door to the Slingshot office generally locked?<br><br>A:  Yes.<br><br>Q:  And did you have a key?<br><br>A:  No – I – well, the Long Haul has a key.<br><br>. . .<br><br>A:  Staffs have key.<br><br>Q:  Staffs have keys. And the – does the key work to the Slingshot office?<br><br>A:  Yes.<br><br>Q:  And does every staff member have a | Lacks Foundation (FRE 602), misstates testimony. Defendants cite this testimony for the proposition that "The office used by Slingshot is not a private office" (Def.'s Motion, Footnote 15).  But the testimony does not mention whether the office is a "private office."  Instead, it describes the security mechanisms in place to secure the Slingshot office from the public access areas of Long Haul's premises and confirms that only Long Haul staffers had access to the keys to the office, which was kept locked. | Contrary to Plaintiffs' counsel's declaration, nothing in Sara Ellis' declaration characterizes the testimony of any of the witnesses.  Rather, true and correct copies of relevant portions of the transcripts are attached as Exhibits.  This testimony, along with testimony by Jesse Palmer that Slingshot doesn't pay rent to Long Haul, is cited for the statement that the Slingshot office is not "private."  (Def. Motions, 20:24-28.)  These citations clearly support such a statement as an office within Long Haul which all of the "staff" have access to cannot be considered "private" nor "separate" from Long Haul.<br><br>Contrary to the requirements of Local 7-3, Plaintiffs failed | Sustained: ____<br><br>Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | key? <br><br> A: No, it's – there is a box of keys. <br><br> Q: Where is the box kept? <br><br> A: In the safe or the – what am I saying, the safe behind the desk in a box that is secure." | | to raise any of these objections within their Opposition Brief. | |
| 6. | At ¶ 11. <br><br> "I am informed and believe that this photo was taken by Plaintiffs' counsel, Jennifer Granick, many days after the August 27, 2008 search of Long Haul." | Lacks Foundation (FRE 602), Hearsay (FRE 802). <br> This statement provides no foundation and appears not to be based on personal knowledge. | This statement is based on the representations of counsel for Plaintiffs, Jennifer Granick. Plaintiffs have produced this document and have failed to offer any foundation for the taking of the picture. <br><br> Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained: ____ <br><br> Overruled: ____ |

**DECLARATION OF TIMOTHY ZUNIGA**

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| 1. | At ¶ 4, 2:8-11.<br><br>"... I was aware that UC-Berkeley faculty and staff members were the subject of threatening emails and other threatening and intimidating behavior, allegedly perpetrated by animal rights activists, over a period of time." | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who engaged in "threatening and intimidating behavior."<br><br>Lacks Personal Knowledge (FRE 602). | Officer Zuniga was a member of the Animal Rights Working Group ("ARWG") as stated in ¶3 of his declaration. His testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy v. Air Lines Pilots Assoc.*, 897 F.2d 999, 1018 (9th Cir. 1990). Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>This information was contained within the Statement of Probable Cause ("SOPC"). Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |

| | | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|---|
| | 2. | At ¶ 6, 2:15-26.<br><br>"Beginning in late 2007 and continuing through 2008, animal rights activists conducted numerous home demonstrations at the residences of University of California researchers. These demonstrations included chalking the researchers' driveways and sidewalks with offensive messages and placing flyers full of incendiary comments where neighbors would find them. During these demonstrations, animal rights activists chanted slogans meant to frighten and intimidate the researchers, such as 'For the animals, we will fight. We know where you sleep at night.' Animal rights activists also vandalized the researchers' homes during some of these demonstrations. As part of its investigation, other UCPD officers and I monitored these home demonstrations, at times followed the demonstrators from researchers' residences, and monitored the internet to find additional information on the location of the demonstrations, when the demonstrations would be occurring, | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others.<br><br>Lacks Personal Knowledge (FRE 602). | Zuniga's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>References to this information were contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | and which groups were responsible for the demonstrations." | | | |
| 3. | At ¶ 7, 2:27-3:8.<br><br>"A group identified as Stop Cal Vivisection supported and claimed responsibility for various home demonstrations, claiming they were taking a radical stand against animal research conducted by UC Berkeley researchers. As part of these efforts, Stop Cal Vivisection maintained websites where it disseminated information regarding researchers at UC Berkeley engaged in animal research, listing the researchers' names, home addresses, telephone numbers, and displaying graphic pictures seeking to suggest the researchers were treating animals inhumanely. Throughout 2008, there was a growing concern – fed by a series of violent attacks on other UC campuses which included invasions of researchers' homes and firebombing researchers' cars – that the safety of UC Berkeley researchers and their families were increasingly at risk." | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Personal Knowledge (FRE 602). | Zuniga's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>References to this information were contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| 4. | At ¶ 8, 3:9-19.<br><br>"Given its role in targeting the homes of UC Berkeley researchers, the other members of the ARWG and I recognized the possibility that Stop Cal Vivisection and/or certain of its members were involved in the unlawful harassment of UC Berkeley researchers. We sought to collect additional information regarding the group and its activities. This task was made more complex by the fact that the group repeatedly changed its websites and did not publically identify its leaders, in an apparent attempt to avoid prosecution. We were able to identify various individuals who were actively involved in Stop Cal Vivisection, based in part on the attendance at the home demonstrations. Several of these individuals were also identified as taking part in the violent campaign of harassment and intimidation underway against UC faculty engaged in animal research at other campuses." | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Personal Knowledge (FRE 602).<br><br>Speculation (FRE 701, 702). | Zuniga's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>References to this information were contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| 5. | At ¶ 13, 4:4-6.<br><br>"In my review of Long Haul's website, there was no information leading me to believe that there were any tenants located within the premises." | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Improper Conclusion (*BellSouth*, 77 F.3d at 615).<br>Witness provides no indication that he reviewed the entire website. | Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *US v. $223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 (9th Cir. 2009) quoting *Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953, 60 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). Furthermore, Zuniga, in several portions of his declaration, lists the specific items one would expect to see, and states that such items were not present at the Long Haul.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>_____<br><br>Overruled:<br>_____ |
| 6. | At ¶ 17, 4:15-16.<br><br>"On at least three occasions, UCPD officers followed participants in the home demonstrations back to Long Haul." | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with demonstrators. | Zuniga's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>References to this information were contained within the SOPC. Additionally, evidence | Sustained:<br>_____<br><br>Overruled:<br>_____ |

| MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|
| | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703). This statement provides no foundation and appears not to be based on personal knowledge. | outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise several of their objections to this evidence within their Opposition Brief. | |
| 7.  At ¶ 18, 4:17-20.<br><br>"Specifically, on January 27, 2008, numerous animal rights demonstrators met at the Ashby BART station and traveled in two vehicles to multiple locations where they protested at the private residences of UC employees. The demonstrators exhibited signs, chanted, marched, and chalked sidewalks." | Lacks Personal Knowledge (FRE 602), Irrelevant (FRE 402).<br>The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | Zuniga's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>References to this information were contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 8. | At ¶ 19, 4:24-28.<br><br>"Additionally, through my work on the ARWG, I am aware of an instance, prior to the execution of the search warrant and after the January 27, 2008 home demonstrations, when there were not enough individuals to participate in a home demonstration and people went from the Ashby BART station to Long Haul after determining that home demonstrations would not occur." | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702). | Zuniga's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement provides support for Defendants' actions and their knowledge of a connection between Long Haul and animal rights | Sustained: ____<br><br>Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | activists, as stated in the SOPC.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 9. | At ¶ 20, 5:1-5.<br><br>"Through my work on the ARWG, I am aware that Long Haul hosted an event featuring a prominent animal rights activist, Peter Young, in January 2008. The event followed the recent release of Young from prison, where he had served a sentence for crimes relating to his animal rights activities. Young gave a talk at Long Haul and showed a movie about his animal rights activities." | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with a person who gave a speech and showed a movie at Long Haul's public space.<br><br>Lacks Personal Knowledge (FRE 602). | Zuniga's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy*, 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement provides support for Defendants' actions and their knowledge of a connection between Long Haul and animal rights activists, as stated in the SOPC.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained: ____<br><br>Overruled: ____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO.  3:09-cv-0168 BZ
[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| 10. | At ¶ 21, 5:6-13.<br><br>"I also know that Stop Cal Vivisection held a fundraiser at Long Haul in April of 2008. Attached as Exhibit A is a true and correct copy of an email message forwarded from FBI Special Agent Mike Klinke to me on April 11, 2008, which announces the April 20, 2008 Stop Cal Vivisection Fundraiser at Long Haul (UC000595-UC000596). The email states that the film 'Dealing Dogs' (a documentary of the efforts of an animal rights activist) will be shown and that '100% of donations will go to defray legal costs.' UCPD officers conducted surveillance of the Long Haul fund-raiser, in order to obtain additional information regarding Stop Cal Vivisection's membership." | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.<br><br>Lacks Personal Knowledge (FRE 602), Hearsay (FRE 802). This statement provides no foundation and appears not to be based on personal knowledge. Rather, Zuniga appears to be relying on facts known to others investigators.<br><br>Lacks Authentication (FRE 901). The attached exhibit (Exhibit A) has not been properly authenticated. | Zuniga's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement provides support for Defendants' actions and their knowledge of a connection between Long Haul and animal rights activists, as stated in the SOPC.<br><br>The documents relied on by Defendants in their investigation of animal rights activists are not hearsay because they are offered to demonstrate the course of the investigation. *See e.g., US v. Urie,* 2010 WL 1936438 at *1 (9th Cir. 2010).<br><br>The document is properly authenticated as a document that was used as part of | Sustained:<br>____<br><br>Overruled:<br>____ |

SCHIFF HARDIN LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | Officer Zuniga and ARWG's investigations. *Orr v. Bank of America, NT & SA,* 285 F.3d 764, 774 (9th Cir. 2002) ("A document can be authenticated . . . by a witness who wrote it, signed it, used it, or saw others do so.").<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 11. | At ¶ 21, Exh. A— Email from FBI Special Agent Mike Kinke to Timothy Zuniga on April 11, 2008, which announces the April 20, 2008 Stop Cal Vivisection Fundraiser at Long Haul (UC000595-000596). | Lacks Personal Knowledge (FRE 602), Hearsay (FRE 802). This statement provides no foundation and appears not to be based on personal knowledge. Rather, Zuniga appears to be relying on facts known to others investigators.<br><br>Lacks Authentication (FRE 901). The attached exhibit (Exhibit A) has not been properly authenticated. | Zuniga offers this document based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The documents relied on by Defendants in their investigation of animal rights activists are not hearsay because they are offered to demonstrate the course of the investigation. *See e.g., Urie,* 2010 WL 1936438 at *1.<br><br>The document is properly authenticated as a document that was used as part of Officer Zuniga and ARWG's investigations. *Orr,* 285 F.3d at 774 (9th Cir. 2002) ("A document can be authenticated . . . by a witness who wrote it, signed it, used it, or saw others do so.").<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these | Sustained: ____<br><br>Overruled: ____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO.  3:09-cv-0168 BZ

