Matthew Zimmerman, Esq. (CA SBN 212423)
Marcia Hofmann (CA SBN 250087)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993
Email: mattz@eff.org
      marcia@eff.org

Michael T. Risher (CA SBN 191627)
AMERICAN CIVIL LIBERTIES FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: mrisher@aclunc.org

Attorneys for Plaintiffs
LONG HAUL, INC. and EAST BAY PRISONER SUPPORT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LONG HAUL, INC. and EAST BAY PRISONER SUPPORT<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; MITCHELL CELAYA; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; MIKE HART; LISA SHAFFER; AND DOES 1-25,<br><br>Defendants. | CASE NO. 09-cv-0168-JSW<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; [PROPOSED] ORDER THEREON**<br><br>Hon. Jeffrey S. White<br>Courtroom 11, 19th Floor |

## NOTICE OF MOTION AND
## MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Northern District of California Civil Local Rule 7-9(b)(3), Plaintiffs Long Haul, Inc. and East Bay Prisoner Support ("Plaintiffs") hereby move this Court to grant them leave to file a motion for reconsideration of this Court's July 26, 2011 Order Regarding Motions for Summary Judgment. *See* Docket No. 136 (hereinafter "Order"). As per Rule 7-9, Plaintiffs assert that for the reasons discussed below, the Order constituted " A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

## MEMORANDUM OF POINTS AND AUTHORITIES

Northern District Civil Local Rule 7-9(b)(3) authorizes a party to seek leave to file a motion for reconsideration if there was a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *See Hopkins v. Bonvicino*, 2011 WL 995961 *1 (N.D. Cal. Mar. 21, 2011) (White, J.) (unpublished). Plaintiffs seek leave to move for reconsideration of three aspects of the Court's opinion:

1. There is no question of material fact that would support defendant's claim of qualified immunity for Zuniga's improper search of Long Haul photographs;

2. There is no question of material fact that the forensic search of Long Haul computers exceeded the scope of the warrant; and

3. The official capacity claims against the state Defendants should not have been dismissed because plaintiffs are seeking an "injunction seeking a prospective remedy for a continuing violation of federal law" under *Ex Parte Young*, 209 U.S. 123 (1908).

### A. No Facts Support Defendants' Claim of Qualified Immunity for the Clearly Improper Search of the Photographs, so Summary Judgment for the Plaintiffs is Appropriate.

This Court found Officer Zuniga's search of the photographs violated Long Haul's Fourth Amendment rights because the warrant plainly did not authorize search or seizure of photographs. Order at 9:6-9. The plain view exception did not apply because the "incriminating character" of the photographs was not "immediately apparent." *Id*. at 9:18-27 (citing *Arizona v. Hicks*, 480 U.S. 321, 324-25 (1987); *Horton v. California*, 496 U.S. 128, 137 (1990)). Yet the Court denied summary judgment in favor of Long Haul because it could not find as a matter of law "that Defendants would not be entitled to qualified immunity regarding the search of the photographs." Order at 10:2-3.

"The court *shall* grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). As the Court recognized, an "issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. A fact is 'material' if the fact may affect the outcome of the case." Order at 4:6-9 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)).

Qualified immunity is an objective test; the Court's finding that the photograph search was improper under *Horton* and *Hicks* means that summary judgment should have been entered in plaintiffs' favor. "In the § 1983 context, determining whether a defendant is entitled to qualified immunity involves a two-pronged analysis." *Lacey v. Maricopa Cnty.*, --- F.3d ---, 2011 WL 2276198, at *8 (9th Cir. June 9, 2011). First, "a court must decide whether the facts that a plaintiff has alleged … or shown … make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citations omitted). Second, "the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct." *Id.* "A right is clearly

established if it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Lacey*, 2011 WL 2276198, at *8 (quotations omitted).

"This inquiry, whether the law was clearly established, is a *pure question of law* for the court to decide." *Huff v. City of Burbank*, 632 F.3d 539, 548 (9th Cir. 2011) (emphasis added) (citing *Romero v. Kitsap Cnty.*, 931 F.2d 624, 628 (9th Cir. 1991)); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (whether official conduct violated clearly established law is an "essentially legal question"). This includes *both* "the determination of whether that right was so 'clearly established' as to alert a reasonable officer to its constitutional parameters" *and* "the ultimate determination of whether a reasonable officer could have believed lawful the particular conduct at issue." *Romero*, 931 F.2d at 627 (quoting *Gooden v. Howard County, Md.*, 917 F.2d 1355, 1361 (4th Cir. 1990)).

