1    MELINDA HAAG (SBN 132612)
     United States Attorney
2    JOANN M. SWANSON (SBN 88143)
     Chief, Civil Division
3    JONATHAN U. LEE (SBN 148792)
     NEIL T. TSENG (SBN 220348)
4    Assistant United States Attorneys

5        450 Golden Gate Avenue, 9th Floor
         San Francisco, California 94102-3495
6        Telephone:    (415) 436-6909
         Facsimile:    (415) 436-6748
7        Email:        jonathan.lee@usdoj.gov

8    ATTORNEYS FOR DEFENDANTS UNITED STATES,
     LISA SHAFFER, AND MIKE HART
9
                        UNITED STATES DISTRICT COURT
10
                      NORTHERN DISTRICT OF CALIFORNIA
11
                         SAN FRANCISCO DIVISION
12

13   LONG HAUL, INC. AND EAST BAY          )   No. C 09-0168 JSW
     PRISONER SUPPORT,                     )
14                                         )
            Plaintiffs,                    )   **NOTICE OF MOTION AND MOTION**
15                                         )   **FOR LEAVE TO FILE MOTION FOR**
        v.                                 )   **RECONSIDERATION BY**
16                                         )   **DEFENDANTS LISA SHAFFER AND**
     UNITED STATES OF AMERICA;             )   **MIKE HART; (PROPOSED) ORDER**
17   MITCHELL CELAYA; KAREN                )
     ALBERTS; WILLIAM KASISKE; WADE        )   *Place:   Courtroom 11, 19th Floor*
18   MACADAM; TIMOTHY J. ZUNIGA;           )   *Judge:  Hon. Jeffrey S. White*
     MIKE HART; LISA SHAFFER; AND          )
19   DOES 1-25.                            )
                                           )
20          Defendants.                    )
     _____       )

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR
## RECONSIDERATION

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Northern District of California Civil Local Rule 7-9(b)(3), Defendants Lisa Shaffer and Mike Hart hereby move this Court for an order granting them leave to file a motion for reconsideration of this Court's July 26, 2011 Order Regarding Motions For Summary Judgment ("Order"). As required by Civil Local Rule 7-9, Defendants Shaffer and Hart respectfully contend, as discussed more fully below, that the Order is "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Under Northern District Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c). *See also Hopkins v. Bonvicino,* 2011 WL 995961, *1 (N.D. Cal. Mar. 21, 2011) (White, J.) (unpublished); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.").

///

Defendants Shaffer and Hart seek leave to move for reconsideration of the Order as follows:

1.      There is no material fact supporting the Order's conclusion that neither defendant Shaffer nor defendant Hart enjoy qualified immunity because the statement of probable cause and search warrant were not at the scene of the search in dispute.

2.      Even if there were evidence supporting the conclusion that neither defendant Shaffer nor defendant Hart has qualified immunity because the statement of probable cause and search warrant were not at the scene of the search in dispute, defendants Shaffer and Hart were line officers, and therefore they have qualified immunity because as a matter of law neither had a duty to read or even see the warrant but could reasonably rely on the description they received from the lead officer at the pre-search briefing as well as their own review of the warrant and statement of probable cause.

3.      On plaintiffs' claim that defendants Shaffer and Hart's conduct in the execution of the search warrant violated the Fourth Amendment, which because of the Court's analysis of the plaintiffs' overbreadth claim the Court did not reach, defendants Shaffer and Hart request that the Court now reach this additional claim under the Fourth Amendment and grant their motion for summary judgment based on qualified immunity.

I.      **No Facts Support the Order's Conclusion That the Warrant and Probable Cause Statement Were Not Present At the Search.**

In its Order, the Court concluded that, viewing the evidence in the light most favorable to plaintiffs, the statement of probable cause "did not accompany" the warrant to the scene of the search and therefore "the warrant was indisputably overbroad and no reasonable officer could have mistakenly believed otherwise."  The Court pointed to deposition testimony by lead officer Detective Kasiske of the University of California-Berkeley Police Department ("UCBPD") in which he stated he did not remember for certain whether he had the statement of probable cause with him at the time of the search but he believed that it was "probably likely" that he did. (Docket #126: Supplemental Declaration of Matthew Zimmermann, Ex. 4 at 124:15-19).  The other officers' testimony plaintiffs cited in the motion proceedings support a conclusion that

particular officers either did not know or could not remember whether or not the probable cause statement was attached to the warrant. (Docket #106: Ex.12, Deposition of Karen Alberts, 71:6-12 ). Defendant Shaffer, however, stated that her "recollection is that the statement of probable cause was in fact attached to the search warrant." (Docket #115: Declaration of Lisa Shaffer, ¶ 11.). This body of testimonial evidence did not support a conclusion that there was a disputed material question of fact on this issue.

