HONORABLE JEFFREY S. WHITE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG HAUL, INC., and EAST BAY PRISONER SUPPORT, | Case No.  3:09-cv-0168 JSW |
| Plaintiffs, | **STIPULATION AND AGREEMENT FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER** |
| v. | |
| UNITED STATES OF AMERICA; MITCHELL CELAYA; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; MIKE HART; LISA SHAFFER; AND DOES 1-25, | |
| Defendants. | |

THE PARTIES AND THEIR ATTORNEYS OF RECORD HEREBY SUBMIT THE

FOLLOWING STIPULATION AND AGREEMENT FOR COMPROMISE SETTLEMENT AND

RELEASE (the "Stipulation and Agreement"):

**RECITALS**

      1.      This is an action brought by Plaintiffs Long Haul, Inc. ("Long Haul") and

East Bay Prisoner Support ("EBPS") against defendants United States of America ("USA"),

Lisa Shaffer, and Mike Hart (collectively, "Federal Defendants") and Mitchell Celaya,

Karen Alberts, Williams Kasiske, Wade MacAdam, and Timothy Zuniga  (collectively,

"University Defendants").  Plaintiffs brought their allegations against the University

Defendants under 42 U.S.C. § 1983 alleging violation of their rights under the First and

1  Fourth Amendments to the United States Constitution, and under the Privacy Protection

2  Act, 42 U.S.C. 2000aa *et seq.*  Plaintiffs alleged Federal Defendants Shaffer and Hart

3  violated Plaintiffs' Fourth Amendment rights under *Bivens v. Six Unknown Named Agents*,

4  403 U.S. 388 (1971) and claimed Federal Defendant the United States violated the

5  Privacy Protection Act.  The Federal Defendants and University Defendants shall

6  collectively be referred to herein as "Defendants."

7        2.      This Stipulation and Agreement is entered into by and between Plaintiffs

8  Long Haul and EBPS and Defendants USA, Lisa Shaffer in her individual capacity, Mike

9  Hart in his individual capacity, Mitchell Celaya, in his official capacity, Karen Alberts,

10  Williams Kasiske, Wade MacAdam, and Timothy Zuniga, in their individual and official

11  capacities, and The Regents of the University of California ("The Regents").  The parties

12  acknowledge that The Regents, while not a party to the Action, has an interest in the

13  Action and in its resolution by virtue of the claims asserted against Mitchell Celaya and

14  other University Defendants sued in their official capacities.

15        3.      The parties to this Stipulation and Agreement do hereby agree to settle,

16  compromise and dismiss the above-captioned action ("the Action") under the terms and

17  conditions set forth herein.

18        4.      This Agreement does not constitute an admission by Defendants, or any of

19  them, of any liability whatsoever; or that any person or entity acted wrongfully, improperly,

20  unjustifiably or otherwise; or that any person or entity has any rights whatsoever against

21  any other.  Defendants each specifically disclaim any liability to or wrongful acts against

22  any person or entity, including Plaintiffs.  This Agreement shall not serve as evidence or

23  notice of any wrongdoing or misconduct by or on the part of any Defendant.  This

24  Agreement is entered into by Defendants solely to avoid the uncertainty of litigation and

25  the expense in time and money of further litigation.

26        5.      On August 27, 2008, the University of California Berkeley Police

27  Department ("UCBPD"), with the assistance of Defendants Shaffer and Hart, executed a

28  search warrant at the Long Haul Info Shop at 3124 Shattuck Avenue, Berkeley, California.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Officers were investigating a series of threatening emails sent to animal researchers at the

2    University of California Berkeley campus.  These emails had been traced to an internet

3    protocol ("IP") address assigned to Long Haul.

4          6.      In executing the search warrant, all computers found on the Long Haul

5    premises were seized, including computers available for public use in Long Haul's internet

6    room ("the public-access computers"); computers used by Slingshot (a newspaper

7    published by Long Haul from the Shattuck Avenue location); and a computer belonging to

8    Plaintiff EBPS.

9          7.      Defendants had probable cause supporting seizure of the public-access

10   computers from the Long Haul premises.  The parties dispute whether Defendants had

11   probable cause supporting seizure of the other computers from the Long Haul premises.

12   Plaintiffs dispute whether there was probable cause supporting the scope of the search of

13   the public access computers.

14         8.      After the completion of its investigation concerning the threatening emails

15   originating from Long Haul, UCBPD determined there was no evidence of criminal activity

16   on the part of Long Haul, Slingshot, and/or EBPS in connection with the crimes under

17   investigation.

