HONORABLE JEFFREY S. WHITE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG HAUL, INC., and EAST BAY PRISONER SUPPORT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; MITCHELL CELAYA; KAREN ALBERTS; WILLIAM KASISKE; WADE MACADAM; TIMOTHY J. ZUNIGA; MIKE HART; LISA SHAFFER; AND DOES 1-25,<br><br>Defendants. | Case No. 3:09-cv-0168 JSW<br><br>**STIPULATION AND AGREEMENT FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER** |

THE PARTIES AND THEIR ATTORNEYS OF RECORD HEREBY SUBMIT THE FOLLOWING STIPULATION AND AGREEMENT FOR COMPROMISE SETTLEMENT AND RELEASE (the "Stipulation and Agreement"):

**RECITALS**

1. This is an action brought by Plaintiffs Long Haul, Inc. ("Long Haul") and East Bay Prisoner Support ("EBPS") against defendants United States of America ("USA"), Lisa Shaffer, and Mike Hart (collectively, "Federal Defendants") and Mitchell Celaya, Karen Alberts, Williams Kasiske, Wade MacAdam, and Timothy Zuniga (collectively, "University Defendants"). Plaintiffs brought their allegations against the University Defendants under 42 U.S.C. § 1983 alleging violation of their rights under the First and

Fourth Amendments to the United States Constitution, and under the Privacy Protection Act, 42 U.S.C. 2000aa *et seq.* Plaintiffs alleged Federal Defendants Shaffer and Hart violated Plaintiffs' Fourth Amendment rights under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and claimed Federal Defendant the United States violated the Privacy Protection Act. The Federal Defendants and University Defendants shall collectively be referred to herein as "Defendants."

2. This Stipulation and Agreement is entered into by and between Plaintiffs Long Haul and EBPS and Defendants USA, Lisa Shaffer in her individual capacity, Mike Hart in his individual capacity, Mitchell Celaya, in his official capacity, Karen Alberts, Williams Kasiske, Wade MacAdam, and Timothy Zuniga, in their individual and official capacities, and The Regents of the University of California ("The Regents"). The parties acknowledge that The Regents, while not a party to the Action, has an interest in the Action and in its resolution by virtue of the claims asserted against Mitchell Celaya and other University Defendants sued in their official capacities.

3. The parties to this Stipulation and Agreement do hereby agree to settle, compromise and dismiss the above-captioned action ("the Action") under the terms and conditions set forth herein.

4. This Agreement does not constitute an admission by Defendants, or any of them, of any liability whatsoever; or that any person or entity acted wrongfully, improperly, unjustifiably or otherwise; or that any person or entity has any rights whatsoever against any other. Defendants each specifically disclaim any liability to or wrongful acts against any person or entity, including Plaintiffs. This Agreement shall not serve as evidence or notice of any wrongdoing or misconduct by or on the part of any Defendant. This Agreement is entered into by Defendants solely to avoid the uncertainty of litigation and the expense in time and money of further litigation.

5. On August 27, 2008, the University of California Berkeley Police Department ("UCBPD"), with the assistance of Defendants Shaffer and Hart, executed a search warrant at the Long Haul Info Shop at 3124 Shattuck Avenue, Berkeley, California.

Officers were investigating a series of threatening emails sent to animal researchers at the University of California Berkeley campus. These emails had been traced to an internet protocol ("IP") address assigned to Long Haul.

6. In executing the search warrant, all computers found on the Long Haul premises were seized, including computers available for public use in Long Haul's internet room ("the public-access computers"); computers used by Slingshot (a newspaper published by Long Haul from the Shattuck Avenue location); and a computer belonging to Plaintiff EBPS.

7. Defendants had probable cause supporting seizure of the public-access computers from the Long Haul premises. The parties dispute whether Defendants had probable cause supporting seizure of the other computers from the Long Haul premises. Plaintiffs dispute whether there was probable cause supporting the scope of the search of the public access computers.