[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | objections within their Opposition Brief. | |
| 12. | At ¶ 22, 5:14-17.<br><br>"I am aware that a number of threatening and harassing emails were sent to UC-Berkeley researchers throughout the Spring and Summer of 2008. Through my work on the ARWG, I am aware that many of these emails originated from an IP address that was traced back to the Long Haul premises." | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802). This statement provides no foundation and appears not to be based on personal knowledge. Rather, Zuniga appears to be relying on facts known to others investigators. | Zuniga's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The information relied on by Defendants in their investigation of animal rights activists are not hearsay because they are offered to demonstrate the course of the investigation. *See e.g., Urie,* 2010 WL 1936438 at *1.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |
| 13. | At ¶ 23, 5:18-23.<br><br>"As a result of the UCPD's investigation, the ARWG believed that the emails under investigation had originated from Long Haul. We believed the emails were sent from the Long Haul either by a patron using one of Long Haul's public access computers, or by a person affiliated with Long Haul. We did not know which individual or individuals were sending the threatening emails or which | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802). This statement provides no foundation and appears not to be based on personal knowledge. Rather, Zuniga appears to be relying on facts known to others investigators. | Zuniga's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The information relied on by Defendants in their investigation of animal rights activists are not hearsay because they are offered to demonstrate the course of the investigation. *See e.g., Urie,* 2010 WL 1936438 at *1. | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | computers in particular had been used to send the threatening emails." | | Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 14. | At ¶ 24, 5:24-28.<br><br>"In view of Long Haul's ties with Stop Cal Vivisection, and its other ties with animal rights activists, there was reason to believe that a person associated with Long Haul may have been primarily responsible or given assistance to the individual or individuals responsible for sending the threatening and harassing emails which were the subject of the search warrant." | Lacks Foundation as to Personal Knowledge (FRE 602), Improper Conclusion (*BellSouth*, 77 F.3d at 615), Speculation (FRE 701, 702).<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Zuniga's testimony is offered based on his investigations and work for and with the ARWG. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>"Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). This statement does not constitute a legal conclusion, but instead demonstrates Zuniga's understanding and analysis of the investigation.<br><br>The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement.  FRE 403.  This statement provides support for Defendants' actions and their knowledge of a connection between Long Haul and animal rights activists, as stated in the SOPC.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 15. | At ¶ 56, 11:15-17.<br><br>"I am informed and believe that this picture was taken by Plaintiffs' counsel after the execution of the search warrant ..." | Lacks Foundation (FRE 602), Hearsay (FRE 802).  This statement provides no foundation and appears not to be based on personal knowledge. | This statement is based on the representations of counsel for Plaintiffs, Jennifer Granick.  Plaintiffs have produced this document and have failed to offer any foundation for the taking of the picture. | Sustained:<br>____<br><br>Overruled:<br>____ |
| 16. | At ¶ 62, 12:24-25.<br><br>"I acted in good faith at all times during the execution of the search warrant." | Improper Conclusion (*BellSouth*, 77 F.3d at 615). | "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory."  *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini,* 247 F.3d at 960 n. 4.  Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." | Sustained:<br>____<br><br>Overruled:<br>____ |

| MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|
| | | *Ingram,* 418 F.Supp.2d at 1186.  This statement does not constitute a legal conclusion, but instead demonstrates Zuniga's beliefs regarding the parameters of the search warrant and his authority to execute the warrant.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |

**DECLARATION OF KAREN ALBERTS**

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| 1. | At ¶ 4, 2:10-13.<br><br>"These threatening emails were the culmination of a pattern of harassment, threats, and intimidation directed at UC Berkeley researchers over a period of months from animal rights activists." | Lacks Personal Knowledge (FRE 602).<br>This statement provides no foundation and appears not to be based on personal knowledge.<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Officer Alberts was a member of the Animal Rights Working Group ("ARWG") as stated in ¶4 of her declaration. Her testimony is offered based on her investigations and work for and with the ARWG. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy v. Air Lines Pilots Assoc.*, 897 F.2d 999, 1018 (9th Cir. 1990). Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>This information was contained within the Statement of Probable Cause ("SOPC"). Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>_____<br><br>Overruled:<br>_____ |
| 2. | At ¶ 5, 2:14-25.<br><br>"Beginning in late 2007 and continuing through 2008, | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802). | Alberts's testimony is offered based on her investigations and work for and with the ARWG. Based on her | Sustained:<br>_____<br><br>Overruled: |

| MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|
| animal rights activists conducted numerous home demonstrations at the residences of University of California researchers. These demonstrations included chalking the researchers' driveways and sidewalks with offensive messages and placing flyers full of incendiary comments where neighbors would find them. During these demonstrations, animal rights activists chanted slogans meant to frighten and intimidate the researchers, such as 'For the animals, we will fight. We know where you sleep at night.' Animal rights activists also vandalized the researchers' homes during some of these demonstrations. As part of its investigation, other UCPD officers and I monitored these home demonstrations, at times followed the demonstrators from researchers' residences, and monitored the internet to find additional information on the location of the demonstrations, | This statement provides no foundation and appears not to be based on personal knowledge. Rather, Alberts appears to be relying on facts known to others investigators, and even admits that other "UCPD officers monitored these home demonstrations."<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The information relied on by Defendants in their investigation of animal rights activists are not hearsay because they are offered to demonstrate the course of the investigation. *See e.g., US v. Urie,* 2010 WL 1936438 at *1 (9th Cir. 2010).<br><br>References to this information were contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defenses under the Fourth Amendment and the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | ___ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | when the demonstrations would be occurring, and which groups were responsible for the demonstrations." | | | |
| 3. | At ¶ 6, 2:26-3:7. "A group identified as Stop Cal Vivisection supported and claimed responsibility for various home demonstrations, claiming they were taking a radical stand against animal research conducted by UC Berkeley researchers. As part of these efforts, Stop Cal Vivisection maintained websites where it disseminated information regarding researchers at UC Berkeley engaged in animal research, listing the researchers' names, home addresses, telephone numbers, and displaying graphic pictures seeking to suggest the researchers were treating animals inhumanely. Throughout 2008, there was a growing concern – fed by a series of violent attacks on other UC campuses which included invasions of researchers' homes and firebombing | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802). This statement provides no foundation and appears not to be based on personal knowledge. Rather, Alberts appears to be relying on facts known to other investigators.<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Alberts's testimony is offered based on her investigations and work for and with the ARWG. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The information relied on by Defendants in their investigation of animal rights activists are not hearsay because they are offered to demonstrate the course of the investigation. *See e.g., US v. Urie,* 2010 WL 1936438 at *1 (9th Cir. 2010).<br><br>References to this information were contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defenses under the Fourth Amendment and the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their | Sustained: ____<br><br>Overruled: ____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 3:09-cv-0168 BZ
[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | researchers' cars – that the safety of UC Berkeley researchers and their families were increasingly at risk." | | Opposition Brief. | |
| 4. | At ¶ 7, 3:8-18. "Given its role in targeting the homes of UC Berkeley researchers, the other members of the ARWG and I recognized the possibility that Stop Cal Vivisection and/or certain of its members were involved in the unlawful harassment of UC Berkeley researchers. We sought to collect additional information regarding the group and its activities. This task was made more complex by the fact that the group repeatedly changed its websites and did not publically identify its leaders, in an apparent attempt to avoid prosecution. We were able to identify various individuals who were actively involved in Stop Cal Vivisection, based in part on the attendance at the home demonstrations. Several of these individuals were also identified as taking part in the violent | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.

Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with Stop Cal Vivisection.

Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802). This statement provides no foundation and appears not to be based on personal knowledge. Rather, Alberts appears to be relying on facts and documents known to other investigators. In particular, Alberts's use of the passive voice in phrases such as, "we sought...", "UCPD was able...", and "individuals were also identified...", indicates that he lacks personal knowledge of the facts asserted. | Alberts's testimony is offered based on her investigations and work for and with the ARWG. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.

The information relied on by Defendants in their investigation of animal rights activists are not hearsay because they are offered to demonstrate the course of the investigation. *See e.g., US v. Urie,* 2010 WL 1936438 at *1 (9th Cir. 2010).

References to this information were contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.

The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.

Contrary to the requirements of Local Rule 7-3, Plaintiffs | Sustained: ____

Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | campaign of harassment and intimidation underway against UC faculty engaged in animal research at other campuses." | | failed to raise any of these objections within their Opposition Brief. | |
| 5. | At ¶ 16, 4:17-18.<br><br>"On at least three occasions, UCPD officers followed participants in the home demonstrations back to Long Haul." | Lacks Foundation as to Personal Knowledge (FRE 602). This statement provides no foundation and appears not to be based on personal knowledge. By his own admission, Alberts is relying on the investigation of other UCPD officers. | Alberts's testimony is offered based on her investigations and work for and with the ARWG. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |
| 6. | At ¶ 17, 4:19-5:2.<br><br>"Specifically, on January 27, 2008, numerous animal rights demonstrators met at the Ashby BART station and traveled in two vehicles to multiple locations where they protested at the private residences of UC employees. The demonstrators exhibited signs, chanted, marched, and chalked sidewalks. I am aware, and was aware prior to the execution of the search warrant, that Officer Zuniga monitored an animal rights activist leaving | Lacks Personal Knowledge (FRE 602), Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | Alberts's testimony is offered based on her investigations and work for and with the ARWG. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice | Sustained:<br>____<br><br>Overruled:<br>____ |

| MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|
| a home demonstration at a UC-Berkeley faculty member's home and being dropped off on Hillegas at Ashby Avenue in Berkeley. The demonstrator then walked west, toward the Ashby BART station and entered Long Haul. Additionally, I am aware, and was aware prior to the execution of the search warrant, that three of the home demonstrators were observed by Lieutenant Alex Yao and Detective Kasiske in the area of Shattuck Avenue, Prince Street, and Woosley Street in Berkeley. Several of the demonstrators were believed to have entered the Long Haul at that time." | | that may result to Long Haul from this statement. FRE 403. This statement provides support for Defendants' actions and their knowledge of a connection between Long Haul and animal rights activists, as stated in the SOPC.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 7. At ¶ 18, 5:3-7.<br><br>"Additionally, through my work on the ARWG, I am aware of an instance, prior to the execution of the search warrant and after the January 27, 2008 home demonstrations, when there were not enough individuals to participate in a home demonstration and people went from the Ashby BART station to Long Haul after | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702). | Alberts's testimony is offered based on her investigations and work for and with the ARWG. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | determining that home demonstrations would not occur." | | the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 8. | At ¶ 19, 5:8-11.<br><br>"Through my work on the ARWG, I knew that Peter Young, a known animal rights activist who had recently been released from prison, showed a movie entitled, 'Behind the Mask,' at Long Haul in January of 2008.  He also spoke about his animal rights activities prior to his movie presentation." | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with a person who gave a speech and showed a movie at Long Haul's public space.<br><br>Lacks Personal Knowledge (FRE 602). | Alberts's testimony is offered based on her investigations and work for and with the ARWG.  Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018.  Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement.  FRE 403. This statement provides support for Defendants' actions and their knowledge of a connection between Long Haul and animal rights activists, as stated in the SOPC.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| 9. | At ¶ 20, 5:18-20.<br><br>"It is my understanding that the purpose of this fundraiser was to defray legal costs of some of Stop Cal Vivisection's members who had engaged in criminal activity." | Lacks Personal Knowledge (FRE 602).<br>This statement provides no foundation and appears not to be based on personal knowledge.<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with a person who gave a speech and showed a movie at Long Haul's public space. | Alberts's testimony is offered based on her investigations and work for and with the ARWG.  Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018.  Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement.  FRE 403. This statement provides support for Defendants' actions and their knowledge of a connection between Long Haul and animal rights activists, as stated in the SOPC.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>_____<br><br>Overruled:<br>_____ |
| 10. | At ¶ 21, 5:22-27.<br><br>"Through my work with the ARWG, I am aware that in March, May and June of 2008, various UC Berkeley researchers received a series of | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant, including the May email.<br><br>Lacks Personal | Alberts's testimony is offered based on her investigations and work for and with the ARWG.  Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018.  Furthermore, further foundational facts are provided elsewhere in the | Sustained:<br>_____<br><br>Overruled:<br>_____ |

| MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|
| threatening and intimidating emails sent from anonymous animal rights activists.  As detailed below, these emails culminated in a series of messages sent to a UC researcher in June, 2008 which featured threats of bodily harm aimed at the researcher.  This escalating series of threatening emails constituted the basis for the search warrant at issue in this case." | Knowledge (FRE 602). This statement provides no foundation and appears not to be based on personal knowledge.  Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615). This statement draws an improper legal conclusion that the emails were "threatening" and "intimidating." It also draws an improper conclusion regarding the basis for the search warrant. | declaration.  Information regarding the March and June emails was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and  good faith and criminal suspect defenses under the Privacy Protection Act.  "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal  recollection of the events,' the affidavit is not conclusory."  *$223,178.00 in Bank Account Funds, et al*, 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953, 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles*, 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006).  The fact that the emails were "intimidating" and "threatening" is not a legal conclusion.  At most it is an opinion, which Alberts is more than qualified to give based on her training and experience as a police officer.  Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| 11. | At ¶ 23, 6:9-13.<br><br>"In June of 2008, Detective Kasiske informed me that a UC-Berkeley researcher, who had previously been the target of animal rights activists, received a series of threatening emails. The content of these emails contained threats of bodily harm and explicit references to violent acts committed against UC researchers at other campuses." | Lacks Personal Knowledge (FRE 602), Hearsay (FRE 802). This statement provides no foundation and appears not to be based on personal knowledge. | Alberts's testimony is offered based on her investigations and work for and with the ARWG. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The information relied on by Defendants in their investigation of animal rights activists are not hearsay because they are offered to demonstrate the course of the investigation. *See e.g., Urie,* 2010 WL 1936438 at *1.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |
| 12. | At ¶ 26, 6:26-7:1.<br><br>"As a result of our investigation, the ARWG believed that the emails under investigation had originated from Long Haul. We believed the emails were sent from the Long Haul either by a patron using one of Long Haul's public access computers, or by a person affiliated with Long Haul." | Lacks Personal Knowledge (FRE 602), Hearsay (FRE 802), Speculation (FRE 701, 702). This statement provides no foundation and appears not to be based on personal knowledge. | Alberts's testimony is offered based on her investigations and work for and with the ARWG. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The information relied on by Defendants in their investigation of animal rights activists are not hearsay because they are offered to demonstrate the course of the investigation. *See e.g., Urie,* 2010 WL 1936438 at *1.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| 13. | At ¶ 27, 7:4-13.<br><br>"In view of Long Haul's ties with Stop Cal Vivisection, and its other ties with animal rights activists, there was reason to believe that a person associated with Long Haul may have been primarily responsible or given assistance to the individual or individuals responsible for sending the threatening and harassing emails which were the subject of the search warrant. The other members of the ARWG and I did not know whether animal rights activists who were observed at home demonstrations and seen going in and out of the Long Haul were employees or volunteers of the Long Haul who would have had access to some or all of the computers located within the Long Haul premises and would have had the motivation to destroy or alter any evidence located on the hard drives of those computers." | Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702). This statement provides no foundation and appears not to be based on personal knowledge as to what the other individuals believed. Alberts's statement also lacks foundation regarding his speculation about any possible destruction of evidence.<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615).<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with people who harassed, threatened and intimidated others. | Alberts's testimony is offered based on her investigations and work for and with the ARWG.  Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018.  Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>"Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal  recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.,* 247 F.3d 953, 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006).  This statement does not constitute a legal conclusion, but instead demonstrates Alberts's knowledge and assessment of the investigation.  At most it is an opinion, which Alberts is more than qualified to give based on her training and experience as a police officer.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement.  FRE 403. This statement provides support for Defendants' actions and their knowledge of a connection between Long Haul and animal rights | Sustained: ____<br><br>Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | activists, as stated in the SOPC. | |
| | | | The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act. | |
| | | | Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 14. | At ¶ 28, 7:14-21.<br><br>"Anyone affiliated with Long Haul, from a regular member to someone from the public that rarely used the internet access, could have sent the threatening emails that we were investigating.  We had no way of knowing who it was, which is why we were seeking evidence to help us determine the identity of the sender(s).  However, due to the fact that the IP address of multiple emails traced back to Long Haul, we knew that the sender had some affiliation with Long Haul, no matter how strong or weak. Anyone who used the computers inside | Lacks Personal Knowledge (FRE 602).  This statement provides no foundation and appears not to be based on personal knowledge.<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information and assertions that were not contained in the affidavit seeking the warrant.<br><br>Speculation (FRE 701, 702).<br><br>Improper Opinion (*BellSouth*, 77 F.3d at 615). | Alberts's testimony is offered based on her investigations and work for and with the ARWG.  Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018.  Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>"Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal  recollection of the events,' the affidavit is not conclusory."  *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini,* 247 F.3d at 960 n. 4.  Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify."  *Ingram,* 418 F.Supp.2d at 1186.  This statement does not constitute a legal conclusion, but instead demonstrates Alberts's | Sustained:<br>_____<br><br>Overruled:<br>_____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | Long Haul, be it a member or not, could have been the person who sent the threatening emails. We had no idea who." | | knowledge and assessment of the investigation.  At most it is an opinion, which Alberts is more than qualified to give based on her training and experience as a police officer.<br><br>The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act. | |
| 15. | At ¶ 31, 8:15-17.<br><br>"It is my understanding that Officer Zuniga did not confirm or disprove this claim, nor did he obtain any information with regard to what the nature of the affiliation may have been." | Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702). This statement has no foundation and appears not to be based on personal knowledge. | Alberts's testimony is offered based on her investigations and work for and with the ARWG.  Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |
| 16. | At ¶ 40, 9:20-22.<br><br>"The search warrant was intended to and did authorize the search and seizure of any and all computers located within the Long Haul.  This was my understanding both prior to and after the execution of the search warrant." | Improper Opinion (*BellSouth,* 77 F.3d at 615).<br><br>Relevance (FRE 402). | "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal  recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini,* 247 F.3d at 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram,* 418 F.Supp.2d at 1186.  This statement does not | Sustained:<br>____<br><br>Overruled:<br>____ |