In analyzing qualified immunity, the Court emphatically found that the facts alleged showed the violation of a constitutional right. Order at 9:28 ("Defendant Zuniga violated Long Haul's constitutional rights"). But the Court failed to complete the second step of the analysis: determining as a matter of law whether the law was clearly established. *See* Order at 10:2-3 ("the Court cannot say, as a matter of law, that Defendants would not be entitled to qualified immunity regarding the search of the photographs.").

Completing the qualified immunity analysis, as this Court must, the law is clearly established. In finding Officer Zuniga violated Long Haul's constitutional rights by looking through the photographs, which "are not a category of items authorized by the search warrant," Order at 9:6-7, this Court cited two Supreme Court decisions from 1987 and 1990. *See id.* at 9:16, 9:20 (citing *Hicks*, 480 U.S. at 324-25 and *Horton*, 496 U.S. at 137). Moreover, the Ninth Circuit has been clear that "the law is clearly established that a search may not exceed the scope of the search warrant…." *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004) (citing *Horton*, 496 U.S. at 140). Thus, as a matter of law, it was

clearly established at the time of the 2008 search that an officer could not search or seize items beyond that listed in the warrant.

Moreover, the Court did not identify any disputed material facts that prevent the Court from making "the ultimate determination of whether a reasonable officer could have believed lawful the particular conduct at issue." *Romero*, 931 F.2d at 627. Because this determination is a "pure question of law for the court to decide," *Huff*, 632 F.3d at 548, the Court has already found a constitutional violation that is clearly established, and the facts surrounding Officer Zuniga's search of the photographs are undisputed, Defendants are not entitled to qualified immunity. Since summary judgment for Long Haul is appropriate, the Court should reconsider this aspect of its decision.

**B.    There Is No Question of Material Fact That The Computer Search Exceeded the Scope of the Warrant.**

All parties moved for summary judgment on the issue of whether the scope of the computer search was reasonable. *See* Plaintiffs' Joint Motion for Summary Judgment, Docket No. 110 at 12-13. In denying the motion, the Court found that it could not decide as a matter of law "that Kaiske's request falls within the scope of the warrant and statement of probable cause." Order at 11:3-4.

In denying Defendants' motion for summary judgment, the Court failed to identify any genuine issue of material fact that precludes entry of judgment in favor of Plaintiffs. In fact, there is no genuine issue of material fact as to whether Defendants' search was outside the scope of the warrant. The Statement of Probable Cause allowed Defendants to search only for information that "would aid in identifying the suspect who sent the threatening email messages." Declaration of Matthew Zimmerman In Support of Plaintiffs' Motion for Summary Judgment, Docket No. 106, Ex. 3. Yet Defendant Kasiske admits — and proffers no evidence to the contrary — that he asked the computer-forensics lab to determine whether the seized computers "were used to communicate or otherwise document anything regarding arson attacks, vandalisms, and other harassment that has been

perpetrated against University of California researchers." Declaration of William Kasiske in Support of Joint Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment, Docket No. 115, Ex. V. Defendants requested this search "*[i]n addition to seeking evidence pertaining to email threats.*" *Id*. (emphasis added). Thus, the additional searches requested by Kasiske were not authorized by the warrant or supported by probable cause.

Since "the law is clearly established that a search may not exceed the scope of the search warrant," *KRL*, 384 F.3d at 1117, and there are no facts to suggest Defendants did not violate the law, Plaintiffs are entitled to judgment as a matter of law on this issue as well. Because Rule 56(a) states the Court "shall" rule on this issue, this Court should reconsider its motion denying summary judgment for the Plaintiffs. Fed. R. Civ. P. 56(a).