The Court erred when it found that in considering the evidence in the light most favorable to the non-moving party, there was evidence creating a question of fact which precluded granting summary judgment. As a result, summary judgment should have been granted in favor of defendants Shaffer and Hart on their qualified immunity defense.

**II.    On Plaintiffs' Overbreadth Claim, Defendants Shaffer and Hart Should Enjoy Qualified Immunity Whether or Not the Warrant and Probable Cause Statement Were Present At the Search.**

Even if there is a triable issue of fact regarding whether the warrant and probable cause statement were present at the scene of the search, as a matter of law, both defendants Shaffer and Hart have qualified immunity from plaintiffs' claim that the search warrant was overbroad.

Here, there was no dispute over the roles of Shaffer or Hart in applying for the warrant or its execution. Defendants Shaffer and Hart were FBI employees who were involved only because of a request from the University of California-Berkeley Police Department ("UCBPD") for assistance in carrying out the search. Neither participated in the drafting of the warrant application or presenting the application to the Alameda County judge, both of which were done by UCBPD. Both Shaffer and Hart attended the pre-search briefing meeting on the morning of the search and were provided with a copy of the warrant and the statement of probable cause, which both reviewed. Both relied on the explanation of UCBPD's investigation that resulted in the warrant application, the warrant as issued, and the search planned by UCBPD, given by UCBPD's lead officer, Detective Kasiske, at the pre-search briefing meeting.

Qualified immunity analysis is dependent on the individual officer's particular role in the search in question. Under Ninth Circuit precedent, neither Shaffer nor Hart were required to read, review or even see the warrant or probable cause statement because they attended the

briefing meeting and learned before the search about the nature and scope of the warrant and the contents of the probable cause statement.   *Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1028 (9th Cir. 2002) ("Line officers ... are required to do much less. They do not have to actually read or even see the warrant; they may accept the word of their superiors that they have a warrant and that it is valid."); *KRL v. Estate of Moore*, 512 F.3d 1184, 1190 (9th Cir. 2008) ("[E]ven if a warrant is so lacking in probable cause that official reliance is unreasonable, line officers who do not read the warrant are still entitled to qualified immunity if they inquire as to the 'nature and scope' of the warrant, and rely on representations made by their superiors.").

Whether or not the statement of probable cause accompanied the search warrant when the search was executed, under clearly established precedent, defendants Shaffer and Hart have qualified immunity because as line officers they did not have a duty to read or even see the warrant but could reasonably rely on the description they received from the lead officers.

### III. On Plaintiffs' Claim That Defendants Shaffer and Hart's Conduct In The Execution of the Search Warrant Violated the Fourth Amendment, The Court Should Have Granted Summary Judgment Based on Qualified Immunity.

The Court in its Order denying summary judgment on qualified immunity grounds made no distinction between the conduct of Defendant Shaffer, Defendant Hart or the other officers named as Defendants.  The undisputed evidence established that Defendants Shaffer and Hart, in addition to no involvement in the planning of the search, had only minimal involvement in the execution of the warrant.  There is no dispute regarding Shaffer and Hart's actions during the search.  Detective Shaffer assisted in the search of the premises by looking in a limited number of file cabinets and other document repositories; she did not seize anything.  Defendant Hart did not assist the search by looking at or seizing any materials but provided external surveillance in case crowds gathered outside the premises.  Both Shaffer and Hart also assisted UCBPD by carrying a portion of the boxes of computer equipment to UCBPD vehicles parked outside the building.  Neither Shaffer nor Hart ever searched any computers or computer-related equipment seized from the premises.

The Court should therefore grant the motion on the basis that defendants Shaffer and Hart have qualified immunity against plaintiffs' claim that their conduct in executing the search warrant violated the Fourth Amendment.

## **CONCLUSION**

For the foregoing reasons, Defendants Shaffer and Hart request permission from this Court to file their motion for reconsideration.

Respectfully submitted,

MELINDA HAAG
United States Attorney

Dated: September 22, 2011

_____/s/_____

JONATHAN U. LEE
NEILL T. TSENG
Assistant United States Attorneys
Attorneys for Defendants Lisa Shaffer and
Mike Hart

**[PROPOSED] ORDER**

Good cause appearing, Plaintiffs' motion for leave to file a motion for reconsideration is

hereby GRANTED.

**IT IS SO ORDERED.**


Dated: _____          _____

HONORABLE JEFFREY S. WHITE
United States District Judge