18         9.      UCBPD acknowledges that at the time of the execution of the search

19   warrant, Long Haul was a publisher protected by the Privacy Protection Act ("PPA"), and

20   therefore, the PPA prohibited the seizure of any protected work product materials related

21   to the dissemination of Slingshot, except as provided for in the PPA.  UCBPD has denied

22   that it was aware at the time the search warrant was executed that Long Haul was a

23   publisher protected by the PPA.

24   **SETTLEMENT TERMS**

25         10.     In consideration of the promises and undertakings set forth in this

26   Stipulation and Agreement, and upon advice of counsel, Plaintiffs Long Haul and EBPS

27   agree to dismiss with prejudice all of the claims against the Federal Defendants and the

28   University Defendants.  Plaintiffs, within three business days of the execution of this

Stipulation and Agreement, will execute a Stipulation and Proposed Order of Dismissal, which shall dismiss with prejudice all claims that were asserted or that could have been asserted in the Action.  Counsel for Defendants will hold the executed Stipulation and Proposed Order of Dismissal until performance of the terms of settlement described herein is completed, at which time Defendants will file the Stipulation and Proposed Order of Dismissal.

11.     Upon execution of this Agreement by Plaintiffs and their counsel of record, the parties will file a Stipulation and Proposed Order staying all proceedings and deadlines in the District Court and in the Ninth Circuit Court of Appeals for ninety (90) days. Plaintiffs Long Haul and EBPS accept the terms set forth herein as a full and final settlement with the Federal Defendants and the University Defendants.

12.     Plaintiffs Long Haul and EBPS hereby release and forever discharge each Federal Defendant, each University Defendant, The Regents, and/or their respective predecessors, successors, affiliates, agents, officers, representatives, or employees (hereafter "the Released Parties") of and from all Released Claims as defined in paragraph 14 hereof.  Plaintiffs, or either of them, shall not now or hereafter initiate, maintain, or assert against the Released Parties, or any of them, any cause of action or claim for equitable, legal and/or administrative relief arising out of any Released Claim as defined herein; provided, however, that nothing in this Stipulation and Agreement shall preclude any party hereto from filing any motion, action, or proceeding seeking enforcement of its terms.

13.     On November 29, 2011, Plaintiffs Long Haul and EBPS further agreed to file a stipulation and proposed order for dismissal with prejudice of all claims against in favor of Federal Defendant Shaffer and Federal Defendant Hart.  Plaintiffs will do so on or before January 27, 2012.  If thereafter the United States does not agree to the terms of settlement described herein, lead counsel for the parties shall meet and confer within five days, and agree on the language of an appropriate notification to the Court within ten days confirming that there is no settlement between Plaintiffs and any Federal Defendant and

1  that Plaintiffs may then reinstate the claims against Federal Defendant Shaffer and

2  Federal Defendant Hart.

3        14.      For purposes of this Stipulation and Agreement, "Released Claims" means

4  any and all claims, causes of action, rights, offsets or liabilities, whether known or

5  unknown, alleged or not alleged in the Action, arising under common law or under any

6  statute, rule, regulation, order or law, whether federal, state or local, which Plaintiff Long

7  Haul and/or EBPS had, now has, or may in the future have with respect to any conduct,

8  act omissions, facts, matters, transactions, or occurrences prior to the Effective Date of

9  this Agreement arising out of or relating directly or indirectly to the search of the Long Haul

10  premises by Defendants on August 27, 2008.  Without in any way limiting the scope of the

11  Release, the term "Released Claims" includes any and all claims for attorneys' fees, costs

12  or disbursements incurred by Plaintiffs, or by counsel representing Plaintiffs, in connection

13  with or related in any manner to the Action, the settlement of the Action, and/or the

14  administration of such settlement

15        15.      Waiver of California Civil Code § 1542:  The provisions of California Civil

16  Code Section 1542 are set forth below:

17              "A general release does not extend to claims which the
            creditor does not know or suspect to exist in his or her favor

18              at the time of executing the release, which if known by him or
            her must have materially affected his or her settlement with

19              the debtor."

20  Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by

21  their attorneys, and fully understanding the same, nevertheless elect to waive the benefits

22  of any and all rights they may have pursuant to the provision of that statute and any similar

23  provision of federal law.  Plaintiffs understand that, if the facts concerning Plaintiffs'

24  claimed injuries and/or the liability of Defendants pertaining thereto are found hereinafter

25  to be other than or different from the facts now believed by them to be true, the Stipulation

26  and Agreement shall be and remain effective notwithstanding such difference.