8. After the completion of its investigation concerning the threatening emails originating from Long Haul, UCBPD determined there was no evidence of criminal activity on the part of Long Haul, Slingshot, and/or EBPS in connection with the crimes under investigation.

9. UCBPD acknowledges that at the time of the execution of the search warrant, Long Haul was a publisher protected by the Privacy Protection Act ("PPA"), and therefore, the PPA prohibited the seizure of any protected work product materials related to the dissemination of Slingshot, except as provided for in the PPA. UCBPD has denied that it was aware at the time the search warrant was executed that Long Haul was a publisher protected by the PPA.

**SETTLEMENT TERMS**

10. In consideration of the promises and undertakings set forth in this Stipulation and Agreement, and upon advice of counsel, Plaintiffs Long Haul and EBPS agree to dismiss with prejudice all of the claims against the Federal Defendants and the University Defendants. Plaintiffs, within three business days of the execution of this

Stipulation and Agreement, will execute a Stipulation and Proposed Order of Dismissal, which shall dismiss with prejudice all claims that were asserted or that could have been asserted in the Action. Counsel for Defendants will hold the executed Stipulation and Proposed Order of Dismissal until performance of the terms of settlement described herein is completed, at which time Defendants will file the Stipulation and Proposed Order of Dismissal.

11. Upon execution of this Agreement by Plaintiffs and their counsel of record, the parties will file a Stipulation and Proposed Order staying all proceedings and deadlines in the District Court and in the Ninth Circuit Court of Appeals for ninety (90) days. Plaintiffs Long Haul and EBPS accept the terms set forth herein as a full and final settlement with the Federal Defendants and the University Defendants.

12. Plaintiffs Long Haul and EBPS hereby release and forever discharge each Federal Defendant, each University Defendant, The Regents, and/or their respective predecessors, successors, affiliates, agents, officers, representatives, or employees (hereafter "the Released Parties") of and from all Released Claims as defined in paragraph 14 hereof. Plaintiffs, or either of them, shall not now or hereafter initiate, maintain, or assert against the Released Parties, or any of them, any cause of action or claim for equitable, legal and/or administrative relief arising out of any Released Claim as defined herein; provided, however, that nothing in this Stipulation and Agreement shall preclude any party hereto from filing any motion, action, or proceeding seeking enforcement of its terms.

13. On November 29, 2011, Plaintiffs Long Haul and EBPS further agreed to file a stipulation and proposed order for dismissal with prejudice of all claims against in favor of Federal Defendant Shaffer and Federal Defendant Hart. Plaintiffs will do so on or before January 27, 2012. If thereafter the United States does not agree to the terms of settlement described herein, lead counsel for the parties shall meet and confer within five days, and agree on the language of an appropriate notification to the Court within ten days confirming that there is no settlement between Plaintiffs and any Federal Defendant and

that Plaintiffs may then reinstate the claims against Federal Defendant Shaffer and Federal Defendant Hart.

14. For purposes of this Stipulation and Agreement, "Released Claims" means any and all claims, causes of action, rights, offsets or liabilities, whether known or unknown, alleged or not alleged in the Action, arising under common law or under any statute, rule, regulation, order or law, whether federal, state or local, which Plaintiff Long Haul and/or EBPS had, now has, or may in the future have with respect to any conduct, act omissions, facts, matters, transactions, or occurrences prior to the Effective Date of this Agreement arising out of or relating directly or indirectly to the search of the Long Haul premises by Defendants on August 27, 2008. Without in any way limiting the scope of the Release, the term "Released Claims" includes any and all claims for attorneys' fees, costs or disbursements incurred by Plaintiffs, or by counsel representing Plaintiffs, in connection with or related in any manner to the Action, the settlement of the Action, and/or the administration of such settlement

15. Waiver of California Civil Code § 1542: The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs understand that, if the facts concerning Plaintiffs' claimed injuries and/or the liability of Defendants pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Stipulation and Agreement shall be and remain effective notwithstanding such difference.