SCHIFF HARDIN LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

CASE NO.  3:09-cv-0168 BZ

[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | constitute a legal conclusion, but instead demonstrates Alberts's beliefs regarding the parameters of the search warrant and her authority to execute the warrant.<br><br>This information is relevant to Alberts's intent in reviewing the warrant and the SOPC. Evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act. This includes the officers' understanding of the scope of the warrant and the SOPC and their authority in executing it.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 17. | At ¶ 41, 9:23-10:1. "The reason we sought and obtained a search warrant for any and all computers is because we believed that any computer located in the Long Haul could have generated the threatening emails because the IP address came back to that location, on multiple occasions. The scope of the search was for any and all computers that could have sent those emails, whether used by a member of the 'public,' someone associated with Long | Lacks Personal Knowledge (FRE 602), Speculation (FRE 701, 702), Hearsay (FRE 802). This statement provides no foundation as to other people's knowledge and opinions.<br><br>Improper Opinion (*BellSouth*, 77 F.3d at 615).<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information and assertions that were not contained in the affidavit seeking the warrant. | Alberts's testimony is offered based on her investigations and work for and with the ARWG. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>"Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini,* 247 F.3d at 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a | Sustained:<br>____<br><br>Overruled:<br>____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | Haul, or, as it turned out, a tenant of Long Haul that was using the same DSL line with the same IP address." | | declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram,* 418 F.Supp.2d at 1186.  This statement does not constitute a legal conclusion, but instead demonstrates Alberts's beliefs regarding the parameters of the search warrant and her authority to execute the warrant.<br><br>This information is relevant to Alberts's intent in reviewing the warrant and the SOPC. Evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.  This includes the officers' understanding of the scope of the warrant and the SOPC and their authority in executing it.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 18. | At ¶ 42, 10:2-4.<br><br>"It never occurred to me that there could be a computer or other storage devices where the emails couldn't possibly have been generated from or where identifying information couldn't possibly be stored." | Relevance (FRE 402). | This information is relevant to Alberts's intent in reviewing the warrant and the SOPC. Evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.  This includes the officers' understanding of the scope of the warrant and the SOPC and their authority in executing it.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained: ____<br><br>Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| 19. | At ¶ 77, 15:14-16.<br><br>"I did not seize any items that were not described in the search warrant nor exceed the scope of the search warrant. I acted in good faith at all times during the execution of the search warrant." | Improper Opinion/Improper Conclusion (*BellSouth*, 77 F.3d at 615). | "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al*, 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953, 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles*, 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). This statement does not constitute a legal conclusion, but instead demonstrates Alberts's beliefs regarding the parameters of the search warrant and her authority to execute the warrant.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |
| 20. | At ¶ 78, 15:17-24.<br><br>"Subsequent to the search, Kasiske informed me that he had requested that the Silicon Valley Regional Computer Forensics Laboratory (the 'SVRCF Lab') accept all the computers seized during the search and conduct a forensic examination. Kasiske informed | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703), Hearsay (FRE 802). This statement provides no foundation and is not based on personal knowledge and is presented for the truth of the matters asserted. | Alberts's testimony is offered based on her investigations and work for and with the ARWG. Based on her position her personal knowledge can be inferred. *See e.g.*, *Barthelemy*, 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration.<br><br>The information relied on by Defendants in their investigation of animal rights activists are not hearsay because they are offered to demonstrate the course of the | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | me that the SVRCF Lab stated that it could only accept a limited number of computers based on workload considerations. Kasiske informed me that he was sending six computers from the western loft area to the SVRCF Lab because they likely had the most user traffic. The SVRCF Lab returned the six computers to UCPD after the hard drives were imaged." | | investigation. *See e.g., Urie,* 2010 WL 1936438 at *1. Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 21. | At ¶ 79, 16:2-4. "The search terms submitted by the UCPD and utilized by the SVRCF Lab were limited in scope and calculated to locate material relating to the investigation into the threatening emails." | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703). This statement provides no foundation and is not based on personal knowledge. Improper Legal Opinion/Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615). | Alberts's testimony is offered based on her investigations and work for and with the ARWG. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration. "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *$223,178.00 in Bank Account Funds, et al,* 2009 WL 3416055, *1 quoting *Orsini,* 247 F.3d at 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram,* 418 F.Supp.2d at 1186. This statement does not constitute a legal conclusion, | Sustained: ____ Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | but instead demonstrates Alberts's beliefs regarding the parameters of the search warrant and UCPD's authority to execute the warrant in relation to the search terms. Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 22. | At ¶ 80. 16:8-14. "In fact, my testimony was, and the truth is, that only six computers from the 'public internet room' were sent to the SVRCF Lab and were the only ones that were ever searched. The remaining computer hard drives and other storage media were copied by UCPD personnel. Neither the computers taken from the eastern loft room or the first floor hallway room were ever searched by any agency. There has nev er been any search of the contents of these computers." | Lacks Foundation as to Personal Knowledge (FRE 602, 700-703). This statement provides no foundation and is not based on personal knowledge. | Alberts's testimony is offered based on her investigations and work for and with the ARWG. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration. Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained: ____ Overruled: ____ |