**C. The Official Capacity Claims Against the State Defendants Should Not Have Been Dismissed.**

As the Court noted, Plaintiffs' official-capacity claims against the Chief of the U.C. Police Department and other U.C. Police officers seek "prospective injunctive relief," specifically the return and/or expungement of Plaintiffs' personal information retained by the Silicon Valley Regional Forensics Lab or by the U.C. Police Department. Order at 11. The Court dismissed the official-capacity claims because it found that a suit against state officials in their official capacity is treated as one against the state. And under *Hafer v. Melo*, 502 U.S. 21 (1992), such suits generally lie only to address an official policy or custom. *Id*. at 12 (citing *Hafer*, 502 U.S. at 25). Finding no allegation of an official policy or custom, the Court granted summary judgment for the defendants. Order at 12.

However, these principles do not apply to suits like this one that seek an "injunction seeking a prospective remedy for a continuing violation of federal law" under *Ex Parte Young*, 209 U.S. 123 (1908). *United Mexican States v. Woods*, 126 F.3d 1220, 1222 (9th Cir. 1997). *Hafer* was a suit for damages, as were the cases that it cites for the general rule that official-capacity suits must allege a

custom or practice. *Hafer*, 502 U.S. at 25 (citing *Kentucky v. Graham*, 473 U.S. 159 (1985) and *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978))). In that context, the rule makes sense: *Monell* holds that under § 1983, the government itself is only liable for its policies, and not for every harm an individual employee inflicts. *Monell*, 436 U.S. at 694. But where a Plaintiff sues to obtain an order halting an ongoing violation of his federal rights by the state, he can — and must — do so in an official capacity-suit under *Ex Parte Young*, regardless of whether any policy or custom is involved. *United Mexican States*, 126 F.3d at 1222; *see Pascarella v. Swift Transp. Co., Inc.*, 643 F. Supp. 2d 639, 647 n.11 (D.N.J. 2009) ("the proper vehicle for seeking equitable relief against a government official involving that officer's official duties is an official capacity suit."); *King v. Dingle*, 702 F.Supp.2d 1049, 1070 n. 10 (D.Minn. 2010) (collecting cases).

As the cases cited in Plaintiffs' reply brief make clear, Plaintiffs are entitled to an injunction to expunge information taken from them in violation of the Fourth Amendment, whether or not the violation was a result of an unconstitutional custom or practice. *See* Reply In Support Of Plaintiffs' Motion For Summary Judgment And Opposition To Defendants' Motion For Summary Judgment, Docket No. 125, p. 22-23. Plainly, Plaintiffs cannot get this through suing the individual defendants in their individual capacities — the officers as individuals have no authority to dispose of the evidence they took as police officer. *See* California Penal Code § 1536 ("All property or things taken on a warrant must be retained by the officer in his custody, subject to the order of the court to which he is required to return the proceedings before him, or of any other court in which the offense in respect to which the property or things taken is triable.").

Just as a habeas petitioner must sue the warden in his official capacity to gain his release, Plaintiffs must therefore sue the officers in their official capacities if they are to regain their property or information. Such suits to stop a "continuing violation of federal law" are allowed to vindicate federal rights and are not deemed to be suits against the state. *In re Ellett*, 254 F.3d 1135, 1338 (9th

Cir. 2001). Any other rule would leave the people of this nation, and Plaintiffs in the instant case, with no mechanism to force the state to return property that it had illegally seized, a result at odds with a century of caselaw. *See Tindal v. Wesley,* 167 U.S. 204, 222 (1897) (allowing suit against state officials to recover property); *Taylor v. Westly*, 402 F.3d 924, 932-35 (9th Cir. 2005)) (same). Thus, this Court should reconsider its order granting summary judgment for Defendants on this issue.

## CONCLUSION

For the following reasons, Plaintiffs ask this Court to grant it leave to file a motion for reconsideration.

Dated: August 3, 2011          Respectfully submitted,

/s/ *Matthew Zimmerman*
Matthew Zimmerman, Esq.
Marcia Hofmann, Esq.
ELECTRONIC FRONTIER FOUNDATION

Michael T. Risher, Esq.
AMERICAN CIVIL LIBERTIES FOUDNATION OF NORTHERN CALIFORNIA

Attorneys for Plaintiffs
LONG HAUL, INC. and EAST BAY PRISONER SUPPORT

**[PROPOSED] ORDER**

Good cause appearing, Plaintiffs' motion for leave to file a motion for reconsideration is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: _____

Honorable Jeffrey S. White
United States District Judge