27        16.      The Federal Defendants and the University Defendants jointly agree to pay

28  Plaintiffs the total sum of one thousand five hundred and fifty dollars ($1,550.00) in actual

and statutory damages.  The Federal Defendants and the University Defendants further agree to pay attorney's fees and costs in the total sum of ninety eight thousand four hundred and fifty dollars ($98,450.00).  The foregoing payments, taken together, comprise the total settlement amount of one hundred thousand dollars ($100,000.00) ("Settlement Amount").  Plaintiffs are not liable for any of Defendants' fees or costs in this matter.

17.     Defendants agree to pay Plaintiffs the total settlement amount within sixty (60) days after receipt by counsel for the University Defendants and the United States Attorney's Office for the Northern District of California of a fully executed Stipulation of Dismissal.  Counsel for Defendants will hold this fully executed Stipulation of Dismissal and will file it with the Court after payment of the total settlement amount is made.  This sum shall be payable solely by the Regents of the University of California and the United States, not by Federal Defendants Hart or Shaffer or by University Defendants Celaya, Kasiske, Alberts, Zuniga, or MacAdam, and Plaintiffs agree they will not seek payment from any source other than said payments.

18.     The University Defendants and the Federal Defendants agree to dismiss their respective appeals to the Ninth Circuit Court of Appeals in this matter with prejudice simultaneously upon filing the Stipulation of Dismissal dismissing the Action with prejudice. The University Defendants, after obtaining any necessary approval from the Alameda County Superior Court, will destroy the data on each of the imaged hard drives in UCBPD's possession which were copied from the computers seized during the August 27, 2008, search of the Long Haul premises.  University Defendants will retain the hard drives belonging to them that housed this imaged data.   The University Defendants will also destroy, after obtaining necessary court approval, 1) the compact disc and any hard copies reflecting the materials and information marked as Exhibit 11 to the deposition of the Silicon Valley Regional Forensic Computer Laboratory taken in the Action ("the Beeson Deposition"); and 2) any copies in their possession of the document marked as Exhibit 10 to the Beeson Deposition.  The USA will destroy any copies in its possession (whether maintained in electronic form or in hard copy) of the information that corresponds

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    to pages UC000927-28, UC000930-31, UC000933, UC000937-983, UC000985-1023,

2    UC001025-1032 of what is Exhibit 11 to the Beeson Deposition.  Defendants represent

3    that they did not make any copies of any data from the hard drives seized during the

4    August 27, 2008 search of the Long Haul premises, except as disclosed during discovery

5    conducted in the Action.

6         19.     UCBPD will continue to implement training on the provisions of the PPA

7    that it developed following the search of August, 2008, and will make that training a part of

8    the recommended training for UCBPD detectives to be conducted in person by a vendor or

9    by in-house trainers.  The training on the PPA will include a statement that the applicable

10    legal standard that applies in determining whether the police knew or should have known

11    whether the subject of a search warrant is a publisher protected by the PPA is as follows:

12    In view of the facts known to the officer at the time, would a reasonable officer believe that

13    the target of the search warrant is a publisher protected by the PPA?

14         20.     UCBPD will ensure that its training materials addressing searches and

15    seizures include the following statement, with reference to search warrants that are sought

16    in connection with the search of a multi-unit building, where probable cause is based in

17    whole or in part on an IP address which corresponds to the physical address of the

18    building: "When requesting a search warrant based on the identification of an IP address,

19    the affiant shall take reasonable steps to limit the scope of the warrant to searches of only

20    those units or computers for which there is probable cause."

21         21.     UCBPD may modify, amend, rescind or revise the training materials

22    referred to in this Stipulation and Agreement if it has a good faith basis for doing so in

23    order to reflect changes in applicable law.

24         22.     Nothing in this Stipulation and Agreement shall be construed to create a

25    consent decree between the parties or to permit the Court to retain jurisdiction, after entry

26    of the Order of Dismissal, over the enforcement of this Stipulation and Agreement.

27         23.     This Stipulation and Agreement contains the entire agreement between the

28    parties with regard to the settlement of the Action, and shall be binding upon and inure to

1   the benefit of the parties hereto, jointly and severally, and the heirs, executors,

2   administrators, personal representatives, successors, and assigns of each.  This

3   Stipulation and Agreement may not be altered, modified or otherwise changed in any

4   respect except by writing, duly executed by all of the parties or their authorized

5   representatives.

6        24.    This Stipulation and Agreement is entered into in the State of California

7   and shall be construed and interpreted in accordance with its laws.  Terms contained

8   herein shall not be construed against a party merely because that party is or was the

9   principal drafter.