16. The Federal Defendants and the University Defendants jointly agree to pay Plaintiffs the total sum of one thousand five hundred and fifty dollars ($1,550.00) in actual

1  and statutory damages. The Federal Defendants and the University Defendants further
2  agree to pay attorney's fees and costs in the total sum of ninety eight thousand four
3  hundred and fifty dollars ($98,450.00). The foregoing payments, taken together, comprise
4  the total settlement amount of one hundred thousand dollars ($100,000.00) ("Settlement
5  Amount"). Plaintiffs are not liable for any of Defendants' fees or costs in this matter.

6      17.    Defendants agree to pay Plaintiffs the total settlement amount within sixty
7  (60) days after receipt by counsel for the University Defendants and the United States
8  Attorney's Office for the Northern District of California of a fully executed Stipulation of
9  Dismissal. Counsel for Defendants will hold this fully executed Stipulation of Dismissal
10 and will file it with the Court after payment of the total settlement amount is made. This
11 sum shall be payable solely by the Regents of the University of California and the United
12 States, not by Federal Defendants Hart or Shaffer or by University Defendants Celaya,
13 Kasiske, Alberts, Zuniga, or MacAdam, and Plaintiffs agree they will not seek payment
14 from any source other than said payments.

15     18.    The University Defendants and the Federal Defendants agree to dismiss
16 their respective appeals to the Ninth Circuit Court of Appeals in this matter with prejudice
17 simultaneously upon filing the Stipulation of Dismissal dismissing the Action with prejudice.
18 The University Defendants, after obtaining any necessary approval from the Alameda
19 County Superior Court, will destroy the data on each of the imaged hard drives in
20 UCBPD's possession which were copied from the computers seized during the August 27,
21 2008, search of the Long Haul premises. University Defendants will retain the hard drives
22 belonging to them that housed this imaged data. The University Defendants will also
23 destroy, after obtaining necessary court approval, 1) the compact disc and any hard
24 copies reflecting the materials and information marked as Exhibit 11 to the deposition of
25 the Silicon Valley Regional Forensic Computer Laboratory taken in the Action ("the
26 Beeson Deposition"); and 2) any copies in their possession of the document marked as
27 Exhibit 10 to the Beeson Deposition. The USA will destroy any copies in its possession
28 (whether maintained in electronic form or in hard copy) of the information that corresponds

to pages UC000927-28, UC000930-31, UC000933, UC000937-983, UC000985-1023, UC001025-1032 of what is Exhibit 11 to the Beeson Deposition. Defendants represent that they did not make any copies of any data from the hard drives seized during the August 27, 2008 search of the Long Haul premises, except as disclosed during discovery conducted in the Action.

19. UCBPD will continue to implement training on the provisions of the PPA that it developed following the search of August, 2008, and will make that training a part of the recommended training for UCBPD detectives to be conducted in person by a vendor or by in-house trainers. The training on the PPA will include a statement that the applicable legal standard that applies in determining whether the police knew or should have known whether the subject of a search warrant is a publisher protected by the PPA is as follows: In view of the facts known to the officer at the time, would a reasonable officer believe that the target of the search warrant is a publisher protected by the PPA?

20. UCBPD will ensure that its training materials addressing searches and seizures include the following statement, with reference to search warrants that are sought in connection with the search of a multi-unit building, where probable cause is based in whole or in part on an IP address which corresponds to the physical address of the building: "When requesting a search warrant based on the identification of an IP address, the affiant shall take reasonable steps to limit the scope of the warrant to searches of only those units or computers for which there is probable cause."

21. UCBPD may modify, amend, rescind or revise the training materials referred to in this Stipulation and Agreement if it has a good faith basis for doing so in order to reflect changes in applicable law.

22. Nothing in this Stipulation and Agreement shall be construed to create a consent decree between the parties or to permit the Court to retain jurisdiction, after entry of the Order of Dismissal, over the enforcement of this Stipulation and Agreement.