# DECLARATION OF WADE MACADAM

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| 1. | At ¶ 7, 2:19-22.<br><br>"During the briefing meeting, I was made aware that UC- Berkeley faculty and staff members were the subject of threatening emails and other threatening and intimidating behavior, allegedly perpetrated by animal rights activists, over a period of months." | Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors.<br><br>Lacks Personal Knowledge (FRE 602).<br><br>Hearsay (FRE 802). | Officer MacAdam was a member of the search warrant team. His testimony is offered based on his work for and with the team. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy v. Air Lines Pilots Assoc.*, 897 F.2d 999, 1018 (9th Cir. 1990). Furthermore, this testimony represents his personal knowledge of what he was told prior to the execution of the warrant.<br><br>References to this information were contained within the Statement of Probable Cause ("SOPC"). Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>The information relied on by Defendants in their investigation of animal rights activists are not hearsay because they are offered to demonstrate the course of the investigation. *See e.g., US v. Urie*, 2010 WL 1936438 at *1 (9th Cir. 2010).<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs | Sustained:<br>____<br><br>Overruled:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | failed to raise any of these objections within their Opposition Brief. | |
| 2. | At ¶ 8, 2:23-27.<br><br>"I am aware of several connections between Long Haul and animal rights activists; including: (1) Long Haul's hosting of a fundraiser for the group Stop Cal Vivisection; (2) the presentation by a known animal rights activist, Peter Young, and showing of the movie 'Behind the Mask' at Long Haul; and, (3) several instances where animal rights activists were followed before or after home demonstrations to Long Haul." | Lacks Personal Knowledge (FRE 602).<br><br>Hearsay (FRE 802).<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | Officer MacAdam was a member of the search warrant team. His testimony is offered based on his work for and with the team. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy,* 897 F.2d at 1018. Furthermore, this testimony represents his personal knowledge of what he was told prior to the execution of the warrant.<br><br>The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement provides support for Defendants' actions and their knowledge of a connection between Long Haul and animal rights activists, as stated in the SOPC.<br><br>The information relied on by Defendants in their investigation of animal rights activists are not hearsay because they are offered to demonstrate the course of the investigation. *See e.g., Urie,* 2010 WL 1936438 at *1.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs | Sustained: ____<br><br>Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | failed to raise any of these objections within their Opposition Brief. | |
| 3. | At ¶ 9, 2:28-3:10. "During the briefing meeting, I learned that some of the threatening emails originated from an IP address registered to the Long Haul premises and that one or more of the computers located at the Long Haul premises had been used to send threatening emails to UC-Berkeley faculty and it was unknown which individual or individuals were sending the threatening emails or which computers in particular had been used to send the threatening emails. I was informed that there was reason to believe that a person associated with Long Haul may have been primarily responsible or given assistance to the individual or individuals responsible for sending the threatening and harassing emails. Additionally, I was informed that the execution of the | Lacks Personal Knowledge (FRE 602). Hearsay (FRE 802). Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant. Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | Officer MacAdam was a member of the search warrant team. His testimony is offered based on his work for and with the team. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy*, 897 F.2d at 1018. Furthermore, this testimony represents his personal knowledge of what he was told prior to the execution of the warrant. The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act. The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement provides support for Defendants' actions and their knowledge of a connection between Long Haul and animal rights activists, as stated in the SOPC. The information relied on by Defendants in their investigation of animal rights activists are not hearsay because they are offered to demonstrate the course of the investigation. *See e.g., Urie*, 2010 WL 1936438 at *1. Contrary to the requirements of Local Rule 7-3, Plaintiffs | Sustained: ____ Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | search warrant was intended to aid in identifying the individual(s) who sent the threatening emails and/or the computer(s) from whence they came." | | failed to raise any of these objections within their Opposition Brief. | |
| 4. | At ¶ 27, 6:4-8.<br><br>"There was no indication that East Bay Prisoner Support was a distinct organization and was paying rent to Long Haul for its use of this tiny room. I believed the room that is claimed to be the "EBPS office," like the other rooms along the hallway, was used by Long Haul as office and/or storage space. There was no indication that the room was being used for any publishing activities." | Improper Legal Conclusion (*BellSouth*, 77 F.3d at 615).<br><br>Lacks Personal Knowledge (FRE 602). This statement provides no foundation and appears not to be based on personal knowledge. | Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *US v. $223,178.00 in Bank Account Funds, et al*, 2009 WL 3416055, *1 (9th Cir. 2009) quoting *Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953, 60 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles*, 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). Furthermore, MacAdam, in several portions of his declaration, lists the specific items one would expect to see, and states that such items were not present at the Long Haul.<br><br>Officer MacAdam was a member of the search warrant team. His testimony is offered based on his work for and with the team. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy*, 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration. | Sustained: ____<br><br>Overruled: ____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO.  3:09-cv-0168 BZ

[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 5. | At ¶ 28, 6:10-11. "All of the offices within Long Haul appeared to be administrative offices or storage areas." | Improper Opinion (*BellSouth*, 77 F.3d at 615). Lacks Personal Knowledge (FRE 602). This statement provides no foundation and appears not to be based on personal knowledge. | Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not conclusory." *US v. $223,178.00 in Bank Account Funds, et al*, 2009 WL 3416055, *1 (9th Cir. 2009) quoting *Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953, 60 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles*, 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). Furthermore, MacAdam, in several portions of his declaration, lists the specific items one would expect to see, and states that such items were not present at the Long Haul. Officer MacAdam was a member of the search warrant team. His testimony is offered based on his work for and with the team. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy*, 897 F.2d at 1018. Furthermore, further foundational facts are provided elsewhere in the declaration. Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their | Sustained: ____ Overruled: ____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | Opposition Brief. | |
| 6. | At ¶ 32, 6:23-27.<br><br>"There was nothing in the Long Haul premises during the execution of the search warrant that alerted me to the possibility of publishing activities (i.e., no printing press, no industrial printers, etc.). The rooms that Plaintiffs allege were the sites of publishing activity looked like nothing more than administrative offices or storage areas." | Improper Opinion (*BellSouth*, 77 F.3d at 615). | Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal  recollection of the events,' the affidavit is not conclusory." *US v. $223,178.00 in Bank Account Funds, et al*, 2009 WL 3416055, *1 (9th Cir. 2009) quoting *Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953, 60 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles*, 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). Furthermore, MacAdam, in several portions of his declaration, lists the specific items one would expect to see, and states that such items were not present at the Long Haul.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>_____<br><br>Overruled:<br>_____ |
| 7. | At ¶ 35, 7:9-10.<br><br>"I acted in good faith at all times during the execution of the search warrant." | Improper Conclusory Legal Statement (*BellSouth*, 77 F.3d at 615). | "Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal  recollection of the events,' the affidavit is not conclusory."  *$223,178.00 in Bank Account Funds, et al*, 2009 WL 3416055, *1 quoting *Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953, 960 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject | Sustained:<br>_____<br><br>Overruled:<br>_____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | | | of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles,* 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006).  This statement does not constitute a legal conclusion, but instead demonstrates MacAdam's beliefs regarding the parameters of the search warrant and his authority to execute the warrant.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |

# DECLARATION OF MIKE HART

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| 1. | At ¶ 3, 2:12-13.<br><br>"Throughout most of 2008, I was aware that UC-Berkeley employees, faculty, and researchers, were receiving threatening emails for a period of time, perhaps up to a year." | Lacks Personal Knowledge (FRE 602).<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | Officer Hart was a member of the search warrant team. His testimony is offered based on his work for and with the team. Based on his position his personal knowledge can be inferred. *See e.g., Barthelemy v. Air Lines Pilots Assoc.,* 897 F.2d 999, 1018 (9th Cir. 1990). Furthermore, this testimony represents his personal knowledge of what he was told prior to the execution of the warrant.<br><br>References to this information were contained within the Statement of Probable Cause ("SOPC"). Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |
| 2. | At ¶ 6, 3:2-4.<br><br>"In any case, the contents of the Statement of Probable Cause | Lacks Personal Knowledge (FRE 602). | Officer Hart was a member of the search warrant team. His testimony is offered based on his work for and with the team. Based on his position his personal knowledge can be | Sustained:<br>____<br><br>Overruled:<br>____ |