10        25.    This Stipulation and Agreement may be pled as a full and complete

11   defense to any action or other proceeding that arises out of the claims released and

12   discharged by this Stipulation and Agreement, and/or the facts, circumstances, subject

13   matter or allegations giving rise to those claims, which are also released and discharged

14   by this Stipulation and Agreement. Payment of the Settlement Amount will be made by an

15   electronic transfer made payable to the Electronic Frontier Foundation, which will receive

16   payment of the Settlement Amount on behalf of plaintiffs and co-counsel as agreed by

17   Plaintiffs.  The Settlement Amount will be delivered to the Electronic Frontier Foundation

18   at the following address: Matthew Zimmerman, Electronic Frontier Foundation, 454

19   Shotwell St. San Francisco, CA  94110.  The Defendants will pay the Settlement Amount

20   to Plaintiffs, as follows:  (1) The United States will pay Twenty Five Thousand Dollars

21   exactly and (2) The Regents will pay Seventy Five Thousand Dollars exactly.  Payment of

22   the Settlement Amount shall be deposited by electronic fund transfer to the bank account

23   Plaintiffs shall designate in an Electronic Funds Transfer enrollment form the Plaintiffs will

24   provide to the undersigned counsel for Defendants within five days of executing this

25   Agreement.  Plaintiffs' counsel will provide the necessary information for processing of the

26   Settlement Amount in the Electronic Funds Transfer enrollment form, including taxpayer

27   identification numbers ("TINs") and bank account and routing information.  Plaintiffs and

28

1    Plaintiffs' attorney have been informed that payment of the Settlement Amount may take

2    sixty (60) days from the date the Court "so orders" this Agreement to process.

3

4         26.      Plaintiffs and Plaintiffs' attorneys are responsible for payment of any taxes

5    that may be due on the settlement proceeds.  Defendants make no representation as to

6    any tax consequences or liabilities Plaintiffs or Plaintiffs' attorneys may incur as a result of

7    this settlement.  Defendants will not withhold any taxes of any kind.  The determination of

8    Plaintiffs' tax liability, if any, is a matter solely between Plaintiffs, Plaintiffs' attorneys, the

9    IRS and/or state and local tax authorities.

10        27.      In entering into this Stipulation and Agreement, Plaintiffs represent that

11   they have relied upon the advice of their attorney, who is the attorney of their own choice,

12   and that the terms of this Stipulation and Agreement have been interpreted, completely

13   read and explained to them by their attorney, and that those terms are fully understood

14   and voluntarily accepted by Plaintiffs.  Plaintiffs also represent and warrant that no other

15   person or entity has or has had any interest in the claims or causes of action referred to

16   herein, that they and their attorney have the sole right and exclusive authority to execute

17   this Stipulation and Agreement and receive the consideration specified herein, and that

18   they have not sold, conveyed, assigned, transferred, or otherwise disposed of any of the

19   claims or causes of action referred to herein.

20        28.      All parties agree to cooperate fully and to execute a Stipulation to Dismiss

21   and any and all supplementary documents and to take all additional actions which are

22   consistent with and which may be necessary or appropriate to give full force and effect to

23   the basic terms and intent of this Stipulation and Agreement.

24        29.      If any provision of this Stipulation and Agreement shall be held invalid,

25   illegal, or unenforceable, the validity, legality, and enforceability of the remaining

26   provisions shall not in any way be affected or impaired thereby, provided, however, that if

27   the University Defendants are unable to secure any necessary approval from the Alameda

28   County Superior Court for the destruction of the data on the imaged hard drives as

1  contemplated in paragraph 18 hereof, counsel for all parties shall promptly meet and

2  confer in order to determine a mutually acceptable means of ensuring said data will not be

3  accessed by Defendants or others for any purpose.

4      30.    This Stipulation and Agreement may be executed in counterparts by the

5  parties hereto, each of which shall be deemed an original, and which together shall

6  constitute the same instrument, having the same force and effect as if a single original had

7  been executed by all parties.  The parties agree to accept facsimile transmission

8  signatures and PDFs transmitted by email as though they were original signatures on this

9  document.

10      31.    The persons signing this Stipulation and Agreement warrant and represent

11  that they possess full authority to bind the persons and entities on whose behalf they are

12  signing to the terms of this Stipulation and Agreement.