23. This Stipulation and Agreement contains the entire agreement between the parties with regard to the settlement of the Action, and shall be binding upon and inure to

the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each. This Stipulation and Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

24. This Stipulation and Agreement is entered into in the State of California and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

25. This Stipulation and Agreement may be pled as a full and complete defense to any action or other proceeding that arises out of the claims released and discharged by this Stipulation and Agreement, and/or the facts, circumstances, subject matter or allegations giving rise to those claims, which are also released and discharged by this Stipulation and Agreement. Payment of the Settlement Amount will be made by an electronic transfer made payable to the Electronic Frontier Foundation, which will receive payment of the Settlement Amount on behalf of plaintiffs and co-counsel as agreed by Plaintiffs. The Settlement Amount will be delivered to the Electronic Frontier Foundation at the following address: Matthew Zimmerman, Electronic Frontier Foundation, 454 Shotwell St. San Francisco, CA 94110. The Defendants will pay the Settlement Amount to Plaintiffs, as follows: (1) The United States will pay Twenty Five Thousand Dollars exactly and (2) The Regents will pay Seventy Five Thousand Dollars exactly. Payment of the Settlement Amount shall be deposited by electronic fund transfer to the bank account Plaintiffs shall designate in an Electronic Funds Transfer enrollment form the Plaintiffs will provide to the undersigned counsel for Defendants within five days of executing this Agreement. Plaintiffs' counsel will provide the necessary information for processing of the Settlement Amount in the Electronic Funds Transfer enrollment form, including taxpayer identification numbers ("TINs") and bank account and routing information. Plaintiffs and

Plaintiffs' attorney have been informed that payment of the Settlement Amount may take sixty (60) days from the date the Court "so orders" this Agreement to process.

26. Plaintiffs and Plaintiffs' attorneys are responsible for payment of any taxes that may be due on the settlement proceeds. Defendants make no representation as to any tax consequences or liabilities Plaintiffs or Plaintiffs' attorneys may incur as a result of this settlement. Defendants will not withhold any taxes of any kind. The determination of Plaintiffs' tax liability, if any, is a matter solely between Plaintiffs, Plaintiffs' attorneys, the IRS and/or state and local tax authorities.

27. In entering into this Stipulation and Agreement, Plaintiffs represent that they have relied upon the advice of their attorney, who is the attorney of their own choice, and that the terms of this Stipulation and Agreement have been interpreted, completely read and explained to them by their attorney, and that those terms are fully understood and voluntarily accepted by Plaintiffs. Plaintiffs also represent and warrant that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that they and their attorney have the sole right and exclusive authority to execute this Stipulation and Agreement and receive the consideration specified herein, and that they have not sold, conveyed, assigned, transferred, or otherwise disposed of any of the claims or causes of action referred to herein.

28. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Stipulation and Agreement.

29. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby, provided, however, that if the University Defendants are unable to secure any necessary approval from the Alameda County Superior Court for the destruction of the data on the imaged hard drives as

1  contemplated in paragraph 18 hereof, counsel for all parties shall promptly meet and

2  confer in order to determine a mutually acceptable means of ensuring said data will not be

3  accessed by Defendants or others for any purpose.

4     30.    This Stipulation and Agreement may be executed in counterparts by the

5  parties hereto, each of which shall be deemed an original, and which together shall

6  constitute the same instrument, having the same force and effect as if a single original had

7  been executed by all parties.  The parties agree to accept facsimile transmission

8  signatures and PDFs transmitted by email as though they were original signatures on this

9  document.

10     31.    The persons signing this Stipulation and Agreement warrant and represent

11  that they possess full authority to bind the persons and entities on whose behalf they are

12  signing to the terms of this Stipulation and Agreement.

13 SO STIPULATED.

| | | | |
|---|---|---|---|
| Dated: February 2, 2012 | | | LONG HAUL INFOSHOP, INC., Plaintiff |
| | | By: | */s Jesse Palmer/* |
| | | | Jesse Palmer<br>Authorized Representative |
| Dated: February 10, 2012 | | | EAST BAY PRISONER SUPPORT Plaintiff |
| | | By: | */s Jeffrey Patrick Lyons/* |
| | | | Jeffrey Patrick Lyons<br>Authorized Representative |
| Dated: March 15, 2012 | | | UNITED STATES OF AMERICA Defendant |
| | | By: | MELINDA HAAG<br>United States Attorney |
| | | | */s Jonathan U. Lee/* |
| | | | JONATHAN U. LEE<br>Assistant United States Attorney<br>Attorneys for Federal Defendants |
| Dated: February 29, 2012 | | | */s Lisa Shaffer/* |
| | | | LISA SHAFFER<br>Defendant |
| Dated: February 29, 2012 | | | */s Mike Hart/* |
| | | | MIKE HART<br>Defendant |
| Dated: January 25, 2012 | | | THE REGENTS OF THE UNIVERSITY OF CALIFORNIA |
| | | By: | */s Barbara Van Cleave Smith/* |
| | | | BARBARA VAN CLEAVE SMITH<br>University of California Berkeley<br>Deputy Chief Ethics, Risk, and Compliance Officer.<br>Authorized Officer |

| | | |
|---|---|---|
| Dated: January 25, 2012 | | THE REGENTS OF THE UNIVERSITY OF CALIFORNIA |
| | By: | /s Karen Petrulakis/ |
| | | _____ |
| | | KAREN PETRULAKIS<br>Deputy General Counsel<br>University of California, Office of the General Counsel<br>Authorized Officer |
| Dated: January 25, 2012 | | THE REGENTS OF THE UNIVERSITY OF CALIFORNIA |
| | By: | /s Mitchell Celaya/ |
| | | _____ |
| | | MITCHELL CELAYA<br>Chief of Police, University of California, Berkeley Police Department<br>Defendant Sued in His Official Capacity |
| Dated: January 26, 2012 | | /s Karen Alberts/ |
| | | _____ |
| | | KAREN ALBERTS<br>Defendant |
| Dated: February 1, 2012 | | /s William Kasiske/ |
| | | _____ |
| | | WILLIAM KASISKE<br>Defendant |
| Dated: December 24, 2011 | | /s Wade MacAdam/ |
| | | _____ |
| | | WADE MACADAM<br>Defendant |
| Dated: January 26, 2012 | | /s Timothy Zuniga/ |
| | | _____ |
| | | TIMOTHY ZUNIGA<br>Defendant |

1 **APPROVED AS TO FORM:**

2  Dated: February 15, 2012                    ELECTRONIC FRONTIER
                                               FOUNDATION

3  
4                                              */s Matthew Zimmerman/*
                                               _____
                                               Matthew Zimmerman, Esq.
5                                              Marcia Hofmann, Esq.
                                               Hanni Fakhoury, Esq.
6

7                                              AMERICAN CIVIL LIBERTIES
                                               FOUNDATION OF NORTHERN
                                               CALIFORNIA
8                                              Michael T. Risher, Esq.

9                                              Attorneys for Plaintiffs
                                               LONG HAUL INFOSHOP, INC., and
10                                             EAST BAY PRISONER SUPPORT

11

12 Dated:  March 15, 2012                      MELINDA HAAG
                                               United States Attorney

13                                             */s Jonathan U. Lee/*

14                                             _____
                                               JONATHAN U. LEE
15                                             Assistant United States Attorney
                                               Attorneys for Defendant
16                                             UNITED STATES OF AMERICA

17
   Dated:  March 15, 2012                      SCHIFF HARDIN LLP
18
                                               */s William J. Carroll/*
19                                             _____
                                               WILLIAM J. CARROLL
20                                             Attorneys for Defendants
                                               MITCHELL CELAYA, KAREN ALBERTS,
21                                             WILLIAM KASISKE, WADE MACADAM
                                               and TIMOTHY J. ZUNIGA
22

23

24 **APPROVED AND SO ORDERED.**

25 DATED:  March 29, 2012                      _____
                                               HON. JEFFREY S. WHITE
26                                             United States District Judge

27

28