SCHIFF HARDIN LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

CASE NO.  3:09-cv-0168 BZ

[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS

| MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|
| were discussed at the briefing meeting, and as a result it was my understanding someone was using at least one computer at the Long Haul premises to send threatening e-mails to UC-Berkeley staff." | | inferred. *See e.g., Barthelemy v. Air Lines Pilots Assoc.*, 897 F.2d 999, 1018 (9th Cir. 1990). Furthermore, this testimony represents his personal knowledge of what he was told prior to the execution of the warrant.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |

1

## DECLARATION OF LISA SHAFFER

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| 1. | At ¶ 4, 2:11-16.<br><br>"Before the search of the Long Haul, I became aware that UC-Berkeley staff reported receiving threatening e-mails, and it was my understanding that the messages discussed animal rights issues and made threats against UC-Berkeley staff for their work or research with animals. I was aware that these email threats occurred over a lengthy period of time and that some of the e-mails included threats of physical harm to the recipients." | Lacks Personal Knowledge (FRE 602).<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | Agent Shaffer was a member of the search warrant team. Her testimony is offered based on her work for and with the team. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy v. Air Lines Pilots Assoc.,* 897 F.2d 999, 1018 (9th Cir. 1990). Furthermore, this testimony represents her personal knowledge of what she was told prior to the execution of the warrant.<br><br>References to this information were contained within the Statement of Probable Cause ("SOPC"). Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement.  FRE 403. This statement does not mention Long Haul, but instead provides the necessary background for the investigation that is the subject of this case.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Sustained:<br>____<br><br>Overruled:<br>____ |
| 2. | At ¶ 7, 3:2-5. | Lacks Personal Knowledge (FRE | Agent Shaffer was a member of the search | Sustained:<br>____ |

| | MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|---|
| | "When Sgt. Alberts contacted me by phone in mid-August to request my assistance with the execution of the search warrant at the Long Haul, I understood that by then the University of California Berkeley Police Department had investigated the threatening emails and determined that the Long Haul was their source." | 602).<br><br>Irrelevant (FRE 402). The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | warrant team. Her testimony is offered based on her work for and with the team. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy v. Air Lines Pilots Assoc.,* 897 F.2d 999, 1018 (9th Cir. 1990). Furthermore, this testimony represents her personal knowledge of what she was told prior to the execution of the warrant.<br><br>The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement provides support for Defendants' actions and their knowledge of a connection between Long Haul and animal rights activists, as stated in the SOPC.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | Overruled:<br>____ |
| 3. | At ¶ 12, 3:25-4:6.<br><br>"It was my understanding, based on the information I | Lacks Personal Knowledge (FRE 602).<br><br>Irrelevant (FRE 402). | Agent Shaffer was a member of the search warrant team. Her testimony is offered based on her work for and with the | Sustained:<br>____<br><br>Overruled:<br>____ |

SCHIFF HARDIN LLP<br>ATTORNEYS AT LAW<br>SAN FRANCISCO

| MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|
| heard at this meeting, that Long Haul allowed computer users to access and use e-mail and the internet and that one or more computers at Long Haul had been identified as having been used to send threatening e-mails to UC Berkeley staff. It was also my understanding, based on the information I heard at the pre-search meeting, that a person or persons using one or more computers at the Long Haul premises was likely sending threatening e-mails to UC-Berkeley staff and it was unknown whether the computer-generated threats were sent by any particular computer or computer user." | The statement is irrelevant since it references information that was not contained in the affidavit seeking the warrant.<br><br>Prejudicial (FRE 403). This statement is more prejudicial than probative since it seeks to equate or confuse Long Haul with the protestors. | team. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy v. Air Lines Pilots Assoc.*, 897 F.2d 999, 1018 (9th Cir. 1990). Furthermore, this testimony represents her personal knowledge of what she was told prior to the execution of the warrant.<br><br>The connection between Long Haul and animal rights activists was contained within the SOPC. Additionally, evidence outside the warrant is, at a minimum, relevant to the good faith defense under the Fourth Amendment and good faith and criminal suspect defenses under the Privacy Protection Act.<br><br>The probative value of this evidence is not "substantially outweighed" by any prejudice that may result to Long Haul from this statement. FRE 403. This statement provides support for Defendants' actions and their knowledge of a connection between Long Haul and animal rights activists, as stated in the SOPC.<br><br>Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |
| 4. At ¶ 34, 8:6.<br><br>"It did not appear to be an office out of which anything was published." | Improper Opinion (*BellSouth*, 77 F.3d at 615)<br>Lacks foundation. | Where the facts contained in an affidavit are 'neither in the form of legal conclusions nor speculative, but are material facts based on [the affiant's] personal recollection of the events,' the affidavit is not | Sustained:<br>_____<br><br>Overruled:<br>_____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO.  3:09-cv-0168 BZ

| MATERIAL OBJECTED TO | PLAINTIFFS' OBJECTION | DEFENDANTS' RESPONSE | RULING |
|---|---|---|---|
| | | conclusory." *US v. $223,178.00 in Bank Account Funds, et al*, 2009 WL 3416055, *1 (9th Cir. 2009) quoting *Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953, 60 n. 4 (9th Cir. 2001). Furthermore, a "statement of a declarant's belief [is] a subject of which the declarant is uniquely qualified to testify." *Ingram v. City of Los Angeles*, 418 F.Supp.2d 1182, 1186 (C.D. Cal. 2006). Furthermore, Shaffer, in several portions of her declaration, lists the specific items one would expect to see, and states that such items were not present at the Long Haul. | |
| | | Agent Shaffer was a member of the search warrant team. Her testimony is offered based on her work for and with the team. Based on her position her personal knowledge can be inferred. *See e.g., Barthelemy v. Air Lines Pilots Assoc.*, 897 F.2d 999, 1018 (9th Cir. 1990). Furthermore, this testimony represents her personal knowledge of what she was told prior to the execution of the warrant. | |
| | | Contrary to the requirements of Local Rule 7-3, Plaintiffs failed to raise any of these objections within their Opposition Brief. | |

SO ORDERED.

Dated: _____        _____

                                        Honorable Jeffrey S. White

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO.  3:09-cv-0168 BZ

[PROPOSED] ORDER REGARDING PLAINTIFFS' EVIDENTIARY OBJECTIONS