13  SO STIPULATED.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Dated:  February 2, 2012                    LONG HAUL INFOSHOP, INC.,
                                               Plaintiff
2
                                          By:      /s Jesse Palmer/
3
                                               _____
4                                              Jesse Palmer
                                               Authorized Representative
5
6  Dated:  February 10, 2012                   EAST BAY PRISONER SUPPORT
                                               Plaintiff
7
                                          By:      /s Jeffrey Patrick Lyons/
8
                                               _____
                                               Jeffrey Patrick Lyons
9                                              Authorized Representative

10 Dated:  March 15, 2012                      UNITED STATES OF AMERICA
                                               Defendant
11
                                          By:  MELINDA HAAG
12                                             United States Attorney

13                                             /s Jonathan U. Lee/
                                               _____
14                                             JONATHAN U. LEE
                                               Assistant United States Attorney
15                                             Attorneys for Federal Defendants

16 Dated:  February 29, 2012                   /s Lisa Shaffer/
                                               _____
17                                             LISA SHAFFER
                                               Defendant
18
19 Dated:  February 29, 2012                   /s Mike Hart/
                                               _____
20                                             MIKE HART
                                               Defendant
21
22 Dated:  January 25, 2012                    THE REGENTS OF THE UNIVERSITY
                                               OF CALIFORNIA
23
24                                        By:  /s Barbara Van Cleave Smith/
                                               _____
25                                             BARBARA VAN CLEAVE SMITH
                                               University of California Berkeley
26                                             Deputy Chief Ethics, Risk, and Compliance
                                               Officer.
27                                             Authorized Officer

28

1    Dated:  January 25, 2012                THE REGENTS OF THE UNIVERSITY
                                             OF CALIFORNIA
2

3                                    By:     /s Karen Petrulakis/

4                                            _____
                                             KAREN PETRULAKIS
5                                            Deputy General Counsel
                                             University of California, Office of the
                                             General Counsel
6                                            Authorized Officer

7    Dated:  January 25, 2012                THE REGENTS OF THE UNIVERSITY
8                                            OF CALIFORNIA

9                                    By:     /s Mitchell Celaya/
10                                           _____
                                             MITCHELL CELAYA
11                                           Chief of Police, University of California,
                                             Berkeley Police Department
12                                           Defendant Sued in His Official Capacity

13
     Dated:  January 26, 2012                /s Karen Alberts/
14                                           _____
15                                           KAREN ALBERTS
                                             Defendant
16

17   Dated:  February 1, 2012                /s William Kasiske/
                                             _____
18                                           WILLIAM KASISKE
                                             Defendant
19

20   Dated:  December 24, 2011               /s Wade MacAdam/
                                             _____
21                                           WADE MACADAM
                                             Defendant
22

23   Dated:  January 26, 2012                /s Timothy Zuniga/
                                             _____
24                                           TIMOTHY ZUNIGA
                                             Defendant
25

26

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    **APPROVED AS TO FORM:**

2    Dated: February 15, 2012                    ELECTRONIC FRONTIER
                                                  FOUNDATION
3
                                                  */s Matthew Zimmerman/*
4                                                 _____
                                                  Matthew Zimmerman, Esq.
5                                                 Marcia Hofmann, Esq.
                                                  Hanni Fakhoury, Esq.
6
                                                  AMERICAN CIVIL LIBERTIES
7                                                 FOUNDATION OF NORTHERN
                                                  CALIFORNIA
8                                                 Michael T. Risher, Esq.

9                                                 Attorneys for Plaintiffs
                                                  LONG HAUL INFOSHOP, INC., and
10                                                EAST BAY PRISONER SUPPORT

11
     Dated:  March 15, 2012                       MELINDA HAAG
12                                                United States Attorney

13                                                */s Jonathan U. Lee/*

14                                                _____
                                                  JONATHAN U. LEE
15                                                Assistant United States Attorney
                                                  Attorneys for Defendant
16                                                UNITED STATES OF AMERICA

17
     Dated:  March 15, 2012                       SCHIFF HARDIN LLP
18
                                                  */s William J. Carroll/*
19                                                _____
                                                  WILLIAM J. CARROLL
20                                                Attorneys for Defendants
                                                  MITCHELL CELAYA, KAREN ALBERTS,
21                                                WILLIAM KASISKE, WADE MACADAM
                                                  and TIMOTHY J. ZUNIGA
22

23

24   **APPROVED AND SO ORDERED.**

25   DATED:                                       _____
                                                  HON. JEFFREY S. WHITE
26                                                United States District Judge

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 13 -                    CASE NO.  3:09-cv-0168 JSW

STIPULATION AND AGREEMENT FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER